1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSYSTEMS DEVELOPMENT TECHNOLOGIES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PANASONIC CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03820-RMW<br><br>**INITIAL CASE MANAGEMENT ORDER** |
| CHIP-TECH, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>AVX CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03868-RMW |
| TOP FLOOR HOME IMPROVEMENTS,<br><br>    Plaintiff,<br><br>    v.<br><br>PANASONIC CORPORATION, et al.,<br><br>    Defendants. | Case No. 5:15-cv-03907-RMW |
| CAPTION CONTINUED ON NEXT PAGE | |

5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

1

| | |
|---|---|
| MAKERSLED LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>PANASONIC CORPORATION, et al.,<br><br>        Defendants. | Case No.  5:15-cv-04042-RMW |
| NEBRASKA DYNAMICS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>PANASONIC CORPORATION, et al.,<br><br>        Defendants. | Case No.  5:15-cv-04201-RMW |
| MICHAEL BROOKS,<br><br>        Plaintiff,<br><br>   v.<br><br>PANASONIC CORPORATION, et al.,<br><br>        Defendants. | Case No.  5:15-cv-04206-RMW |
| SCHUTEN ELECTRONICS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>AVX CORPORATION, et al.,<br><br>        Defendants. | Case No.  5:15-cv-04878-RMW |

The court has already found that these cases are related under Civil Local Rule 3-12:

1. 5:15-cv-03820-RMW
2. 5:15-cv-03868-RMW
3. 5:15-cv-03907-RMW
4. 5:15-cv-04042-RMW
5. 5:15-cv-04201-RMW
6. 5:15-cv-04206-RMW

7. 5:15-cv-04878-RMW

As the number and potential complexity of these actions warrant holding a single, coordinated initial case management conference for all actions listed above, the court hereby orders as follows.

### 1. Governing Rules and Procedure

The court will be guided by the Manual for Complex Litigation, Fourth ("MCL 4th"), approved by the Judicial Conference of the United States, as well as by the Civil Local Rules of Court for the United States District Court for the Northern District of California ("the Civil Local Rules"), and this court's standing orders. Counsel are expected to familiarize themselves with the MCL 4th, the Civil Local Rules, and this court's Standing Orders.

### 2. Applicability of Order

Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this order shall govern the practice and procedure in: (1) the numbered cases listed above and (2) all cases later found related thereto filed in all divisions of the Northern District of California.

### 3. Date of Initial Case Management Conference and Agenda for Conference

The court will hold an initial case management conference December 18, 2015 at 10:30 A.M. in Courtroom 6, Fourth Floor, 280 S. 1st Street, San Jose, California, 95113.

Counsel shall to be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in Civil Local Rule 16-9 (Case Management Statement and Proposed Order); the Standing Order for All Judges of the Northern District of California (Contents of Joint Case Management Statement); MCL 4th §§ 22.6 (Case-Management Orders), 22.61 (Initial Orders), 22.62 (Organization of Counsel), and 22.63 (Subsequent Case-Management Orders) shall, to the extent applicable, be a part of the agenda for the conference. In addition, specific items on the agenda shall include:

    a. Whether the cases listed above (and any other cases before this court found to be related to those above) should be consolidated for all proceedings, without

3
5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

prejudice to a motion to sever and coordinate at a later date if appropriate. Any objections to consolidation should set forth the legal and factual bases for opposing consolidation.

    b. The filing of a consolidated amended complaint, if any, and the timing for defendants' response(s).

    c. Deadline for amendment of the pleadings.

    d. Appointment of lead counsel, as discussed in more detail below.

    e. The scope and timing of discovery, including the creation of a proposed discovery plan.

    f. A timetable for considering any initial motions.

    g. The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action.

    h. A description of the class or classes on whose behalf the action is brought.

    i. Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b).

    j. A proposed date for the Court to consider whether the case can be maintained as a class action.

    k. Any other issues that may affect the efficient progress and resolution of these actions.

Counsel shall confer and seek consensus to the extent possible with respect to the above items on the agenda.

Counsel will submit to the court at least one week in advance of the initial CMC, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. In particular, the parties should highlight any potential factual or legal issues that are unique to their respective cases. These statements will not waive claims or defenses and may not be offered into evidence against a party.

If the parties have any suggestions as to any case management orders or additional agenda

4
5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

1 items, these suggestions shall be filed with the court by one week before the CMC.

### 4. Appearances for Initial Case Management Conference

Each party represented by counsel shall appear at the initial case management conference through the party's attorney, who will have full authority to act on behalf of the party in this litigation.

