1 | Joseph W. Cotchett (36324)
2 | Steven N. Williams (175489)
2 | Adam J. Zapala (245748)
3 | Demetrius X. Lambrinos (246027)
3 | Joyce Chang (300780)
4 | **COTCHETT, PITRE & McCARTHY, LLP**
4 | 840 Malcolm Road, Suite 200
5 | Burlingame, CA 94010
5 | Telephone: 650-697-6000
6 | Facsimile: 650-697-0577
7 | jcotchett@cpmlegal.com
7 | swilliams@cpmlegal.com
8 | azapala@cpmlegal.com
8 | dlambrinos@cpmlegal.com
9 | jchang@cpmlegal.com

*Attorneys for Microsystems Development Technologies, Inc, and the Putative Indirect Purchaser Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Microsystems Development Technologies, Inc. on behalf of itself and all others similarly situated,<br><br>                        Plaintiffs,<br><br>vs.<br><br>Panasonic Corporation, Panasonic Corporation of North America, Panasonic Industrial Devices Sales Company of America, KOA Corporation, KOA Speer Electronics, Inc., Murata Manufacturing Co., Ltd., Murata Electronics North America, Inc. ROHM Co. Ltd., ROHM Semiconductor U.S.A., LLC, Vishay Intertechnology, Inc., Yageo Corporation, and Yageo America Corporation<br><br>                        Defendants. | CASE NO. 5:15-cv-03820-RMW<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS**<br><br>Date:       December 18, 2015<br>Time:      10:30 a.m.<br>Location: Courtroom 6, 4th Floor<br>Judge:     Ronald M. Whyte |
| This Document Relates To:<br><br>*Top Floor Home Improvements v. Panasonic Corporation, et. al.*<br><br>Case No. 5:15- cv-03907-RMW | |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**

| | |
|---|---|
| This Document Relates To: | |
| *MakersLED LLC v. Panasonic Corporation, et al.* | |
| Case No. 5:15-cv-4042-RMW | |
| This Document Relates To: | |
| *Nebraska Dynamics, Inc. v. Panasonic Corporation, et al.* | |
| Case No. 5:15-cv-4201-RMW | |
| This Document Relates To: | |
| *Michael Brooks v. Panasonic Corporation, et al.* | |
| Case No. 5:15-cv-4206-RMW | |
| This Document Relates To: | |
| *Linkitz Systems, Inc. v. Panasonic Corporation, et al.* | |
| Case No. 5:15-cv-4724-RMW | |

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 18, 2015, at 10:30 a.m. or as soon thereafter as this matter may be heard before the Honorable Ronald M. Whyte of the United States District Court, Northern District of California, Courtroom 6, 280 South 1st Street, San Jose, California, Cotchett, Pitre & McCarthy, LLP ("CPM") will move and hereby does move the Court for an order appointing it to serve as interim Lead Plaintiffs' Counsel for the Proposed Indirect Purchaser Class.

This motion is brought under Federal Rule of Civil Procedure 23(g) and (3) of the Federal Rules of Civil Procedure. CPM satisfies all of the criteria under Rule 23(g), as well as the following criteria: (1) extensive knowledge and experience in prosecuting complex litigation, including class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively with others; and (4) access to sufficient resources to prosecute this action in a timely manner.

The grounds for this motion are that this complex antitrust action will benefit from the appointment of experienced antitrust trial lawyers who will take personal responsibility for leading and directing this litigation. The proposed Interim Lead Class Counsel are well-qualified for the position due to their extensive experience in antitrust class action litigation and trial experience, including leadership roles in virtually every major antitrust class action in the Northern District of California in the last twelve years, including *In re Dynamic Random Access Memory Antitrust Litigation.*, Case No. M:02-cv-01486-PHJ (N.D. Cal.), *In re Static Random Access Memory Antitrust Litigation*, Case No. 4:07-md-01819-CW (N.D. Cal.), *In re Cathode Ray Tube Antitrust Litigation*, Case No. 3:07-cv-05944-SC (N.D. Cal.), *In re Optical Disk Drive Antitrust Litigation*, Case No. 3:10-md-02143-RS (N.D. Cal.), *In re Flash Memory Antitrust Litigation*, Case No. 4:07-cv-00086-SBA (N.D. Cal.), *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-2420-YGR (N.D. Cal.), and *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal.). In addition to these cases, proposed Lead Counsel for the indirect purchaser plaintiffs has also been appointed to lead major antitrust class actions in

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

federal courts throughout the country. As Interim Co-Lead Class Counsel, this firm will organize and build relationships with the other plaintiffs' counsel, which bring significant antitrust experience and a dedication to actively prosecute this case. Proposed Interim Lead Class Counsel will ensure that work is performed efficiently.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Steven N. Williams, and any additional argument and evidence the Court may consider at the hearing.

