1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| | |
|---|---|
| MICROSYSTEMS DEVELOPMENT TECHNOLOGIES, INC., et al., | Case No.  5:15-cv-03820-RMW |
| Plaintiffs, | |
| v. | **ORDER FOLLOWING CASE MANAGEMENT CONFERENCE** |
| PANASONIC CORPORATION, et al., | Re: Dkt. Nos. 67, 68, 69 |
| Defendants. | |
| CHIP-TECH, LTD., | Case No.  5:15-cv-03868-RMW |
| Plaintiff, | |
| v. | |
| AVX CORPORATION, et al., | |
| Defendants. | |
| TOP FLOOR HOME IMPROVEMENTS, | Case No.  5:15-cv-03907-RMW |
| Plaintiff, | |
| v. | |
| PANASONIC CORPORATION, et al., | |
| Defendants. | |
| CAPTION CONTINUED ON NEXT PAGE | |

United States District Court
Northern District of California

28                                    1

United States District Court
Northern District of California

| | |
|---|---|
| MAKERSLED LLC, | Case No.  5:15-cv-04042-RMW |
| Plaintiff, | |
| v. | |
| PANASONIC CORPORATION, et al., | |
| Defendants. | |
| NEBRASKA DYNAMICS, INC., | Case No.  5:15-cv-04201-RMW |
| Plaintiff, | |
| v. | |
| PANASONIC CORPORATION, et al., | |
| Defendants. | |
| MICHAEL BROOKS, | Case No.  5:15-cv-04206-RMW |
| Plaintiff, | |
| v. | |
| PANASONIC CORPORATION, et al., | |
| Defendants. | |
| LINKITZ SYSTEMS, INC., | Case No.  5:15-cv-04724-RMW |
| Plaintiff, | |
| v. | |
| PANASONIC CORPORATION, et al., | |
| Defendants. | |
| SCHUTEN ELECTRONICS, INC., | Case No.  5:15-cv-04878-RMW |
| Plaintiff, | |
| v. | |
| AVX CORPORATION, et al., | |
| Defendants. | |

The court held a case management conference in the above, related antitrust class actions on December 18, 2015. This order addresses the issues of appointment of lead counsel, as

2

discussed at the case management conference, as well as consolidation.

## I.    BACKGROUND

The plaintiffs in these related cases allege an antitrust conspiracy among certain manufacturers of resistors, which are passive electronic components that are common to electronic circuit boards found in virtually every consumer electronic product. Plaintiffs allege that defendants conspired to raise, fix, or stabilize the price of resistors in violation of the Sherman Act, the Cartwright Act, California's Unfair Competition Law, and other states' laws.

The plaintiffs in two of the related cases (Chip-Tech and Schuten) allege that they directly purchased resistors from defendants. The plaintiffs in the six other related cases (Microsystems, Top Floor, MakersLED, Nebraska Dynamics, Brooks, and Linkitz) allege that they are indirect purchasers of resistors from defendants.

## II.    APPOINTMENT OF INTERIM LEAD COUNSEL

The parties have stipulated that the direct purchaser plaintiffs wish to be represented by one group of attorneys, and the indirect purchaser plaintiffs wish to be represented by a separate group of attorneys. Dkt. No. 66.[1] Three motions to appoint interim lead counsel have been filed. The indirect purchaser plaintiffs filed an unopposed motion to appoint Cotchett, Pitre & McCarthy, LLP ("CPM") as their interim lead counsel. Dkt. No. 68.

Counsel for Chip-Tech and counsel for Schuten filed competing motions seeking appointment as interim lead counsel for the direct purchaser class. *See* Dkt. No. 67 (Schuten's motion to appoint Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC and Steve W. Berman of Hagens Berman Sobol Shapiro LLP as interim lead counsel); Dkt. No. 69 (Chip-Tech's motion to appoint Joseph R. Saveri of Joseph Saveri Law Firm, Inc. and Solomon B. Cera of Cera LLP as interim lead counsel). Counsel seeking appointment as interim lead counsel have also filed responses, Dkt. Nos. 73-74., and replies, Dkt. Nos. 80-81.

The court held a hearing on plaintiffs' motions on December 18, 2015. For the reasons

---

[1] Unless otherwise specified, all docket numbers listed in this order refer to Case No. 5:15-cv-03820-RMW, *Microsystems Development Technologies, Inc. v. Panasonic Corp.*

United States District Court
Northern District of California

3

explained below, the court appoints the Cohen Milstein and Hagens Berman firms as interim lead counsel for the direct purchaser plaintiffs and grants CPM's unopposed motion to be appointed as interim lead counsel for the indirect purchaser plaintiffs.

