UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No.  5:15-cv-03820-RMW<br><br>**ORDER REGARDING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 124, 126 |

Before the court are administrative motions to seal the Direct and Indirect Purchasers' consolidated class action complaints. Dkt. Nos. 124, 126. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.

A protective order sealing the documents during discovery may reflect the court's previous

determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179-80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b) (requiring the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

With these standards in mind, the courts rules on the instant motions as follows.

| **Motion to Seal** | **Document to be Sealed** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 124[1] | Consolidated Amended Class Action Complaint (Direct Purchaser Actions) (124-3) | DENIED. | Proposed redactions of ¶¶ 6, 10, 43, 81, 88, and 100 are not narrowly tailored to confidential business information. Defendant's unspecific declaration does not explain why portions of these paragraphs, if any, are trade secrets.<br>Defendant did not object to revelation of some of the information from ¶¶ 10 and 100 in ¶ 120. |

---

[1] Notwithstanding direct purchaser plaintiffs' claim that their consolidated amended class action complaint contains no confidential information, in the future if there are any portions of a

2

| 126 | Consolidated Class Action Complaint (Indirect Purchaser Actions) (126-5) | DENIED. | Proposed redactions of ¶¶ 110, 139, and 143 are not narrowly tailored to confidential business information. Defendant's unspecific declaration does not explain why portions of these paragraphs, if any, are trade secrets.<br>No supporting declaration filed for the remaining proposed redactions of ¶¶ 94-109, 111-112, 123-138, 140-142, and 144. |

Plaintiffs shall refile unredacted copies of their consolidated class action complaints, which will be publicly accessible, within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: June 22, 2016

_____
Ronald M. Whyte
United States District Judge

---

document for which there is doubt as to confidentiality, the parties should highlight such portions in an unredacted version of the document and list such portions pursuant to Civ. L.R. 79-5 to facilitate the court's review.