BARNES & THORNBURG LLP
Kendall Millard (Admitted *pro hac vice*)
Todd Dixon (Admitted *pro hac vice*)
Bradley R. Love (251691)
kmillard@btlaw.com
tdixon@btlaw.com
blove@btlaw.com
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

*Counsel for Defendant HDK-America*

Counsel for other moving Defendants listed on signature page.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>**U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: October 27, 2016<br>Time: 1:30 P.M.<br>Judge: Honorable James Donato<br>Location: San Francisco Courthouse<br>Courtroom 11 – 19th Floor |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT - Case No.3:15-cv-03820-JD
-1-

# NOTICE OF MOTION AND MOTION TO DISMISS

TAKE NOTICE that on October 27, 2016, at 1:30 p.m., or as soon thereafter as this motion may be heard, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, before the Honorable James Donato, consistent with the Court's order, entered on August 11, 2016 (Dkt. 190), Defendants HDK America, Inc, ("HDK-America"), Kamaya, Inc., ROHM Semiconductor U.S.A. ("ROHM USA"), KOA Speer Electronics, Inc. ("KOA Speer"), Panasonic Corporation of North America ("PNA"), together the ("U.S. Subsidiaries"), in addition to the Joint Motion filed on this date, each will and hereby does move the Court, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint for failure to state a claim that satisfies the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This motion is brought in addition to the Defendants' Joint Motion to Dismiss the Direct Purchaser and Indirect Plaintiffs' Consolidated Class Action Complaint, which is being filed on the same date. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in these consolidated actions, oral argument of counsel, and such other and further materials and arguments as the Court may consider.

Pursuant to the Court's Civil Minutes entered after the August 10, 2016 Case Management Conference, the Court directed that the defendants could file both a joint motion to dismiss addressing all common issues and a consolidated motion collecting all arguments that are being made separately for one or more defendants only, limited to five pages of argument per defendant. (Dkt. 190, Dkt 178 at 7). The U.S. Subsidiaries accordingly incorporate and adopt by reference the motion and arguments in Defendants' Joint Motion to Dismiss the Indirect Purchaser Consolidated Class Action Complaint, filed August 24, 2016, Defendants' Joint Motion to Dismiss the Direct Purchaser Consolidated Class Action Complaint, filed August 24, 2016, , the Defendants' Joint Motion to Dismiss the Indirect Purchaser Consolidated Class Action Complaint, filed August 24, 2016, and the U.S. Subsidiary Defendants' Consolidated Motions To Dismiss The Direct Purchaser Consolidated Class Action Complaint, filed August 24, 2016, and

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT - Case No.3:15-cv-03820-JD
-2-

present their respective individual arguments in this consolidated motion and brief.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Complaint fails to state a claim against HDK-America;

2. Whether the Complaint fails to state a claim against Kamaya, Inc.;

3. Whether the Complaint fails to state a claim against ROHM USA;

4. Whether the Complaint fails to state a claim against KOA Speer; and

5. Whether the Complaint fails to state a claim against PNA.

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSOLIDATED CLASS ACTION COMPLAINT - Case No.3:15-cv-03820-JD
-3-

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ...............................................................2

STATEMENT OF ISSUES TO BE DECIDED ........................................................................3

CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES ...........................3

    I.      HDK AMERICA, INC.............................................................................................3

    II.     KAMAYA, INC. ....................................................................................................4

    III.    ROHM USA .............................................................................................................7

    IV.    KOA SPEER ...........................................................................................................7

    V.     PNA .........................................................................................................................8

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD

-i-

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ...................................................................................................2, 3, 4

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................2, 3, 4, 8

*In re Capacitors Antitrust Litig.*,
　106 F. Supp. 3d ..................................................................................................*passim*

*Kendall v. Visa U.S.A., Inc.*,
　518 F.3d 1042 (9th Cir. 2008) ..............................................................................................6

*In re Lithium Ion Batteries Antitrust Litig.*,
　2014 WL 309192 ..............................................................................................................3, 4

*Prime Healthcare Servs. Inc. v. Serv. Employees Int'l Union*,
　No. 11-CV-02652 JLS (RBB), 2012 WL 3778348 (S.D. Cal. Aug. 30, 2012) ....................7

*In re TFT-LCD*,
　586 F. Supp. 2d at 1116-17 ................................................................................................7, 8

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................3

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure ..............................................2

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-ii-

# CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES

There is not a single allegation that any of the U.S. Subsidiaries engaged in a single collusive act, or were involved in any purported conspiracy. Though the IPPs have had ample opportunity to review tens of thousands of documents produced during the DOJ investigation, IPPs can muster no allegations against the U.S. Subsidiaries sufficient to survive a motion to dismiss.

