1  [**Counsel for Stipulating Parties Listed on Signature Pages**]

2

3

4

5

6

7

8

9

10

11

12                     **UNITED STATES DISTRICT COURT**

13                     **NORTHERN DISTRICT OF CALIFORNIA**

14                         **SAN FRANCISCO DIVISION**

15 | *In re Resistors Antitrust Litigation* | **Case No. 3:15-cv-03820-JD** |
   |---|---|
   | This Document Relates To: ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY** |

The parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court as required by the Standing Order for Discovery in Civil Cases before Judge Donato.

1. This Stipulation and Order Concerning Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deposition of any testifying expert. The parties contemplate that they will later submit a stipulation addressing these matters for approval by the Court or the Court will establish a timetable for disclosures and depositions.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. For purposes of the Actions, Rule 26(a)(2)(B)(ii) is modified to read: "the facts, data and other information relied on by the witness in forming them."

4. Except as provided in paragraphs 6 and 7 below, the following types of information shall not be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    a. The content of communications among and between:

        i. counsel and the expert and/or the expert's staff and/or supporting firms;

        ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

        iii. the expert and other experts and/or other non-testifying expert consultants;

1

          iv.     experts and their staff and/or supporting firms;

          v.     non-testifying expert consultants and their staffs;

          vi.     the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

    b.    Notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert.

5.    No party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations.

6.    The limitations contained in paragraphs 4 and 5 above shall not apply to any communications, documents, data sets, data runs, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

7.    Notwithstanding the limitations contained in paragraphs 4 and 5 above, an expert may be asked: (a) to identify and generally describe investigations or modeling (including any regression analyses) that the expert attempted but rejected, (b) to describe the reasons for rejecting any such investigations or modeling, (c) to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

8.    Within three business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer

programs that are produced; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate to be paid for the expert witness's time in the case. "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

9. The information required by paragraph 8 above to be produced shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (e.g., Microsoft Word, Excel). Documents that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

10. Paragraph 8 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

11. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the

Court's scheduling orders. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion(s) in this matter.

12. The parties agree to comply with this Stipulation pending the Court's approval.

DATED: September 19, 2016

| HAGENS BERMAN SOBOL SHAPIRO LLP | COHEN MILSTEIN SELLERS & TOLL PLLC |
|---|---|
| By    /s/ Jeff D. Friedman         <br>    JEFF D. FRIEDMAN | By    /s/ Kit A. Pierson         <br>    KIT A. PIERSON |
| Shana E. Scarlett (217895)<br>Benjamin Siegel (256260)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Facsimile:  (510) 725-3001<br>jefff@hbsslaw.com<br>shanas@hbsslaw.com<br>bens@hbsslaw.com | Daniel A. Small (*pro hac vice*)<br>Emmy L. Levens (*pro hac vice*)<br>Robert H. Braun (*pro hac vice*)<br>Laura Alexander (255485)<br>1100 New York Ave. NW, Suite 500, West Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>kpierson@cohenmilstein.com<br>dsmall@cohenmilstein.com<br>elevens@cohenmilstein.com<br>rbraun@cohenmilstein.com<br>lalexander@cohenmilstein.com |
| Steve W. Berman (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile:  (206) 623-0594<br>steve@hbsslaw.com | *Co-Lead Counsel for Direct Purchaser Plaintiffs* |
| *Co-Lead Counsel for Direct Purchaser Plaintiffs* | |
| CROWELL & MORING LLP | WINSTON & STRAWN LLP |
| By    /s/ Jason C. Murray         <br>    JASON C. MURRAY | By    /s/ Jeffrey L. Kessler         <br>    JEFFREY L. KESSLER |
| Emily Tomoko Kuwahara<br>Robert B. McNary<br>Jordan Lee Ludwig<br>515 South Flower Street , 40th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 622-4750 | Jeffrey L. Kessler<br>Eva W. Cole<br>Erica C. Smilevski<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166 |

| | |
|---|---|
| Facsimile: (213) 622-2690<br>jmurray@crowell.com<br>ekuwahara@crowell.com<br>rmcnary@crowell.com<br>jludwig@crowell.com | Telephone: (212) 294-4698<br>Facsimile: (212) 294-4700<br>jkessler@winston.com<br>ewcole@winston.com<br>esmilevski@winston.com |
| Katie Michelle Yablonka<br>CROWELL & MORING LLP<br>275 Battery St., 23rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 365-7250<br>kyablonka@crowell.com | Ian L. Papendick<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-6905<br>Facsimile: (415) 591-1400<br>ipapendick@winston.com |
| *Counsel for KOA Corp. and KOA Speer Electronics, Inc.* | Brandon W Duke<br>WINSTON & STRAWN LLP<br>1111 Louisiana Street<br>25th Floor<br>Houston, TX 77002<br>Telephone: (713) 651-2636<br>bduke@winston.com |
| | *Counsel for Panasonic Corp. and Panasonic Corp. of North America* |
| O'MELVENY & MYERS LLP | COTCHETT, PITRE & MCCARTHY LLP |
| By   /s/ Michael F. Tubach<br>      MICHAEL F.TUBACH | By   /s/ Steven N. Williams<br>      STEVEN N. WILLIAMS |
| Two Embarcadero Center , 28th Floor<br>San Francisco, CA 94111-3305<br>Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701<br>mtubach@omm.com | Joseph W. Cotchett<br>Adam John Zapala<br>Demetrius Xavier Lambrinos<br>Joyce Chang<br>Elizabeth Tran<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 |
| Kenneth Ryan O'Rourke<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407<br>korourke@omm.com | Telephone: (650) 697-6000<br>Facsimile: (650) 697-6340<br>jcotchett@cpmlegal.com<br>swilliams@cpmlegal.com<br>azapala@cpmlegal.com<br>dlambrinos@cpmlegal.com<br>jchang@cpmlegal.com<br>etran@cpmlegal.com |
| *Counsel for Rohm Co. Ltd. and Rohm Semiconductor U.S.A., LLC* | *Counsel for Indirect Purchaser Plaintiffs* |

| | |
|---|---|
| BARNES & THORNBURG LLP | LATHAM & WATKINS LLP |
| By   /s/ Kendall Millard    | By   /s/ Ashley M. Bauer    |
| KENDALL MILLARD | ASHLEY M. BAUER |

Todd A. Dixon
Bradley R. Love
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
kendall.millard@btlaw.com
tdixon@btlaw.com
blove@btlaw.com

Belinda S Lee
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8138
belinda.lee@lw.com
ashley.bauer@lw.com

*Counsel for Kamaya, Inc. and Kamaya Electric Co., Ltd.*

Roya Rahmanpour
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3892
Facsimile: (310) 284-3894
roya.rahmanpour@btlaw.com

*Counsel for Hokuriku Electric Industry Co. and HDK America, Inc.*

**E-FILING ATTESTATION**

I, Jeff D. Friedman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

   /s/ Jeff D. Friedman    
JEFF D. FRIEDMAN

* * *

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   September 19, 2016   

                    
HONORABLE JAMES DONATO
United States District Court Judge

[APPROVED — Judge James Donato — United States District Court, Northern District of California]