Joseph W. Cotchett (36324)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Elizabeth Tran (280502)
Joyce Chang (300780)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: 650-697-6000  / Fax: 650-697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com
jchang@cpmlegal.com

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
| This Documents Relates to:<br><br>ALL ACTIONS | JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: October 27, 2016<br>Time: 10:00 a.m.<br>Courtroom: Court Room 11 – 19th Floor<br>Judge: Hon.  James Donato |

1    Plaintiffs in the above-captioned Direct Purchaser and Indirect Purchaser actions (hereinafter

2    "Plaintiffs") and Defendants Hokuriku Electric Industry Co., HDK America, Inc., Panasonic

3    Corporation, Panasonic Corporation of North America, Kamaya, Inc., Kamaya Electric Co., KOA

4    Corporation, KOA Speer Electronics, Inc., ROHM Co., Ltd., and ROHM Semiconductor USA LLC

5    ("Defendants") respectfully submit this Joint Statement in advance of the Case Management

6    Conference scheduled for October 27, 2016.

7    **I.      DEVELOPMENTS SINCE THE PARTIES' LAST STATUS CONFERENCE**

8    At the parties' previous Status Conference on August 10, 2016, this Court ordered a briefing

9    schedule and provided briefing guidelines regarding Defendants' anticipated motions to dismiss.  *See*

10   Court's Minute Order, ECF No. 190.  The Court further ordered the parties to meet and confer

11   concerning a proposed litigation schedule for the case.  *See id.*  Regarding discovery, this Court lifted

12   any remaining Department of Justice ("DOJ") stay and permitted full discovery.  *Id.*  The Court

13   established a preservation period for documents kept in the ordinary course of business (January 1,

14   2002 through May 27, 2016) *and* transactional data (from January 1, 2001 and continuing pending

15   further orders of the Court).  The Court also set a presumptive limit of up to 10 depositions per

16   Defendant-family and ordered that all depositions occur in the United States unless the parties

17   mutually agree on another location.  For remaining discovery issues pertaining to search terms,

18   custodians and other discovery matters, the Court ordered the parties to use *In re Capacitors*

19   *Antitrust Litigation*, No. 3:14-cv-03264-JD, as a framework for discussions.  *Id.* Finally, the Court

20   stated that "Kamaya Electric Co. agree[d] to waive service and the entire Kamaya defendant family

21   will participate in discovery and motion to dismiss briefing on the same timeline as all other

22   defendants."  *Id.*

23   Thereafter, in accord with the Court's order, the parties diligently met and conferred and

24   attempted to reach agreement on a proposed, joint case schedule.  Although the parties reached

25   agreement on most dates and issues, they were unable to reach agreement on a few issues.  On

26   September 2, 2016, the parties submitted a report to the Court, outlining their areas of agreement

27   concerning the case schedule and briefing their areas of disagreement concerning document

28

1   productions and other litigation events.  *See* Joint Statement Regarding Proposed Case Schedule,

2   ECF No. 210.  On October 11, 2016, this Court issued an order indicating that it would hear

3   argument and rule on the parties' disagreements concerning the joint schedule at the October 27th

4   Status Conference.  ECF No. 225.

5          On August 24, 2016, Defendants filed two motions to dismiss respectively against the DPPs'

6   Consolidated Complaint (ECF Nos. 202, 204) and the IPPs' Consolidated Complaint (ECF Nos. 203,

7   205).  On September 26, 2016, DPPs and IPPs each submitted Oppositions to Defendants' motions to

8   dismiss.  *See* ECF Nos. 216-219.  On October 11, 2016, Defendants filed their Replies to the motions

9   to dismiss.  ECF Nos. 226-230.  Defendants' motions to dismiss are fully briefed and will be argued

10  at the October 27, 2016 hearing before this Court.

11         On September 19, 2016, this Court entered a stipulation and order concerning expert

12  discovery.  ECF No. 215.

13         Further, since the last Status Conference, the parties have been diligently attempting to make

14  progress on various discovery items.  For example, the parties exchanged Fed. R. Civ. P. 26 Initial

15  Disclosures on August 26, 2016.  On September 12, 2016, Defendants produced to Plaintiffs

16  organizational charts to assist the parties in their discussions concerning document custodians.  On

17  September 15, 2016, Defendants served objections and responses to the discovery served on them to

18  date.  Since that time, the parties have been meeting and conferring regarding the scope of those

19  requests.  On September 19, 2016, Defendants made their productions in response to the Plaintiffs'

20  request for any documents produced to the DOJ that had not been previously produced.  On

21  September 23, 2016, each Defendant-family provided a list to Plaintiffs of their proposed document

22  custodians for purposes of an ESI collection and production.  In the forthcoming weeks, the parties

23  will be negotiating a final list of custodians.  On September 28, 2016, Plaintiffs sent Defendants a

24  comprehensive list of English-language search terms and on October 10, 2016, Plaintiffs provided

25  Defendants with a comprehensive list of Japanese Search Terms, to which Defendants will respond

26  shortly.  These search terms were based on the search terms that were used in the *Capacitors*

27  litigation.  It is Defendants' position that the search term list is broader than it was in *Capacitors*.  As

28

1   discussed *infra*, the parties have been negotiating an ESI Protocol to govern the production of

2   electronically stored information in the litigation but have reached impasse on one limited issue with

3   respect to the Protocol.

