[Counsel Listed on Sig. Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:15-cv-03820-JD<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS |
| This Document Relates to:<br><br>ALL ACTIONS | ) ) ) ) | |

This Stipulation Regarding Production of Electronically Stored Information and Hard Copy Documents ("Production Stipulation and Order") shall govern the parties in the above-captioned case and all actions that are later consolidated with that case (collectively, the "Litigation").

I.   GENERAL PROVISIONS

A.       This Production Stipulation and Order will only govern the production of electronically stored information ("ESI") and hard copy documents (collectively, "Document" or "Documents").

B.       Applicability:  This stipulation does not constitute a waiver, by any party, of any objection to the production of particular ESI as unduly burdensome or not reasonably accessible, nor does it constitute a waiver of any right to discovery by any party.  This Stipulated Order shall not apply to any documents produced in this case that have been produced both to any government entity and to plaintiffs in this case before the entry of this Stipulated Protocol, whether by compulsion or otherwise, provided, however, that any documents produced under this exception shall at a minimum be produced in a format including TIFF, image, and load files. To the extent that a party collected and processed documents prior to the entry of this Stipulated Protocol, and production of such documents cannot be made in accordance with the terms of this Stipulated Protocol, the parties will meet and confer concerning the format of the production of any such documents.

C.       TIFF Image Files:  The parties agree that all Documents will be produced as single-page black and white Group IV TIFF image files of at least 300 dpi resolution, except as provided in section III.C.   Page size shall be 8.5 x 11 inches unless in the reasonable judgment of the producing party, a particular item requires a different page size.  Each image file will use the Bates number of the page as its unique file name. Original document orientation as displayed in

the native file should be maintained in the TIFF image (i.e., portrait to portrait and landscape to landscape).

D.    Text Files:  Each Document produced under this order shall be accompanied by a single, multipage text file containing all of the text for that item, not one text file per page.  Each text file shall be named to use the Bates number of the first page of the corresponding production item.

i.    OCR: The text for each paper document shall be generated by applying optical character recognition (OCR) technology to the scanned image of the document.  The parties will endeavor to generate accurate OCR and will utilize quality OCR processes and technology.  The parties acknowledge, however, that due to poor quality of the originals, not all documents lend themselves to the generation of accurate OCR.  OCR text files should indicate page breaks where possible.

ii.   ESI: The text of each ESI item shall be extracted directly from the ESI native file. To the extent that is not technically possible (e.g., the underlying native file is an image file), the text for each ESI item shall be generated by applying OCR to the native file under the provision above.  For contacts and calendars collected and/or processed after the execution date of this Production Stipulation and Order, user modifiable fields should be extracted and produced as text.

iii.  Redacted Text:  The text file corresponding to a redacted document may be generated by applying OCR to the redacted file under the provision above.

iv.   Foreign Language Text:  The parties will make reasonable efforts to ensure that all technologies and processes used to collect, process and produce the

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081 V1

- 2 -

text of any Document – including all TIFF conversion and OCR processes, and the extraction of text from native files – preserves all foreign language text, punctuation and other characteristics as they exist in the source native file.

E.     Bates Numbering:

    i.   Each TIFF image produced under this order must be assigned a Bates number that must always: (1) be unique across the entire document production; (2) maintain a constant length of nine numeric digits (including 0-padding) across the entire production; (3) contain only alphanumeric characters, no special characters or embedded spaces; and (4) be sequential within a given document.

    ii.  If a producing party skips a Bates number or set of Bates numbers in a production, the producing party will identify and note the gap in a cover letter or production log accompanying the production.   The producing party need not provide a placeholder (e.g., gap sheet, dummy image) within the production.

    iii. The producing party will brand all TIFF images in the lower right-hand corner with its corresponding Bates number, using a consistent font type and size.  The Bates number must not obscure any part of the underlying image. If the placement in the lower right-hand corner will result in obscuring the underlying image, the Bates number should be placed as near to that position as possible while preserving the underlying image.

