**[Counsel Listed on Signature Pages]**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re Resistors Antitrust Litigation* | **Case No. 3:15-cv-03820-JD** |
| This Document Relates To: <br> ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY LIMITS PURSUANT TO FED. R. CIV. P. 26(f)** |

WHEREAS Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs" and, together with DPPs, "Plaintiffs"), and Defendants have met and conferred pursuant to Federal Rule of Civil Procedure 26(f); and

WHEREAS the parties have reached agreement on the enlargement of certain discovery limits, as set forth below;

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

**A.** **Interrogatories Pursuant to Fed. R. Civ. P. 33(a)**

1. DPPs and IPPs may each serve 35 non-duplicative interrogatories per defendant family[1] named in their respective complaints. DPPs and IPPs will coordinate efforts to avoid serving duplicative and/or overly burdensome interrogatories.

2. Defendants may jointly serve 25 interrogatories on each of the named DPPs and IPPs. Each defendant family may serve an additional 10 interrogatories on each of the named DPPs and IPPs pertaining to defendant-specific issues arising from the complaint(s) in which they are named. Defendants will coordinate efforts to avoid serving duplicative and/or overly burdensome interrogatories.

3. These limits on interrogatories do not apply to discovery relating to personal jurisdiction.

**B.** **Individual Depositions Pursuant to Fed. R. Civ. P. 30(b)(1)[2]**

1. As ordered by the Court (*see* ECF No. 190), "Plaintiffs may take no more than 10 fact witness depositions per defendant corporate family," which "is an outer limit and not an expectation of 10 depositions for every family." For purposes of this stipulation, fact witnesses shall include Defendants' current employees, as well as former employees whom Defendants assist in making available for deposition.

---

[1] A defendant family includes all of a defendant's affiliates named in the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint or in the Indirect Purchaser Plaintiffs' Consolidated Amended Class Action Complaint.
[2] The limitations on Plaintiffs' depositions in sections B and C below are without prejudice to Defendants' ability to depose each of the named DPPs and IPPs pursuant to Federal Rule of Civil Procedure 30.

2. If any individuals have been employed by more than one defendant, they may be deposed only once. If Defendants are aware of any individual noticed for deposition who has been employed by more than one defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known upon receipt of a deposition notice for such individual.

3. Depositions conducted in English shall be limited to 7 hours each. Depositions for which interpreters are used shall be limited to 12 hours each.

C. **Depositions Pursuant to Fed. R. Civ. P. 30(b)(6)**

1. DPPs and IPPs each may notice 30(b)(6) depositions on up to 15 topics, including non-transactional data topics and transactional data topics, per defendant family named in their respective complaints. DPPs and IPPs will coordinate efforts to avoid duplicative topics.

2. 30(b)(6) depositions on non-transactional data topics will be limited to a total of 14 hours per defendant family (i.e., 14 hours for DPPs and 14 hours for IPPs).[1] 30(b)(6) depositions on transactional data topics will be limited to a total of 6 hours per defendant family for each Plaintiff group.[2] These time limits will be extended for depositions in which interpreters are used, by the same ratio as for percipient witness depositions (i.e., 12 hours for every 7 hours, or by 1.7 times).

3. In the event that any percipient witness who has received a deposition notice is likely to be designated as a 30(b)(6) representative, or in the event that any 30(b)(6) designee is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness. To the extent reasonably possible, Defendants will (i) notify Plaintiffs at least 30 days in advance of a noticed deposition that the witness should be deposed in both his or her individual and representative capacities, and (ii) produce any responsive, non-privileged documents from the witness's custodial files at least 30 days in advance of the deposition. The parties will meet and confer in good faith regarding reasonable time limits for depositions of any witnesses who will be deposed in both their individual and representative capacities.

D. **Departing Employee Lists**

Plaintiffs may establish "employee lists" of no more than 15 custodians/witnesses per defendant family.  If Plaintiffs do not provide an employee list within 10 days of the entry of this Stipulation, the employee list for each defendant family will consist of the current employees of that defendant family who are agreed-upon document custodians. For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their employee lists on a quarterly basis. Any particular custodian/witness shall be removed from the employee list at the time the deposition of that custodian/witness is completed pursuant to Rule 30(b)(1), and each defendant family's employee list obligations shall cease once Plaintiffs have reached the deposition limit for that defendant family as set forth above in Section B1, unless Plaintiffs inform Defendants that they intend to seek to enlarge the deposition limits by order of the Court.  In that case, Plaintiffs will inform Defendants of the employee(s) that should remain on the watch list. ~~In the event the Court orders an enlargement of the limits set forth above in Section B1, Defendants' employee list obligations with respect to such employee(s) shall begin at the time of the Court's order.~~ All parties' obligations pursuant to this provision will cease <ins>at the close of fact discovery</ins>~~on December 31, 2017~~.  The cessation of the parties' obligations pursuant to this provision is without prejudice to establishing "employee lists" after the parties' Rule 16(e) conference, whether by the parties' agreement or as ordered by the Court.

