Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f) |

Direct Purchaser Plaintiffs (DPPs) and Walsin Technology Corporation U.S.A. (Walsin USA) respectfully submit this Joint Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f)(2), (3). The parties held a Fed R. Civ. P. 26(f) conference by telephone on December 4, 2017.

## I.   PRELIMINARY STATEMENTS

**A.   DPPs' Statement**

On October 3, 2017, DPPs filed their operative Second Consolidated Amended Class Action Complaint (Complaint) naming Walsin Technology Corporation (WTC) and its subsidiary Walsin USA as defendants (collectively "Walsin."[1] WTC is the parent corporation of previously-named defendants Kamaya Electric Co. and Kamaya Inc. The Kamaya defendants are represented in this case by Latham & Watkins LLP, which also represented Walsin USA when DPPs served it with a third party subpoena (prior to naming Walsin USA as a defendant). For these reasons, DPPs asked Latham if it was representing ***both*** of the Walsin defendants. Latham confirmed this on October 18.

Despite this, the Walsin defendants and their counsel have repeatedly acted to delay the progress of this litigation. The Walsin defendants agreed to waive service of summons (waiver forms were emailed to Walsin counsel on ***October 27***). But Walsin USA did not return its signed waiver form until ***November 21***. To date, WTC still has ***not*** returned an executed waiver of service. DPPs understand that WTC's intention is to delay returning this form until ***60 days*** after it was received from DPPs, which would result in a December 26 return date.

Moreover, despite this Court's repudiation of nearly identical behavior when Kamaya Electric was served,[2] the Walsin defendants' counsel thus far have refused to participate in a Rule 26(f) conference on behalf of WTC or to engage in any other substantive discussions about the scope of discovery on WTC. On December 4, 2017, Plaintiffs and Walsin USA held a telephonic Rule

---

[1] *See* ECF No. 330-5, ¶¶ 29-31.

[2] A year ago, the same counsel, for Kamaya Electric, also refused to participate in the Rule 26(f) conference on the grounds that, while it had agreed to waive service of summons, its waiver form was not due at the time of the conference. Like here, it only "participated" on behalf of Kamaya Inc. *See* ECF No. 178 at 1-2, 10-11. At the subsequent Case Management Conference, after briefly hearing about the controversy, this Court informed Kamaya counsel that it was going to order service through counsel under 4(f) because "we're not going to delay anything." *See* Aug. 10, 2016 Hr'g Tr. at 27-28. That proved unnecessary because Kamaya's counsel then immediately agreed that Kamaya would proceed on the same schedule as the other defendants. *Id.* Despite this Court's order, the same counsel have used identical tactics to unnecessarily delay the progress of the litigation against WTC.

26(f) conference. During this conference, the Walsin defendants' counsel refused to confer on behalf of WTC on the grounds that it had not yet returned its waiver of service. DPPs explained that participation on behalf of WTC was appropriate because: (i) WTC is the parent company of existing defendants; (ii) WTC's counsel is knowledgeable about the issues at stake in the litigation due to its representation of other defendants in this case for more than two years; and (iii) WTC's refusal to participate was inefficient and risked causing unnecessary delay. Despite this, the Walsin defendants' counsel refused to discuss a discovery plan that included both Walsin defendants. DPPs further requested that WTC produce organizational charts now to facilitate efficient discovery and a subsequent Rule 26(f) conference with WTC. Counsel for the Walsin defendants indicated that it would consider this request.

DPPs also followed up the questions raised on the conference in writing, asking for a prompt response to facilitate discovery. Despite the passage of two weeks since the Rule 26(f) conference, WTC has neither produced any organizational charts, nor indicated whether it intends to do so in the near future. DPPs further expressed on the Rule 26(f) conference and in writing the expectation that WTC has been taking steps since the filing of the Complaint more than two months ago to ensure that it will be able to produce transactional data promptly.

