Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f) |

010554-11 1007399V2

Direct Purchaser Plaintiffs ("DPPs") and Walsin Technology Corporation ("WTC") respectfully submit this Joint Discovery Plan pursuant to Rule 26(f)(2)-(3) of the Federal Rules of Civil Procedure. DPPs and WTC held a Fed R. Civ. P. 26(f) conference by telephone on December 27, 2017. On that call, the parties discussed a discovery plan that included both WTC and Walsin Technology Corporation U.S.A. ("Walsin USA"), WTC's U.S. subsidiary. For the purposes of this Joint Discovery Plan Pursuant to Rule 26(f), WTC and Walsin USA are referred to collectively as the "Walsin Defendants" or "Walsin."

## I.   PRELIMINARY STATEMENTS

### A.   DPPs' Statement

The main – and a critical – area of disagreement between the parties is that DPPs propose a discovery plan that includes *specific dates* by when important WTC discovery will be complete. That is consistent with prior agreements with the other defendants, and it will ensure that the case against the Walsin Defendants proceeds in line with the stipulated case schedule ordered by the Court. *See* ECF No. 347 (ordering stipulated schedule in ECF No. 336 and reflecting deadlines for, *inter alia*, plaintiffs' and defendants' class certification expert reports, expert discovery, and motions for class certification). Moreover, there is no legitimate justification for why WTC cannot agree to deadlines (generally, or the specific ones proposed by DPPs here). The only basis for refusing to set discovery deadlines is to delay discovery and unnecessarily disrupt the current case schedule. DPPs will be prepared to discuss their proposed schedule with the Court at the January 18 Case Management Conference.

In DPPs/Walsin USA's Joint Discovery Plan submitted on December 18, 2017 (ECF No. 356), DPPs provided background on our efforts to move discovery forward with Walsin. *See* ECF No. 356 at 1-2. Since ***October 3, 2017***, when DPPs named WTC and Walsin USA as defendants in DPPs' operative Second Consolidated Amended Class Action Complaint (Complaint), DPPs have attempted to work with the Walsin Defendants on a discovery plan.

Walsin, however, has impeded those efforts. WTC is the parent corporation of the Kamaya Defendants.[1] The Walsin Defendants also are represented by the same counsel. But during fall 2017 (i) the Walsin Defendants delayed returning executed waiver of service of summons forms after agreeing to waive service on October 18, 2017; (ii) WTC refused to participate in a December 4, 2017 Rule 26(f) conference because the Walsin Defendants had only returned Walsin USA's waiver form by that point; and (iii) despite DPPs' requests on that call and by email, Walsin has refused to agree to a discovery plan with specific discovery deadlines that apply to WTC. Indeed, the only reason the parties are submitting this separate discovery plan in addition to the one submitted on December 18, 2017 (ECF No. 356) is because Latham & Watkins LLP, counsel to both Walsin USA and WTC (as well as the Kamaya Defendants) refused to participate in the December 4, 2017 Rule 26(f) conference on behalf of WTC.

During the December 27, 2017 Rule 26(f) conference call between DPPs and WTC, the parties discussed certain discovery topics. But again WTC would not confer with DPPs about the dates by when important discovery would be complete, including many of the dates proposed by DPPs in the December 18, 2017 joint discovery plan. Perhaps most crucial is the date by when WTC will produce transactional data, which is relevant to DPPs' class certification expert report, due on July 5, 2018. DPPs' proposed January 31, 2018 deadline for WTC to complete its production of transactional data is important to the analysis of DPPs' expert. The deadline is also reasonable because it falls: (i) four months after DPPs filed the operative Complaint naming the Walsin Defendants; (ii) several months after DPPs explained to Walsin Defendants that the data they seek is the same as what was requested from and produced by the other defendants, including the Kamaya Defendants; and (iii) after the date that Walsin Defendants are required to respond to properly served document requests that seek, among other things, WTC's transactional data.

