# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### Civil Minutes

Date: January 18, 2018                                    Judge: Hon. James Donato

Court Reporter: Kathy Sullivan
Time: 13 Minutes

Case No.        **C-15-03820-JD**
Case Name       **In re Resistors Antitrust Litigation**

Attorney(s) for Government:        Adam Zapala/Benjamin Siegel/Adam Gitlin/Cadio
                                   Zirpoli/Mark Ram/Tamarah Prevost/Robert Braun
Attorney(s) for Defendant(s):      Robert McNary/Kendall Millard/Jason Murray/
                                   Michael Tubach/Belinda Lee/Ian Papendick/Megan Havstad
Deputy Clerk: Lisa Clark

### PROCEEDINGS

Motions to Dismiss - Held
Status Conference - Held

### NOTES AND ORDERS

For the reasons stated on the record, the Court denies the U.S. subsidiary defendants' motions to dismiss the DPPs' and IPPs' amended complaints, respectively. Dkt. Nos. 345, 346. The Court finds that both of those complaints now contain sufficient allegations against each U.S. subsidiary defendant, consistent with the kinds of allegations the Court previously found sufficient in *In re Capacitors Antitrust Litigation*, 154 F. Supp. 3d 918 (N.D. Cal. 2015).

The Court grants defendants' motion to dismiss the IPPs' Florida state law claim for lack of standing. Dkt. No. 344. IPPs acknowledge that there is no named plaintiff who is alleged to have purchased a price-fixed resistor in Florida. The Court consequently dismisses the IPPs' claim under the Florida Deceptive and Unfair Trade Practices Act for the reasons described in *In re Capacitors*, 154 F. Supp. 3d at 922-28. The holding in that case was not overruled or called into question by *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015). IPPs may amend by **March 5, 2018** to add a named plaintiff who can assert an Article III injury-in-fact consistent with the Court's ruling in *Capacitors*.

For the disputes between DPPs and the Walsin defendants described in their "Joint Discovery Plan Pursuant to Rule 26(f)," Dkt. No. 374, the Court directs those parties to file by **January 25, 2018**, a truly joint discovery plan that is consistent with the global schedule previously ordered in this case at Dkt. No. 347. If the parties are unable to do so, the Court will likely order lead counsel to participate in an in-person, 4-hour meet-and-confer session at the courthouse to work through any remaining disputes.