Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone:  (713) 651-2636
Facsimile:  (713) 651-2700

*Counsel for Defendants Panasonic Corporation
and Panasonic Corporation of North America*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br><br>This Documents Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>**ANSWER OF DEFENDANTS PANASONIC CORPORATION AND PANASONIC CORPORATION OF NORTH AMERICA TO INDIRECT PURCHASER PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendants Panasonic Corporation ("Panasonic Corp.") and Panasonic Corporation of North America ("PNA") (together, the "Panasonic Defendants"), by and through their attorneys, respond as follows to the allegations set forth in the Indirect Purchaser Plaintiffs' ("IPPs") Second Amended Consolidated Class Action Complaint (the "Complaint").  To the extent not specifically admitted herein, all allegations of the Complaint are denied.  Furthermore, the section headings included herein are included only for purposes of clarity and organization, and the Panasonic Defendants do not admit, but rather specifically deny, any factual or legal allegations in the headings used in the Complaint.  To the extent the Complaint's allegations concern persons and/or entities other than the Panasonic Defendants, the Panasonic Defendants deny that such allegations support any claim for relief against the Panasonic Defendants.

## I.      NATURE OF ACTION

1.      The Panasonic Defendants admit that resistors are an electronic component used in a range of electronic products, that resistors are generally considered passive components, and that certain electronic devices contain multiple resistors, but the Panasonic Defendants note that the allegations contained in Paragraph 1 of the Complaint are simplified, overbroad, and incomplete in terms of how resistors operate and function.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      The Panasonic Defendants admit that resistors are used in a range of industries, that there are multiple types of resistors, and that Panasonic Corp. and/or its subsidiaries manufactured certain fixed resistors, ceramic-based trimmer potentiometers, and capacitors during at least some portion of the purported class period.  The Panasonic Defendants further acknowledge that the Complaint defines a linear resistor as "a resistor 'in which current produced is directly proportional to the applied voltage.'"  The Panasonic Defendants acknowledge that Plaintiffs have excluded "non-linear" resistors from the Complaint.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and its associated footnote.

3.     The Panasonic Defendants admit that there are multiple types of resistors and that resistors are an electronic component used in a range of electronic products.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     The allegations contained in Paragraph 5 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 5 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

6.     The allegations contained in Paragraph 6 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 6 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## II.     GOVERNMENT INVESTIGATIONS INTO THE RESISTORS INDUSTRY AND RELATED INDUSTRIES

### A.     U.S. Investigations

7.     To the extent that Paragraph 7 of the Complaint purports to describe public documents, the Panasonic Defendants refer Plaintiffs to those documents for a full and accurate rendition of their contents.  The Panasonic Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or accuracy of allegations contained in Paragraph 7 of the Complaint.

8.     To the extent that Paragraph 8 purports to describe a public document, the Panasonic Defendants refer Plaintiffs to that document for a full and accurate rendition of its contents.  The

3

Panasonic Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or accuracy of allegations contained in Paragraph 8 of the Complaint.

9.      Panasonic Corp. admits that Panasonic Corp. approached the U.S. Department of Justice Antitrust Division to self-report two separate conspiracies involving competitor contacts outside the United States relating to film capacitors and electrolytic capacitors, and has provided full cooperation under ACPERA.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 9 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10.      To the extent the allegations contained in Paragraph 10 of the Complaint purport to quote or describe a public document, the Panasonic Defendants refer Plaintiffs to that document for a full and accurate rendition of its contents.  The Panasonic Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      The Panasonic Defendants deny the allegations contained in Paragraph 11 of the Complaint.  The Panasonic Defendants further state that to their knowledge, there is no investigation by competition authorities in the United States into the resistors industry at this time, and that any investigation launched by the competition authorities in the United States was closed without any plea agreements or the filing of any indictments.

12.      The Panasonic Defendants admit that on February 2, 2016, the Court ordered Defendants to produce to Plaintiffs documents previously produced to the U.S. Department of Justice.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.      To the extent the allegations contained in Paragraph 13 of the Complaint purport to describe a public document, the Panasonic Defendants refer Plaintiffs to that document for a full and accurate rendition of its contents.   The Panasonic Defendants otherwise deny the allegations contained in Paragraph 13 of the Complaint.

4

**B.** **Foreign Investigations**

14.     To the extent the allegations contained in Paragraph 14 of the Complaint purport to describe a public document, the Panasonic Defendants refer Plaintiffs to that document for a full and accurate rendition of its contents.   The Panasonic Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

**III.**     **THE DEFENDANTS CONCEALED THEIR UNLAWFUL CONDUCT**

**A.**     **The Statute of Limitations Did Not Begin to Run Because Plaintiffs Did Not and Could Not Discover Their Claims.**

15.     The allegations contained in Paragraph 15 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent the allegations purport to characterize the contents of a public document, the Panasonic Defendants refer to that document for a full and accurate rendition of its contents.   To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 18 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

5

19.     The allegations contained in Paragraph 19 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 20 of the Complaint.

**B.**     **Defendants' Fraudulent Concealment Tolled the Statute of Limitations.**

21.     The allegations contained in Paragraph 21 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 22 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

23.     The allegations contained in Paragraph 23 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 23 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

24.     The allegations contained in Paragraph 24 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 24 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1   25.   The allegations contained in Paragraph 25 of the Complaint set forth conclusions of
2   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic
3   Defendants deny the allegations contained in Paragraph 25 of the Complaint as they relate to the
4   Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of
5   the remaining allegations.

6   26.   The Panasonic Defendants lack knowledge or information sufficient to form a belief
7   as to the truth of the allegations contained in Paragraph 26 of the Complaint.

8   27.   The allegations contained in Paragraph 27 of the Complaint set forth conclusions of
9   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic
10  Defendants deny the allegations contained in Paragraph 27 of the Complaint as they relate to the
11  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of
12  the remaining allegations.  To the extent that Paragraph 27 of the Complaint purports to quote or
13  describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a
14  description of that document, which speaks for itself.

15  28.   The Panasonic Defendants deny the allegations contained in Paragraph 28 of the
16  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient
17  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 28 of the
18  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer
19  Plaintiffs to that document for a description of that document, which speaks for itself.

20  29.   The allegations contained in Paragraph 29 of the Complaint set forth conclusions of
21  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic
22  Defendants deny the allegations contained in Paragraph 29 of the Complaint as they relate to the
23  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of
24  the remaining allegations.  To the extent that Paragraph 29 of the Complaint purports to quote or
25  describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a
26  description of that document, which speaks for itself.

27

28

30.     The allegations contained in Paragraph 30 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 30 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

31.     The allegations contained in Paragraph 31 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 31 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32.     The allegations contained in Paragraph 32 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 32 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33.     The allegations contained in Paragraph 33 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 33 of the Complaint.

**IV.     JURISDICTION AND VENUE**

34.     The allegations contained in Paragraph 34 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action as described in Paragraph 34 of the Complaint.  Except as expressly acknowledged, the Panasonic Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 35 of the Complaint.

8

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPS'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.:  3:15-CV-03820-JD

36.     The allegations contained in Paragraph 36 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, PNA admits that it transacts business in this District.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 36 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

37.     The allegations contained in Paragraph 37 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, PNA admits that it transacts business in this District.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 37 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

38.     The allegations contained in Paragraph 38 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 38 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39.     The allegations contained in Paragraph 39 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 39 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

40.     The allegations contained in Paragraph 40 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 40 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

41.     The allegations contained in Paragraph 41 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 41 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

42.     The allegations contained in Paragraph 42 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 42 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## V.    **INTRADISTRICT ASSIGNMENT**

43.     The allegations contained in Paragraph 43 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## VI.   **PARTIES**

### A.    **Indirect Purchaser Plaintiffs**

44.     The allegations contained in Paragraph 44 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Microsystems Development Technologies, Inc. suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint.

