Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice pending*)
Daniel A. Small (*pro hac vice pending*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>ALL ACTIONS | Case No. 3:15-cv-03820-JD<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: June 7, 2018<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

Plaintiffs in the above-captioned Direct Purchaser and Indirect Purchaser actions ("Plaintiffs") and Defendants Kamaya, Inc.; Kamaya Electric Co., Ltd.; Walsin Technology Corporation; Walsin Technology Corporation USA; Hokuriku Electric Industry Co., Ltd.; HDK America, Inc.; KOA Corporation; KOA Speer Electronics, Inc.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Panasonic Corporation; and Panasonic Corporation of North America ("Defendants") respectfully submit this Joint Statement in advance of the Case Management Conference scheduled for June 7, 2018.[1]

## I. DEVELOPMENTS SINCE THE PARTIES' LAST STATUS CONFERENCE

### a. Prior Status Conference

At the April 5, 2018 status conference, this Court denied the Walsin Defendants' motions to dismiss the DPPs' Second Consolidated Amended Class Action Complaint. ECF No. 418. Additionally, in response to IPPs' request to extend this schedule, this Court "direct[ed] the parties to meet and confer on a proposed schedule" and "advise[d] the parties of its preference for a single extension of all dates in the range of 90 days, rather than multiple extension requests in smaller increments." In accordance with this Court's order, the parties have reached an agreement on a proposed schedule and intend to submit a joint stipulation and proposed order prior to the June 7, 2018 status conference.

### b. Discovery Status

The parties have been continuing to meet and confer regarding Defendants' discovery responses and productions, including Defendants' document and transactional data discovery and interrogatory responses. Plaintiffs expect to raise in the near future issues concerning certain Defendants' document productions and interrogatory responses.

---

[1] Lead counsel for the ROHM Defendants, Panasonic Defendants, and KOA Defendants will be unable to attend the conference due to pre-existing obligations; the ROHM Defendants, Panasonic Defendants, and KOA Defendants will be represented at the hearing by other counsel of record who will be fully prepared to address any issues that arise.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - No. 15-cv-03820-JD

-1-

1     The parties also continue to meet and confer regarding the Plaintiffs' discovery responses and productions, which remain ongoing.[2]

    Additionally, as noted in the parties' prior Joint Case Management Conference Statement, ECF No. 417, pending the Court's ruling *In re Capacitors Antitrust Litigation ("Capacitors")* regarding the production of documents provided to foreign regulators, Plaintiffs agreed with certain Defendants to forgo, at that time, briefing on similar issues in this litigation on the understanding that (i) Plaintiffs[3] and those Defendants would abide by the *Capacitors* ruling in this case, and (ii) those Defendants would not seek letters from foreign regulators in addition to those already obtained in *Capacitors*. Nonetheless, as Plaintiffs previously noted, *Capacitors* may not provide the appropriate template in this litigation because the comity concerns present in that case—*e.g.*, an open criminal investigation—are not present in this case. Because this Court has now ruled in *Capacitors* on the production documents provided to foreign regulators, Plaintiffs are seeking to confer with certain Defendants about the production of such documents in this litigation.

    Finally, since the last status conference, the parties have taken several Rule 30(b)(1) and 30(b)(6) depositions. Several additional depositions have been scheduled over the next several months. Plaintiffs anticipate noticing additional depositions in the coming months.

    Even so, beginning more than a month-and-a-half ago, Plaintiffs have repeatedly requested that ROHM provide deposition dates for Hiroshi Kaida—whom ROHM has acknowledged is a <u>current</u> employee of its wholly-owned subsidiary, ROHM Wako Co. Ltd. Despite this, Plaintiffs have not yet received any proposed dates. Should ROHM fail to provide such dates by June 10, Plaintiffs anticipate filing a discovery letter.[4]

---

[2] Aside from a recent request for a single document, to which Direct Purchaser Plaintiffs promptly provided a response, Direct Purchaser Plaintiffs are unaware of any ongoing meet and confers or other outstanding issues concerning Direct Purchaser Plaintiffs' discovery responses and productions.

