Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>DECLARATION OF JEFF D. FRIEDMAN IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA, AND WALSIN DEFENDANTS<br><br>Date:  Sept. 20, 2018<br>Time:  10:00am<br>Dept:  Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

010554-11 1045559 V1

I, Jeff D. Friedman, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California in the above-titled litigation.  I am a partner with the law firm of Hagens Berman Sobol Shapiro LLP, counsel of record, alongside Cohen Milstein Sellers & Toll PLLC, for the Direct Purchaser Plaintiffs (DPPs) in the above-titled action.  Based on personal knowledge or discussions with counsel in my firm and the other counsel of record in this case of the matters stated herein, if called upon, I could and would competently testify thereto.

2. This case involves federal antitrust claims brought by direct purchasers of linear resistors. Linear resistors are known as "passive electronic components" and are a fundamental part of electrical circuits.  Linear resistors are ubiquitous – present in myriad electronic devices including automobiles, televisions, cell phones, computers, and kitchen equipment. DPPs allege in this action that Defendants conspired to fix the prices of linear resistors from July 9, 2003 through August 1, 2014.  DPPs allege that the conspiracy was carried out through agreements to fix prices and restrict output and was facilitated in a variety of ways, including via face-to-face meetings, electronic communications, phone calls, and the use of trade associations.

3. On July 6, 2018, DPPs and Defendants HDK America, Inc. and Hokuriku Electric Industry Co. ("HDK" or the "HDK defendant family") executed a settlement agreement. As described more fully in the settlement agreement, DPPs agreed to release all of their claims against HDK in exchange for cash payments totaling $2,000,0000 and other valuable consideration. Execution of the settlement agreement followed months of informal negotiations and a full-day mediation in Chicago with mediator Gerald G. Saltarelli. This is the first proposed DPP settlement in the case.

4. On July 11, 2018, DPPs and Defendants Kamaya Electric Co., Ltd., Kamaya Inc., Walsin Technology Corporation, and Walsin Technology Corporation U.S.A. ("Kamaya-Walsin" or the "Kamaya-Walsin defendant family") executed a settlement agreement. As described more fully in the settlement agreement, DPPs agreed to release all of their claims against Kamaya-Walsin in exchange for cash payments totaling $5,250,0000 and other valuable consideration.  Execution of

FRIEDMAN DECL. ISO MOT. FOR PRELIM. APPROVAL OF
CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA &
WALSIN DEFS. - Case No.: 15-cv-03820-JD
010554-11 1045559 V1

-1-

the settlement agreement followed months of informal negotiations. This is the second proposed settlement in the case. Kamaya Electric Co., Ltd. (a Japanese corporation), Kamaya Inc. (a U.S. corporation), and Walsin Technology Corporation U.S.A. (a U.S. corporation) are all subsidiaries of Tawainese corporation, Walsin Technology Corporation.  They are represented by the same defense counsel. Discovery has shown that during the Class Period, nearly all of Kamaya-Walsin's direct sales of linear resistors in the U.S. were sold through Defendant Kamaya Inc.

5. The class representative has reviewed the terms of the settlement with HDK, and the terms of the settlement with Kamaya-Walsin, and has given approval.

6. Three defendants families (KOA, Panasonic, and ROHM) remain in the DPPs' case. HDK and Kamaya-Walsin ("Settling Defendants") are the smallest defendant families by market share.  Claims against the defendants other than HDK and Kamaya-Walsin are not released by DPPs' settlements with HDK and Kamaya-Walsin.

7. The decision to settle is based on a thorough understanding of the strengths and weaknesses of DPPs' case. For example, DPPs have engaged in substantial discovery against the Settling Defendants and the other defendants. DPPs have propounded 32 document requests on the HDK defendants (in three separate sets of requests), 32 document requests on the Kamaya defendants (in three separate sets of requests), and 38 documents requests on the Walsin defendants. DPPs have served a similar number of requests on the other defendants. Over 10 million pages of documents have been produced in this case, with Settling Defendants alone producing more than 580,000 documents (over 2.24 million pages). DPPs have devoted substantial resources to reviewing these documents, and have a well-developed understanding of the strengths and weaknesses of the documentary evidence against the Settling Defendants (and other defendants). DPPs also served multiple sets of interrogatories.

8. To date, DPPs have taken 16 depositions, including individual Rule 30(b)(1) depositions and corporate Rule 30(b)(6) depositions. Additionally, DPPs defended the deposition of the class representative in a Rule 30(b)(6) deposition. From this substantial discovery and other investigative methods, DPPs have a firm grip on the strength of the evidence against the Settling

FRIEDMAN DECL. ISO MOT. FOR PRELIM. APPROVAL OF
CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA &
WALSIN DEFS. - Case No.: 15-cv-03820-JD
010554-11 1045559 V1

-2-

Defendants and DPPs' liability case generally, as well as DPPs' case for class certification. DPPs, alone or in conjunction with the indirect purchaser plaintiffs (IPPs), have brought several discovery motions before this Court. DPPs also have retained economists from the outset of the litigation for consultation and to analyze the market, the impact of the price-fixing conspiracy on DPPs, to measure damages, and for related work. The discovery conducted thus far has shown that there is significant documentary and testimonial evidence that employees of Defendants participated in meetings discussing the pricing and production capacity of linear resistors.

