

515 South Flower St., 40th Floor, Los Angeles, CA 90071 p (213) 443-5590 f (213) 622-2690

November 2, 2018

Re:   *In re Resistors Antitrust Litig.*, No. 3:15-cv-3820-JD
      Response to Plaintiffs' Discovery Letter Brief re Reopening Custodial Discovery

Dear Judge Donato,

The KOA Defendants oppose Plaintiffs' motion to reopen custodial discovery to add what would be the 16th, 17th, and 18th KOA custodians. Plaintiffs' request is an inappropriate eleventh-hour attempt to keep discovery open indefinitely. As Plaintiffs' requests are disproportionate to the needs of the case, their motion to compel should be denied.

Plaintiffs waited months to file their motion to reopen custodial negotiations, which was completed almost two years ago. After Plaintiffs requested the custodian files of Messrs. Misawa, Yoshie, and Kojima on June 21, 2018, KOA explained by letter on July 10 that the requested additional custodians were unlikely to have additional unique information proportional to the request for at least $100,000 in expensive collection, review, and production. Then after KOA requested custodian-specific support for Plaintiffs' request, Plaintiffs responded on August 9 with just two documents: no documents regarding Mr. Misawa, a single document referencing Mr. Yoshie, and a single document referencing Mr. Kojima but not any communication of his with a KOA competitor. On August 15, KOA proposed that the parties schedule a call for a more productive discussion, but Plaintiffs did not respond until filing their motion on October 22.

Plaintiffs waited so many months to file a motion because they already have well over a million KOA documents from fifteen custodians, and they have failed to find the evidence of illegal agreements necessary to their case. In a telling illustration of this deficiency, Plaintiffs have refused to provide any substantive response to interrogatories requesting the factual bases supporting Plaintiffs' alleged injury, membership in and knowledge of Plaintiffs' alleged conspiracy, and alleged fraudulent concealment. *See* Plaintiffs' Responses and Objections to Defs' First Set of Interrogatories, Nos. 3, 6, 7, 8, 9. Now having reviewed comprehensive data productions and millions of defendant documents, and having deposed six KOA witnesses in California, New York, and Japan, Plaintiffs still cannot state the how, what, when, or who for any alleged conspiracy. Instead, Plaintiffs have informed KOA that they do not plan to respond with this basic information until next year, after class certification expert reports.

Plaintiffs appear to have filed their case hoping that the Justice Department would make their case for them. Now, the government having closed its investigation and almost two and a half years on in discovery, nothing has changed: while KOA was a regular participant in industry meetings in Japan and throughout Asia, Plaintiffs have no proof of any illegal agreements, or even inflated pricing. To the contrary, party discovery has confirmed there were no illegal agreements, and third party information indicates dozens of other resistors makers supplied most of the market throughout the relevant period, in competition with KOA and the other defendants. Without evidence, Plaintiffs resort to calling industry meetings "collusive conduct" and moving the court for late discovery. Plaintiffs' tactics should be rejected.

In the Northern District of California, requests for excessive discovery are denied.[1] Excessive burdens include the financial and time costs on litigants.[2] This burden also includes the burden on the Court and the parties to the litigation in light of the case schedule.[3] Plaintiffs would have the litigation schedule mean nothing at all. But at a minimum, the schedule must mean that this case can proceed in scheduled phases: custodian discovery long complete, depositions nearly done, and certification expert reports starting soon.[4] KOA has already produced an excessive number of documents, with substantial duplication, and Plaintiffs' latest requests are excessive. Plaintiffs resort to name-calling ("ringleader") and speculation ("lasting more than a decade") because they have failed to find the evidence they need in the millions of KOA and co-defendant documents already produced. None of the proposed additional custodians are proportionate to the needs of this case:

**Misawa.** The parties began to meet and confer regarding former KOA employee Misawa in November 2016, and Plaintiffs declined to name him as a custodian because he has so few emails and other electronically-stored information. Then, after Plaintiffs again requested Mr. Misawa's documents this summer, KOA conducted searches for R Meetings in Mr. Misawa's files (this search was not limited to one term, as Plaintiffs suggest) and returned no hits.

Plaintiffs do not need any additional information. Another KOA deponent, Mr. Kitabayashi, was questioned for hours about the R Meeting Plaintiffs reference in their brief. *See, e.g.*, Kitabayashi Deposition Tr. 79:10-144:1. Plaintiffs' statement that "KOA acknowledged Misawa's R Meeting attendance for the first time in its September 26, 2018 supplemental interrogatory response" is also wrong, as KOA listed KSE0769571-72 in its interrogatory supplement of March 14, 2018, and also told Plaintiffs by letter on June 15, 2018. Plaintiffs have run out of reasons to keep requesting Mr. Misawa, so they resort to speculation.

---

[1] *Gilead Sciences v. Merck & Co.*, Case No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) (denying request for disproportional discovery); *Roe v. Frito-Lay, Inc.*, Case No. 14-cv-00751-HSG (KAW), 2016 WL 1639774, at *3 (N.D. Cal. Apr., 26, 2016) (same); *Carroll v. Wells Fargo Co.*, Case No. 3:15-cv-02321-EMC (KAW), 2016 WL 8673482, at *2-3 (N.D. Cal. Dec. 9, 2016) (same).