To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not, by designating an attorney to represent the party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

### 5. Lead Counsel

Assuming that the related cases are consolidated, the court intends to appoint lead counsel for plaintiffs to conduct and coordinate the discovery stage of this litigation and, to the extent possible, pretrial motion practice.[1] Plaintiffs shall meet and confer and attempt to reach a consensus on lead counsel and (if necessary) an organizational structure for management of the litigation. If no consensus is reached, plaintiffs should seek to reach an agreement on the process for the selection of lead counsel.

The main criteria for lead counsel shall be:

    a. willingness and availability to commit to a time-consuming project;

    b. ability to work cooperatively with others;

    c. qualifications, including experience in managing complex litigation and knowledge of the subject matter;

    d. efforts in researching and investigating the claims before the court;

---

[1] The court acknowledges the pending motion to appoint Cotchett, Pitre & McCarthy LLP as Lead Counsel for the Indirect Purchaser Plaintiffs, Case No. 15-cv-3820, Dkt. No. 46, but the court would like to receive input from counsel in the related cases before making a decision. Accordingly, Cotchett, Pitre & McCarthy's motion is DENIED WITHOUT PREJUDICE and may be resubmitted in accordance with the procedures outlined in this order. The hearing on Cotchett, Pitre & McCarthy's motion set for November 13, 2015 is hereby VACATED.

5
5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

e.  resources that can be contributed to the litigation; and

f.  ability to maintain reasonable fees and expenses.

Absent agreement of plaintiffs, the court contemplates that lead counsel will have the following responsibilities:

a.  <u>Discovery</u>

(1)  Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs.

(2)  Develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)  Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by lead counsel upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's claims.

(4)  Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated lead counsel provided that such questions are not repetitious.

b.  <u>Hearings and Meetings</u>

(1)  Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

6
5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

  (2) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

  (3) Act as spokesperson for all plaintiffs at the pretrial proceedings and in response to inquiries from the court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

 c. <u>Miscellaneous</u>

  (1) Submit and argue any verbal or written motions presented to the court on behalf of plaintiffs as well as oppose when necessary any motions submitted by defendants or other parties which involve matters within the sphere of the responsibilities of lead counsel.

  (2) Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by lead counsel, except for strictly administrative details such as scheduling, must be submitted for court approval and will not be binding until the court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the court a written objection thereto within one week after he or she knows or reasonably should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver, and the stipulation will automatically be binding on that party.

  (3) Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

  (4) Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

  (5) Prepare periodic status reports summarizing lead counsel's work and progress. These reports shall be submitted to plaintiffs' liaison counsel who will promptly distribute copies to the other plaintiffs' attorneys.

7

5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

   (6) Perform any tasks necessary and proper for lead counsel to accomplish its responsibilities as defined by the court's orders.

   (7) Perform such other functions as may be expressly authorized by further orders of this court.

Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the court after due notice to all counsel and after a hearing.

### 6. Filing and Service

This case is subject to electronic case filing ("ECF") pursuant to Civil Local Rule 5-1 of the United States District Court of the Northern District of California. Civil Local Rule 5-1(c) provides that "[e]ach attorney of record is obligated to become an ECF user and obtain a user ID and password for access to the system upon filing a case in this district." If he or she has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the court's website at http://www.cand.uscourts.gov/cm-ecf. Service of all papers shall be made through ECF.

### 7. Response Extension and Stay of Discovery

Defendants are granted an extension of time for responding by motion or answer to the complaints (and any consolidated amended complaint) until a date to be set by this court at the initial CMC.

In addition, pending the initial case management conference and further orders of this court, any outstanding discovery proceedings are stayed and no further discovery shall be initiated. The time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the initial CMC at which time a discovery schedule will be established.

Finally, any pending motions must be re-noticed pursuant to a date set by further order of this court. The pending stipulations regarding waiver of service of summons and time to respond

8
5:15-cv-03820-RMW
INITIAL CASE MANAGEMENT ORDER
RS

1  to the complaints[2] are ACCEPTED, subject to modification of the time to respond, to be discussed
2  at the initial CMC.

### 8. Later Filed Cases

This order shall also apply to related cases later filed in this court.

### 9. Preservation of Evidence

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The joint case management statement should include a brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02*, and *Checklist for ESI Meet and Confer*.

### 10. Filing Discovery Requests

In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the clerk, nor sent to the judge's chambers, except to the extent needed in connection with a motion.

### 11. Communication with the Court

Unless otherwise ordered by this court, all substantive communications with the court shall be in writing and e-filed. The court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall be not deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

---

[2] These include Case No. 15-cv-3820, Dkt. No. 26; Case No. 15-cv-4042, Dkt. No. 24; Case No. 15-cv-4201, Dkt. No. 21; and Case No. 15-4206, Dkt. No. 10.

Nothing in this provision shall be construed to limit the rights of any party to assert the attorney-client privilege or attorney work product doctrine.

**IT IS SO ORDERED.**

Dated: November 10, 2015



Ronald M. Whyte
United States District Judge