DATED: November 20, 2015      Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Steven N. Williams
　　　　　　　　　　　　　　　　　Joseph W. Cotchett (36324)
　　　　　　　　　　　　　　　　　Steven N. Williams (175489)
　　　　　　　　　　　　　　　　　Adam J. Zapala (245748)
　　　　　　　　　　　　　　　　　Demetrius X. Lambrinos (246027)
　　　　　　　　　　　　　　　　　Joyce Chang (300780)
　　　　　　　　　　　　　　　　　**COTCHETT, PITRE & McCARTHY, LLP**
　　　　　　　　　　　　　　　　　840 Malcolm Road, Suite 200
　　　　　　　　　　　　　　　　　Burlingame, CA 94010
　　　　　　　　　　　　　　　　　Telephone: 650-697-6000
　　　　　　　　　　　　　　　　　Facsimile: 650-697-0577
　　　　　　　　　　　　　　　　　jcotchett@cpmlegal.com
　　　　　　　　　　　　　　　　　swilliams@cpmlegal.com
　　　　　　　　　　　　　　　　　azapala@cpmlegal.com
　　　　　　　　　　　　　　　　　dlambrinos@cpmlegal.com
　　　　　　　　　　　　　　　　　jchang@cpmlegal.com

　　　　　　　　　　　　　　　　　*Attorneys for Microsystems Development Technologies, Inc, and the Putative Indirect Purchaser Class*

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

    A. Moving Counsel Thoroughly Investigated the Misconduct Alleged in this Action (Fed. R. Civ. P. 23(g)(1)(A)(i)) ............................................................................ 3

    B. Knowledge and Experience in Prosecuting Complex Litigation ............................ 3

        1. Moving Counsel's Substantial Experience in Prior Electronic Component Price-Fixing Cases Guided Their Investigation ..................... 3

        2. CPM Has Substantial Experience in Litigating and Trying Class Actions and Complex Cases ................................................................................ 5

            a. CPM and its Attorneys Handle Complex Litigation Efficiently and Effectively ................................................................................ 5

            b. CPM Regularly Takes Cases to Trial .............................................. 7

    C. CPM Has Substantial Experience in Antitrust Law, Particularly Within this District (Fed. R. Civ. P. 23(g)(1)(A)(iii)) ................................................................... 8

    D. CPM is Willing and Able to Commit Resources to Represent the Indirect Purchaser Plaintiff Class (Fed. R. Civ. P. 23(g)(1)(A)(iv)) ................................... 9

    E. Ability to Work Cooperatively With Others ........................................................ 10

    F. Fees, Time and Cost Controls ............................................................................... 10

III. CONCLUSION .................................................................................................................. 12

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP
INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW
i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Coleman v. Gen. Motors Acceptance Corp.*,
   220 F.R.D. 64 (M.D. Tenn. 2004) ................................................................................ 2

*Levitte v. Google, Inc.*,
   2009 WL 482252 (N.D. Cal. Feb. 25, 2009) ................................................................ 1

*Millman v. Brinkley*,
   2004 U.S. Dist. LEXIS 20113 (N.D. Ga. Oct. 1, 2004) ............................................... 3

*Paraggua v. LinkedIn Corp.*,
   2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012) ......................................... 2

*White v. TransUnion*, LLC,
   239 F.R.D. 681 (C.D. Cal. 2006) ................................................................................. 2

**Other Authorities**

Herbert B. Newberg & Alba Conte, Newberg on Class Actions
   § 9.35 (4th ed. 2002) .................................................................................................... 3

*Manual for Complex Litig.* § 10.221 (4th ed. 2004) .......................................................... 1

*Manual for Complex Litig.* § 21.11 (4th ed. 2004) ............................................................ 1

**Rules**

Fed. R. Civ. P. 23(g) ................................................................................................ 1, 2, 12