### A.     Legal Standard

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). The rules provide four factors to guide a court's selection of class counsel:[2] (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Under Rule 23(g), courts may also: "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" and "order potential class counsel to provide information on any subject pertinent to the appointment." Fed. R. Civ. P. 23(g)(1)(B), (C). In its initial case management order, the court noted two additional criteria beyond the four enumerated in Rule 23(g): (1) ability to work cooperatively with others; and (2) ability to maintain reasonable fees and expenses. Dkt. No. 55 at 5-6. Finally, any class counsel appointed by the court "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

### B.     Putative Direct Purchaser Plaintiff Class

On balance, consideration of the factors above favors selection of the Cohen Milstein and Hagens Berman firms as interim lead counsel for the direct purchaser class.

There is no question that all candidates are capable and accomplished advocates, with extensive experience in complex litigation, including class actions and cases involving technology and antitrust claims. Accordingly, the court does not doubt that all candidates have extensive

---

[2] The factors in Rule 23(g)(a)(A) are those a court must consider in appointing class counsel, rather than *interim* lead counsel. However, courts have held that these same factors apply in to the selection of interim lead counsel. *See, e.g., In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

5:15-cv-03820-RMW
ORDER FOLLOWING CASE MANAGEMENT CONFERENCE
RS

knowledge in the applicable law. The court must thus examine other factors to determine which attorneys are likely to best represent the direct purchaser class.

Regarding the work counsel has done in identifying or investigating potential claims in the action, Saveri and Cera assert that they performed "[s]ubstantial investigation and analysis" before Chip-Tech filed its complaint and months before news stories broke regarding a department of justice investigation into the resistors industry. Dkt. No. 74 at 5. They further assert that prior to the filing of the Schuten complaint, counsel for Chip-Tech conferred with counsel for Panasonic to inquire whether it had cooperated under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004 ("ACPERA"). Dkt. No. 69 at 4 n.6. Saveri and Cera note that the Chip-Tech complaint was filed eight weeks before Schuten filed a similar complaint. *Id.* at 4 n.10. Cohen Milstein and Hagens Berman assert that they also conducted a significant investigation. *See* Dkt. No. 67-1 ¶ 6. In any event, Cohen Milstein and Hagens Berman also argue that this factor should receive minimal weight because all of the related civil cases were filed following reports of the DOJ investigation and that "none of the counsel involved independently uncovered the alleged wrongdoing." Dkt. No. 67 at 14-15. On balance, the court finds that while the earlier filing of the Chip-Tech complaint may suggest some additional investigation by its counsel, this factor does not heavily favor either group of counsel.

Cohen Milstein and Hagens Berman argue that because their firms have a combined total of 150 attorneys on both sides the United States, 40 of whom are antitrust specialists, they are in the best position to commit the resources necessary to represent the putative class. *See* Dkt. No. 67 at 5, 16. They point out that the Saveri and Cera firms have a combined total of only 11 attorneys and suggest that Saveri's and Cera's other commitments—including Saveri's leadership role in the co-pending *Capacitors Antitrust Litigation* in this district—may be an impediment to dedicating sufficient resources to this case. Dkt. No. 73 at 3-4. Saveri and Cera point to their track record and respond that they have a plan to utilize "other associated firms located around the country" as needed to advance the interests of plaintiffs. Dkt. No. 69 at 15; *see also* Dkt. No. 74 at 7-8. The court finds that because Cohen Milstein and Hagens Berman have more personnel within their firms, it is at least plausible that they will be able to commit more resources than the Saveri and

United States District Court
Northern District of California

Cera firms to representing the purported class.

Moreover, the court finds that Cohen Milstein and Hagens Berman may be best situated to maintain reasonable fees and expenses. Their firms submitted a prosecution plan with specific case management proposals to minimize duplication of efforts and ensure oversight.[3] Dkt. No. 67-2. Reducing the number of outside firms in the case may also simplify management and reduce overhead. While Saveri and Cera argue that the prosecution plan merely suggests routine practices for antitrust class actions, Dkt. No. 74 at 10-11, Chip-Tech's counsel did not submit a plan with specific proposals to maintain reasonable fees and expenses or to manage associated firms. With regard to potential travel expenses, the court notes that the Saveri and Cera firms are based in this district, which would tend to reduce the cost of court appearances. However, the *Schuten* firms' footprint on the east and west coasts may tend to reduce the cost of dealing with defendants and witnesses in multiple locations. On balance, this factor favors appointing Cohen Milstein and Hagens Berman.