IPPs' claims against the U.S. Subsidiaries should therefore be dismissed.

## I.     HDK America, Inc.

With respect to HDK America, Inc. ("HDK-America") the Complaint's allegations fail under Federal Rule of Civil Procedure 12(b)(6). The claims against HDK-America consist only of a single paragraph in each complaint alleging simply that HDK-America is incorporated in, and does business in, the state of Illinois. The DDP Plaintiffs fail to present a single factual allegation that HDK-America committed a single relevant – let alone wrongful – act. Accordingly, as this Court did in similar circumstances in the *In Re Capacitors* Litigation, all claims against HDK-America should be dismissed because the Complaint fails to state a claim for which relief can be granted.

The entirety of the allegations against HDK-America, consume only one paragraph. Within that paragraph, the plaintiffs allege only:

"Defendant HDK-America, Inc. is an Illinois corporation with its principal place of business located at 200 N. Northwest Highway, Suite 201, Barrington, Illinois 60010."

[IPP-CAC ¶ 160].

As is the case in the DPP complaint, HDK-America is not mentioned again.

Even construed in a light most favorable to Plaintiffs, the Complaint fails to allege enough facts to state a claim to relief that is plausible on its face, fails to allege any relevant activity on the part of HDK America, and fails to even raise the sheer possibility that HDK America has acted unlawfully. *Twombly*, 550 U.S. at 570; *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d at 1066, 1069; *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 309192 at *13;m *Iqbal*, 556

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-3-

U.S. at 678 (2009)

The lack of any factual allegations to support a single claim against HDK-America make it subject to dismissal under *Twombly* and *Iqbal*.

**II.    Kamaya, Inc.**

IPPs' only allegations against Kamaya, Inc. can be found in a single paragraph in their Complaint, in the section in which the IPPs define the parties. That paragraph states the following:

> Kamaya, Inc. is a subsidiary of Kamaya with its principal place of business located at 6407 Cross Creek Boulevard, Fort Wayne, Indiana 46818. Kamaya, Inc. maintains a sales office at 4163 Cleveland Ave #1 San Diego, CA 92103, and a warehouse at 28-A Concord Street, El Paso, TX 79906. During the Class Period, Kamaya, Inc. – either directly or through its business units, subsidiaries, agents or affiliates – sold and distributed to United States purchasers of linear resistors manufactured by certain business units, subsidiaries, agents, or affiliates of its corporate parent, Kamaya Electric Co.

IPP-CAC ¶ 62.

Like the DPPs, IPPs do not make ***a single allegation*** that Kamaya, Inc. engaged in potentially collusive conduct. IPPs do not allege that Kamaya, Inc. participated in or attended any collusive meetings. IPPs do not allege that Kamaya, Inc. exchanged any information with any other defendants or co-conspirators. In fact, IPPs do not allege any conduct at all, collusive or otherwise, on the part of Kamaya, Inc. other than the above allegation that Kamaya, Inc. sells linear resistors in the United States that were manufactured by its parent, Kamaya Electric Co., Ltd., a Japanese corporation ("Kamaya Electric"). IPP-CAC ¶ 62.[1] As the *Batteries* Court held, "boilerplate assertions of an agency relationship with the parties whose participation in the conspiracy is more directly alleged" are insufficient. *In re Lithium Ion Batteries*, 2014 WL 309192 at *13. IPPs' allegation that Kamaya, Inc. sold the product of Kamaya Electric is not sufficient to state a claim against Kamaya, Inc. *See In re Capacitors*, 106 F. Supp. 3d at 1067-68

---

[1] Complaints that contain conclusory allegations of collusive conduct have been found by this very Court to be insufficient. For example, in *In re Capacitors*, this Court found that indirect purchasers single conclusory allegation such as that one U.S. subsidiary "worked to coordinate pricing strategy" was insufficient. By contract, here IPPs do not even assert a *conclusory* allegation of wrongdoing by Kamaya, Inc.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD

-4-

(dismissing U.S. subsidiary FCA where allegations against it amounted to nothing more than its role in selling the product of its parent company).