4         In addition, on September 12, 2016, Defendants sent Plaintiffs a proposed Stipulation

5   regarding Discovery Limits Pursuant to Fed. R. Civ. P. 26(f), outlining provisions regarding

6   interrogatory limitations, deposition limitations, departing employee lists, and service by e-mail,

7   which closely tracks what was ordered in *Capacitors*. *See* Stipulation and Order re: Discovery

8   Limits Pursuant to Fed. R. Civ. P. 26(f), *In re Capacitors Antitrust Litig.*, No. 14-CV-03264-JD, Dkt.

9   No. 725 (May 28, 2015).  In accordance with the Court's previous instructions to follow what was

10  done in *Capacitors*, Defendants believe it is important and necessary to enter into such a stipulation

11  and anticipate that Plaintiffs will respond to the proposal shortly.  Civil Minutes, ECF No. 190; *see*

12  *also* Aug. 10 Hr'g Tr. 19:11-12; 21:20-21.

13        Although there is a possibility that some deadlines may need to be adjusted slightly moving

14  forward, the parties will continue to work diligently to complete their discovery efforts on a timely

15  basis pursuant to the Proposed Case Schedule.

16  **II.      PENDING AND ANTICIPATED MOTIONS**

17        The following motions are either pending before the Court or will be filed with the Court

18  prior to the Status Conference next week:

19  **<u>Pending Motions/Disputes</u>**:

20  (1) Defendants' motions to dismiss are fully briefed and awaiting oral argument at the hearing on

21  October 27, 2016;

22  (2) The Parties' disputes concerning the joint proposed case schedule is fully briefed and awaiting

23  resolution at the October 27, 2016 hearing.

24  (3) Plaintiffs have filed a discovery letter about a dispute related to a provision in the Parties'

25  proposed ESI Protocol pertaining to encrypted documents.  Plaintiffs have filed this letter in accord

26  with this Court's Standing Order prior to the Status Conference, and they will be prepared to discuss

27  the issue at the October 27, 2016 conference.

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT -
No.: 3:15-cv-03820-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Defendants request leave to respond to Plaintiffs' discovery letter.  Defendants' position is

that it would be unduly burdensome and inefficient to de-encrypt all encrypted files prior to running

search terms because it could take days to remove the encryption from just a single file using

commercially-available decryption software, which could unreasonably delay the review process and

extend the timeline on production.  Defendants instead agreed to produce encrypted document when

they are in a family of documents that hit on an agreed search term and are responsive to Plaintiffs'

document requests, and slip sheets containing all of the available metadata for all encrypted

documents that are not part of responsive document families.  Defendants are also willing to work

through decryption on a case-by-case basis through the meet and confer process.

DATED: October 20, 2016                    **COTCHETT, PITRE & McCARTHY, LLP**


                                           By:  /s/*Steven N. Williams*
                                                    STEVEN N. WILLIAMS

                                           Joseph W. Cotchett (36324)
                                           Steven N. Williams (175489)
                                           Adam J. Zapala (245748)
                                           840 Malcolm Road, Suite 200
                                           Burlingame, CA 94010
                                           Telephone: 650-697-6000
                                           Facsimile: 650-697-0577
                                           jcotchett@cpmlegal.com
                                           swilliams@cpmlegal.com
                                           azapala@cpmlegal.com

                                           *Interim Lead Counsel for the Indirect Purchaser*
                                           *Plaintiffs*

                                           **HAGENS BERMAN SOBOL SHAPIRO LLP**


                                           By:  /s/*Jeff D. Friedman*

                                           Jeff D. Friedman (173886)
                                           Shana E. Scarlett (217895)
                                           Benjamin J. Siegel (256260)
                                           715 Hearst Avenue, Suite 202
                                           Berkeley, CA 94710
                                           Telephone: (510) 725-3000
                                           Facsimile:  (510) 725-3001
                                           jefff@hbsslaw.com
                                           shanas@hbsslaw.com
                                           bens@hbsslaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Laura Alexander (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

**WINSTON & STRAWN LLP**
By:  /s/  *Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor

Houston, TX 77002
Telephone:  (713) 651-2636
Facsimile:  (713) 651-2700


*Counsel for Defendants Panasonic Corporation and
Panasonic Corporation of North America.*

**CROWELL & MORING LLP**

By:  /s/  *Jason C. Murray*

Jason C. Murray (CSB No. 169806)
jmurray@crowell.com
Emily T. Kuwahara (CSN No. 252411)
ekuwahara@crowell.com
Robert McNary (CSB No. 253745)
rmcnary@crowell.com
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

Daniel Zelenko (admitted *pro hac vice*)
dzelenko@crowell.com
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: 212.223.4000
Facsimile:  212.223.4134

*Counsel for KOA Corp. and KOA Speer Electronics,
Inc.*

**O'MELVENY & MYERS LLP**

By:  /s/  *Michael F. Tubach*

Michael Frederick Tubach
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3305
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701
mtubach@omm.com

Kenneth Ryan O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

JOINT CASE MANAGEMENT CONFERENCE STATEMENT -
No.: 3:15-cv-03820-JD

-6-

korourke@omm.com

*Counsel for Rohm Co. Ltd. and Rohm Semiconductor U.S.A., LLC*

**BARNES & THORNBURG LLP**

By: /s/  *Kendall Millard*

Kendall Millard
Todd Dixon
Bradley R. Love
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Kendall.Millard@Btlaw.com
Tdixon@Btlaw.com
Blove@Btlaw.com

*Counsel for Hokuriku Electric Industry Co. and HDK America, Inc.*

**LATHAM & WATKINS LLP**

By: /s/  *Belinda S Lee*

Belinda S Lee
Ashley M. Bauer
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone:  (415) 395-8138
Belinda.Lee@lw.com
Ashley.Bauer@lw.com

*Counsel for Kamaya, Inc. and Kamaya Electric Co., Ltd.*

**ATTESTATION**

Pursuant to N.D. Cal. L.R. 5-1(i)(3), the filer attests that concurrence in filing of this document has been obtained from the above signatories.