F.     Parent-Child Relationships:  Parent-child relationships for all groups of paper documents as specified in section II.C.i., and for all embedded ESI documents (e.g., the

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 3 -

association between an attachment and its parent e-mail, or a spreadsheet embedded within a word processing document), must be preserved by assigning sequential Bates numbers to all items within the parent-child group, and identifying those Bates numbers in the relevant ESI metadata and coding fields specified in Appendix 2.  For example, if a party is producing an e-mail with embedded attachments, the attachments must be processed and assigned Bates numbers in sequential order, following consecutively behind the parent e-mail.

G.      Color:  Paper documents or ESI items that a producing party has converted to color for its review must be produced in color.  For all other paper documents or ESI items containing color, a producing party need not initially produce such items in color.  However, if an original document or ESI item contains color text, markings or graphics, and it is necessary to see those items in their original color to understand the full meaning or content of the document, then the receiving party may request that the document or ESI item be produced in color format.  The producing party will not unreasonably deny such a request.  The production of such documents and/or ESI in color shall be made in single-page JPEG format, provided JPEG format offers sufficient quality for the review of these documents and/or ESI.  If either party deems the quality of the document produced in JPEG format to be insufficient, the producing party must produce the color image in TIFF format.  All requirements for productions stated in this Production Stipulation and Order regarding productions in TIFF black and white format apply to any productions of documents and/or ESI made in color JPEG or TIFF format.

H.      Confidentiality Designations:  If a particular paper document or ESI item has a confidentiality designation, the designation shall be stamped on the face of all TIFF images pertaining to such item/document, in the lower left-hand corner of the document as specified in section I.D.iii. The confidentiality designation should also be reflected in the "Confidentiality" field specified in Appendix 2.

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 4 -

I.        Load Files:  All productions will be provided with data load files and image load file as detailed in Appendix 1.  Each party will designate its preferred load file format. The image load file must reference each TIFF file in the corresponding production, and the total number of TIFF files referenced in the load file must match the total number of image files in the production. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the corresponding image load file for that production. Each deliverable volume should limit directory contents to approximately 1000 files per folder.

J.        ESI Liaison:  Each party agrees to designate an ESI Liaison.  Each ESI Liaison will be prepared to participate in the resolution of ESI discovery issues; know the party's ESI discovery efforts; and have access to those who are familiar with the party's electronic systems and capabilities in order to, as appropriate, answer relevant questions.  Each party shall designate its ESI Liaison within ten days after entry of this Production Stipulation and Order.  Any party is free to change its designated ESI Liaison by providing written notice to the other parties.

II.    PRODUCTION OF HARD COPY DOCUMENTS

A.        Coding Fields:  All coding information defined in Appendix 2 as applicable to "All Items" or "Paper," shall be produced in the data load file accompanying production of paper documents.

B.        Unitization of Paper Documents:  Paper documents should be logically unitized for production.  Therefore, when scanning or producing paper documents, distinct documents shall not be merged into a single file or database record, and distinct documents shall not be split into multiple files or database records. The parties will make their best efforts to unitize documents correctly.

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 5 -

C.      File/Binder Structures (Parent-Child Unitization):  Where multiple documents were organized into groups, such as folders, clipped bundles and binders, each distinct document shall be unitized as described in section II.B. above, but maintained together in a parent-child relationship as specified in section I.E.  The parties will make their best efforts to unitize parent-children groups correctly.

D.      Identification:  Where a document or a document group – such as folder, clipped bundle, or binder – has an identification spine, "Post-It Note" or any other label, the information on the label shall be scanned and produced as the first page of the document or grouping.

E.      Custodian Identification:  The parties will utilize best efforts to ensure that paper records for a particular custodian, which are included in a single production, are produced in consecutive Bates stamp order.