**E.      Service by E-Mail**

The parties agree that all documents may be served by e-mail and have exchanged applicable e-mail addresses.

**F.      Modification of Limits**

Any of the provisions and limits set forth in sections A through E above may be modified by agreement of the parties affected or by the Court for good cause.

3
STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY LIMITS PURSUANT TO FED. R. CIV. P. 26(f)
CASE NO. 3:15-CV-03820

**IT IS SO ORDERED.**

Dated: _ April ___, 2017_____  _____
                                        Honorable James Donato
                                        United States District Judge

Dated: April ___, 2017                    Respectfully submitted,


                                          By: */s/ Kit A. Pierson*

                                          Kit A. Pierson (*pro hac vice*)
                                          Daniel A. Small (*pro hac vice*)
                                          Emmy L. Levens (*pro hac vice*)
                                          Laura Alexander (255485)
                                          COHEN MILSTEIN SELLERS & TOLL PLLC
                                          1100 New York Ave. NW, Suite 500, West Tower
                                          Washington, DC 20005
                                          Telephone: (202) 408-4600
                                          kpierson@cohenmilstein.com
                                          dsmall@cohenmilstein.com
                                          elevens@cohenmilstein.com
                                          lalexander@cohenmilstein.com
                                          rbraun@cohenmilstein.com

                                          Jeff D. Friedman (173886)
                                          Shana E. Scarlett (217895)
                                          Benjamin Siegel (256260)
                                          715 Hearst Avenue, Suite 202
                                          Berkeley, CA 94710
                                          Telephone: (510) 725-3000
                                          Facsimile: (510) 725-3001
                                          jefff@hbsslaw.com
                                          shanas@hbsslaw.com
                                          bens@hbsslaw.com

                                          Steve W. Berman (*pro hac vice*)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          1918 Eighth Avenue, Suite 3300
                                          Seattle, WA 98101
                                          Telephone: (206) 623-7292
                                          Facsimile: (206) 623-0594
                                          steve@hbsslaw.com

                                          *Co-Lead Counsel for Direct Purchaser Plaintiffs*

                                          By: */s/ Steven N. Williams*

                                          Steven N. Williams
                                          Adam J. Zapala
                                          Demetrius Lambrinos
                                          Joyce Chang
                                          COTCHETT, PITRE & McCARTHY, LLP
                                          840 Malcolm Road, Suite 200
                                          Burlingame, CA 94010
                                          Telephone: 650-697-6000
                                          Facsimile: 650-697-0577

swilliams@cpmlegal.com
azapala@cpmlegal.com
dlambrinos@cpmlegal.com
jchang@cpmlegal.com

*Lead Counsel for the Indirect Purchaser Plaintiff Class*

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2636
Facsimile: (713) 651-2700

*Counsel for Defendants Panasonic Corporation and Panasonic Corporation of North America.*

By: */s/ Kendall Millard*

Kendall Millard
Todd Dixon
Bradley R. Love
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Kendall.Millard@Btlaw.com
Tdixon@Btlaw.com

Blove@Btlaw.com
*Counsel for Hokuriku Electric Industry Co. and HDK America, Inc.*

By: */s/ Belinda S Lee*

Belinda S Lee
Ashley M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8138
Belinda.Lee@lw.com
Ashley.Bauer@lw.com
*Counsel for Kamaya, Inc. and Kamaya Electric Co., Ltd.*

By: */s/ Jason C. Murray*

Jason C. Murray
Emily T. Kuwahara
Robert McNary
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690
jmurray@crowell.com
ekuwahara@crowell.com
rmcnary@crowell.com

Daniel Zelenko
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Telephone: 212.223.4000
Facsimile: 212.223.4134
dzelenko@crowell.com
*Counsel for KOA Corp. and KOA Speer Electronics, Inc.*

By: */s/ Michael Frederick Tubach*

Michael Frederick Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700

Facsimile: (415) 984-8701
mtubach@omm.com

Kenneth Ryan O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
korourke@omm.com
*Counsel for Rohm Co. Ltd. and Rohm Semiconductor U.S.A., LLC*