The Walsin defendants' efforts to impede developing a joint discovery plan notwithstanding, DPPs believe that the case against the Walsin defendants should proceed on the same schedule as the case against the other defendants. DPPs propose a discovery plan with this goal in mind. DPPs will be prepared to discuss these issues at the January 18, 2018 Case Management Conference, or earlier upon order of the Court.

**B.     Walsin USA's Statement**

Walsin USA is a United States subsidiary of WTC (which is the Taiwanese parent company of Japanese Defendant Kamaya Electric Co., Ltd. ("Kamaya Electric")). DPPs did not name Walsin USA and WTC as defendants in this case until October 3, 2017—two years after this action was commenced in October 2015. In a rush to make up for their own two-year delay, DPPs now ask the Court to ignore the Federal Rules of Civil Procedure and to deprive Walsin USA and WTC of due process.

***Service:*** DPPs sent counsel for Walsin USA a request for waiver of service on October 27, 2017. Walsin USA agreed to waive service and executed its waiver of service on November 21, 2017, six days *before* the deadline to waive service under the Federal Rules of Civil Procedure.[3] Walsin USA's waiver of service was timely and there was no delay on Walsin USA's side.

***Participation in 26(f) Conference:*** On November 28, 2017,[4] Co-Lead Counsel for DPPs emailed Walsin USA's counsel requesting a telephonic Rule 26(f) conference *with only Walsin USA*. E-mail from B. Siegel to C. Clark re: *In re Resistors Antitrust Litigation* (Nov. 28, 2017 at 9:40 AM) ("DPPs would like to set up the telephonic Rule 26(f) conference with you re Walsin USA."). There was no reference to WTC in DPPs' email. Walsin USA's counsel responded thirty-four (34) minutes later and proposed a teleconference for the following Monday, December 4. Walsin USA did not delay in conferring with DPPs per Rule 26(f).

Despite the express language in DPPs' own email, DPPs nonetheless started the December 4 Rule 26(f) teleconference by asking Walsin USA's counsel to confirm that WTC was also participating in the 26(f) conference. DPPs had never before mentioned scheduling a Rule 26(f) conference with WTC. Presumably, that is because DPPs were well aware that WTC had not yet waived service of process, and have until December 26, 2017 to do so.[5] DPPs' attempted bait and switch was, at best, an effort to force WTC to meet and confer with no advance notice or time to prepare. And it was procedurally improper in light of the status of service. Walsin USA's counsel therefore informed DPPs' counsel that the Rule 26(f) teleconference would proceed on behalf of Walsin USA only, as originally requested by DPPs. DPPs' counsel stated that they understood Walsin USA's position. Nevertheless, DPPs' counsel made several sweeping statements during the

---

[3] Walsin USA returned the original executed waiver by USPS regular mail on November 21, 2017 and emailed a courtesy copy to DPPs' counsel the same day.

[4] DPPs delayed *one week* between the date that Walsin executed its waiver of service and reaching out to Walsin USA to schedule a Rule 26(f) conference. Yet DPPs now complain that Walsin USA's counsel is delaying the litigation.

[5] As a professional courtesy, WTC's counsel has informed DPPs that WTC plans to waive service, which will save DPPs the expense and time associated with executing service on a Taiwanese corporation. Taiwan is not a party to the Hague Service Convention and voluntary acceptance of service will *expedite*, not delay, the litigation. There is no dispute that WTC's waiver is due on December 26, 2017. WTC intends to complete and return the waiver by that date.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

Rule 26(f) conference regarding what DPPs' counsel believed would be an appropriate scope of discovery for WTC.  In response, Walsin USA's counsel indicated that those statements were noted and, again, made it clear that the Rule 26(f) conference was proceeding on behalf of Walsin USA only.  DPPs have no grounds to complain about WTC's non-participation in the Rule 26(f) conference.