Walsin has refused even to *discuss* discovery dates for WTC until after its objections and responses to document requests are served on January 18 and January 26, 2018 (for Walsin USA and WTC, respectively). There is no legitimate basis for waiting until those dates to discuss when the

---

[1] Kamaya Electric Co., Ltd. and Kamaya, Inc.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-2-

Walsin Defendants' documents and data will be produced. Doing so only invites further and unnecessary delay.

The Walsin Defendants misleadingly suggest that DPPs' proposed deadlines are unfair because discovery was not served on them until December 20, 2017 and December 27, 2017 (for Walsin USA and WTC respectively). They omit that, in Fall 2017, after DPPs served the Complaint on October 3, 2017 naming the Walsin Defendants, DPPs repeatedly explained to Walsin counsel that we sought the same types of data and documents produced by the other Defendants – including Kamaya – and suggested meeting and conferring to ensure their efficient production.[2] Walsin refused to do so. The Walsin Defendants could and should have used the more than three months between the filing of DPPs' Complaint and the present to investigate the availability of relevant documents and data, and to collect and review those documents and data in preparation for their production. Now Walsin seeks to use the delay *it caused* as an excuse not to agree to reasonable deadlines for production of data and documents. Putting aside the smoke and mirrors, what is relevant is whether the discovery deadlines proposed by DPPs for Walsin are efficient, proportionate, and will move the case forward in line with the stipulated schedule ordered by this Court. As explained above, they are and they will.

Similarly, Walsin's attempts to accuse DPPs of delay by naming the Walsin Defendants later than the other Defendants are unavailing. The Walsin Defendants were named in the operative Complaint because discovery produced and reviewed *after* the filing of DPPs' original consolidated amended complaint showed Walsin's important role in the price-fixing conspiracy. For example, documents produced reveal Michael Chang – WTC's Vice President and Chief Strategy Office – explaining to subordinates that Kiyoshi Niikawa (Kamaya Electric's sales headquarter manager and overseas sales head) "will sometimes have informal meetings with KOA and Hokuriku to discuss industry trend, demand supply status and price."[3] WTC's Chang added that, in setting prices for a

---

[2] DPPs also sent documents requests to Walsin counsel – mirroring those sent to the other Defendants (including their Kamaya subsidiaries) – on December 13, 2017. But for the Walsin Defendants' unnecessary delay in returning their waiver of service of summons forms, DPPs would have formally served the Walsin Defendants with discovery requests weeks and months prior.

[3] Complaint, ¶ 104.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-3-

010554-11 1007399V2

customer, "we need to know whether other Japanese competitors are doing price up."[4] These allegations, and others reflected in the Complaint and the documents DPPs have reviewed, implicate Walsin in the conspiracy and show why DPPs added the Walsin Defendants on October 3, 2017.

In light of the above, DPPs' proposed discovery schedule sets reasonable deadlines for the Walsin Defendants' production of data and documents. For example, DPPs request production of transactional data from WTC by January 31, 2018 – four months after DPPs named WTC in the Complaint – and after WTC must respond to DPPs' discovery requests.[5]

DPPs will be prepared to discuss their proposed schedule with the Court at the January 18 Case Management Conference and hopefully resolve dates at that time.

**B.    Walsin Technology Corporation's Statement**

Contrary to DPPs' argument, Walsin Defendants have met every deadline, and there have been no delays in this case other than DPPs' more than two-year delay in naming WTC and Walsin USA as Defendants.[6]

In fact, Walsin Defendants have responded *in less time* than the Federal Rules of Civil Procedure (the "Rules") provide:

1. Both Walsin USA and WTC executed their waivers of service of summons prior to the deadlines set forth in Federal Rule of Civil Procedure 4(d). Walsin USA executed and returned its waiver of service on November 21, 2017—six days prior to its deadline to submit its waiver of service of summons. WTC executed and returned its

---

[4] *Id.*

[5] On the day this Joint Discovery Plan was due, WTC for the first time proposed deadlines for *certain* discovery. DPPs appreciate this development, although these dates should have been proposed earlier, such as at the Rule 26(f) Conferences. Nevertheless, WTC's proposed discovery schedule continues to omit deadlines for multiple critical discovery matters, including any deadline by which it will produce transactional data. Moreover, several other deadlines that WTC proposes would cause unnecessary delay.