45.     The allegations contained in Paragraph 45 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Nebraska Dynamics, Inc. suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Complaint.

10

46.     The allegations contained in Paragraph 46 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff MakersLED LLC suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint.

47.     The allegations contained in Paragraph 47 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Linkitz Systems, Inc. suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Top Floor Home Improvements suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint.

49.     The allegations contained in Paragraph 49 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Angstrom, Inc. suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint.

50.     The allegations contained in Paragraph 50 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff In Home Tech Solutions, Inc. suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiff Anthony Sakal suffered injury as a result of the conduct alleged in the Complaint.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint.

**B.     Defendants**

52.     Panasonic Corp. admits that it is a Japanese corporation with its principal place of business located at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, and that Panasonic Corp. and/or its subsidiaries manufactured and sold certain fixed resistors and ceramic-based trimmer potentiometers during at least some portion of the purported class period.  Except as expressly admitted, the Panasonic Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.     PNA admits that it is a Delaware corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey 07102, and that PNA sold certain fixed resistors and ceramic-based trimmer potentiometers, manufactured by business units, subsidiaries, agents, or affiliates of Panasonic Corp., to purchasers in the United States during at least some portion of the purported class period.  The Panasonic Defendants acknowledge that the Complaint purports to define "Panasonic" as set forth in in Paragraph 53 of the Complaint.  The Panasonic Defendants dispute the propriety of this definition as it conflates separate and distinct entities, which is confusing; therefore, the Panasonic Defendants do not adopt the definition set forth in Paragraph 53 of the Complaint for the purpose of their Answer.  Except as expressly admitted, the Panasonic Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.     The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.  The Panasonic Defendants acknowledge that the Complaint purports to define "KOA" as set forth in Paragraph 55

12

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPs'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.: 3:15-CV-03820-JD

of the Complaint.  The Panasonic Defendants dispute the propriety of that definition as it conflates separate and distinct entities, which is confusing and misleading; therefore, the Panasonic Defendants do not adopt the definition set forth in Paragraph 55 of the Complaint for purposes of their Answer.

56.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.  The Panasonic Defendants acknowledge that the Complaint purports to define "ROHM" as set forth in Paragraph 57 of the Complaint.  The Panasonic Defendants dispute the propriety of that definition as it conflates separate and distinct entities, which is confusing and misleading; therefore, the Panasonic Defendants do not adopt the definition set forth in Paragraph 57 of the Complaint for purposes of their Answer.

58.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.  The Panasonic Defendants acknowledge that the Complaint purports to define "HDK" as set forth in Paragraph 59 of the Complaint.  The Panasonic Defendants dispute the propriety of that definition as it conflates separate and distinct entities, which is confusing and misleading; therefore, the Panasonic Defendants do not adopt the definition set forth in Paragraph 59 of the Complaint for purposes of their Answer.

60.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.  The Panasonic Defendants acknowledge that the Complaint purports to define "Kamaya" as set forth in Paragraph

13

61 of the Complaint.   The Panasonic Defendants dispute the propriety of that definition as it conflates separate and distinct entities, which is confusing and misleading; therefore, the Panasonic Defendants do not adopt the definition set forth in Paragraph 61 of the Complaint for purposes of their Answer.

## VII.   AGENTS AND CO-CONSPIRATORS

62.   The allegations contained in Paragraph 62 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 62 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

63.   The allegations contained in Paragraph 63 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 63 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

64.   The allegations contained in Paragraph 64 of the Complaint set forth conclusions of law to which no responsive pleading is required.   To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 64 of the Complaint.

## VIII.   FACTUAL ALLEGATIONS

### A.   The Characteristics of the Resistors Market Render Collusion Plausible

65.   The allegations contained in Paragraph 65 of the Complaint set forth conclusions of law to which no responsive pleading is required.   The Panasonic Defendants further state that the allegations contained in Paragraph 65 of the Complaint are a matter of expert opinion.   To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 65 of the Complaint.

### 1.    The Resistors Industry Has High Barriers to Entry

66.    The allegations contained in Paragraph 66 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 66 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    The allegations contained in Paragraph 67 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 67 of the Complaint are a matter of expert opinion.  To the extent the allegations purport to quote from or describe the contents of a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint.

68.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 68 of the Complaint are a matter of expert opinion.

69.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 69 of the Complaint are a matter of expert opinion.

### 2.    The Demand for Resistors Is Inelastic.

70.    The allegations contained in Paragraph 70 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 70 of the Complaint are a matter of expert opinion.  To the extent

1   a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a

2   belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

3       71.    The allegations contained in Paragraph 71 of the Complaint set forth conclusions of

4   law to which no responsive pleading is required.  The Panasonic Defendants further state that the

5   allegations contained in Paragraph 71 of the Complaint are a matter of expert opinion.  To the extent

6   a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a

7   belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

8       72.    The allegations contained in Paragraph 72 of the Complaint set forth conclusions of

9   law to which no responsive pleading is required.  The Panasonic Defendants further state that the

10  allegations contained in Paragraph 72 of the Complaint are a matter of expert opinion.  To the extent

11  a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a

12  belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

13      73.    The allegations contained in Paragraph 73 of the Complaint set forth conclusions of

14  law to which no responsive pleading is required.  The Panasonic Defendants further state that the

15  allegations contained in Paragraph 73 of the Complaint are a matter of expert opinion.  To the extent

16  a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a

17  belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

18          **3.    The Resistors Industry Is Highly Concentrated.**

19      74.    The allegations contained in Paragraph 74 of the Complaint set forth conclusions of

20  law to which no responsive pleading is required.  The Panasonic Defendants further state that the

21  allegations contained in Paragraph 74 of the Complaint are a matter of expert opinion.  To the extent

22  a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a

23  belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

24      75.    The allegations contained in Paragraph 75 of the Complaint set forth conclusions of

25  law to which no responsive pleading is required.  The Panasonic Defendants further state that the

26  allegations contained in Paragraph 75 of the Complaint are a matter of expert opinion.  To the extent

27

28

a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     The allegations contained in Paragraph 76 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 76 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 76 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

77.     The allegations contained in Paragraph 77 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 77 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 77 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 4.     Resistors Are Homogenous and Commoditized Products.

78.     The allegations contained in Paragraph 78 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 78 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     Panasonic Corp. admits that it maintained product catalogues which listed certain fixed resistors and ceramic-based trimmer potentiometers among its products during at least some portion of the purported class period.  The Panasonic Defendants further state that the allegations contained in Paragraph 79 of the Complaint are a matter of expert opinion.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

17

80.     The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 80 of the Complaint are a matter of expert opinion.

81.     The Panasonic Defendants admit that there are multiple types of resistors and that resistors are used in a range of products.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 81 of the Complaint are a matter of expert opinion.

### 5.     Sales of Resistors

82.     The Panasonic Defendants admit that some portion of its fixed resistor and ceramic-based trimmer potentiometer products are sold to OEM and EMS customers, and that some portion of its fixed resistor and ceramic-based trimmer potentiometer products are sold to distributors.  The Panasonic Defendants further state that the allegations contained in Paragraph 82 of the Complaint are a matter of expert opinion.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     The Panasonic Defendants admit that resistors are used in a range of products. Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 83 of the Complaint are a matter of expert opinion.