[3] Plaintiffs note that they reserve their right to move to compel these documents if the factual or legal basis for the ruling in *Capacitors* is inapplicable in this case. For example, Plaintiffs will consider the extent to which the ruling is based on comity concerns present in Capacitors that are not present here.

[4] ROHM's Position: Mr. Kaida is not employed by either ROHM Co., Ltd. or ROHM Semiconductor U.S.A., LLC, and that he is currently residing in Malaysia. The ROHM Defendants therefore have no power to force Mr. Kaida to come to the United States for a deposition, or to be

## II. CASE SCHEDULE

### A. Proposed Revised Schedule

On April 5, 2018, the Court directed all parties to meet and confer on a proposed schedule adjustment, and advised the parties of its preference for a single extension of all dates in the range of 90 days. *See* ECF 418. The parties have met and conferred and have agreed upon the following schedule:

| Event | Date in Operative Case Schedule | Parties' Jointly Proposed Extended Dates |
|---|---|---|
| Plaintiffs serve class certification expert report | 7/5/2018 | 10/17/2018 |
| Status Conference (if needed) | 9/6/2018 | 9/6/2018 |
| Status Conference (if needed) | n/a | 12/6/2018 |
| Defendants serve class certification expert opposition report | 10/5/2018 | 1/31/2019 |
| Status Conference (if needed) | 12/6/2018 | 3/7/2019 |
| Plaintiffs serve rebuttal expert reports | 12/21/2018 | 4/18/2019 |
| Close of expert discovery related to class certifications | 1/25/2019 | 5/23/2019 |
| Status Conference (if needed) | 2/7/2019 | 5/9/2019 |
| Plaintiffs serve and file motion for class certification | 2/19/2019 | 6/18/2019 |
| Plaintiffs file *Daubert* motions (if any) | 2/19/2019 | 6/18/2019 |
| Defendants file *Daubert* motions (if any) | | 6/18/2019 |

---

deposed at all. ROHM has communicated Plaintiffs' request for a deposition to Mr. Kaida. If Mr. Kaida agrees to be deposed, ROHM will promptly provide dates to Plaintiffs. The parties are continuing to meet and confer regarding this issue, including a telephonic conference on May 31, 2018, the day this CMC Statement is being filed. Accordingly, there is no issue ripe for the Court to resolve.

| | | |
|---|---|---|
| Defendants file class certification oppositions | 4/22/2019 | 8/20/2019 |
| Plaintiffs' brief in opposition to *Daubert* motions Defendants' brief in opposition to *Daubert* motions | 4/22/2019 | 8/20/2019 |
| Status Conference (if needed) | 5/16/2019 | 8/15/2019 |
| Plaintiffs file class-certification replies | 6/10/2019 | 10/7/2019 |
| Class certification hearing | [TBD by Court] | [TBD by Court] |

### B. Non-Expert Discovery Deadline

*Defendants' Position*

Defendants believe it is appropriate to set a deadline to complete fact discovery and have proposed December 7, 2018. *First*, the parties have already made substantial progress in non-expert discovery to date, and Defendants' proposed date leaves more than enough time to complete this process. Defendants have completed their production of documents responsive to Plaintiffs' Requests for Production served to date. Further, Plaintiffs have identified the witnesses they seek to depose from each of the Defendant families, and many of these depositions have already been scheduled or completed. The parties have completed 14 depositions and have scheduled 6 additional depositions to be completed by the end of September. The parties have been conferring on an ongoing basis to schedule depositions of the remaining witnesses, most of which have been set, and Defendants anticipate that all non-expert depositions will be completed prior to Defendants' proposed deadline. *Second*, in contrast to the open-ended and unjustifiably drawn out discovery process Plaintiffs seek, establishing a date certain for the end of non-expert discovery will ensure that the litigation continues to progress efficiently and will materially reduce the burdens on the parties and the Court by ensuring that all discovery disputes are presented and resolved in a timely manner. Plaintiffs have rejected Defendants' proposed end date for non-expert discovery, but so far

have made no counter-proposal. If the parties are unable to reach agreement on an end date for non-expert discovery, Defendants anticipate filing a discovery letter brief with the Court.