9.  The Defendants have produced transactional data and documents from which DPPs, with the assistance of our retained experts, have been able to estimate the dollar value of each defendant's direct sales of linear resistors during the Class Period. The Rule 30(b)(6) depositions taken by DPPs and extensive meet and confer communications (including detailed questions about defendants' transactional data productions) have further developed our understanding of the data. DPP also have substantial data reflecting class members' respective purchase during the Class Period. That ensures that DPPs entered into the instant settlement negotiations with an in-depth knowledge of the evidence demonstrating impact and measuring damages.

10. Based on the preliminary estimates of DPPs' economic experts, the HDK settlement amount of $2,000,000 represents approximately 18.5% of the HDK defendant family's direct sales to the Settlement Class during the Class Period.

11. Based on the preliminary estimates of DPPs' economic experts, the Kamaya-Walsin settlement amount of $5,250,000 represents approximately 8% of the Kamaya-Walsin defendant family's direct sales to the Settlement Class during the Class Period.

12. These settlements were negotiated by experienced counsel – Hagens Berman and Cohen Milstein – with extensive experience and success in large antitrust class actions. Hagens Berman is among the most experienced and skilled practitioners in the complex litigation field, and has long and successful track records in such cases. Hagens Berman is a nationally-recognized law firm, with offices in Berkeley, Seattle, Boston, Chicago, Los Angeles, and Phoenix. The firm rated by the National Law Journal in the top ten of plaintiffs' firms in the country. Hagens Berman has

FRIEDMAN DECL. ISO MOT. FOR PRELIM. APPROVAL OF
CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA &
WALSIN DEFS. - Case No.: 15-cv-03820-JD
010554-11 1045559 V1

-3-

extensive experience litigating complex class actions asserting claims of securities, investment fraud, product liability, tort, antitrust, consumer fraud, employment, environmental, and ERISA cases. Cohen Milstein, a nearly 100-lawyer firm based in Washington, D.C. with offices in six other cities, has been recognized as one of the nation's leading plaintiffs' class action firms for almost fifty years. The Trial Lawyer has named Cohen Milstein as one of "America's 25 Most Influential Law Firms"; the firm has been ranked by Legal 500 as a "Leading Plaintiff Class Action Antitrust Firm" for the past ten years; and the National Law Journal selected Cohen Milstein as Elite Trial Lawyers. Law360 has also repeatedly named Cohen Milstein one of the "Most Feared Plaintiffs Firms." Cohen Milstein's antitrust practice group is recognized for its experience in complex litigation challenging price-fixing, market allocation, and other anticompetitive behavior, with expertise spanning numerous industries, including agriculture, automotive parts, chemicals, financial services, health care, high tech, media and entertainment, pharmaceuticals, and many others.

13. Hagens Berman and Cohen Milstein have recovered billions of dollars in damages for injured plaintiffs, including as lead or co-lead class counsel in the following recent antitrust matters: *In re Electronic Books Antitrust Litigation* (recovering $560 million) and *Nitsch v. Dreamworks Animation SKG, Inc.* (recovering $168.5 million). The fact that Hagens Berman and Cohen Milstein has demonstrated a willingness and ability to prosecute complex cases such as this was undoubtedly a factor that encouraged the Settling Defendants to engage in settlement discussions, and added valuable leverage in the negotiations, ultimately resulting in the recovery for the Settlement Class.

14. DPPs will request a service award for the class representative, Schuten Electronics, Inc., in the amount of $25,000. The representative of the DPP class, Schuten Electronics, has been actively involved in the litigation of this case and, indeed, without its willingness to come forward and prosecute the action when neither the government nor any other direct purchaser would, the Settlement Class would receive nothing for its injuries and the Defendants would be left to pursue their illegal conduct unfettered. Schuten assisted DPP Counsel in investigating and prosecuting this

FRIEDMAN DECL. ISO MOT. FOR PRELIM. APPROVAL OF
CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA &
WALSIN DEFS. - Case No.: 15-cv-03820-JD
010554-11 1045559 V1

-4-

1  action, retained and preserved its documents for years, responded to detailed interrogatories, and searched for and produced documents responsive to fifty-four document requests. Defendants also deposed a representative of Schuten Electronics in a Rule 30(b)(6) deposition, identifying eight broad subject areas in the deposition notice, each with several sub-parts.

15. The DPP Settlement Class is geographically dispersed and is estimated to have approximately nine hundred members.

16. From data and documents obtained in discovery, DPPs already have identified nearly all of the class members and obtained contact information for more than 90% of class members weighted by purchase volume.

17. DPPs propose to distribute the settlement funds *pro rata* to class members based on the dollar value of approved purchases per class member of linear resistors during the settlement class period.

18. Attached hereto are true and correct copy of the following exhibits:

Exhibit A:  Direct Purchaser Plaintiffs and HDK Defendants' Settlement Agreement; and

Exhibit B:  Direct Purchaser Plaintiffs and Kamaya-Walsin Defendants' Settlement Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of August, 2018 at Berkeley, California.

                                                              s/ Jeff D. Friedman
                                                                JEFF D. FRIEDMAN

FRIEDMAN DECL. ISO MOT. FOR PRELIM. APPROVAL OF
CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA &
WALSIN DEFS. - Case No.: 15-cv-03820-JD          -5-
010554-11 1045559 V1