[2] Fed. R. Civ. P. 26(b)(2)(C)(ii); *Gilead*, 2016 WL 146574, at *2 (finding that "given the cost and potential delay introduced by the requested production, [the movant's] request is precisely the kind of disproportionate discovery that Rule 26—old or new—was intended to preclude.").

[3] Fed. R. Civ. P. 26(b)(1)-(2); *In re Biomet M2A Magnum Hip Implant Prods. Liab. Litig.*, Case No. 3:12-MD-2391, 2013 WL 1729682, at *2 (N.D. Ind. Apr. 18, 2013) ("go[ing] back to Square One . . . sits uneasily with the proportionality standard in Rule 26(b)(2)(C)"); *Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, No. CV-05-8444-DD (PPLAx), 2012 WL 12875772, at *6 (C.D. Cal. Aug. 29, 2012) (denying motion to compel production of documents filed late in the merits discovery period "in light of the substantial amount of relevant documents defendant has already received from plaintiff during the many years that this case has been litigated" and "because this discovery was not pursued in a timely manner").

[4] *Vietnam Veterans of Am. v. C.I.A.*, No. 09-cv-0037 CW (JSC), 2011 WL 6056406, at *2 (N.D. Cal. Oct. 31, 2011) ("declin[ing] to intervene and modify the parties' stipulation [on document custodians] absent a showing that Plaintiffs have good cause for requesting additional discovery").

**Yoshie.** Plaintiffs' request for Mr. Yoshie's custodial documents is disproportionate. Plaintiffs already have sufficient emails and testimony from other sources, including over 1,300 emails (with attachments) from Mr. Yoshie and at least 16,700 emails (with attachments) sent to him, as well as testimony from another KOA witness about the referenced "notes" from a 2006 FR meeting, Matsushita Depo. Tr. 72:14-84:6. Indeed, Mr. Matsushita testified that he had no recollection of other KOA employees attending FR meetings around 2006, Matsushita Depo. Tr. 83:23-25. KOA's interrogatory response noting a single meeting from ten years ago does not support additional custodial discovery, as KOA's minor update regarding Mr. Yoshie only highlights his limited marginal relevance.

Consistent with his minimal relevance, Plaintiffs mischaracterize KSE0745825 when they claim that Mr. Yoshie told KOA colleagues "that KOA should not lower prices" after an industry meeting: Mr. Yoshie did not say that KOA should not lower prices; he explained that customers told him KOA would be awarded increased market share if they lowered prices. Mr. Yoshie was also not involved in either the alleged 2006 FR meeting or the 2010 Panasonic email referenced by Plaintiffs. The 2010 Panasonic email is actually an internal Panasonic discussion.

**Kojima.** Plaintiffs' allegations regarding Mr. Kojima also do not call for additional discovery now. In particular, industry meetings of Singapore employees responsible for the Singapore market are not sufficiently relevant. Plaintiffs overstate Mr. Kojima's unique involvement with Singapore industry meetings. For example, Mr. Matsushita was questioned at his deposition on the alleged September 2013 scheduled meeting with a ROHM employee: there is no allegation that Mr. Kojima attended this meeting,  knew anything about what was discussed, or that it was in any way connected to the Singapore Components Committee. Matsushita Deposition Tr. 188:14-192:2. Mr. Matsushita was also questioned about KSE3587778, the document Plaintiffs cite for the proposition that Mr. Kojima "personally arranged golf matches so that competitors would have opportunities to meet," but Plaintiffs did not establish, and the document does not appear to say, that golf matches were arranged for "competitors," much less the defendants in this case (the document appears to say "subcommittees"), or anything about Mr. Kojima's "personal actions," as opposed to the committee. *See* Matsushita Deposition Tr. 205:7-207:17.

As to other cases with high numbers of custodians, the Court has previously indicated that this case likely does not need more than ten custodians per defendant family. Hearing Tr. at 43-44, Oct. 27, 2016. This is not a case with defendant families from several countries, or guilty pleas and indictments. This case is more like other cases with fewer custodians.[5] Having failed to find the documents supporting their conspiracy allegations, Plaintiffs plan to reopen document discovery for a harassment campaign. This proposed unlimited discovery contradicts the entire purpose of custodian negotiations, and illustrates Plaintiffs' plan for never-ending discovery. Plaintiffs' coming up empty in their review of KOA documents for proof of illegal conduct is not good cause for yet another expensive fishing expedition. Plaintiffs' motion for an order compelling additional custodial productions should be denied.

---

[5] *See, e.g.*, *In re Optical Disk Drive Product Antitrust Litigation*, MDL No. 3:10-md-2143 RS(JCS), ECF No. 767 at 6-8 (N.D. Cal. 2013) (noting that one defendant had four custodians and several others had twelve or fewer).

Sincerely,

_____*/s/ Robert B. McNary*_____

Robert B. McNary
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-5590
Facsimile: (213) 622-2690
rmcnary@crowell.com

*Counsel for KOA Corporation and KOA Speer
Electronics, Inc.*

4