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv) ....................................................................................... 2

Fed. R. Civ. P. 23(g)(3) ...................................................................................................... 1

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**     ii

**STATEMENT OF ISSUES TO BE DECIDED**

Should the Court appoint Cotchett, Pitre & McCarthy, LLP as Interim Lead Counsel for the Proposed Indirect Purchaser Plaintiff Class?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Cotchett, Pitre & McCarthy, LLP ("CPM") hereby files this motion to serve as Interim Lead Counsel for the Proposed Indirect Purchaser Plaintiff Class.  According to the Manual for Complex Litigation, the primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litig*. § 10.221 (4th ed. 2004).  This case is best litigated by a lean leadership structure that will achieve maximum efficiencies for the Class.

CPM has been one of the nation's leading plaintiffs' law firms practicing complex litigation for the last 45 years, and has recovered substantial damages and settlements for injured plaintiffs.  *See* Declaration of Steven N. Williams, Exhibit A ("Firm Bio") ("Williams Dec."). CPM has successfully litigated a myriad of complex cases, including cases in fields as varied as antitrust, securities environmental, privacy, mass tort, consumer and complex business litigation, amongst other practice areas.  CPM has extensive experience litigating the types of claims asserted in this case, and have the resources necessary to vigorously prosecute this Action and protect the interests of the Class.  As explained in detail below, CPM's lawyers satisfy the factors outlined in Fed. R. Civ. P. 23(g).

**II.     ARGUMENT**

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009).  The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig*. § 21.11 (4th ed. 2004).  "'Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW                    1

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Paraggua v. LinkedIn Corp.*, No. C 12-3088 EJD, 2012 U.S. Dist. LEXIS 123226, at *5-6 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). In considering a motion to appoint interim lead class counsel, a court must determine who will best represent the interests of the class, and who is best able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. Gen. Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

Rule 23(g) sets forth four considerations for the appointment of interim lead class counsel:

(i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv). No single factor is determinative; all factors must be weighed to determine who can best represent the class. Advisory Committee Notes (2003 Amendments).

As provided below, each criterion supports the appointment of the CPM as Interim Lead Class Counsel for the Indirect Purchaser Plaintiffs. CPM has an extensive history of litigating and trying complex cases in courts throughout the United States. CPM has taken copious amounts of cases to trial, and its attorneys are widely recognized for their trial experience. CPM has served as lead counsel for direct purchaser antitrust class actions brought pursuant to the Sherman Act and in indirect purchaser antitrust class actions brought pursuant to the Sherman Act and various state antitrust statutes. CPM has extensive experience from their involvement with prior electronic component price-fixing cases described above that involve many of the same defendants and many of the same defense counsel in this case. CPM has reviewed these defendants' documents, taken depositions of defendants' witnesses, and examined them at trial. The Indirect Purchaser Plaintiffs will benefit from CPM's appointment as Interim Lead Class Counsel.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP
INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW                                2

     **A.**    <u>**Moving Counsel Thoroughly Investigated the Misconduct Alleged in this Action (Fed. R. Civ. P. 23(g)(1)(A)(i))**</u>

Before filing, CPM comprehensively researched the misconduct giving rise to indirect purchaser plaintiffs' claims, the nature of the resistors industry, and the injury and damages Defendants' alleged conduct caused. It has been widely reported that the Department of Justice ("DOJ") initiated an investigation of price fixing in the resistors industry in June of 2015. CPM received confidential information concerning the Resistors investigation and began its own investigation of the resistors industry before the DOJ investigation became public. CPM engaged an investigator, an economic consultant and an industry consultant to study the industry, Williams Dec. ¶ 5, and spoke with numerous people with knowledge of the investigation. CPM filed the first complaint reflecting their investigations and economists' work.

CPM has devoted substantial resources—both in time and money—to investigate the allegations in the complaints, and will devote all necessary resources going forward to achieve a successful resolution.

     **B.**    <u>**Knowledge and Experience in Prosecuting Complex Litigation**</u>

In selecting lead counsel, "the 'guiding principle' is who will 'best serve the interest of the plaintiffs. The criteria for selecting counsel include factors such as experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged." *Millman v. Brinkley*, No. 1:03-cv-3831-WSD, 2004 U.S. Dist. LEXIS 20113, at *9 (N.D. Ga. Oct. 1, 2004) (quoting Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 9.35 at 388 (4th ed. 2002)). Each of these factors weighs in favor of approving CPM serving as Interim Lead Class Counsel for the Indirect Purchaser Plaintiffs.