Finally, the court finds that neither group of firms has shown that it is significantly more capable than the other group of working cooperatively with other firms. On the one hand, the parties' Joint Case Management Statement shows significant work by Chip-Tech's counsel in attempting to reach consensus with defendants and the Department of Justice on scheduling matters. *See, e.g.*, Dkt. No. 82 at 7-10. Counsel for Schuten, on the other hand, apparently prefer to wait for a ruling appointing interim lead counsel before negotiating. *See id.* The court appreciates counsel's efforts to resolve issues without court intervention but understands the desire to avoid duplication of efforts.

The decision of which attorneys to appoint in this case is an extraordinarily close one, given the extensive qualifications of all applicants. Nevertheless, on the basis of their firms' available resources and their proposals to simplify case management and minimize costs, the court

---

[3] Cohen Milstein and Hagens Berman submitted a proposal *in camera* to limit their fees. Dkt. No. 67-4. Because this *ex parte* submission violates the portion of this court's November 10, 2015 case management order requiring all substantive communications with the court to be e-filed and unfairly prevents Saveri and Cera from commenting on the submission, the court declines to consider it. *See* Dkt. No. 55 at 9.

5:15-cv-03820-RMW
ORDER FOLLOWING CASE MANAGEMENT CONFERENCE
RS

1   appoints the Cohen Milstein and Hagens Berman firms as interim lead counsel for the putative

2   direct purchaser class.

3          **C.      Putative Indirect Purchaser Plaintiff Class**

4          As noted above, CPM's motion to be appointed as interim lead counsel for the indirect

5   purchaser plaintiffs is unopposed. CPM was the first to file any of the related resistors class

6   actions in this district, suggesting a significant pre-filing investigation. CPM has significant

7   experience in litigating complex class actions, including antitrust actions involving electronics and

8   cases in this district. The court also finds that CPM has sufficient resources to represent the class.

9   Further, CPM has demonstrated its ability to work with others, as shown by the fact that its motion

10  for appointment is unopposed. CPM has also proposed specific billing limitations to keep costs

11  reasonable. Dkt. No. 68 at 10-11. Accordingly, the court grants CPM's unopposed motion for

12  appointment as interim lead counsel for the putative indirect purchaser plaintiff class.

**III.    CONSOLIDATION**

13         The parties in the related cases have unanimously agreed that these cases should be

14  consolidated and coordinated for all pretrial purposes:

15              1.   5:15-cv-03820-RMW, *Microsystems Development Technologies, Inc. v. Panasonic*

16                   *Corp.*

17              2.   5:15-cv-03868-RMW, *Chip-Tech. Ltd. v. AVX Corp.*

18              3.   5:15-cv-03907-RMW, *Top Floor Home Improvements v. Panasonic Corp.*

19              4.   5:15-cv-04042-RMW, *MakersLED LLC v. Panasonic Corp.*

20              *5.*  5:15-cv-04201-RMW, *Nebraska Dynamics, Inc. v. Panasonic Corp.*

21              6.   5:15-cv-04206-RMW, *Brooks v. Panasonic Corp.*

22              7.   5:15-cv-04724-RMW, *Linkitz Systems, Inc. v. Panasonic Corp.*

23              8.   5:15-cv-04878-RMW, *Schuten Electronics, Inc. v. AVX Corp.*

24  Dkt. No. 82 at 9. Pursuant to Fed. R. Civ. P. 42(a), the court consolidates the cases listed above

25  into Civil Action No. 15-cv-3820 for all pretrial proceedings before this court, without prejudice

26  to a motion to sever and coordinate at a later date if appropriate.

27         The clerk of the court will maintain a master case file under the style In re RESISTORS

28
                                              7

United States District Court
Northern District of California

ANTITRUST LITIGATION and the identification 5:15-cv-03820-RMW. All filings and submissions from here on should be captioned: "*In re Resistors Antitrust Litigation*" under the 5:15-cv-03820-RMW case number. Service of all papers shall be made on each of the attorneys of record through ECF. When a pleading is intended to apply to all actions subject to this order, this shall be indicated in the caption by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this shall be indicated in the caption by the words: "This Document Relates to [individual case(s) identified by case number(s)]."

This consolidation does not constitute a determination that the actions should necessarily be consolidated for trial, nor does it have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: December 21, 2015

Ronald M. Whyte
United States District Judge

5:15-cv-03820-RMW
ORDER FOLLOWING CASE MANAGEMENT CONFERENCE
RS