The few specific allegations in the IPP-CAC that relate to "Kamaya" are, by IPPs' own definitions, explicitly limited to Kamaya Electric. IPP-CAC ¶ 61. Nor, like the DPPs, could IPPs support their claim by redefining "Kamaya" in an attempt to conflate Kamaya, Inc. with Kamaya Electric. As noted previously, such an approach has been rejected by this Court. *See Capacitors*, 106 F. Supp. at 106. And, although IPPs make a boilerplate claim in paragraph 35 of the IPP-CAC that "Defendants engaged in conduct both inside and outside of the United States…," IPPs do not make a single factual allegation to support the conclusory assertion that any conduct at all took place "inside…the United States." IPP-CAC ¶ 35. Rather, IPPs describe the alleged conspiracy as a "Japanese alliance," with alleged conduct that revolved around in-person meetings of members of the Japanese Electronics and Information Technology Trade Association ("JEITA"), which presumably took place in Japan. IPP-CAC ¶ 93-111. IPPs do not allege that Kamaya, Inc. participated in or even attended any of these meetings, nor is it plausible that it might have been Kamaya, Inc. that participated in the alleged activities where it would have to travel across the Pacific Ocean or participate in meetings of trade associations of which it was not a member.

Additionally, IPPs do not even allege that Kamaya, Inc. had any *opportunity* to conspire. IPPs' entire conspiracy theory hinges on the opportunities for collusion allegedly utilized by members of trade associations. IPP-CAC ¶¶ 88-92 ("Trade associations provided opportunities for Defendants to meet frequently and exchange information to facilitate collusion. Defendants are members of a number of trade associations in the United States, Asia, and Europe." IPP-CAC ¶¶ 88). Virtually every specific factual allegation made by the IPPs involves conduct that occurred at formal or informal JEITA trade association events. IPP-CAC ¶ 88-112. However, not only is Kamaya, Inc. not alleged to have been a member of the Japanese trade association JEITA, it is not even alleged to have been a member of any trade association, in the United States or otherwise. IPP-CAC ¶¶ 89, 92.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-5-

For these reasons, the claims against Kamaya, Inc. should be dismissed.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-6-

## III. ROHM USA

Only one paragraph—paragraph 57—in the IPPs' Complaint mentions ROHM USA, and it does not allege that ROHM USA committed a single wrongful act. Instead, it alleges the basic corporate status of ROHM USA, including that it is incorporated in Delaware and headquartered in California, and that its business is manufacturing, selling and distributing linear resistors in the United States. IPP-CAC. ¶ 25. Because the Direct Amended Complaint does not contain a single factual allegation that ROHM USA committed a single wrongful act, the claims against ROHM USA should be dismissed.

Like the DPPs, the IPPs may contend that their general allegations regarding the wrongful actions of the "ROHM Defendants," which is defined to include both ROHM entities—ROHM USA and ROHM Co., Ltd., are sufficient save their complaint. Not true. As this Court previously held in *In re Capacitors*, plaintiffs must "plead the precise role in the conspiracy of each individual company in each corporate family;" general allegations against corporate families are insufficient, and subsidiaries against whom specific allegations are not made should be dismissed. 106 F. Supp. 3d at 1067-68. The same result should occur here.

## IV. KOA Speer

There are zero KOA Speer allegations in the IPPs' Complaint alleging involvement—or even awareness—of the alleged conspiracy. Instead, Plaintiffs allege only that KOA Speer was in the resistors business during the relevant time period, and owned by KOA Corp. The IPP Complaint has only one paragraph concerning KOA Speer:

- "KOA Speer is one of the world's leading manufacturers of resistors and is a wholly owned subsidiary of KOA (Collectively, the "KOA Defendants"). KOA Speer—directly and/or through its subsidiaries, which it wholly owned and/or controlled—manufactured, marketed, and/or sold resistors that were purchased throughout the United States, including in this District, during the Class Period." IPP-CAC ¶ 55.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSOLIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-7-

Plaintiffs have failed to state an antitrust conspiracy claim against KOA Speer, with specific facts establishing the involvement of KOA Speer in the alleged conspiracy. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

Furthermore, the IPPs cannot rely on general allegations regarding the "KOA Defendants." It is well-established by the Court and other district courts in the Ninth Circuit that Plaintiffs must plead specific facts establishing the involvement of KOA Speer—Plaintiffs cannot lump KOA Corp. and KOA Speer together and assert a vague claims against a corporate family. "[G]eneral allegations as to . . . a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them." *In re TFT-LCD*, 586 F. Supp. 2d at 1116-17; *see also Prime Healthcare Servs. Inc. v. Serv. Employees Int'l Union*, No. 11-CV-02652 JLS (RBB), 2012 WL 3778348, at *5 n.7 (S.D. Cal. Aug. 30, 2012). The IPPs do not allege KOA Speer joined or was even aware of the alleged conspiracy. Therefore, for the same reasons as DPPs, the IPPs cannot rely on general allegations to avoid dismissal of all claims against KOA Speer.