III.    PRODUCTION OF ELECTRONICALLY STORED INFORMATION

A.      System Files:  ESI productions shall be de-NISTed using the industry standard list of such files maintained in the National Software Reference Library by the National Institute of Standards & Technology.  The parties recognize that to reduce the document review population, additional file types will need to be excluded.  But before a party excludes additional file types from its document review population, the parties shall meet and confer to negotiate separately a culling protocol that addresses file-type exclusion and other culling parameters.

i.      Any party that has processed documents prior to the execution of this Production Stipulation and Order, will provide the other parties, within thirty days of the execution of this Production Stipulation and Order, a list of file types excluded from review that are not within the industry standard.  Any party receiving the list may lodge objections with the party who provided the

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 6 -

list within sixty days.  Any objection not received in this period will be waived.  If objections are made, the relevant parties will meet and confer to resolve them.

ii.     As to documents processed after the execution of this Production Stipulation and Order, if a party plans to exclude from review a file type not within the industry standard, that party must disclose such an exclusion to the other parties.  Any party to whom such disclosure is made will have sixty business days to object.   Any objection not made in this period will be waived.  If objections are made, the relevant parties will meet and confer to resolve them.

B.        Metadata Fields and Processing:

i.     ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that preserves the source native file and all metadata without modification, including their existing time, date and time-zone metadata consistent with the requirements provided in this Production Stipulation and Order.

ii.     Auto date/time stamps:  ESI items processed after the execution date of this Production Stipulation and Order shall be processed so as to preserve and display the date/time shown in the document as it was last saved by the custodian or end user, not the date of collection or processing.

iii.     Hidden text:  ESI items processed after the execution date of this Production Stipulation and Order shall be processed in a manner that preserves and displays hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 7 -

iv.   ESI items shall be produced with all of the metadata and coding fields set forth in Appendix 2.

v.   The parties are not obligated to manually populate any of the fields in Appendix 2 if such fields cannot be extracted from the native file or created using an automated process with the exception of the Custodian field, assuming it is known. ESI items shall be processed to reflect the date and time standardized for the UTC/GMT time zone.

C.   Production of Native Items:

i.   The parties agree in sections I.B. and III.B.iv that ESI shall be produced as TIFF images with an accompanying data load file, which will contain the ESI metadata listed in Appendix 2 hereto.  The exception to this rule shall be presentation-application files (e.g., MS PowerPoint), spreadsheet-application files (e.g., MS Excel), personal databases (e.g., MS Access), word processing files (e.g., MS Word), and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi), for which all ESI items shall be produced in native format.  In addition to producing the above file types in native format, the producing party shall produce a single-page TIFF slipsheet for each native file, indicating that a native item was produced.  The corresponding load file shall include NativeFileLink information for each native file that is produced.  Further, the parties agree to meet and confer prior to producing native file types other than MS PowerPoint, MS Excel, MS Access, and multimedia audio/visual file types such as .wav, .mpeg and .avi.

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 8 -

ii.     The parties agree to meet and confer regarding the production of enterprise database-application files (e.g., SQL and SAP) to determine the most reasonable form of production based on the specific circumstances.

iii.    Through the pendency of this Litigation, the producing party shall exercise reasonable, good faith efforts to maintain all preserved and collected native files in a manner that does not materially alter or modify the file or the metadata.

D.      Requests for Other Native Files:  Other than as specifically set forth in section III.C., supra, a producing party need not produce documents in native format. If a party wants a particular document produced in native format, and this Production Stipulation and Order does not require the production of that document in its native format, the parties involved will meet and confer to discuss the reasonableness of such request.

E.      Redaction:

i.      The parties agree that where non-Excel-type spreadsheet ESI items need to be redacted, they shall be produced solely in TIFF with each redaction clearly indicated.  Any unaffected data fields specified in Appendix 2 shall be provided.  For example, if attorney-client privilege requires that the BCC field of a document needs to be redacted, all other available data fields specified in Appendix 2 shall be provided and the redacted metadata fields will be clearly indicated.

ii.     Where Excel-type spreadsheets need to be redacted, the parties shall redact electronically so long as such redactions do not affect the operation of the file, for example, so long as no "formulas" are redacted.  The party shall

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 9 -

maintain the original Excel-type spreadsheet before redactions are applied as to maintain the original metadata fields (e.g., LastModDate).

    iii.    If the items redacted and partially withheld from production are PowerPoint-type presentation decks or Excel-type spreadsheets as addressed in section III.C., supra, and the native items are also withheld, the entire ESI item must be produced in TIFF format, including all unprivileged pages, hidden fields and other information that does not print when opened as last saved by the custodian or end-user.  For PowerPoint-type presentation decks, this shall include, but is not limited to, any speaker notes.  For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows and columns, all cell values, formulas, annotations and notes.  The producing party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images are formatted so as to be legible.  For example, column widths should be formatted so that the numbers in the column will display rather than "##########."

    iv.    If the items redacted and partially withheld from production are audio/visual files, the producing party shall provide the unprivileged portions of the content.  If the content is a voice recording, the parties shall meet and confer to discuss the appropriate manner for the producing party to produce the unprivileged portion of the content.