***DPPs' Joint Discovery Plan Should Be Rejected:***  In spite of the corporate separateness of the two Walsin entities, and contrary to the Federal Rules of Civil Procedure, DPPs now submit this "Joint Discovery Plan" seeking to impose obligations on both WTC and Walsin USA without having conferred with WTC first.  This is inappropriate.  DPPs delayed in naming WTC, and WTC is entitled to 60 days to return the requested waiver of service under Rule 4(d).  DPPs should wait for WTC to execute its waiver,[6] schedule a Rule 26(f) conference with WTC, and follow the Federal Rules of Civil Procedure as they apply to every other case, including every other Defendant in this case.  Anything else would be unfair to WTC, a small foreign defendant that is being sued on the barest allegations two years into a complex litigation.

Any language regarding WTC in DPPs' proposals in this Joint Discovery Plan should be disregarded.  *First*, including WTC in a Joint Discovery Plan at this stage is inappropriate because WTC and DPPs have not held a Rule 26(f) meet and confer conference—which is required prior to submitting a joint discovery plan.  *Second*, DPPs and WTC may be able to reach agreement through the standard meet and confer process, which would save court resources.  The parties should be given an opportunity to do so.  *Third*, DPPs' argument that "Walsin defendants and their counsel have repeatedly acted to delay the progress of this litigation," (by which DPPs refer to Walsin

---

[6] Rule 4(d)(1)(F) should apply here.  WTC (a foreign corporation) should have at least the full 60 days to execute its waiver of service. WTC notes that its subsidiary, Kamaya Electric (a Japanese corporation), previously waived service of DPPs' prior complaint in the timeframe anticipated by Rule 4(d)(1)(F).  DPPs misrepresent this Court's prior orders.  *First*, this Court never ordered service on Kamaya Electric through Rule 4(f).  *See also* Waiver of Service, ECF No. 201 (Kamaya Electric waived service on August 24, 2016).  *Second*, after Kamaya Electric's counsel and DPPs' counsel explained the similar waiver and Rule 26(f) conference issues with the Court at the August 10, 2016 hearing, DPPs' counsel stated to the Court: "[I]t appears there isn't an issue at this point, and so we can leave the conversation at that."  *See* Aug. 10 Hr'g Tr. at 29:17-19.  And *third*, the Court agreed, asking counsel not to raise disputes that are not ripe for Court resolution.  *See* Aug. 10, 2016 Hr'g Tr. at 29:25 (Court: "Don't tell me about it if it's not ready for decision.").  DPPs are trying to manufacture the same dispute here with WTC USA.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-4-

Defendants' preference that the Parties respect and follow the Federal Rules of Civil Procedure when litigating this case) should be taken with a grain of salt in light of DPPs' own two-year delay in filing this case. WTC should not be held to a different standard than the other Defendants because of DPPs' delay in prosecuting their claims. The Court should allow DPPs and WTC to proceed under the timetable envisioned by the Federal Rules of Civil Procedure and should only entertain disputes when they are ripe. At this stage, the Court should only evaluate a Joint Discovery Plan that applies to DPPs and Walsin USA.

As discussed below, Walsin USA has proposed a discovery plan that: (1) is fair to all parties involved and consistent with the parties' discussions during the Walsin USA Rule 26(f) Teleconference; (2) cognizant of the corporate separateness of WTC, Walsin USA, Kamaya Electric, and Kamaya, Inc.; (3) complies with the Federal Rules of Civil Procedure, and Rule 26(f) specifically; and (4) is aligned with this Court's previous orders and directives. Walsin USA respectfully requests that the Court ignore DPPs' attempt to manufacture disputes and allow the parties to proceed as the Rules envision. Walsin USA will be prepared to discuss any issues at the January 18, 2018 Case Management Conference.

## II.   DISCOVERY PLAN

**A.   Schedule**

**1.   DPPs' Statement**

The discovery schedule should ensure that the case against the Walsin defendants proceeds in line with the stipulated case schedule ordered by the Court. *See* ECF No. 347. Particularly important is DPPs' July 5, 2017 deadline to submit its class certification expert report. With this date in mind, relevant Walsin transactional data should be produced for analysis by January 26. 2018. This deadline should not be unduly burdensome given that (i) Walsin was named as a defendant on October 3, more than three months prior to that date, and (ii) Walsin will have the benefit of its counsel's more than two years of experience in this litigation as counsel for Kamaya, including their knowledge of the data and documents requested by DPPs, as well as several orders by this Court outlining the appropriate contours of discovery (including of transactional data). Similarly, central

1   file documents, which are often relevant to class certification expert reports, should be produced by
2   February 19, 2018.
3       Other key deadlines concern the identification of Walsin's document custodians, and the
4   production of custodial documents. Given that search term negotiations have been concluded with all
5   defendants, including Kamaya, the parties should be able to complete this process expeditiously.