[6] DPPs argue that "discovery produced and reviewed *after* the filing of DPPs' original consolidated amended complaint showed Walsin's important role in the price-fixing conspiracy" and justify why DPPs waited until October 3, 2017 to add Walsin Defendants to the present litigation. Their argument now is misleading. The truth is DPPs notified Kamaya Defendants of this cited document on December 20, 2016, but DPPs then waited more than *ten months* to file and name the Walsin Defendants in their Second Amended Complaint.

        waiver of service of summons on December 22, 2017—four days prior to its deadline to submit the waiver of service of summons.

    2. Walsin USA timely met and conferred with Plaintiffs pursuant to Rule 26(f) on December 4, 2017. WTC timely met and conferred with DPPs pursuant to Rule 26(f) on December 27, 2017.

Walsin Defendants are neither seeking to delay discovery nor attempting to disrupt the current case schedule.[7] DPPs waited more than two years to name WTC and Walsin USA as Defendants, and their frustration with the class certification schedule is of their own making.

In this Rule 26(f) report, DPPs' chief complaint appears to be that WTC indicated on the December 27, 2017 Rule 26(f) conference that the parties should follow the time periods for discovery set forth in the Federal Rules of Civil Procedure. DPPs objected that Walsin Defendants would not meet and confer during the Rule 26(f) conference regarding discovery requests that DPPs had not yet served on WTC and Walsin USA. WTC said it would timely respond to any discovery requests after DPPs actually served them on WTC, and DPPs' delay in naming WTC and Walsin USA as Defendants should not operate to deny them the time allowed to all parties to respond and object to discovery requests.[8] Thus, DPPs' claim that "WTC would not confer with DPPs about the dates by when important discovery would be complete" is incorrect. Specifically:

*First*, WTC identified the date by which it would serve written objections and responses to DPPs' first set of requests for production to be due: January 26, 2018. *Second*, WTC said it would

---

[7] Only DPPs have requested an extension of any deadline pertaining to matters affecting Walsin Defendants' discovery or case schedule. Though DPPs claim that Walsin Defendants are engaging in unnecessary delay, it was *DPPs* who requested additional time to respond to Walsin USA's motion to dismiss, which this Court granted. *See* Order Granting Stipulation to Extend Briefing schedule re: Walsin Technology Corporation U.S.A.'s Motion to Dismiss, ECF No. 370.

[8] Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Nevertheless, DPPs argue that: (1) after filing their Second Amended Complaint, "DPPs repeatedly explained to Walsin counsel that we sought the same types of data and documents produced by the other Defendants . . . and suggested meeting and conferring to ensure their efficient production;" and (2) that "[t]he Walsin Defendants could and should have used the more than three months between the filing of DPPs' Complaint and the present to investigate the availability of relevant documents and data." Though DPPs lacked any basis to make these demands, Walsin Defendants nonetheless did use this time to investigate the availability of relevant documents and data and were subsequently in a position to meet and confer with DPPs immediately after they were properly served.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

010554-11 1007399V2

produce its organizational charts within one week of serving its written responses and objections: February 2, 2018.  *Third*, WTC stated it was already looking into the scope of its transactional data and would provide an estimated timeline for production at the same time it served written objections and responses to DPPs' request seeking transactional data:  again, January 26, 2018.  And, *fourth*, WTC promised to immediately meet and confer with DPPs regarding its production of both transactional data and other centralized files, and to begin producing such files after serving written objections and responses.  As set forth in the Proposed Schedule chart on pages 7-11, below, WTC (and Walsin USA) have also proposed many additional deadlines for the completion of the negotiations and the meet and confer process.