84.     To the extent the allegations contained in Paragraph 84 of the Complaint purport to quote from or characterize the contents of a publicly available database, the database speaks for itself and the Panasonic Defendants refer to that database for a full and accurate rendition of its contents.  The Panasonic Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.  The Panasonic Defendants further state that the allegations contained in Paragraph 85 of the Complaint are a matter of expert opinion.

86.     The allegations contained in Paragraph 86 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 86 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

**B.      Opportunities in the Industry to Conspire**

**1.      Defendants Have Ample Opportunities to Conspire.**

87.     The allegations contained in Paragraph 87 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants admit that they are members of certain trade associations.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 87 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

88.     The Panasonic Defendants deny the allegations contained in Paragraph 88 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

89.     The allegations contained in Paragraph 89 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 89 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

90.     The allegations contained in Paragraph 90 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

1  Defendants deny the allegations contained in Paragraph 90 of the Complaint as they relate to the

2  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

3  the remaining allegations.

4  91.  The allegations contained in Paragraph 91 of the Complaint set forth conclusions of

5  law to which no responsive pleading is required.  To the extent a response is required, Panasonic

6  Corp. admits that it was a member of the Japan Electronics and Information Technology Industries

7  Association during at least some portion of the purported class period.  Except as expressly admitted,

8  the Panasonic Defendants deny the allegations contained in Paragraph 91 of the Complaint as they

9  relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as

10  to the truth of the remaining allegations.

11  92.  The Panasonic Defendants deny the allegations contained in Paragraph 92 of the

12  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

13  to form a belief as to the truth of the remaining allegations.

14  93.  The Panasonic Defendants deny the allegations contained in Paragraph 93 of the

15  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

16  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 93 of the

17  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer

18  Plaintiffs to that document for a description of that document, which speaks for itself.

19  94.  The Panasonic Defendants deny the allegations contained in Paragraph 94 of the

20  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

21  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 94 of the

22  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer

23  Plaintiffs to that document for a description of that document, which speaks for itself.

24  95.  Panasonic Corp. admits that certain employees of Panasonic Corp. attended a JEITA

25  Committee meeting in May of 2007.  Except as expressly admitted, the Panasonic Defendants deny

26  the allegations contained in Paragraph 95 of the Complaint and its associated footnote as they relate

27  to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the

28

truth of the remaining allegations.  To the extent that Paragraph 95 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

96.     Panasonic Corp. admits that an employee of Panasonic Corp. met with certain employees of Hokuriku Electric Industry Co., KOA Corporation, ROHM Co., Ltd., and Kamaya Electric Co., Ltd. on November 30, 2007.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 96 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 96 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

97.     The Panasonic Defendants deny the allegations contained in Paragraph 97 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 97 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

98.     The Panasonic Defendants deny the allegations contained in Paragraph 98 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 98 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

99.     The Panasonic Defendants deny the allegations contained in Paragraph 99 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 99 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

1   100.   The Panasonic Defendants deny the allegations contained in Paragraph 100 of the

2   Complaint.

3   101.   The Panasonic Defendants lack knowledge or information sufficient to form a belief

4   as to the truth of the allegations contained in Paragraph 101 of the Complaint.  To the extent that

5   Paragraph 101 of the Complaint purports to describe a particular document, the Panasonic

6   Defendants refer Plaintiffs to that document for a description of that document, which speaks for

7   itself.

8   102.   The Panasonic Defendants deny the allegations contained in Paragraph 102 of the

9   Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

10  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 102 of the

11  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

12  that document for a description of that document, which speaks for itself.

13  103.   The Panasonic Defendants deny the allegations contained in Paragraph 103 of the

14  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

15  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 103 of the

16  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

17  that document for a description of that document, which speaks for itself.

18  104.   The Panasonic Defendants deny the allegations contained in Paragraph 104 of the

19  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

20  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 104 of the

21  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

22  that document for a description of that document, which speaks for itself.

23  105.   The Panasonic Defendants lack knowledge or information sufficient to form a belief

24  as to the truth of the allegations contained in Paragraph 105 of the Complaint.  To the extent that

25  Paragraph 105 of the Complaint purports to describe a particular document, the Panasonic

26  Defendants refer Plaintiffs to that document for a description of that document, which speaks for

27  itself.

28

106.    The Panasonic Defendants deny the allegations contained in Paragraph 106 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 106 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

107.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.  To the extent that Paragraph 107 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

108.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.  To the extent that Paragraph 108 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

109.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.  To the extent that Paragraph 109 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

110.    The allegations contained in Paragraph 110 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.  To the extent that Paragraph 110 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

111.    The allegations contained in Paragraph 111 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.  To the extent that Paragraph 111 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

112.    The allegations contained in Paragraph 112 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, Panasonic Corp. admits that certain employees of Panasonic Corp. attended certain JEITA meetings during at least some portion of the relevant time period.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 112 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 1.    Resistor Manufacturers Had Relationships in Other Price-Fixed Markets.

113.    Panasonic Corp. admits that Panasonic Corp. and/or its subsidiaries manufactured certain lithium ion batteries, capacitors, and optical disk drives during at least some portion of the relevant time period.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 113 as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### C.    Defendants Had a Common Motive to Conspire

114.    The allegations contained in Paragraph 114 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 114 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 114 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

24

### D.   **Indirect Purchasers Of Resistors Lacked Buying Power.**

115.   The allegations contained in Paragraph 115 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 115 of the Complaint are a matter of expert opinion.  The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.   The Panasonic Defendants admit that they sold certain fixed resistors and ceramic-based trimmer potentiometers during at least some portion of the purported class period to various customers.  Except as expressly admitted, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.   The allegations contained in Paragraph 117 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 117 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 117 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

118.   The allegations contained in Paragraph 118 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 118 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 118 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

119.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint.

**E.      Defendants Colluded To Keep The Price Of Resistors Elevated During The Class Period.**

120.      The allegations contained in Paragraph 120 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 120 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

121.      The allegations contained in Paragraph 121 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 121 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**1.      Illustrative Examples of Defendants' Conspiratorial Conduct**

122.      The Panasonic Defendants repeat and incorporate by reference their responses to each of the preceding paragraphs of the Complaint with the same force and effect as if fully set forth herein.

123.      The Panasonic Defendants deny the allegations contained in Paragraph 123 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

124.      The Panasonic Defendants deny the allegations contained in Paragraph 124 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 124 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

125.      The Panasonic Defendants deny the allegations contained in Paragraph 125 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

126.     The Panasonic Defendants deny the allegations contained in Paragraph 126 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

127.     The Panasonic Defendants deny the allegations contained in Paragraph 127 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 127 purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

128.     The Panasonic Defendants deny the allegations contained in Paragraph 128 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 128 purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

129.     The Panasonic Defendants deny the allegations contained in Paragraph 129 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

130.     The Panasonic Defendants deny the allegations contained in Paragraph 130 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 130 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

131.     The Panasonic Defendants deny the allegations contained in Paragraph 131 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 131 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

1    132.    The Panasonic Defendants deny the allegations contained in Paragraph 132 of the

2  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

3  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 132 of the

4  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer

5  Plaintiffs to that document for a description of that document, which speaks for itself.

6    133.    The Panasonic Defendants deny the allegations contained in Paragraph 133 of the

7  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

8  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 133 of the

9  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

10  that document for a description of that document, which speaks for itself.

11    134.    The Panasonic Defendants deny the allegations contained in Paragraph 134 of the

12  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

13  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 134 of the

14  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

15  that document for a description of that document, which speaks for itself.

16    135.    The Panasonic Defendants deny the allegations contained in Paragraph 135 of the

17  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

18  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 135 of the

19  Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to

20  that document for a description of that document, which speaks for itself.