***Plaintiffs' Position***

Defendants' request to add a merits discovery cutoff long before class certification has even been briefed, much less decided, is unduly prejudicial to Plaintiffs; is inconsistent with this Court's prior order requiring that the parties extend existing deadlines by approximately 90 days;[5] and is not ripe for resolution at the June 7, 2018 status conference. Despite Plaintiffs' request for a response by May 25, Defendants did not indicate by email their position on Plaintiffs' proposal until the afternoon before the Case Management Conference ("CMC") Statement was due and did not circulate a statement of their position until after 3 p.m. EST on the day of filing.

Defendants' proposed non-expert discovery cutoff is a transparent attempt to use scheduling orders as a shield and to prevent Plaintiffs from obtaining the discovery they need to brief class certification and summary judgment, and to prepare for trial.[6] Defendants' proposal would also turn the usual course of discovery on its head. In contrast to most comparable antitrust cases—including *Capacitors*—Defendants would have this Court set a merits discovery cutoff that is six months prior to the parties' agreed class certification expert discovery cutoff. Defendants would also set the fact discovery cutoff prior to the deadline for Plaintiffs' expert rebuttal report, long before the parties have even begun to brief class certification, and before this Court has decided whether to certify a class. This would prevent Plaintiffs from seeking discovery, for instance, in response to arguments

---

[5] At the previous Case Management Conference, and in the minute order following that followed, this Court ordered that the parties negotiate "a single extension of all dates in the range of 90 days." ECF No. 418. Defendants' attempt to radically alter the course of discovery reflected in the prior schedule is contrary to this Court's order that the parties negotiate an approximately 90-day extension of existing deadlines.

[6] Defendants misleadingly represent that they have "completed their production of documents responsive to Plaintiffs' Requests for Production served to date" and that "Plaintiffs have identified the witnesses they seek to depose from each of the Defendant families." Among other things, multiple of Defendants' deponents have testified that they failed to search and/or produce relevant and responsive key discovery materials in their possession; Defendants have unjustifiably refused to produce certain relevant central file documents; Defendants have opposed Plaintiffs' efforts to depose several of the requested deponents, necessitating letter briefing; and several of Defendants have served plainly deficient interrogatory responses. Accordingly, Plaintiffs have begun noticing depositions of Defendants' employees but are continuing to evaluate which additional employees to notice.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - No. 15-cv-03820-JD

-5-

made by Defendants and their experts in their class certification filings, or in preparation for summary judgment. It is no surprise, then, that Defendants do not point to a single comparable antitrust case that has adopted such a schedule.

Defendants' proposal is also contrary to this Court's repeated instruction that the parties follow this Court's orders in *Capacitors* in case management matters. In *Capacitors*, the fact discovery deadline was set for a date after all class certification expert reports, briefing, and argument were complete.

Despite Plaintiffs' opposition to the timing of Defendants' proposed merits discovery cut-off, Plaintiffs have indicated they would <u>not</u> oppose a merits discovery deadline that is reasonably tied to the other deadlines in the case schedule. Specifically, Plaintiffs suggested to Defendants a non-expert discovery deadline of 90 days following this Court's class certification order. Such a deadline would ensure that Plaintiffs have an opportunity to seek any discovery necessary to respond to matters raised in this Court's class certification decision and in anticipation of summary judgment briefing. In contrast, Defendants have provided no explanation as to how Plaintiffs' proposed deadline would prejudice them. Regardless, the fact discovery deadline proposed by Defendants is unworkable and unrealistic because Plaintiffs cannot complete discovery in that timeframe.