     **1.**    <u>**Moving Counsel's Substantial Experience in Prior Electronic Component Price-Fixing Cases Guided Their Investigation**</u>

Over the past decade, many electronic component price-fixing cases have been litigated and tried in this District. The Northern District has been the venue for the following electronic component price-fixing cases, some of which remain ongoing: *DRAM, SRAM, Flash, CRT, ODD, Batteries* and *Capacitors*.

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW    3

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

CPM has played important roles in each of these cases. As lead counsel in *SRAM*, CPM was able to obtain over $77 million in settlements, the last of which was reached on the afternoon before trial was to begin—all in a case in which the DOJ did not even file charges against the defendants. The successful prosecution of *SRAM* was accomplished solely through the efforts of the private plaintiffs' firms, led by CPM. CPM was also the co-chair of the Discovery Committee in *DRAM,* co-lead counsel for the indirect purchaser class in *Flash*, co-lead counsel for the indirect purchaser class in *Batteries*, lead counsel for the indirect purchaser class in *Capacitors*, and a member of the executive committees in *CRT* and *ODD*. In these leadership positions, CPM has obtained meaningful recoveries for its clients.

CPM's experience in other electronic component price-fixing cases, all of which involved some of defendants here, will benefit the Indirect Purchaser Plaintiffs and the prosecution of this case. For example, many defendants are based in Asia, resulting in a significant amount of foreign-language discovery. Over the past decade, CPM has amassed significant experience handling such discovery. Indeed, the specific methods and means of communication in which such conspiracies occur are unique to the electronic components industry. CPM has reviewed millions of pages of documents and has deposed and questioned hundreds of employees of these defendants over the years, making this firm uniquely well-suited to serve as Interim Lead Class Counsel for the Indirect Purchaser Plaintiffs.

Separate from CPM's knowledge about defendants, their business practices, and managing discovery from them, CPM has developed extensive relationships with consultants, experts, and foreign language translators and interpreters. Further, CPM has relationships of respect and trust with many of defendants' counsel. By building these relationships, CPM has laid a solid foundation for a working relationship with counsel for the defendants. CPM's relationships will allow them to prosecute this litigation vigorously, efficiently, and in a manner consistent with best practices.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW    4

### 2. CPM Has Substantial Experience in Litigating and Trying Class Actions and Complex Cases

#### a. CPM and its Attorneys Handle Complex Litigation Efficiently and Effectively

CPM has substantial experience litigating and trying class actions and other complex cases, and has been repeatedly acknowledged by courts for handling cases efficiently and effectively. CPM has offices in the San Francisco Bay Area, Los Angeles and New York, but the attorneys that will handle this case are located in its offices in Burlingame, California. CPM currently serves in leadership positions in many major class actions and other ground-breaking complex litigation.

CPM currently has relevant experience before this Court. CPM was recently appointed lead counsel in the data security case pending in this District, *In re: Lenovo Adware Litigation*, Case No. 5:15-md-02624 (N.D. Cal.) (Whyte, J.). In its order appointing the Firm, Judge Whyte found CPM "particularly suitable" given its experience and ability to cooperatively work with other counsel. ECF No. 43; *see also* Williams Dec. ¶ 9.

CPM's reputation is one reason large institutional investors and public entities, such as the California State Teachers' Retirement System and The Regents of the University of California, have selected CPM as counsel in some of their most important cases.[1] The *National Law Journal* has reported that the firm and its members are regarded by both plaintiff and defense attorneys as some of the foremost trial lawyers in the nation. CPM was named to the *National Law Journal's* "Litigation Boutiques Hot List" in 2012 and the "Plaintiffs' Hot List" in 2011. Recently, the *National Law Journal* named CPM to its inaugural list of Elite Trial

---

[1] *See In re Worldcom, Inc. Securities Litig.*, 02 Civ. 3288 (DLC) (S.D.N.Y.): *The Regents of the University of California v. Salomon Smith Barney, Inc., et al.*; *Regents of the Univ. of California v. Superior Court,* 165 Cal.App.4th 672 (2008); *California State Teachers' Retirement System v. Qwest Communications*; *California State Teachers' Retirement System v. AOL Time Warner*; *In re Libor-Based Financial Instruments Antitrust Litig.,* Case No. 11 MDL 2262 (NRB) (S.D. N.Y.) (representing the Counties of San Mateo and San Diego, the cities of Richmond and Riverside, East Bay Municipal Utility District, and other public entities); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D. N.Y.) (representing Los Angeles and numerous public entities); *People of the State of California v. Atlantic Richfield, et al. ("Lead Paint ")*, Case No. 1-00-CV-788657 (represented the People of the State of California alongside ten California cities and counties).

Lawyers. The *Daily Journal*, California's leading legal publication, has named CPM one of the top law firms in Northern California—the only plaintiffs' class action firm so named. Joseph Cotchett's background and qualifications are further set forth in the Declaration of Steven N. Williams.

CPM Senior Partner Joseph W. Cotchett is lead counsel and team supervisor of the CPM attorneys. As stated by The National Law Journal, Mr. Cotchett is considered by plaintiffs and defense attorneys alike to be one of the foremost trial lawyers in the country. He is the author of several books, including Federal Courtroom Evidence, California Courtroom Evidence and others. In 50 years of practice, he has tried over 100 cases to verdict in jurisdictions across the country, while settling hundreds more. As reported in the San Francisco / Los Angeles *Daily Journal*, he is "considered one of the best trial strategists in the state" and has built a career out of representing the underdog against powerful interests. He is known nationally as the lead trial lawyer for 23,000 plaintiffs in the *Lincoln Savings & Loan Association/American Continental Corp.* case in 1990 involving Charles Keating, his lawyers, accountants and bankers. He won one of the then-largest jury verdicts in U.S. history, $3.3 billion. He obtained nearly $300 million in settlements from lawyers, accountants and other professionals caught up in the scandal in the jury trial in Tucson, Arizona. Mr. Cotchett was the lead trial counsel in the *Lead Paint* litigation and tried the case with a team of attorneys.

Joseph W. Cotchett has been personally involved in the related electronics antitrust cases in this District including *In re Dynamic Random Access Memory* ("DRAM"), Case No. M 02-1486 PJH (Hamilton, J.); *In re Static Random Access Memory ("SRAM")*, Case No. M 07-1819 CW (Wilken, J.); *In re Flash Memory ("Flash")*, Case No. C 07-0086 SBA (Armstrong, J.); *In re Cathode Ray Tube ("CRT")*, Case No. 07-5944 SC (Conti, J.); *In re Optical Disk Drive ("ODD")*, Case No. M 10-2143 RS (Seeborg, J.); *In re Lithium Ion Batteries ("Batterie")*, Case No. 4:13-md-02424 (N.D. Cal.) (Gonzalez Rogers, Y.), and *In re Capacitors ("Capacitors")*, Case No. 3:14-cv-03264 (N.D. Cal.) (Donato, J.).

Among Mr. Cotchett's many honors was his selection as Antitrust Lawyer of the Year by the California State Bar in 2011. Judge Wilken appointed CPM lead counsel in SRAM which resulted in $75 million in settlements, the last of which was reached on the afternoon before trial

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP
INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW    6

was to begin—all in a case in which the U.S. Department of Justice ("DOJ") Antitrust Division never filed charges against the Defendants.

Steven N. Williams is a partner at Cotchett, Pitre & McCarthy and practices exclusively in the fields of litigation, trial, and client counseling with an emphasis on representation of civil plaintiffs injured by cartels.  Mr. Williams has served in a leadership position in many high-profile antitrust cases, including *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264 (N.D. Cal.) (Donato, J.); *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-02424 (N.D. Cal.) (Gonzalez Rogers, Y.); and *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. M:07-cv-01819 (N.D. Cal.) (Wilken, C.).  Mr. Williams also represents individual clients in antitrust matters.  Mr. Williams is a member of the American Bar Association and serves on the Advisory Committee of the Cartel and Criminal Practice Committee of the ABA.  Mr. Williams is a Board member of Public Justice, member of the California State Bar Antitrust Executive Committee, and a member of the Golden State Antitrust Institute.  Mr. Williams is admitted to practice before State and Federal Courts in California, Michigan, New York, and New Jersey, the United States Court of Appeals for Second, Fifth, and Ninth Circuits, and the United States Supreme Court.

### b.    CPM Regularly Takes Cases to Trial

While CPM works to resolve cases efficiently before trial, if the firm cannot reach a settlement that is in the best interests of the Class, it has not (and will not) hesitate to bring the case to trial. In addition to numerous other trials and jury verdicts, just in the last few years, CPM has successfully tried two class action cases.  In 2011, CPM went to trial in one of only 15 class actions ever tried under the Private Securities Litigation Reform Act (PLSRA).  The jury returned a verdict of $64.6 million on behalf of the class.  In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.), unable to obtain an acceptable settlement for the class, CPM tried a Ponzi scheme case to a jury verdict of $151.7 million.  Additionally, in 2013 CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court.  *See People of the State of California v. Atlantic Richfield, et al.* Santa Clara Sup. Ct, Case No. 1-00-CV-788657 *("Lead Paint")*. As discussed in

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP
INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW       7

more detail, *infra* at 5-6, the *Lead Paint* verdict was the result of 13-years of hard-fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children.  *See, e.g.*, *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 50 Cal.4th 35 (2010); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 137 Cal.App.4th 292 (2006).

CPM also has experience in the relevant subject area.  CPM has served, or is serving, as lead counsel in other similar cases.  CPM was appointed lead counsel in several antitrust case pending in this District, *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264 (N.D. Cal.) (Donato, J.); *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 4:13-md-02424 (N.D. Cal.) (Gonzalez Rogers, Y.); and *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. M:07-cv-01819 (N.D. Cal.) (Wilken, C.).

### C. **CPM Has Substantial Experience in Antitrust Law, Particularly Within this District (Fed. R. Civ. P. 23(g)(1)(A)(iii))**

CPM has a national reputation for excellence and success in complex antitrust litigation. CPM has been at the forefront of antitrust enforcement, successfully leading the prosecution of antitrust cases in markets including consumer electronics, air transportation, cargo and logistics, energy and natural gas, financial markets, automobiles, and office equipment. The firm's extensive experience includes cases in this District and other courts, including the Eastern District of Michigan, the Southern District of New York, the Eastern District of New York, District of New Jersey, the District of Delaware, and California state courts.

In 2008, CPM finalized a settlement of over $200 million in *In re International Air Transportation Surcharge Antitrust Litigation*, an MDL class action challenging the price-fixing of air passenger ticket between the U.S. and the U.K. where CPM served as co-lead counsel. This case involved navigating the intersection of U.S. and U.K. antitrust law and CPM is one of the few firms with experience in addressing and resolving these complex issues. In 2003, CPM finalized a settlement of over $100 million in *In re Methionine Antitrust Litigation*, Case No. 00-

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**   8

1311 CRB (N.D. Cal.), an antitrust class action involving a conspiracy to fix prices for methionine.

Outside of this district CPM has been appointed as lead counsel in many antitrust cases, including *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) and *Precision Associates v. Panalpina* ("Freight Forwarders"), Case No. 08-0042 JG (E.D.N.Y.).

D. **CPM is Willing and Able to Commit Resources to Represent the Indirect Purchaser Plaintiff Class (Fed. R. Civ. P. 23(g)(1)(A)(iv))**

CPM has the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, is committed to expending the time, energy and financial resources necessary to lead this litigation in the best interests of the indirect purchaser plaintiff class. CPM has a sufficient number of attorneys and other professionals to staff this case, and has successfully managed complex, resource-intensive cases in the past.  CPM's attorney and paralegal resources will ensure that the case will be staffed appropriately and efficiently so that senior attorneys are not performing junior attorney work, junior attorneys will work at their level and will not spend too much time on a task, and no attorneys will do any paralegal work. In successfully prosecuting class actions, CPM routinely advances the costs of litigation and has demonstrated an ability and willingness to dedicate its substantial resources to vigorously prosecute the claims of proposed class members.  As reflected by the extensive time and funds it has already committed to this case, CPM is prepared to continue to commit the resources necessary to effectively and vigorously prosecute this case to a successful conclusion.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW                    9

### E. Ability to Work Cooperatively With Others

CPM has the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers and the defense counsel in this case. CPM understands that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one.

CPM has support for their Motion for Lead Counsel from Indirect Purchasers in the related actions *Top Floor Home Improvements v. Panasonic Corporation, et al.*, case number 15-cv-03907-RMW, *MakersLED LLC v. Panasonic Corporation, et al.*, case number 15-cv-04042-RMW, *Nebraska Dynamics, Inc. v. Panasonic Corporation, et al.*, case number 15-cv-4201-RMW, *Michael Brooks v. Panasonic Corporation, et al.*, case number 15-cv-4206-RMW, and *Linkitz Systems, Inc. v. Panasonic Corporation, et al.*, case number 15-cv-04724-RMW.

If the Court appoints CPM as Interim Lead Class Counsel for the Proposed Indirect Purchaser Plaintiffs, CPM will work with all plaintiffs' counsel to establish a Plaintiffs' Steering Committee, to be submitted to this Court for approval.

### F. Fees, Time and Cost Controls

CPM is committed to litigating the case efficiently, economically and its lawyers intend to use their experience and background in similar cases to streamline the litigation. CPM is well-versed in using case management strategies to focus litigation. If appointed, CPM intends to implement a timekeeping and cost reporting protocol that will require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide monthly reports for review by interim lead class counsel for the indirect purchaser plaintiffs. If appointed as Interim Lead Counsel for the Indirect Purchaser Plaintiffs, CPM intends to propose a protocol with guidelines similar to the following:

a) No partner working on the case may be billed at more than $800 per hour.
b) No associate working on the case may be billed at more than $500 per hour.
c) Document review work performed by associates may be billed at no more than $300 per hour (with contract attorneys being capped at $250 per hour).
d) Foreign language document review work performed by associates may be billed at no more than $350 per hour (with contract attorneys being capped at $300 per hour.
e) All pre-leadership time from non-lead firms have to be submitted to lead counsel who have the discretion to eliminate or edit such time.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP
INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW         10

    f) All firms, attorneys, experts and consultants working on the case must maintain detailed, contemporaneous time records, prepared at the most within seven days after the work reflected in each time entry occurred. Such reports must be recorded in tenth of an hour increments. These time records must be submitted to lead counsel each month.

    g) Lead counsel will exercise appropriate billing judgement and eliminate time for "read and review", unless it was authorized by lead counsel or necessary for a particular project. Lead counsel will also exercise billing judgment for "attorney conferences" to ensure that excessive hours are not billed in meetings or teleconference calls;

    h) In an attorneys' fee request, lead counsel will submit to the Court, (1) contemporaneous billing records, including a breakdown of hours spent on specific tasks by each attorney; (2) each attorney's, paralegal's, and staff member's billing rates; (3) justifications for those billing rates, and (4) any other information this Court desires.

    i) When travel is required, all flights less than two hours should be billed in coach class. Travel greater than two hours, but less than six hours may be billed in economy plus. Travel exceeding six hours of flight time may be booked on business class. In all cases, flights should be booked at the lowest available fare.

    j) When overnight travel is necessary, counsel will select reasonable hotel accommodations not to exceed $400 per night, per diem expenses will not exceed $75 per day per person exclusive of lodging and transportation.

CPM also proposes that in light of the facts of this case, law firms that work on the case be compensated at no more than 20% of any common fund created through settlement or no more than a multiplier of two in the event of a favorable judgment.

      Finally, CPM is headquartered in this District and as such the Class will not have to pay for the time and expense to fly lawyers in for hearings, depositions and meetings. Second, because CPM regularly practices in this District, it is fully familiar with the Local Rules and practices of this Court.

/ / /

/ / /

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW

11

### III. CONCLUSION

For the foregoing reasons, Cotchett, Pitre & McCarthy, LLP meets the criteria set forth in Rule 23(g) and respectfully requests appointment as Interim Lead Counsel for the Indirect Purchaser Plaintiffs in this litigation.

DATED:  November 20, 2015

Respectfully submitted,

    /s/ Steven N. Williams
Joseph W. Cotchett (36324)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Demetrius X. Lambrinos (246027)
Joyce Chang (300780)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
dlambrinos@cpmlegal.com
 jchang@cpmlegal.com

*Attorneys for Microsystems Development Technologies, Inc, and the Putative Indirect Purchaser Class*

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & McCARTHY, LLP INTERIM LEAD PLAINTIFFS' COUNSEL; CASE NO. 5:15-cv-03820-RMW**

12