**V. PNA**

IPPs' claims against PNA must be dismissed because the IPP-CAC does not allege anywhere that any PNA employee attended or even knew of any meeting with competitors, or that PNA was otherwise involved in or aware of the alleged conspiracy. The one paragraph in the 219-paragraph IPP-CAC that relates to PNA specifically merely alleges that PNA was in the linear resistors business during the relevant time period:

> Defendant **Panasonic Corporation of North America** ("PNA"), a wholly owned subsidiary of Panasonic, is a Delaware corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey 07102. PNA is one of the world's leading manufacturers. PNA—directly and/or through its subsidiaries, which it wholly owned and/or controlled—manufactured, marketed, and/or sold resistors that were purchased throughout the United States, including in this District, during the Class Period.

IPP-CAC ¶ 52.

Leaving aside the fact that PNA did not manufacture resistors, this single reference in the

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

IPP-CAC is simply not enough to tie PNA into any alleged conspiracy for the same reasons that PNA asserts in the U.S. Subsidiary Defendants' Consolidated Motion to Dismiss the Direct Purchaser Consolidated Class Action Complaint, which PNA hereby incorporates by reference. Accordingly, IPPs similarly fail to state a claim under *Twombly*, and PNA must be dismissed for that reason. *See In re Capacitors*, 106 F. Supp. 3d at 1067-68; *In re TFT-LCD*, 586 F. Supp. 2d at 1116-17.

Respectfully Submitted,

**BARNES & THORNBURG LLP**

By *s/ Kendall Millard*
      KENDALL MILLARD

Kendall Millard (*pro hac vice*)
Todd Dixon (*pro hac vice*)
Bradley R. Love (CSB 251691)
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
kmillard@btlaw.com
tdixon@btlaw.com
blove@btlaw.com

*Counsel for HDK America, Inc.,*

LATHAM & WATKINS LLP

*S/Belinda Lee*
Belinda S Lee
Ashley M. Bauer
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
belinda.lee@lw.com
ashley.bauer@lw.com

*Attorneys for Defendant Kamaya, Inc.*

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSOLIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-9-

O'MELVENY & MYERS LLP

By *s/Michael Frederick Tuback*
 MICHAEL FREDERICK TUBACH

Two Embarcadero Center , 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
mtubach@omm.com

Kenneth Ryan O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
korourke@omm.com

*Attorneys for Defendant Rohm Semiconductor, USA*

**CROWELL & MORING LLP**

*S/Robert McNary*
Jason C. Murray (CSB No. 169806)
jmurray@crowell.com
Emily T. Kuwahara (CSB No. 252411)
ekuwahara@crowell.com
Robert McNary (CSB No. 253745)
rmcnary@crowell.com
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Daniel Zelenko (Admitted *Pro Hac Vice*)
dzelenko@crowell.com
590 Madison Avenue, 20th Floor
New York, NY  10022
Telephone: 212.223.4000
Facsimile: 212.223.4134

*Attorneys for Defendant KOA Speer Electronics, Inc.*

**WINSTON & STRAWN LLP**

By:  /s/  *Jeffrey L. Kessler*

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER
CONSOLIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-10-

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2636
Facsimile: (713) 651-2700

*Counsel for Defendant Panasonic Corporation of North America.*

*Pursuant to N.D. Cal. L.R. 5-1(i)(3), the filer attests that concurrence in filing of this document has been obtained from the above signatories.*

Barnes & Thornburg LLP
Attorneys At Law
Los Angeles

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-11-

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016, I filed electronically filed with the Clerk of Court via the CM/ECF system the following document:

**U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSOLIDATED CLASS ACTION COMPLAINT**

Notice of this filing will be sent by e-mail to all parties with an e-mail address of record by operation of the Court's electronic filing system. Parties may access the filing through the Court's CM/ECF system.

Dated: August 24, 2016

　　　　　　　　　　　　　　　　/s/
Kendall Millard
BARNES & THORNBURG, LLP
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: 317-236-1313
Facsimile: 317-231-7433

BARNES & THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

U.S. SUBSIDIARY DEFENDANTS' CONSOLIDATED MOTIONS TO DISMISS THE INDIRECT PURCHASER CONSILIDATED CLASS ACTION COMPLAINT - Case No.: 15-cv-03820-JD
-12-