F.      Encrypted Files:  The parties will address encrypted files in the manner directed by the Court in its November 14, 2016 Order, ECF No. 247.

G.      De-duplication:

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 10 -

i. The producing party need only produce a single copy of a particular ESI item, and may de-duplicate ESI vertically by custodian, or horizontally (globally) across the population of records.

ii. Duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms only to create and compare hash values for exact matches only. Any other methodology for identification of duplicates must be discussed with the receiving party and approved in writing before implementation. The resulting hash value for each item shall be reflected in the HashValue field specified in Appendix 2.

iii. If a producing party elects to de-duplicate horizontally, all custodians who were in possession of a de-duplicated document must be identified in the CustodianOther metadata field specified in Appendix 2.  Additionally, all BCC recipients whose names would have been included in the BCC metadata field but are excluded because of horizontal/global de-duplication, must be identified in the BCC metadata field specified in Appendix 2.  In the event of a rolling production of documents or ESI items, the producing party shall provide an overlay load file with updated CustodianOther and BCC information along with each production.

iv. If a party wishes to use email threading and produce only those responsive emails that contain full conversation content, the party will disclose that to the receiving party and the parties will meet and confer regarding the issue.

H.  Technology-Assisted Review:

This Stipulation neither forecloses nor permits the use of TAR. The parties will continue to discuss whether TAR may be used and the proper procedures for its use.

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 11 -

IV.     PRESERVATION

A.      The parties acknowledge that they have an obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

B.      The Parties have preserved and will continue to preserve ESI associated with ordinary course of business documents in the files of individual document custodians, created or received between January 1, 2002 and May 27, 2016. The Parties have preserved and will continue to preserve electronically stored transactional sales data from January 1, 2001 through the present, unless and until this preservation obligation is modified by an order of the Court.

C.      The parties agree to exchange information regarding ESI that is being preserved, including, information concerning the types, categories, and locations of ESI that has been preserved, during meet and confer communications on a party-by-party basis.  The parties also agree to discuss the identification of non-custodial sources of potentially relevant ESI. All parties have advised that litigation holds have been implemented and that all existing relevant company and custodial files are being preserved.

D.      The parties will confer about sources of potentially relevant ESI that are not reasonably accessible because of undue burden or cost.

V.      DOCUMENTS PROTECTED FROM DISCOVERY

A.      Protection against waiver of privilege or other protection from discovery shall be governed by the Stipulated Protective Order.  The parties do not waive the right to conduct a full and comprehensive review for privilege and other protections.

B.      Communications involving litigation counsel (both outside counsel and in-house counsel responsible for the litigation, including their staff or consultants) that post-date the filing of the complaint, August 20, 2015, need not be placed on a privilege log.

C.      Documents produced with redactions that identify the basis of the redaction (e.g., attorney-client privilege, work-product protection) need not be placed on a privilege log.  If a party redacts a document, the accompanying metadata should so indicate.

D.      The parties agree that where emails are combined in an email string, the metadata from the top email in the string will be provided on the log and the metadata for the other emails, lower down in the email string, will not be included in the log entry for that string.  The parties also agree, however, that non-inclusive emails in a thread that are identified as privileged will be included on the log (along with the metadata from only the top email in the non-inclusive strings) and the log will contain an identifier for the email thread group.

     E.      The parties reserve the right to discuss other methods of logging data if the procedures described in this ESI protocol impose an undue burden.

     F.      The parties will use best efforts to provide the substantial majority of their privilege logs no later than the date provided for in the case schedule.  The parties are not required to provide privilege logs on a rolling basis.

G.      Paragraph 7 of this Court's Standing Order for Discovery in Civil Cases Before Judge Donato, applies to the parties' preparation of privilege logs to the extent it is not inconsistent with this Order or an agreement reached between the parties.

V.      MISCELLANEOUS PROVISIONS

     A.      Objections Preserved:  Nothing in this Production Stipulation and Order shall be interpreted to require disclosure of either irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Except as provided expressly herein, the parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of documents and ESI.  Nothing in this Order waives the right of any party to petition the Court for an order modifying its

STIP. AND [PROPOSED] ORDER RE PROD.OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 13 -

terms upon sufficient demonstration that compliance with such terms is unreasonably burdensome or that the production of particular documents in a different format or with different metadata fields is reasonably necessary, provided, however, that counsel for such party must first meet and confer with the counsel for the opposing parties and the parties shall use reasonable best efforts to negotiate an exception from or modification to this Order prior to seeking relief from the Court.

B.     Modifications:  Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents or ESI.

C.     Cost Allocation: The parties have considered cost-shifting or cost-sharing and have reached the following agreement: Each party agrees to bear its own costs of discovery, without prejudice to any application for costs pursuant to 15 U.S.C. § 15, 15a, or 15c, or subsequent agreement.

**PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

DATED:  _____      _____

HON. JAMES DONATO
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,

DATED: November 18, 2016

HAGENS BERMAN SOBOL SHAPIRO LLP      COTCHETT, PITRE & McCARTHY, LLP

By _____/s/ Jeff D. Friedman_____      By ____/s/ Steven N. Williams_____
   JEFF D. FRIEDMAN                                  STEVEN N. WILLIAMS

Shana E. Scarlett (217895)                   Joseph W. Cotchett (36324)
Benjamin J. Siegel (256260)                  Adam J. Zapala (245748)
715 Hearst Avenue, Suite 202                 Elizabeth Tran (280502)
Berkeley, CA 94710                           840 Malcolm Road, Suite 200
Telephone: (510) 725-3000                    Burlingame, CA 94010
Facsimile: (510) 725-3001                    Telephone: 650-697-6000

STIP. AND [PROPOSED] ORDER RE PROD.OF                    - 14 -
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Robert H. Braun (*pro hac vice*)
Laura Alexander (255485)
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave. NW, Suite 500, West
Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
rbraun@cohenmilstein.com
lalexander@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser
Plaintiffs*

Facsimile: 650-697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Counsel for the Indirect
Purchaser Plaintiff Class*

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 15 -

O'MELVENY & MYERS LLP

By     /s/ Michael F. Tubach
       MICHAEL F. TUBACH

Two Embarcadero Center , 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
mtubach@omm.com

Kenneth Ryan O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
korourke@omm.com

*Counsel for Rohm Co. Ltd. and Rohm
Semiconductor U.S.A., LLC*

WINSTON & STRAWN LLP

By     /s/ Ian L. Papendick
       IAN L PAPENDICK

101 California Street
San Francisco, CA 94111
Telephone: (415) 591-6905
Facsimile: (415) 591-1400
ipapendick@winston.com

Jeffrey L. Kessler
Erica Carolyn Smilevski
Eva W. Cole
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
esmilevski@winston.com
ewcole@winston.com

Brandon W Duke
WINSTON & STRAWN LLP
1111 Louisiana Street
25th Floor
Houston, TX 77002
Telephone: (713) 651-2636
bduke@winston.com

*Counsel for Panasonic Corp., Panasonic Corp.
of North America and Panasonic Industrial
Devices Sales Co. of America*

CROWELL & MORING LLP

By     /s/ Jason C. Murray
       JASON C. MURRAY

Joshua Courtney Stokes
Emily Tomoko Kuwahara
Jordan Lee Ludwig
515 South Flower Street , 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750

BARNES & THORNBURG LLP

By     /s/ Kendall Millard
       KENDALL MILLARD

Bradley Love
Todd Dixon
11 South Meridian Street
Indianapolis, Indiana  46204
kmillard@btlaw.com
blove@btlaw.com
tdixon@btlaw.com

1  Facsimile: (213) 622-2690                    *Attorneys for Hokuriku Electric Industry Co.,*
2  jmurray@crowell.com                          *LTD. and HDK-America, Inc.*
   jstokes@crowell.com
3  ekuwahara@crowell.com
   jludwig@crowell.com
4
5  Katie Michelle Yablonka
   CROWELL & MORING LLP
6  275 Battery St., 23rd Floor
   San Francisco, CA 94111
7  Telephone: (415) 365-7250
   kyablonka@crowell.com
8
9  *Counsel for KOA Corp. and KOA Speer*
   *Electronics, Inc.*
10
   LATHAM & WATKINS LLP
11
   By ____/s/ Ashley M. Bauer_____
12       ASHLEY M. BAUER
13
14 Belinda S Lee
   505 Montgomery Street, Suite 2000
15 San Francisco, CA 94111-6538
   Telephone: (415) 395-8138
16 belinda.lee@lw.com
   ashley.bauer@lw.com
17
18 *Counsel for Kamaya Inc. and Kamaya Electric*
   *Co., Ltd.*
19
20                          **ATTESTATION**
21       I, Jeff D. Friedman, hereby attest, pursuant to Northern District of California Local Rule 5-
22 1(i)(3), that concurrence to the filing of this document has been obtained from each signatory
23 hereto.
24
25                                   ____/s/ Jeff D. Friedman_____
                                          JEFF D. FRIEDMAN
26
27
28
   STIP. AND [PROPOSED] ORDER RE PROD.OF          - 17 -
   ELECTRONICALLY STORED INFO AND HARD COPY DOCS
   - No. 15-cv-3820 JD
   010554-11  885081V1

**Appendix 1: Production Delivery Requirements**

General Instructions

1. A cover letter should be included with each production. The following information should be included in the letter:
   a. List of each piece of media (i.e. secure file transfer protocol, hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media.
   b. List of custodians, identifying:
      i. The Bates range (and any gaps therein) for each custodian
      ii. Total number of records for each custodian
      iii. Total number of images for each custodian
      iv. Total number of native files for each custodian
   c. List of fields in the order in which they are listed in the data file.
   d. Time zone in which e-mails were standardized during conversion.
2. Data can be produced using a secure file transfer protocol or similar secure electronic transmission or on physical media such as a CD, DVD, or hard drive; use the media requiring the least number of deliverables.
3. Label all media with the following:
   a. Case number
   b. Production date
   c. Bates range
   d. Disk number (1 of X, 2 of X, etc.), if applicable.
4. Organize productions by custodian, unless otherwise instructed.
5. Each deliverable volume should limit directory contents to approximately 1000 files per folder.
6. All productions should be checked and produced free of computer viruses.
7. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via e-mail or in a separate cover letter from the data.

Image Load Files

- Image load (cross-reference) files should be produced in Concordance Image (Opticon) format.

- The name of the image load file should mirror the name of the delivery volume, and should have the appropriate extension (e.g., ABC001.OPT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq.*).

- There should be one row in the load file for every TIFF image in the production.

- Every image in the delivery volume should be cross-referenced in the image load file.

- The imageID key should be named the same as the Bates number of the page.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.), *i.e.*, a separate volume should be created for each piece of media delivered.

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11 885081V1

- 18 -

- Files that are the first page of a logical document should include a "Y" where appropriate. Subsequent pages of all documents (regular document, e-mail, or attachment) should include a blank in the appropriate position.

Sample Concordance Image (Opticon) Load File:

```
MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,,,,,
```

Concordance Data Load Files:

- Data load files should be produced in Concordance .DAT format.

- The data load file should use standard Concordance delimiters:

  - Comma - ¶ (ASCII 20);

  - Quote - þ (ASCII 254);

  - Newline - ® (ASCII174).

- The first line of the .DAT file should contain the field names arranged in the same order as the data is arranged in subsequent lines.

- All date fields should be produced in mm/dd/yyyy format.

- All attachments should sequentially follow the parent document/email.

- Use carriage-return to indicate the start of the next record.

- Load files should not span across media (e.g., CDs, DVDs, hard drives, etc.); a separate volume should be created for each piece of media delivered.

- The name of the data load file should mirror the name of the delivery volume, and should have a .DAT extension (e.g., ABC001.DAT).

- The volume names should be consecutive (e.g., ABC001, ABC002, *et seq*.).

- If foreign language / Unicode text exists, the .DAT file shall be in UTF-8 or UTF-16 format where appropriate, consistent with section I.C.iv.

Sample Concordance .DAT Load File:

þBegBatesþþEndBatesþþBegAttachþþEndAttachþþPgCountþþCustodianþ

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 19 -

1

<u>OCR/Extracted Text Files</u>

2

- OCR or Extracted Text files shall be provided in a separate \OCR\ directory containing
  Document level text files.

3

4

- If Foreign Language/Unicode text exists, TEXT files shall be in appropriate UTF-8 or UTF-16
  format, consistent with section I.C.iv.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11   885081V1

- 20 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Appendix 2: ESI Metadata and Coding Fields

The metadata and coding for all paper documents and ESI items should be extracted and provided in a .DAT file using the field names, descriptions and formatting below:

| Field Name | Populated For Email, Efile, Calendar, Contact, or Paper ("ESI Items" collectively refers to Email, Efile, Calendar, and Contact) ("All Items" collectively refers to ESI Items and Paper) | Field Description |
|---|---|---|
| BegBates | All Items | First Bates number (production number) of an item |
| EndBates | All Items | Last Bates number (production number) of an item **The EndBates field should be populated for single-page items. |
| BegAttach | All Items | First Bates number of attachment range (i.e., Bates number of the first page of the first attachment) |
| EndAttach | All Items | Last Bates number of attachment range (i.e., Bates number of the last page of the last attachment) |
| Custodian | All Items | Name of person from whose files the item is produced |
| SourceFilePath | All ESI items | The directory structure or path where the original file was stored on the party's source computer system, ending in the filename. Any container name (such as ZIP or PST containers) is included in the path. |
| NativeFileLink | All ESI items | Hyperlink path for documents provided in native format only. **The linked file must be named per the BegBates value. |
| Application | All ESI items | Indicates software application that generated the ESI item (e.g., Outlook, word, etc.) |
| FileExtension | All ESI items | Indicates file extension of source native file |
| DateSent (mm/dd/yyyy) | Email, Calendar | Date email or calendar item was sent |
| TimeSent (hh:mmAM/PM) | Email, Calendar | Time email or calendar item was sent |
| DateReceived | Email, Calendar | Date email or calendar item was received |
| To | Email, Calendar | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item |
| From | Email, Calendar | The name and SMTP email address of the sender of the email or calendar item |
| CC | Email, Calendar | The names and SMTP email addresses of all recipients that were included on the "CC" line of the |

| Field Name | Populated For Email, Efile, Calendar, Contact, or Paper ("ESI Items" collectively refers to Email, Efile, Calendar, and Contact) ("All Items" collectively refers to ESI Items and Paper) | Field Description |
|---|---|---|
| | | email or calendar item |
| BCC | Email, Calendar | The names and SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item |
| DateCreated (mm/dd/yyyy) | All ESI items | Date the item was created |
| TimeCreated (hh:mm AM/PM) | All ESI items | Time the item was created |
| LastModTime (hh:mm AM/PM) | All ESI items | Time the item was last modified |
| FileName | All ESI items | The filename of the source native file for an ESI item |
| Title | Efile | Any value populated in the Title field of the source file metadata or item properties |
| Subject | All ESI items | Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item) |
| Author | All ESI items | Creator of the document; any value populated in the Author field of the source file metadata or document properties |
| TextPath | All Items | Full relative path to the current location of the document-level text file specified in Paragraph I.C of this ESI Stipulation and Order. |
| Redacted | All Items | User-generated field that will indicate redactions. "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. |

STIP. AND [PROPOSED] ORDER RE PROD. OF
ELECTRONICALLY STORED INFO AND HARD COPY DOCS
- No. 15-cv-3820 JD
010554-11  885081V1

- 22 -