### 2.  Walsin USA's Statement

Even though Walsin USA was not a party to the stipulated case schedule ordered by the Court on November 14, 2017 (which was executed before Walsin USA waived service and joined the case), Walsin USA has already informed DPPs that Walsin USA will not have any problem meeting the current case schedule. *See* ECF No. 347. This is because, as DPPs have known since February 2017, Walsin USA does not manufacture, sell, market, or distribute any linear resistors anywhere in the world. Indeed, for that very reason, Walsin USA does not anticipate having any discoverable information in this case.

Walsin USA received a third-party subpoena in this case from DPPs more than a year ago, on December 6, 2016. The document requests in that subpoena largely mirror many (though not all) of the requests for production that DPPs previously served on other Defendants in this case. Walsin USA responded to the subpoena on January 31, 2017. Shortly thereafter, Walsin USA met and conferred with DPPs and explained that Walsin USA only has one employee and that Walsin USA had no documents responsive to DPPs' subpoena because Walsin USA does not manufacture, sell, market, or distribute any linear resistors. During the Rule 26(f) Teleconference, Walsin USA's counsel reminded DPPs' counsel of the prior meet and confer, and explained that Walsin USA will not have different information now. To the extent that DPPs plan to seek information related to the manufacture, sale, marketing, or distribution of linear resistors (the subject matter of this case), Walsin USA has no such information. During the Rule 26(f) Teleconference, Walsin USA also explained that it intends to exchange initial disclosures with DPPs on December 26, 2017 in accordance with Rule 26(f).[7]

---

[7] In the Walsin USA Rule 26(f) Teleconference, DPPs insisted that Walsin USA's initial disclosures were due on December 4, 2017. Walsin USA stated that its initial disclosures were due

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-6-

Once DPPs serve Walsin USA with discovery,[8] Walsin USA intends to respond to the discovery under the deadlines set forth in the Federal Rules of Civil Procedure. To date, Walsin USA[9] has not been properly served with any discovery requests. As such, it is premature to set any deadlines for Walsin USA's responses to discovery requests. Walsin USA is willing to meet and confer with DPPs regarding any future discovery requests DPPs properly serve on Walsin USA.

### 3. Proposed Schedule

| Event | DPPs' Proposed Date | Walsin USA's Proposed Date (if different)[10] |
|---|---|---|
| Initial disclosures with Walsin USA exchanged | December 18, 2017 | December 26, 2017 |
| Initial disclosures with WTC exchanged | January 9, 2017 | N/A |

---

on December 26, 2017 pursuant to the Federal Rules of Civil Procedure, but that if DPPs provided proper authority and date calculations stating otherwise, Walsin USA would consider DPPs' request. DPPs told Walsin USA that they would provide such legal authority, but never did. DPPs have not served their initial disclosures on Walsin USA.

[8] DPPs claim to have served discovery on Walsin USA, but DPPs blatantly disregarded Rule 5 of the Federal Rules of Civil Procedure. On December 13, 2017, DPPs emailed Walsin USA's counsel with electronic copies of interrogatories and requests for production. That service is ineffective because DPPs do not have an agreement in writing to accept service of discovery via email. The fact that Walsin USA properly served its executed waiver via USPS regular mail and followed up by emailing an electronic courtesy copy to DPPs' counsel does not constitute an agreement in writing to accept electronic service. Nor does the prior agreement by Kamaya Defendants to accept electronic service bind Walsin USA.

[9] Though not a part of this Joint Discovery Plan, WTC also has not been properly served with any discovery requests.

[10] Walsin USA notes that if Walsin USA had any discoverable information, the deadlines that DPPs propose would be unrealistic. By way of comparison, Walsin USA will identify for the Court's information the timeframes that other Defendants have taken in this case to respond to DPPs' discovery requests.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-7-

| Event | DPPs' Proposed Date | Walsin USA's Proposed Date (if different)[10] |
|---|---|---|
| Walsin USA's Responses to DPPs' First Set of Requests for Production of Documents to Walsin Defendants, *and* Walsin USA's Responses to DPPs' First Set of Interrogatories to Walsin Defendants, both served on December 13, 2017.[11] | January 12, 2018 | Walsin USA proposes to respond within the time frame envisioned by the Federal Rules (with time calculated based on the date of actual service, which cannot be determined until discovery is properly served). Because Walsin USA has no new discoverable information, Walsin USA does not anticipate any issues fully complying with DPPs' discovery requests on a timetable that allows the litigation to remain on schedule per ECF No. 347. |
| Walsin USA produces organizational charts, if any | January 12, 2018 | January 12, 2018[12] |
| WTC's Responses to DPPs' First Set of Requests for Production of Documents to Walsin Defendants, *and* WTC's Responses to DPPs' First Set of Interrogatories to Walsin Defendants, both served on December 13, 2017.[13] | January 25, 2018 | N/A |

---

[11] Walsin in its portion of the Discovery Plan, submitted on December 18, says that it will not respond to DPPs' discovery because it was served by email and there was no specific agreement by Walsin to accept service by email. That further demonstrates Walsin's attempts at delay given: (a) this is an MDL participated in by the same counsel for Kamaya where there is a stipulated order that email service is proper (ECF No. 308 at 3), and (b) DPPs sent the waiver of service forms to Walsin by email and Walsin has returned this form by email as well.

[12] Walsin USA notes that, because DPPs have not yet served Walsin USA, Walsin USA is agreeing to *shorten* the response time under the Federal Rules of Procedure for producing documents on the assumption that DPPs will correct their service issues promptly. This is another example of how Walsin USA has agreed to expedite the litigation.

[13] DPPs base this date on thirty days from December 26, which is the last day Walsin has indicated it will return the WTC waiver of service form. December 26 itself is 60 days from when DPPs sent Walsin the form.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-8-

| Event | DPPs' Proposed Date | Walsin USA's Proposed Date (if different)[10] |
|---|---|---|
| WTC produces organizational charts, if any | January 25, 2018 | N/A |
| Walsin Defendants submit lists of document custodians and locations of non-custodial "centralized files" to search | January 25, 2018 | *See* above.[14] |
| Walsin Defendants complete production of transactional data | January 26, 2018 | *See* above;[15] Walsin USA will complete production of transactional data by January 26, 2018. |
| Parties complete negotiations regarding search terms | February 5, 2018 | *See* above.[16] Walsin USA will complete negotiations regarding search terms by February 5, 2018. |
| Parties submit any disputes regarding document custodians or search terms to the Court | February 13, 2018 | *See* above. DPPs and Walsin USA submit disputes regarding search terms to the Court by February 15, 2018. |

---

[14] By way of comparison, the original case schedule contemplated that Defendants would have 30 days *after* the filing of Defendants' motions to dismiss to identify potential custodians. *See* Joint Statement Regarding Proposed Case Schedule ("Original Case Schedule") (ECF No. 242) at 2.

[15] By way of comparison, the Original Case Schedule contemplated that Defendants would have nearly four (4) months *after* the filing of Defendants' motions to dismiss to complete transactional data productions from U.S. subsidiary defendants, and nearly seven (7) months for Japanese parent corporations. *See* Original Case Schedule at 2-3. In fact, Kamaya Defendants supplemented (and completed) their transactional data productions on July 26, 2017, 12 months after DPPs served their initial discovery requests on Kamaya Defendants. Walsin USA understands that DPPs and other Defendants are presently continuing to negotiate the scope of their transactional data productions.

[16] By way of comparison, the Original Case Schedule contemplated that the parties would have over three (3) months *after* the filing of Defendants' motions to dismiss to complete search term negotiations. *See* Original Case Schedule at 2. In fact, DPPs and Kamaya Defendants completed their search term negotiations on November 14, 2017, 16 months after DPPs served their discovery requests on Kamaya Defendants.

| Event | DPPs' Proposed Date | Walsin USA's Proposed Date (if different)[10] |
|---|---|---|
| Walsin Defendants begin rolling productions from custodians | February 16, 2018 | *See* above.[17]<br><br>Walsin USA begins rolling productions from custodians on February 26, 2018 |
| Walsin Defendants complete production from "centralized" files | February 20, 2018 | *See* above.[18]<br><br>Walsin USA completes production from centralized files on March 5, 2018 |
| Walsin Defendants complete rolling productions from custodians | March 23, 2018 | *See* above.[19]<br><br>Walsin USA completes rolling productions from custodians on March 23, 2018 |
| Walsin Defendants produce privilege logs for custodians | March 23, 2018 | *See* above.[20]<br><br>Walsin USA completes rolling productions from custodians on April 6, 2018 |

---

[17] By way of comparison, the Original Case Schedule contemplated that Defendants would have nearly <u>four (4) months</u> *after* the filing of Defendants' motions to dismiss to begin custodial document productions. *See* Original Case Schedule at 2.

[18] By way of comparison, the Original Case Schedule contemplated that Defendants would have over <u>three (3) months</u> *after* the filing of Defendants' motions to dismiss to begin document productions from central files. *See* Original Case Schedule at 3. Kamaya Defendants are still producing hard copy documents (primarily phone records and travel expense reports) from centralized files.

[19] By way of comparison, the Original Case Schedule contemplated that the parties would have nearly <u>eleven (11) months</u> *after* the filing of Defendants' motions to dismiss to complete rolling productions from custodians. *See* Original Case Schedule at 4.

[20] By way of comparison, the Original Case Schedule contemplated that the parties would have nearly <u>twelve 12 months</u> *after* the filing of Defendants' motions to dismiss to complete privilege logs. *See* Original Case Schedule at 4.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-10-

| Event | DPPs' Proposed Date | Walsin USA's Proposed Date (if different)[10] |
|---|---|---|
| Dates identified in October 17, 2017 stipulated schedule (ECF No. 336, ordered ECF No. 347) should apply to the Walsin Defendants. As discussed in ECF No. 347, the remaining schedule will be negotiated at a later date, targeting a trial date in late 2019 or early 2020. | | As indicated above, Walsin USA agrees to follow the dates set in ECF No. 347. |

**B.     Discovery limitations**

   **1.     DPPs' Statement**

Certain of the stipulated discovery orders are non-controversial and thus should be extended quickly to the Walsin defendants. These include: the Stipulated Protective Order (ECF Nos. 121, 122), the Stipulated Order Concerning Expert Discovery (ECF Nos. 213, 215), and the Order re Stipulation Regarding Production of Electronically Stored Information and Hard Copy Documents (ECF Nos. 249, 252). DPPs will work with the Walsin defendants to present a stipulated order to the Court so that the Walsin defendants are included in these orders as soon as possible.

On May 23, 2017, this Court entered the Stipulation And Order Re: Discovery Limits Pursuant to Fed. R. Civ. P. 26(f). *See* ECF No. 308 (granting ECF No. 7, Stipulation re Discovery Limits). That stipulated order addressed limits on interrogatories pursuant to Fed. R. Civ. P. 33(a), individual depositions pursuant to Fed. R. Civ. P. 30(b)(1), depositions pursuant to Fed. R. Civ. P. 30(b)(6), departing employee lists, service by e-mail, and modification of any limits. DPPs' position is that they should be entitled to serve interrogatories on the Walsin Defendants as a defendant family under Section A of the stipulated order, and the Walsin defendants may serve interrogatories on DPPs pursuant to Section A. Contrary to Walsin's suggestion, DPPs are asking only that Walsin respond to interrogatories like all other defendants have done in this case. Furthermore, DPPs belief that the deposition limits that apply to the Kamaya defendants should be extended to include the Walsin defendants as well. At this time, DPPs do not require *additional* depositions or deposition hours beyond those previously allotted for the Kamaya defendants (as described in Sections B and C

1    of the stipulated order). However, DPPs reserve the right to ask the Court for additional depositions

2    or deposition time should further discovery show it is necessary.

3        The Walsin defendants misleading state that they simply want all prior stipulations to apply

4    them. However, they only want this to be true if DPPs agree that despite being two additional

5    defendants, no additional obligations in those stipulations will be imposed on them beyond the

6    Kamaya defendants. DPPs believe that what they have proposed is an appropriate compromise given

7    that the Walsin defendants are separate defendants with claims alleged against them that need to be

8    proven, but that the Kamaya defendants are currently part of the Walsin corporate family.

### 2.  Walsin USA's Statement

During the Walsin USA Rule 26(f) Teleconference, Walsin USA proposed that DPPs and Walsin USA agree to enter all of the prior stipulations that applied to the other Defendants in the case, including the Stipulation and Proposed Order re: Discovery Limits to Fed. R. Civ. P. 26(f) (the "Discovery Limits Stipulation") (ECF No. 307). Walsin USA further proposed that Walsin USA would be included as a member of the "Kamaya Defendant Family" (which includes Kamaya Electric and Kamaya, Inc.).[21] Walsin USA proposed that, if DPPs agreed to treat Walsin USA as a member of the Kamaya Defendant Family, all stipulations applicable to the Kamaya Defendants would apply equally to Walsin USA. This proposal would mean that Walsin USA would agree to respond to the same discovery that DPPs serve on Kamaya Defendants (including the interrogatories DPPs previously served on Kamaya Defendants, but not interrogatories that differ from those that DPPs also serve on Kamaya Defendants, and that the deposition limits applicable to Kamaya Defendants would also cover Walsin USA). DPPs did not agree to this proposal on the Rule 26(f) Teleconference, but promised to respond to Walsin USA's proposal to apply the Discovery Limits

---

[21] Walsin USA is a United States subsidiary of WTC, a Taiwanese corporation. WTC is the parent company of Kamaya Electric, a Japanese corporation. Kamaya Electric is the parent company of Kamaya, Inc., a United States subsidiary. Walsin USA understands that it is only included as a Defendant in this case under DPPs' theory that each subsidiary was "involve[d] in the conspiracy through collusive meetings attended by officials acting on behalf of their entire corporate families." *See* DPP Opp'n to Defs' Jt. Mot. to Dismiss (ECF No. 353-2) at 2. The alleged conspiratorial meetings were attended by Kamaya Electric, not Walsin USA. Therefore, Walsin USA should be included in the Kamaya Defendant family with respect to the scope of discovery limitations.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

Stipulation to Walsin Defendants as a member of the Kamaya Defendant Family.  *See* Discovery Limits Stipulation at 1 n.1.  DPPs never responded to Walsin USA with their position.[22]

In this proposed "Joint Discovery Plan," Walsin USA learned for the first time that DPPs would instead propose to pick and choose which parts of the Discovery Limits Stipulation should apply to Walsin USA.  Although DPPs are willing to treat Walsin USA as a member of the Kamaya Defendant Family for purposes of seeking deposition testimony under the Discovery Limits Stipulation, they are not willing to consider Walsin USA a member of the Kamaya Defendant Family for purposes of serving interrogatories.  DPPs are permitted to serve up to 35 non-duplicative interrogatories on each Defendant family, but are now proposing that DPPs be allowed to serve Kamaya Defendants (Kamaya Electric and Kamaya, Inc.) with 35 interrogatories and then serve another 35 different interrogatories on Walsin Defendants (Walsin USA and WTC).  At the same time, DPPs appear to be proposing to limit Walsin Defendants to serving only 25 interrogatories total on DPPs in conjunction with Kamaya Defendants and the rest of the Defendants in the case.  DPPs propose above that "the Walsin defendants may serve interrogatories on DPPs pursuant to Section A."  In other words, DPPs are proposing to give themselves an additional 35 interrogatories without giving any additional discovery in return.  The Discovery Limits Stipulation was the result of significant compromises on both sides.  DPPs now ask the Court to unilaterally change it to DPPs' advantage without permitting Walsin Defendants any additional discovery.

Walsin USA remains willing to meet and confer with DPPs regarding which stipulations, if any, will apply to Walsin USA in this matter.  Walsin USA remains willing to be included as a member of the Kamaya Defendant Family and, as such, would sign onto: (1) the Stipulated Protective Order, ECF No. 121; (2) the Stipulation and Order Concerning Expert Discovery, ECF

---

[22] DPPs counsel emailed Walsin USA's counsel on December 12, 2017 to "follow[] up regarding a handful of issues that were discussed during the Walsin USA Rule 26(f) Conference." E-mail from R. Braun to A. Bauer re: Resistors: Walsin USA 26(f) (Dec. 12, 2017 at 2:51 PM).  In this email, DPPs did not address the joint discovery plan or respond to Walsin USA's proposal to enter the Discovery Limits Stipulation.  Instead, DPPs asked Walsin USA *and WTC* to produce specific documents (such as data and organizational charts).  DPPs should raise such requests through formal discovery.  And DPPs' complaint that Walsin USA has not responded to their informal discovery requests ("Despite the passage of two weeks since the Rule 26(f) conference, WTC has neither produced any organizational charts, nor indicated whether it intends to do so in the near future.") are premature.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

Nos. 213, 215; (3) the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents, ECF Nos. 249, 252; and (4) the Stipulation And Order Re: Discovery Limits Pursuant to Fed. R. Civ. P. 26(f), ECF No. 307.

DATED: December 18, 2017               HAGENS BERMAN SOBOL SHAPIRO LLP


                                       By      s/ Jeff D. Friedman
                                               JEFF D. FRIEDMAN

                                       Shana E. Scarlett (217895)
                                       Benjamin J. Siegel (256260)
                                       715 Hearst Avenue, Suite 202
                                       Berkeley, CA 94710
                                       Telephone: (510) 725-3000
                                       Facsimile:  (510) 725-3001
                                       jefff@hbsslaw.com
                                       shanas@hbsslaw.com
                                       bens@hbsslaw.com

                                       Steve W. Berman (*pro hac vice*)
                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                       1918 Eighth Avenue, Suite 3300
                                       Seattle, WA 98101
                                       Telephone: (206) 623-7292
                                       Facsimile:  (206) 623-0594
                                       steve@hbsslaw.com

                                       Kit A. Pierson (*pro hac vice*)
                                       Daniel A. Small (*pro hac vice*)
                                       Emmy L. Levens (*pro hac vice*)
                                       Robert A. Braun (*pro hac vice*)
                                       Laura Alexander (255485)
                                       COHEN MILSTEIN SELLERS & TOLL PLLC
                                       1100 New York Ave. NW, Suite 500, West Tower
                                       Washington, DC 20005
                                       Telephone: (202) 408-4600
                                       kpierson@cohenmilstein.com
                                       dsmall@cohenmilstein.com
                                       elevens@cohenmilstein.com
                                       lalexander@cohenmilstein.com
                                       rbraun@cohenmilstein.com

                                       *Co-Lead Counsel for Direct Purchaser Plaintiffs*

                                       LATHAM & WATKINS LLP

                                       By:     s/ Ashley M. Bauer
                                               ASHLEY M. BAUER

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Belinda S Lee
Ashley M. Bauer
Cameron J. Clark
LATHAM & WATKINS LLP
505 Montgomery Street, 20th Floor
San Francisco, CA  94111
Telephone:  415-391-0600
Facsimile:  415-395-8095
belinda.lee@lw.com
ashley.bauer@lw.com
cameron.clark@lw.com

*Attorneys for Defendant Walsin Technology Corporation U.S.A.*

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-15-