WTC's proposal allows DPPs to remain on the current class certification schedule.  It is true that WTC did not specify a date certain for producing its transactional data, but that is because WTC is still investigating the scope of the data that it has available and the burden associated with collecting and producing that data.[9]  Further, with respect to the selection of document production custodians and search terms, WTC indicated that it was unclear in light of the lack of allegations about WTC in DPPs' Second Consolidated Amended Class Action Complaint ("SAC") that any document production from WTC beyond the production of transactional data would be appropriate.[10] WTC also suggested that DPPs should begin preparing a proposed custodian list now, which DPPs can do based on the extensive document productions produced to date by other Defendants in this case.[11]  WTC will be prepared to timely meet and confer with DPPs regarding the selection of custodians and search terms following the service of WTC's written objections and responses, but DPPs should also put forward some effort to move discovery forward.

---

[9] Walsin USA has explained on multiple occasions (including when responding to DPPs' Rule 45 subpoena in January 2017) that Walsin USA has no transactional data.  Since at least October 2005, Walsin USA has not manufactured, sold, marketed, or distributed any resistors.  Walsin USA has no documents or data available pre-dating October 2005.

[10] WTC is not alleged to have participated in any conspiratorial conduct, and WTC will be filing a motion to dismiss on or before January 25, 2018—the date its response to the SAC is due.

[11] Walsin Defendants understand that the other Defendants in this case have already produced nearly 2.5 million documents to Direct Purchaser Plaintiffs.

Finally, WTC proposed during the Rule 26(f) conference that stipulations previously entered by the parties regarding discovery also apply to WTC. Walsin USA made the same proposal during its Rule 26(f) conference on December 4, 2017. DPPs never responded to either proposal until they sent WTC their section of the draft Rule 26(f) report. Walsin Defendants believe that the parties should be able to work together to draft a stipulation for the Court's approval before Walsin Defendants' discovery responses are due this month.

## II.   DISCOVERY PLAN

A.   Schedule

   1.   DPPs' Statement

As explained above, DPPs propose a schedule that we believe is not unduly burdensome and would allow the case against the Walsin Defendants to proceed in line with the stipulated case schedule ordered by the Court. *See* ECF No. 347. Particularly important is the January 31, 2018 date by when DPPs propose that the Walsin Defendants produce transactional data, relevant for DPPs' class certification expert report, which is due on July 5, 2017. The January 31 deadline should not be unduly burdensome given that (i) the Walsin Defendants were named as Defendants on October 3, 2017, four months prior to that date, and (ii) the Walsin Defendants will have the benefit of their counsel's more than two years of experience in this litigation as counsel for Kamaya, including their knowledge of the data and documents requested by DPPs, as well as several orders by this Court outlining the appropriate contours of discovery (including of transactional data).

Other key deadlines include the dates for production of central file documents, often relevant to class certification. Deadlines for the identification of Walsin Defendants' document custodians and the production of custodial documents are also important. Given that search term negotiations have been concluded with all defendants, including Kamaya, the parties should be able to complete this process expeditiously.

To distract from their own delay, and the reasonableness of DPPs' proposed deadlines, the Walsin Defendants make several false claims. They play down efforts DPPs have made to move discovery forward. For example, DPPs requested that WTC produce organizational charts now – which should be easy to locate – to help with identification of custodians. Walsin refused to do that.

Nonetheless, DPPs are reviewing the documents produced by other Defendants to identify custodians. DPPs also have provided the search terms agreed to with Kamaya to a Chinese-language translator so they can be used for WTC, a Taiwanese corporation. DPPs plan to provide these proposed search terms to Walsin soon. Walsin also suggests that it should produce data and discovery on "a timeline of relatively parity to other Defendants in this case." The Walsin Defendants ignore that (i) the earlier schedule included time for discovery protocols and search terms to be negotiated for this case, but the parties now have the benefit of established protocols and search terms already agreed to with the other Defendants (including Kamaya); (ii) the earlier schedule built in time for the Court to resolve disputes about the scope of documents and data that had to be produced, such as worldwide data, which have now been resolved; and (iii) the Walsin Defendants will have the benefit of their counsel's more than two years of experience in this litigation as counsel for Kamaya.

The only real question is whether the schedule proposed by DPPs is efficient, proportionate, and consistent with stipulated schedule ordered by this Court. It is, for the reasons explained. By contrast, the Walsin Defendants' refusal to provide dates by when discovery will be complete and proposal of deadlines that are unnecessarily dilatory threatens to delay the progress of this litigation.

### 2.     Walsin Technology Corporation's Statement

As explained above, and as noted in the Joint Discovery Plan Pursuant to Rule 26(f) regarding Walsin USA (ECF No. 356) (the "Walsin USA Discovery Plan"), Walsin Defendants seek to engage in discovery in: (1) a manner consistent with the Federal Rules of Civil Procedure; and (2) a timeframe of relative parity to other Defendants in this case.  *See, e.g.*, Walsin USA Discovery Plan at 9 n.14-16; 10 n. 17-19 (noting that DPPs seek to complete Walsin Defendants' discovery in a matter of two to three months, when other Defendants in the case have had well over one year to complete discovery).

Walsin Defendants should not be penalized because of DPPs' decision to wait and then add them as Defendants more than two years after first filing this case.  DPPs' first sets of discovery requests (interrogatories and requests for production) were served on Walsin USA and WTC on December 20 and December 27, 2017, respectively.  DPPs propose that Walsin Defendants should

have no more than 35 days from the date of service of their discovery requests to meet and confer and then complete the production of their transactional data. All other Defendants had nearly seven months after filing their motions to dismiss to produce their transactional data—DPPs' schedule would give WTC only five *days* after its motion to dismiss is due. DPPs also propose that Walsin Defendants complete their rolling custodial document productions within three months of service of the discovery requests, when the other Defendants had nearly eleven months after filing their motions to dismiss to produce their transactional data. DPPs' proposed dates are not realistic and likely are impossible.[12]

To be clear, Walsin Defendants are not asking for the same amount of time that other Defendants were given. Walsin Defendants only ask for a chance to review the discovery requests, respond in writing, and begin negotiations with Plaintiffs to determine a mutually agreeable discovery schedule. This request is reasonable and fair in light of DPPs' two-year delay in naming Walsin Defendants in this lawsuit.

### 3. Proposed Schedule

| Event | DPPs' Proposed Date | Walsin Defendants' Proposed Dates (if different) |
|---|---|---|
| Initial disclosures with Walsin USA exchanged | December 26, 2017 (completed) | December 26, 2017 (completed) |
| Initial disclosures with WTC exchanged | January 10, 2018[13] | January 12, 2018[14] |

---

[12] DPPs note the case schedule for the other Defendants: (1) "included time for discovery protocols and search terms to be negotiated for this case, but the parties now have the benefit of established protocols and search terms already agreed to with the other Defendants;" (2) "built in time for the Court to resolve disputes about the scope of documents and data that had to be produced, such as worldwide data, which have now been resolved;" and (3) "the Walsin Defendants will have the benefit of their counsel's more than two years of experience in this litigation as counsel for Kamaya." These arguments ignore the fact each Defendant negotiated its own set of search terms and engaged in individual discovery negotiations with DPPs.

[13] Federal Rule of Civil Procedure 26(a)(1)(C) required WTC to make its initial disclosures by January 10, 2018, "within 14 days after the parties 26(f) conference" on December 27, 2017. WTC did not do so. It is apparently relying on Rule 26(a)(1)(D), but that does not apply where a 26(f) conference was actually held, as it was in this case.

[14] Per Federal Rule of Civil Procedure 26(a)(1)(D), a "party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined." WTC intends to serve its initial disclosures within this timeframe.

| Event | DPPs' Proposed Date | Walsin Defendants' Proposed Dates (if different) |
|---|---|---|
| Walsin USA produces organizational charts, if any | January 12, 2018 | January 12, 2018 |
| Walsin USA's Responses to DPPs' First Set of Requests for Production of Documents to Walsin Defendants, *and* Walsin USA's Responses to DPPs' First Set of Interrogatories to Walsin Defendants | January 19, 2018 | January 19, 2018 |
| WTC's Responses to DPPs' First Set of Requests for Production of Documents to Walsin Defendants, *and* WTC's Responses to DPPs' First Set of Interrogatories to Walsin Defendants | January 26, 2018 | January 26, 2018 |
| WTC produces organizational charts, if any | January 26, 2018 | February 2, 2018 |
| Walsin Defendants complete production of transactional data | January 31, 2018 | Walsin USA does not have any transactional data. WTC will meet and confer with DPPs by February 2, 2018 to determine a mutually agreeable deadline for production. |
| Parties complete negotiations regarding custodians | February 2, 2018 | |
| Parties complete negotiations regarding search terms | February 9, 2018 | *See* Walsin USA Discovery Plan at 9.<br>• Walsin USA will complete negotiations of custodians and search terms by February 5, 2018.<br>• WTC will meet and confer regarding custodians by February 2, 2018 and will complete the selection of production custodians by February 16. |

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-10-

010554-11 1007399V2

| Event | DPPs' Proposed Date | Walsin Defendants' Proposed Dates (if different) |
|---|---|---|
| | | • WTC will meet and confer regarding search terms[15] by February 26 and will complete the search term negotiations by March 16. |
| Parties submit any disputes regarding document custodians or search terms to the Court | February 13, 2018 | *See* Walsin USA Discovery Plan at 9.<br><br>• DPPs and Walsin USA submit disputes regarding search terms to the Court by February 15, 2018.<br><br>• DPPs and WTC submit disputes regarding search terms to the Court by March 21. |
| Walsin Defendants begin rolling productions from custodians | February 20, 2018 | *See* Walsin USA Discovery Plan at 10.<br><br>• Walsin USA begins rolling productions from custodians on February 26, 2018.<br><br>• WTC begins rolling productions from custodians on March 19, 2018. |
| Walsin Defendants complete productions from "centralized" files | February 20, 2018 | *See* Walsin USA Discovery Plan at 10.<br><br>• Walsin USA completes production from centralized files on March 5, 2018.<br><br>• WTC completes production from centralized files on February 29, 2018 |

---

[15] The parties should agree on custodians prior to negotiating search terms. This will allow WTC to test the search terms across the custodial data. Unless WTC can test the terms on the data, WTC will not be able to evaluate the burden associated with DPPs' search term proposal.

| Event | DPPs' Proposed Date | Walsin Defendants' Proposed Dates (if different) |
|---|---|---|
| Walsin Defendants complete rolling productions from custodians | March 23, 2018 | *See* Walsin USA Discovery Plan at 10.<br>• Walsin USA completes rolling productions from custodians on March 23, 2018.<br>• WTC completes rolling productions from custodians on April 30. |
| Walsin Defendants produce privilege logs for custodians | March 23, 2018 | *See* Walsin USA Discovery Plan at 10.<br>• Walsin USA produces privilege logs on April 6, 2018.<br>• WTC produces privilege logs on May 18, 2018. |
| Dates identified in October 17, 2017 stipulated schedule (ECF No. 336, ordered ECF No. 347) should apply to the Walsin Defendants. As discussed in ECF No. 347, the remaining schedule will be negotiated at a later date, targeting a trial date in late 2019 or early 2020. | | Other than the dates for motions to dismiss, which do not apply to Walsin Defendants, Walsin Defendants agree to follow the dates set in ECF No. 347. |

**B.     Discovery limitations**

   **1.     DPPs' Statement**

Certain of the stipulated discovery orders are non-controversial and thus should be applied quickly to the Walsin Defendants. These include: the Stipulated Protective Order (ECF Nos. 121, 122), the Stipulated Order Concerning Expert Discovery (ECF Nos. 213, 215), and the Order re Stipulation Regarding Production of Electronically Stored Information and Hard Copy Documents (ECF Nos. 249, 252). DPPs will work with the Walsin Defendants to present a stipulated order to the Court so that the Walsin Defendants are included in these orders as soon as possible.

On May 23, 2017, this Court entered the Stipulation And Order Re: Discovery Limits Pursuant to Fed. R. Civ. P. 26(f). *See* ECF No. 308 (granting ECF No. 307, Stipulation re Discovery

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD
-12-
010554-11 1007399V2

Limits). That stipulated order addressed limits on interrogatories pursuant to Fed. R. Civ. P. 33(a), individual depositions pursuant to Fed. R. Civ. P. 30(b)(1), depositions pursuant to Fed. R. Civ. P. 30(b)(6), departing employee lists, service by e-mail, and modification of any limits. DPPs believe that they have reached agreement with the Walsin Defendants that DPPs may serve the same 35 non-duplicative interrogatories on the Walsin Defendants that they serve on the Kamaya Defendants, and that the Walsin Defendants and Kamaya defendants will answer those interrogatories independently. DPPs do not need to serve the same interrogatories on the Walsin Defendants and Kamaya defendant at the same time. Furthermore, DPPs belief that the deposition limits that apply to the Kamaya defendants should be extended to include the Walsin Defendants as well. At this time, DPPs do not require *additional* interrogatories, depositions, or deposition hours beyond those previously allotted for the Kamaya defendants (as described in Sections A, B, and C of the stipulated order). However, DPPs reserve the right to ask the Court for additional interrogatories, depositions, or deposition time should further discovery show that it is necessary.

Contrary to Walsin's argument below, DPPs are not "seek[ing] to create the appearance of a disagreement where none exists." In fact, DPPs believe they have agreed to what Walsin requests. In the preceding paragraph, DPPs are merely clarifying the meaning the Stipulation And Order Re: Discovery Limits, as applied to the Walsin Defendants, in an attempt to avoid future disputes.

2. **Walsin Technology Corporation's Statement**

Here, DPPs seek to create the appearance of a disagreement where none exists.  During its December 4, 2017 Rule 26(f) conference with DPPs, Walsin USA already proposed entering all of the stipulations identified in DPPs' statement above: (1) the Stipulated Protective Order (ECF Nos. 121, 122); (2) the Stipulation and Order Concerning Expert Discovery (ECF Nos. 213, 215); (3) the Stipulation and order Regarding Production of Electronically Stored Information and Hard Copy Documents (ECF Nos. 249, 252); and (4) the Stipulation and Order re: Discovery Limits Pursuant to Fed. R. Civ. P. 26(f) (the "Discovery Limits Stipulation") (ECF Nos. 307, 308).  WTC repeated the same proposal to DPPs during its Rule 26(f) conference on December 27, 2017.  It was Plaintiffs who never responded.

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-13-

010554-11 1007399V2

Walsin Defendants remain willing to enter the Discovery Limits Stipulation. These Stipulations were drafted and entered prior to the Walsin Defendants having been named as parties, and we ask only that the Walsin Defendants be included in the definition of the Kamaya Defendant family for purposes of the discovery limits. *See* ECF Nos. 307, 308. Walsin Defendants remain willing to negotiate a stipulation with DPPs to that effect, and will work with DPPs to get it to the Court for approval quickly.

DATED: January 10, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By     s/ Jeff D. Friedman
       JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Laura Alexander (255485)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

| | | |
|---|---|---|
| 1 | DATED: January 10, 2018 | LATHAM & WATKINS LLP |
| 2 | | |
| 3 | | By _____s/ Ashley M. Bauer_____<br>ASHLEY M. BAUER |
| 4 | | Belinda S Lee |
| 5 | | Ashley M. Bauer<br>Cameron J. Clark |
| 6 | | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 |
| 7 | | Telephone: (415) 395-8138<br>belinda.lee@lw.com |
| 8 | | ashley.bauer@lw.com<br>cameron.clark@lw.com |
| 9 | | |
| 10 | | *Counsel for Walsin Technology Corporation and Walsin Technology Corporation U.S.A.* |

JOINT DISCOVERY PLAN - Case No.: 15-cv-03820-JD

-15-

010554-11 1007399V2