21    136.    The Panasonic Defendants deny the allegations contained in Paragraph 136 of the

22  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

23  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 136 of the

24  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer

25  Plaintiffs to that document for a description of that document, which speaks for itself.

26    137.    The Panasonic Defendants deny the allegations contained in Paragraph 137 of the

27  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

28

to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 137 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

138.    The Panasonic Defendants deny the allegations contained in Paragraph 138 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 138 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

139.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.  To the extent that Paragraph 139 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

140.    The Panasonic Defendants deny the allegations contained in Paragraph 140 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 140 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

141.    The Panasonic Defendants deny the allegations contained in Paragraph 141 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 141 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

142.    The allegations contained in Paragraph 142 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.  To the extent that Paragraph 142 of the Complaint

29

purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

143.    The Panasonic Defendants deny the allegations contained in Paragraph 143 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 143 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

144.    The allegations contained in Paragraph 144 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 144 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 144 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

145.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.    The Panasonic Defendants deny the allegations contained in Paragraph 147 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 147 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

148.    The allegations contained in Paragraph 148 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.  To the extent that Paragraph 148 of the Complaint

30

1   purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that

2   document for a description of that document, which speaks for itself.

3        149.   The allegations contained in Paragraph 149 of the Complaint set forth conclusions of

4   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

5   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

6   contained in Paragraph 149 of the Complaint.  To the extent that Paragraph 149 of the Complaint

7   purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that

8   document for a description of that document, which speaks for itself.

9        **F.   Defendants Utilized "R Meetings" to Further their Conspiracy.**

10       150.   The allegations contained in Paragraph 150 of the Complaint set forth conclusions of

11  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

12  Defendants deny the allegations contained in Paragraph 150 of the Complaint as they relate to the

13  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

14  the remaining allegations.

15       151.   The Panasonic Defendants deny the allegations contained in Paragraph 151 of the

16  Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

17  to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 151 of the

18  Complaint purports to quote or describe a particular document, the Panasonic Defendants refer

19  Plaintiffs to that document for a description of that document, which speaks for itself.

20       152.   The Panasonic Defendants lack knowledge or information sufficient to form a belief

21  as to the truth of the allegations contained in Paragraph 152 of the Complaint.

22       **G.   Defendants Conspiratorial Meetings and Efforts Occurred Outside Japan and
         Took Many Forms.**

23

24       153.   The allegations contained in Paragraph 153 of the Complaint set forth conclusions of

25  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

26  Defendants deny the allegations contained in Paragraph 153 of the Complaint as they relate to the

27

28

Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

154.    The allegations contained in Paragraph 154 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 154 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

155.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint.  To the extent that Paragraph 155 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

156.    The allegations contained in Paragraph 156 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 156 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 156 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

157.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint.  To the extent that Paragraph 157 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

158.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint.  To the extent that Paragraph 158 of the Complaint purports to quote or describe a particular document, the Panasonic

1  Defendants refer Plaintiffs to that document for a description of that document, which speaks for

2  itself.

3       159.    The Panasonic Defendants lack knowledge or information sufficient to form a belief

4  as to the truth of the allegations contained in Paragraph 159 of the Complaint.  To the extent that

5  Paragraph 159 of the Complaint purports to quote or describe a particular document, the Panasonic

6  Defendants refer Plaintiffs to that document for a description of that document, which speaks for

7  itself.

8       160.    The allegations contained in Paragraph 160 of the Complaint set forth conclusions of

9  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

10  Defendants deny the allegations contained in Paragraph 160 of the Complaint as they relate to the

11  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

12  the remaining allegations.

13       161.    The allegations contained in Paragraph 161 of the Complaint set forth conclusions of

14  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

15  Defendants deny the allegations contained in Paragraph 161 of the Complaint as they relate to the

16  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

17  the remaining allegations.  To the extent that Paragraph 161 of the Complaint purports to quote or

18  describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a

19  description of that document, which speaks for itself.

20       162.    The Panasonic Defendants lack knowledge or information sufficient to form a belief

21  as to the truth of the allegations contained in Paragraph 162 of the Complaint.  To the extent that

22  Paragraph 162 of the Complaint purports to quote or describe a particular document, the Panasonic

23  Defendants refer Plaintiffs to that document for a description of that document, which speaks for

24  itself.

25       163.    The Panasonic Defendants lack knowledge or information sufficient to form a belief

26  as to the truth of the allegations contained in Paragraph 163 of the Complaint.  To the extent that

27  Paragraph 163 of the Complaint purports to quote or describe a particular document, the Panasonic

28

Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

164.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Complaint.  To the extent that Paragraph 164 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

165.    The Panasonic Defendants deny the allegations contained in Paragraph 165 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 165 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

166.    The Panasonic Defendants deny the allegations contained in Paragraph 166 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

167.    The Panasonic Defendants deny the allegations contained in Paragraph 167 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 167 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

168.    The Panasonic Defendants deny the allegations contained in Paragraph 168 of the Complaint and its associated footnote as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

169.    The Panasonic Defendants deny the allegations contained in Paragraph 169 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 169 of the

Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

170.   The Panasonic Defendants deny the allegations contained in Paragraph 170 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 170 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

171.   The Panasonic Defendants deny the allegations contained in Paragraph 171 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 171 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

172.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint.  To the extent that Paragraph 172 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

173.   The allegations contained in Paragraph 173 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 173 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 173 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

174.   The allegations contained in Paragraph 174 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 174 of the Complaint as they relate to the

35

Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that Paragraph 174 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

### 2. Illustrative Examples of U.S. Subsidiaries Engaging in Conspiratorial Conduct

175. The allegations contained in Paragraph 175 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 175 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

176. The allegations contained in Paragraph 176 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 176 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that Paragraph 176 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

177. The allegations contained in Paragraph 177 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 177 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that Paragraph 177 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

178. The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint. To the extent that

36

Paragraph 178 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

179.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint.  To the extent that Paragraph 179 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

180.    The allegations contained in Paragraph 180 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 180 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**H.      Defendants' Corporate Families Acted as Single Enterprises; Defendant Parent Companies Exercised Substantial Control over Their U.S. Subsidiaries.**

181.    The allegations contained in Paragraph 181 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 181 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

182.    The allegations contained in Paragraph 182 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 182 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

183.    The allegations contained in Paragraph 183 of the Complaint and its associated footnote set forth conclusions of law to which no responsive pleading is required.  To the extent a

1   response is required, the Panasonic Defendants deny the allegations contained in Paragraph 183 of

2   the Complaint and its associated footnote as they relate to the Panasonic Defendants and lack

3   knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

4        184.    The allegations contained in Paragraph 184 of the Complaint and its associated

5   footnote set forth conclusions of law to which no responsive pleading is required.  To the extent a

6   response is required, the Panasonic Defendants deny the allegations contained in Paragraph 184 of

7   the Complaint and its associated footnote as they relate to the Panasonic Defendants and lack

8   knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9        185.    The allegations contained in Paragraph 185 of the Complaint set forth conclusions of

10  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

11  Defendants deny the allegations contained in Paragraph 185 of the Complaint as they relate to the

12  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

13  the remaining allegations.

14       **1.    Defendants' High-Level Employees Organized the Conspiracies and**
         **Their Subordinate Employees—Including Those of Their U.S.**
15       **Subsidiaries—Executed the Conspiracies.**

16       186.    The allegations contained in Paragraph 186 of the Complaint set forth conclusions of

17  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

18  Defendants deny the allegations contained in Paragraph 186 of the Complaint as they relate to the

19  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

20  the remaining allegations.

21       187.    The allegations contained in Paragraph 187 of the Complaint set forth conclusions of

22  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

23  Defendants deny the allegations contained in Paragraph 187 of the Complaint as they relate to the

24  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

25  the remaining allegations.

26       188.    The allegations contained in Paragraph 188 of the Complaint set forth conclusions of

27  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

28
38

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPS'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.:  3:15-CV-03820-JD

Defendants deny the allegations contained in Paragraph 188 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

189.    The Panasonic Defendants deny the allegations contained in Paragraph 189 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

190.    The allegations contained in Paragraph 190 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 190 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

191.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint.  To the extent that Paragraph 191 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

192.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.  To the extent that Paragraph 192 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

193.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint and its associated footnote.  To the extent that Paragraph 193 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

194.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint.  To the extent that Paragraph 194 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

195.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 of the Complaint.

196.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint.  To the extent that Paragraph 196 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

197.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Complaint.

198.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

199.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.  To the extent that Paragraph 199 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

200.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.    The Panasonic Defendants deny the allegations contained in Paragraph 202 of the Complaint.  To the extent that Paragraph 202 purports to quote or describe a particular document, the

Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

203.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.  To the extent that Paragraph 203 of the Complaint purports to describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

204.   The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

**2.   Defendants' Representatives who Attended Conspiratorial Meetings and Engaged in Collusive Conduct Participated in Discussions on Behalf of Entire Corporate Families and Failed to Distinguish Between Corporate Entities in the Same Corporate Family.**

205.   The allegations contained in Paragraph 205 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 205 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 205 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

206.   The Panasonic Defendants deny the allegations contained in Paragraph 206 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that Paragraph 206 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

207.   The Panasonic Defendants deny the allegations contained in Paragraph 207 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that Paragraph 207 of the

41

Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

208.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 208 of the Complaint.  To the extent that Paragraph 208 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

209.    The allegations contained in Paragraph 209 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 209 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### 3.    Each Defendant Parent Company, Along With Its U.S. Subsidiary, Hold Themselves Out as a Single Integrated Enterprise.

#### (a)    HDK Corporate Family

210.    The allegations contained in Paragraph 210 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210 of the Complaint.

211.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 211 of the Complaint.

#### (b)    Kamaya Corporate Family

212.    The allegations contained in Paragraph 212 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint.

213.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 213 of the Complaint.

214.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Complaint.

### (c)    KOA Corporate Family

215.    The allegations contained in Paragraph 215 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the Complaint.

216.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint.

217.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint.

### (d)    ROHM Corporate Family

218.    The allegations contained in Paragraph 218 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 218 of the Complaint.

219.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 219 of the Complaint.

220.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Complaint.

221.    The Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Complaint.

### (e)    Panasonic Corporate Family

222.    The allegations contained in Paragraph 222 of the Complaint and its associated footnotes set forth conclusions of law to which no responsive pleading is required.  To the extent a

43

1    response is required, the Panasonic Defendants deny the allegations contained in Paragraph 222 of

2    the Complaint and its associated footnotes.  To the extent that Paragraph 222 purports to quote or

3    describe a public document, the Panasonic Defendants refer Plaintiffs to that document for a full and

4    accurate rendition of its contents.

5        223.    Panasonic Corp. admits that Thomas Gebhart is an Executive Officer of Panasonic

6    Corp.  To the extent that Paragraph 223 of the Complaint purports to quote or describe a public

7    document, the Panasonic Defendants refer Plaintiffs to that document for a full and accurate

8    rendition of its contents..  Except as expressly admitted, the Panasonic Defendants deny the

9    allegations contained in Paragraph 223 of the Complaint and its associated footnotes.

10       224.    The Panasonic Defendants deny the allegations contained in Paragraph 224 of the

11   Complaint.  To the extent that Paragraph 224 purports to quote or describe a public document, the

12   Panasonic Defendants refer Plaintiffs to that document for a full and accurate rendition of its

13   contents..

14       225.    PNA admits that PNA sold certain fixed resistors and ceramic-based trimmer

15   potentiometers manufactured by business units, subsidiaries, agents, or affiliates of Panasonic Corp.

16   in the United States for at least some portion of the Class Period.  PNA further admits that PNA did

17   not manufacture fixed resistors and ceramic-based trimmer potentiometers during the purported class

18   period.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in

19   Paragraph 225 of the Complaint.

20           **4.      The Nature of the Resistor Industry Required Foreign Companies Named
                      As Defendants Herein to Use Their U.S. Subsidiaries As Sales Arms for
21                    Price-Fixed Resistors.**

22       226.    The Panasonic Defendants deny the allegations contained in Paragraph 226 of the

23   Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient

24   to form a belief as to the truth of the remaining allegations.

25       227.    The allegations contained in Paragraph 227 of the Complaint set forth conclusions of

26   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

27   Defendants deny the allegations contained in Paragraph 227 of the Complaint as they relate to the

28

1   Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

2   the remaining allegations.

3   **IX.     ANTITRUST INJURY**

4           228.     The allegations contained in Paragraph 228 of the Complaint set forth conclusions of

5   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

6   Defendants deny the allegations contained in Paragraph 228 of the Complaint.  The Panasonic

7   Defendants further state that the allegations contained in Paragraph 228 of the Complaint are a

8   matter of expert opinion.

9           229.     The allegations contained in Paragraph 229 of the Complaint set forth conclusions of

10  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

11  Defendants deny the allegations contained in Paragraph 229 of the Complaint.  The Panasonic

12  Defendants further state that the allegations contained in Paragraph 229 of the Complaint are a

13  matter of expert opinion.

14          230.     The allegations contained in Paragraph 230 of the Complaint set forth conclusions of

15  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

16  Defendants deny the allegations contained in Paragraph 230 of the Complaint.  The Panasonic

17  Defendants further state that the allegations contained in Paragraph 230 of the Complaint are a

18  matter of expert opinion.

19  **X.      AFFECTED TRADE AND COMMERCE**

20          231.     The allegations contained in Paragraph 231 of the Complaint set forth conclusions of

21  law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

22  Defendants deny the allegations contained in Paragraph 231 of the Complaint as they relate to the

23  Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

24  the remaining allegations.  The Panasonic Defendants further state that the allegations contained in

25  Paragraph 231 of the Complaint are a matter of expert opinion.

26          232.     The allegations contained in Paragraph 232 of the Complaint set forth conclusions of

27  law to which no responsive pleading is required.  To the extent a response is required, PNA admits

28

that it sold certain fixed resistors and ceramic-based trimmer potentiometers in the United States for at least some portion of the Class Period.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 232 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

233.   The allegations contained in Paragraph 233 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 233 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The Panasonic Defendants further state that the allegations contained in Paragraph 233 of the Complaint are a matter of expert opinion.

**A.     Defendants' Conduct Involved Import Trade or Import Commerce and Had a Direct, Substantial and Reasonably Foreseeable Effect on U.S. Domestic and Import Trade or Commerce that Gave Rise to Plaintiffs' Antitrust Claims**

234.   The allegations contained in Paragraph 234 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 234 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The Panasonic Defendants further state that the allegations contained in Paragraph 234 of the Complaint are a matter of expert opinion.

235.   The Panasonic Defendants deny the allegations contained in Paragraph 235 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The Panasonic Defendants further state that the allegations contained in Paragraph 235 of the Complaint are a matter of expert opinion.

236.   The allegations contained in Paragraph 236 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 236 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

46

the remaining allegations.  The Panasonic Defendants further state that the allegations contained in Paragraph 236 of the Complaint are a matter of expert opinion.

237.    Panasonic Corp. admits that Panasonic Corp. shipped certain fixed resistors and ceramic-based trimmer potentiometers into the United States during at least some portion of the purported class period.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 237 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

238.    The allegations contained in Paragraph 238 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 238 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

239.    The allegations contained in Paragraph 239 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 239 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

240.    The allegations contained in Paragraph 240 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 240 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The Panasonic Defendants further state that the allegations contained in Paragraph 240 of the Complaint are a matter of expert opinion.

241.    The allegations contained in Paragraph 241 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 241 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

47

1    the remaining allegations.  The Panasonic Defendants further state that the allegations contained in

2    Paragraph 241 of the Complaint are a matter of expert opinion.

3        **B.    The Defendants Targeted the United States**

4        242.    The Panasonic Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations contained in Paragraph 242 of the Complaint.

6        243.    The allegations contained in Paragraph 243 of the Complaint set forth conclusions of

7    law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

8    Defendants deny the allegations contained in Paragraph 243 of the Complaint as they relate to the

9    Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

10   the remaining allegations.

11       244.    The allegations contained in Paragraph 244 of the Complaint set forth conclusions of

12   law to which no responsive pleading is required.  The Panasonic Defendants further state that the

13   allegations contained in Paragraph 244 of the Complaint are a matter of expert opinion.  To the

14   extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph

15   244 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information

16   sufficient to form a belief as to the truth of the remaining allegations.

17       245.    The allegations contained in Paragraph 245 of the Complaint set forth conclusions of

18   law to which no responsive pleading is required.  The Panasonic Defendants further state that the

19   allegations contained in Paragraph 245 of the Complaint are a matter of expert opinion.  To the

20   extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph

21   245 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information

22   sufficient to form a belief as to the truth of the remaining allegations.

23   **XI.   CLASS ACTION ALLEGATIONS**

24       246.    The allegations contained in Paragraph 246 of the Complaint set forth conclusions of

25   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

26   Defendants acknowledge that Plaintiffs purport to bring this action on behalf of themselves and as a

27   class action seeking certain relief, but deny that there is a properly certified class as defined in

28

48

Paragraph 246 of the Complaint. The Panasonic Defendants further deny that the requirements of Federal Rule of Civil Procedure 23 can be met with respect to the putative class.

247. The allegations contained in Paragraph 247 of the Complaint and its associated footnotes set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action on behalf of itself and as a class action seeking certain relief, but deny that there is a properly certifiable class as defined in Paragraph 247 of the Complaint and its associated footnotes. The Panasonic Defendants further deny that the requirements for certification of a class under the law of any state can be met with respect to the putative class.

248. The allegations contained in Paragraph 248 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action on behalf of itself and as a class action seeking certain relief, but deny that there is a properly certifiable class as defined in Paragraph 248 of the Complaint. The Panasonic Defendants further deny that the requirements for certification of a class under the law of any state can be met with respect to the putative class.

249. The Panasonic Defendants acknowledge that Plaintiffs purport to bring this action as a putative class action as defined in Paragraph 249 of the Complaint, but deny that there is a properly certifiable class as defined in Paragraph 249 of the Complaint.

250. The allegations contained in Paragraph 250 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250 of the Complaint.

251. The allegations contained in Paragraph 251 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 251 of the Complaint and its subparts.

252.    The allegations contained in Paragraph 252 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 252 of the Complaint.

253.    The allegations contained in Paragraph 253 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 253 of the Complaint.

254.    The allegations contained in Paragraph 254 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 254 of the Complaint.

255.    The allegations contained in Paragraph 255 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the Complaint.

256.    The allegations contained in Paragraph 256 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the Complaint.

257.    The Panasonic Defendants acknowledge that Plaintiffs purport to bring this action on behalf of themselves and as a class action seeking certain relief, but deny that there is a properly certifiable class as defined in Paragraph 257 of the Complaint.  The Panasonic Defendants further deny that the requirements of Federal Rule of Civil Procedure 23 can be met with respect to the putative class.

## XII.    GUILTY PLEAS IN PRIOR CASES

258.    Panasonic Corp. admits that Panasonic Corp. manufactured certain fixed resistors and ceramic-based trimmer potentiometers during at least some portion of the purported class period.

Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259.   Panasonic Corp. admits that Panasonic Corp. entered into a plea agreement concerning certain refrigerant compressors.  The Panasonic Defendants refer Plaintiffs to that plea agreement for a full and accurate rendition of its contents.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260.   Panasonic Corp. admits that Panasonic Corp. entered into a plea agreement concerning certain automotive switches, steering angle sensors, and high intensity discharge ballasts.  The Panasonic Defendants refer Plaintiffs to that plea agreement for a full and accurate rendition of its contents.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.   Panasonic Corp. admits that SANYO Electric Co., Ltd. entered into a plea agreement concerning certain cylindrical lithium ion battery cells.  The Panasonic Defendants refer Plaintiffs to that plea agreement for a full and accurate rendition of its contents.  Except as expressly admitted, the Panasonic Defendants deny the allegations contained in Paragraph 261 of the Complaint.

262.   The Panasonic Defendants deny the allegations contained in Paragraph 262 of the Complaint and its associated footnote.  To the extent that Paragraph 262 of the Complaint purports to quote or describe a particular document, the Panasonic Defendants refer Plaintiffs to that document for a description of that document, which speaks for itself.

263.   The allegations contained in Paragraph 263 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 263 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

51

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPs'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.: 3:15-CV-03820-JD

1

## XIII. <u>VIOLATIONS ALLEGED</u>

2

### <u>FIRST CLAIM FOR RELIEF</u>
### (Violations of Sherman Act, 15 U.S.C. § 1)
### (On Behalf of All Plaintiffs Against All Defendants)

3

4

264.     The Panasonic Defendants repeat and incorporate by reference their responses to each

5

of the preceding Paragraphs of the Complaint with the same force and effect as if fully set forth

6

herein.

7

265.     The allegations contained in Paragraph 265 of the Complaint set forth conclusions of

8

law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

9

Defendants deny the allegations contained in Paragraph 265 of the Complaint as they relate to the

10

Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

11

the remaining allegations.

12

266.     The allegations contained in Paragraph 266 of the Complaint set forth conclusions of

13

law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

14

Defendants deny the allegations contained in Paragraph 266 of the Complaint as they relate to the

15

Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

16

the remaining allegations.

17

267.     The allegations contained in Paragraph 267 of the Complaint set forth conclusions of

18

law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

19

Defendants deny the allegations contained in Paragraph 267 of the Complaint as they relate to the

20

Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

21

the remaining allegations.

22

268.     The allegations contained in Paragraph 268 of the Complaint set forth conclusions of

23

law to which no responsive pleading is required.  The Panasonic Defendants further state that the

24

allegations contained in Paragraph 268 of the Complaint are a matter of expert opinion.  To the

25

extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph

26

268 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information

27

sufficient to form a belief as to the truth of the remaining allegations.

28

269.     The allegations contained in Paragraph 269 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 269 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

270.     The allegations contained in Paragraph 270 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 270 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

271.     The allegations contained in Paragraph 271 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 271 of the Complaint are a matter of expert opinion.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 271 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

272.     The allegations contained in Paragraph 272 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273.     The allegations contained in Paragraph 273 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 273 of the Complaint.

274.     The allegations contained in Paragraph 274 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in the First Claim for Relief

53

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPS'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.:  3:15-CV-03820-JD

set forth in the Complaint, and further deny that Plaintiff and the purported classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Violations of State Antitrust and Restraint of Trade Laws)**
**(On Behalf of Plaintiffs Against All Defendants)**

275.     The Panasonic Defendants repeat and incorporate by reference their responses to each of the preceding Paragraphs of the Complaint with the same force and effect as if fully set forth herein.

276.     The allegations contained in Paragraph 276 of the Complaint and its associated footnote set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action as described in Paragraph 276 of the Complaint and its associated footnote.  Except as expressly acknowledged, the Panasonic Defendants deny the allegations contained in Paragraph 276 of the Complaint and its associated footnote as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

277.     The allegations contained in Paragraph 277 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 277 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

278.     The allegations contained in Paragraph 278 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 278 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

279.     The allegations contained in Paragraph 279 of the Complaint set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 279 of the Complaint are a matter of expert opinion.  To the

54

1   extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph

2   278 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information

3   sufficient to form a belief as to the truth of the remaining allegations.

4         280.    The allegations contained in Paragraph 280 of the Complaint set forth conclusions of

5   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

6   Defendants deny the allegations contained in Paragraph 280 of the Complaint as they relate to the

7   Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of

8   the remaining allegations.

9         281.    The allegations contained in Paragraph 281 of the Complaint and its subparts set forth

10   conclusions of law to which no responsive pleading is required.  To the extent a response is required,

11   the Panasonic Defendants deny the allegations contained in Paragraph 281 of the Complaint and its

12   subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to

13   form a belief as to the truth of the remaining allegations.

14         282.    The allegations contained in Paragraph 282 of the Complaint set forth conclusions of

15   law to which no responsive pleading is required.  The Panasonic Defendants further state that the

16   allegations contained in Paragraph 282 of the Complaint are a matter of expert opinion.  To the

17   extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph

18   282 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information

19   sufficient to form a belief as to the truth of the remaining allegations.

20         283.    The allegations contained in Paragraph 283 of the Complaint set forth conclusions of

21   law to which no responsive pleading is required.  To the extent a response is required, the Panasonic

22   Defendants acknowledge that Plaintiffs purport to bring this action as described in Paragraph 283 of

23   the Complaint.  Except as expressly acknowledged, the Panasonic Defendants deny the allegations

24   contained in Paragraph 283 of the Complaint.

25         284.    The allegations contained in Paragraph 284 of the Complaint and its subparts set forth

26   conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further

27   state that the allegations contained in Paragraph 284 of the Complaint are a matter of expert opinion.

28

To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 284 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

285.    The allegations contained in Paragraph 285 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 285 of the Complaint are a matter of expert opinion. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 285 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

286.    The allegations contained in Paragraph 286 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 286 of the Complaint are a matter of expert opinion. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 286 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

287.    The allegations contained in Paragraph 287 of the Complaint and it subparts set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 287 of the Complaint are a matter of expert opinion. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 287 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

288.    The allegations contained in Paragraph 288 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 288 of the Complaint are a matter of expert opinion. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 288 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

289.    The allegations contained in Paragraph 289 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  The Panasonic Defendants further state that the allegations contained in Paragraph 289 of the Complaint are a matter of expert opinion. To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 289 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### THIRD CLAIM FOR RELIEF
**(Violations of State Consumer Protection and Unfair Competition Laws)**
**(On Behalf of All Plaintiffs Against All Defendants)**

290.    The Panasonic Defendants repeat and incorporate by reference their responses to each of the preceding Paragraphs of the Complaint with the same force and effect as if fully set forth herein.

291.    The allegations contained in Paragraph 291 of the Complaint and its associated footnote set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action as described in Paragraph 291 of the Complaint.  Except as expressly acknowledged, the Panasonic Defendants deny the allegations contained in Paragraph 291 of the Complaint and its associated footnote.

292.    The allegations contained in Paragraph 292 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 292 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

293.    The allegations contained in Paragraph 293 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 293 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57

ANSWER OF PANASONIC CORP. AND PANASONIC CORP. OF NORTH AMERICA TO IPPS'
SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.: 3:15-CV-03820-JD

294.    The allegations contained in Paragraph 294 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 294 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

295.    The allegations contained in Paragraph 295 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 295 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

296.    The allegations contained in Paragraph 296 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 296 of the Complaint as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

297.    The allegations contained in Paragraph 297 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in Paragraph 297 of the Complaint, and further deny that Plaintiffs and the purported classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

298.    The allegations contained in Paragraph 298 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action as described in Paragraph 298 of the Complaint.  Except as expressly acknowledged, the Panasonic Defendants deny the allegations contained in Paragraph 298 of the Complaint and its subparts as they relate to the Panasonic

Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

299.   The allegations contained in Paragraph 299 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 299 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

300.   The allegations contained in Paragraph 300 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 300 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

301.   The allegations contained in Paragraph 301 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 301 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

302.   The allegations contained in Paragraph 302 of the Complaint and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 302 of the Complaint and its subparts as they relate to the Panasonic Defendants and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## XIV.   <u>REQUEST FOR RELIEF</u>

1.   The allegations contained in Paragraph 1 of the Complaint's Request for Relief set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants acknowledge that Plaintiffs purport to bring this action on behalf of themselves and as a class action seeking certain relief, but deny that there is a properly certifiable

class as defined in Paragraph 246 of the Complaint.  The Panasonic Defendants further deny that the requirements of Federal Rule of Civil Procedure 23 can be met with respect to the putative class.

2.     The allegations contained in Paragraph 2 of the Complaint's Request for Relief and its subparts set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny the allegations contained in Paragraph 2 of the Complaint's Request for Relief.

3.     The allegations contained in Paragraph 3 of the Complaint's Request for Relief set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in the Request for Relief as set forth in the Complaint, and further deny that Plaintiffs and the purported classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

4.     The allegations contained in Paragraph 4 of the Complaint's Request for Relief set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in the Request for Relief as set forth in the Complaint, and further deny that Plaintiffs and the purported classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

5.     The allegations contained in Paragraph 5 of the Complaint's Request for Relief set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in the Request for Relief as set forth in the Complaint, and further deny that Plaintiffs and the purported

classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint's Request for Relief set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the Panasonic Defendants deny that Plaintiffs and the purported classes suffered any injury or incurred any damages by any act or omission of the Panasonic Defendants as alleged in the Request for Relief as set forth in the Complaint, and further deny that Plaintiffs and the purported classes are entitled to any relief under any theory by means of the allegations set forth in the Complaint.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

(Failure to State a Claim for Relief)

Neither the Complaint nor any claim for relief asserted therein states facts sufficient to constitute a claim for relief against the Panasonic Defendants.

### SECOND DEFENSE

(Statute of Limitations)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

(Actual and Proximate Injury)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes were not actually and proximately injured in their business or property by reason of any action(s) or omission(s) of the Panasonic Defendants.

## FOURTH DEFENSE

### (No Damages)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes have suffered no injury or damage as a result of the matters alleged in the Complaint.  To the extent that Plaintiffs purportedly suffered injury or damage, which the Panasonic Defendants specifically deny, the Panasonic Defendants further contend that any such purported injury or damage was not by reason of any act or omission of the Panasonic Defendants.

## FIFTH DEFENSE

### (No Antitrust Injury)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes have failed to allege "antitrust injury" – i.e., injury that is of the type the antitrust laws were intended to remedy.

## SIXTH DEFENSE

### (Speculative Damages)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## SEVENTH DEFENSE

### (Mitigation)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes have failed to take appropriate and necessary steps to mitigate, if any, its alleged damages.

## EIGHTH DEFENSE

### (Lack of Class Status)

Plaintiffs' action is not properly maintainable as a class action.

**NINTH DEFENSE**

(Due Process)

To the extent that the claims of Plaintiffs and the purported classes would result in the Panasonic Defendants paying damages to more than one claimant for the same alleged overcharges to customers, they are barred because the multiple liability would violate rights guaranteed to the Panasonic Defendants by the United States Constitution, including, without limitation, rights guaranteed by the Due Process Clause of the Fourteenth Amendment, and by applicable state law.

**TENTH DEFENSE**

(Other/Superseding Causation)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because the damages suffered by Plaintiffs and the purported classes, if any, resulted from the acts or omissions of third parties over whom the Panasonic Defendants had no control or responsibility. The acts of such third parties constitute intervening or superseding cases of harm, if any, suffered by Plaintiffs and the purported classes.

**ELEVENTH DEFENSE**

(Unjust Enrichment)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes would be unjustly enriched if allowed to recover any part of the damages alleged in the Complaint.

**TWELTH DEFENSE**

(Adequate Remedy at Law)

The injunctive relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs and the purported classes have available an adequate remedy at law.

**THIRTEENTH DEFENSE**

(Set Off)

Without admitting that Plaintiffs and the purported classes are entitled to recover damages in this matter, the Panasonic Defendants are entitled to set off from any recovery Plaintiffs and the

purported classes may obtain against the Panasonic Defendants, any amount paid to Plaintiffs and the purported classes by any other Defendants who have settled, or do settle, the claims in this matter.

## FOURTEENTH DEFENSE

### (Failure to State a Claim for Injunctive Relief)

The injunctive relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because Plaintiffs have failed to state a claim for injunctive relief insofar as Plaintiffs and the purported classes seek to enjoin alleged events that have already transpired without the requisite showing of threatened harm or continuing harm.

## FIFTEENTH DEFENSE

### (No Unreasonable Restraint of Trade)

The relief sought by Plaintiffs and the purported classes is barred, in whole or in part, because the alleged conduct of the Panasonic Defendants did not unreasonably restrain trade in any alleged relevant market.

## SIXTEENTH DEFENSE

### (Independent, Legitimate Business and Economic Justification)

The claims brought by Plaintiffs and the purported classes are barred because the Panasonic Defendants had legitimate business and economic justifications for the conduct at issue, their conduct was pro-competitive, and their practices were and are reasonably justified.

## SEVENTEENTH DEFENSE

### (*Ultra Vires* Acts)

The claims brought by Plaintiffs and the purported classes are barred, in whole or in part, because to the extent that any actionable conduct occurred, all such conduct would have been committed by individuals acting *ultra vires*.

**EIGHTEENTH DEFENSE**

(Claims Subject to Arbitration)

On information and belief, some supply and sales agreements between one or more of the Defendants and members of the putative classes contain mandatory arbitration clauses, venue clauses, forum selection and choice of law clauses, and/or jury waivers. This Court lacks jurisdiction to adjudicate any claim pertaining to those agreements.

**NINETEENTH DEFENSE**

(Conduct Permitted by Law)

The claims brought by Plaintiffs and the purported classes are barred, in whole or in part, to the extent they are based on alleged acts, conduct, or statements that are specifically permitted by law.

**TWENTIETH DEFENSE**

(Remedies Unconstitutional, Unauthorized, or Contrary to Public Policy)

The claims brought by Plaintiffs and the purported classes should be dismissed to the extent that they are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

**TWENTY-FIRST DEFENSE**

(Competition Not Harmed)

The claims brought by Plaintiffs and the purported classes should be dismissed to the extent that they are barred, in whole or in part, because the Panasonic Defendants' actions did not lessen competition in the relevant market(s).

**TWENTY-SECOND DEFENSE**

(Injury or Damages Offset by Benefits Received)

The claims brought by Plaintiffs and the purported classes should be dismissed to the extent that they are barred, in whole or in part, because any claimed injury or damage has been offset by the benefits Plaintiffs and the purported classes received with respect to the challenged conduct.

**TWENTY-THIRD DEFENSE**

(Increased Output and Lower Prices)

The Panasonic Defendants, without admitting the existence of any contract, combination, or conspiracy in restraint of trade as alleged in the Complaint, avers, on information and belief, that the matters about which Plaintiffs complain resulted in increased output and lower prices for linear resistors.

**TWENTY-FOURTH DEFENSE**

(Multiple Recoveries)

The claims brought by Plaintiffs and the purported classes are barred to the extent they would result in the Panasonic Defendants paying damages to more than one claimant for the same alleged overcharge.

**TWENTY-FIFTH DEFENSE**

(Market Power)

The claims brought by Plaintiffs and the purported classes are barred, in whole or in part, to the extent Plaintiffs have failed to allege or prove that the Panasonic Defendants and alleged co-conspirators possessed or possess market power in any legally cognizable relevant market.

**TWENTY-SIXTH DEFENSE**

(Barred by FTAIA)

To the extent Plaintiffs and the purported classes seek relief with respect to purchases of resistors outside of the United States, such relief is barred by 15 U.S.C. § 6a.  Such purchases do not constitute import trade or commerce; nor do such purchases have a direct, substantial, and reasonably foreseeable effect on trade or commerce which is not trade or commerce with foreign nations or on import trade or commerce or give rise to a claim under the Sherman Act.

**TWENTY-SEVENTH DEFENSE**

(Estoppel and Laches)

Plaintiffs and the purported classes attempt to allege a conspiracy spanning 11 or more years that it claims resulted in paying higher prices for the products in issue, but Plaintiffs and the

66

1    purported classes allege no facts that explain or justify its delay in bringing this lawsuit. To the

2    extent Plaintiffs and the purported classes could have brought essentially the same suit years earlier,

3    Plaintiffs and the purported classes are barred from pursuing all or part of such a claim by the

4    doctrines of estoppel and laches.

5    **TWENTY-EIGHTH DEFENSE**

6    (Standing)

7    The claims brought by Plaintiffs and the purported classes are barred, in whole or in part,

8    because Plaintiffs lack standing to maintain their claims.

9    **TWENTY-NINTH DEFENSE**

10    (Improper Class Representatives)

11    The claims brought by Plaintiffs and the purported classes are barred, in whole or in part,

12    because the named Plaintiffs are not proper class representatives.

13    **THIRTIETH DEFENSE**

14    (Plaintiffs' Conduct)

15    Plaintiffs' claims are barred in whole or in part because Plaintiffs' conduct estops it from

16    asserting its claims.

17    **THIRTY-FIRST DEFENSE**

18    (Incorporation of Other Defendants' Defenses)

19    The Panasonic Defendants adopt and incorporate by reference any and all other affirmative

20    defenses asserted or to be asserted by any other defendant in this proceeding.

21    **THIRTY-SECOND DEFENSE**

22    (Reserved Right)

23    The Panasonic Defendants expressly reserve the right to plead additional affirmative

24    defenses and other defenses should any such defenses be revealed by any discovery in this case.

25

26

27

28

Dated:  April 19, 2018

Respectfully submitted,


**WINSTON & STRAWN LLP**


By:  /s/  *Jeffrey L. Kessler*


Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone:  (713) 651-2636
Facsimile:  (713) 651-2700

*Counsel for Defendants Panasonic Corporation and*
*Panasonic Corporation of North America*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018, I electronically filed with the Clerk of Court via the CM/ECF system the following document:

**ANSWER OF DEFENDANTS PANASONIC CORPORATION AND PANASONIC CORPORATION OF NORTH AMERICA TO INDIRECT PURCHASER PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Notice of this filing will be sent by email to all parties with an email address of record by operation of the Court's electronic filing system.  Parties may access the filing through the Court's CM/ECF system.

Dated:  April 19, 2018

_/s/  Brandon W. Duke_

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone:  (713) 651-2636
Facsimile:  (713) 651-2700