### III. STATUS OF SETTLEMENTS

#### A. Settlement Updates

DPPs have reached settlements in principle with two of the five Defendant families named in their operative complaint, and are in the process of finalizing the formal settlement agreements. DPPs plan on moving the Court for preliminary approval of these settlements in the near future.

IPPs have reached settlements in principle with three of the five Defendant families named in their operative complaint, and are in the process of finalizing the formal settlement agreements. IPPs plan on moving the Court for preliminary approval of these settlements in the near future.

| | | |
|---|---|---|
| 1 | DATED: May 31, 2018 | Respectfully submitted, |
| 2 | | By: /s/ Emmy L. Levens |

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Emmy L. Levens (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Laura Alexander (255485)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
Benjamin Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

By: /s/ Adam Zapala

Adam J. Zapala (245748)
Elizabeth Tran (280502)
Mark F. Ram (294050)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile: 650-697-0577
azapala@cpmlegal.com
etran@cpmlegal.com

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - No. 15-cv-03820-JD

-7-

mram@cpmlegal.com

*Lead Counsel for the Indirect Purchaser Plaintiff Class*

By: */s/ Jeffrey L. Kessler*

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Eva W. Cole (*pro hac vice*)
ewcole@winston.com
Erica C. Smilevski (*pro hac vice*)
esmilevski@winston.com
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Ian L. Papendick (SBN 275648)
ipapendick@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Brandon W. Duke (*pro hac vice*)
bduke@winston.com
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2636
Facsimile: (713) 651-2700

*Counsel for Defendants Panasonic Corporation and Panasonic Corporation of North America.*

By: */s/ Kendall Millard*

Kendall Millard
Todd Dixon
Bradley R. Love
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Kendall.Millard@Btlaw.com
Tdixon@Btlaw.com
Blove@Btlaw.com

| | |
|---|---|
| 1 | *Counsel for Hokuriku Electric Industry Co. and HDK America, Inc.* |
| 2 | |
| | By: */s/ Belinda S Lee* |
| 3 | |
| 4 | Belinda S Lee<br>Ashley M. Bauer |
| 5 | Cameron J. Clark<br>LATHAM & WATKINS LLP |
| 6 | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538 |
| 7 | Telephone: (415) 395-8138<br>Belinda.Lee@lw.com |
| 8 | Ashley.Bauer@lw.com<br>Cameron.Clark@lw.com |
| 9 | |
| 10 | *Counsel for Kamaya, Inc., Kamaya Electric Co., Ltd., Walsin Technology Corporation, and Walsin* |
| 11 | *Technology Corporation U.S.A.* |
| 12 | By: */s/ Jason C. Murray* |
| 13 | |
| | Jason C. Murray |
| 14 | Emily T. Kuwahara<br>Robert McNary |
| 15 | CROWELL & MORING LLP |
| 16 | 515 South Flower St., 40th Floor<br>Los Angeles, CA 90071 |
| 17 | Telephone: 213.622.4750<br>Facsimile: 213.622.2690 |
| 18 | jmurray @crowell.com<br>ekuwahara@crowell.com |
| 19 | rmcnary@crowell.com |
| 20 | Daniel Zelenko |
| 21 | CROWELL & MORING LLP<br>590 Madison Avenue, 20th Floor |
| 22 | New York, NY 10022<br>Telephone: 212.223.4000 |
| 23 | Facsimile: 212.223.4134<br>dzelenko@crowell.com |
| 24 | |
| 25 | *Counsel for KOA Corp. and KOA Speer Electronics, Inc.* |
| 26 | |
| 27 | By: */s/ Michael Frederick Tubach* |
| 28 | Michael Frederick Tubach |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT - No. 15-cv-03820-JD

-9-

Megan Havstad
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
mtubach@omm.com
mhavstad@omm.com

Kenneth Ryan O'Rourke
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
korourke@omm.com

*Counsel for ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC*