1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
| This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | [PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH HDK, KAMAYA/WALSIN, PANASONIC, AND ROHM DEFENDANTS, AND DISSEMINATION OF CLASS NOTICE |

16

17

18

19

20

21

22

23

24

25

26

27

28

010554-11 1047521 V1

1    This matter comes before the Court on Direct Purchaser Plaintiffs' Motion for Preliminary

2    Approval of Settlements with HDK, Kamaya/Walsin, Panasonic and Rohm Defendants and

3    Dissemination of Class Notice ("Motion").

4    WHEREAS Direct Purchaser Plaintiffs ("DPPs"), on behalf of themselves and of the

5    proposed stipulated settlement class ("Settlement Class"), and Defendants HDK America, Inc., and

6    Hokuriku Electric Industry Co. (collectively, "HDK"), Kamaya Electric Co., Ltd., Kamaya Inc.,

7    Walsin Technology Corporation, and Walsin Technology Corporation U.S.A. (collectively,

8    "Kamaya-Walsin"), Panasonic Corporation ("Panasonic"), ROHM Co., Ltd., and ROHM

9    Semiconductor U.S.A., LLC (collectively, "ROHM") have agreed, subject to Court approval

10   following notice to the Settlement Class and a hearing, to settle the above-captioned matter

11   ("Lawsuit") upon the terms set forth in the DPPs-HDK Settlement Agreement, the DPPs-Kamaya-

12   Walsin Settlement Agreement, the DPPs-Panasonic Settlement Agreement, and the DPPs-ROHM

13   Settlement Agreement ("Settlement Agreements");

14   WHEREAS, this Court has reviewed and considered the Settlement Agreements entered into

15   among the parties, together with all exhibits thereto, the record in this case, and the briefs and

16   arguments of counsel;

17   WHEREAS, DPPs have applied for an order granting preliminary approval of the Settlement

18   Agreements;

19   WHEREAS, this Court preliminarily finds, for purposes of settlement only, that the action

20   meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure;

21   WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

22   the Settlement Agreements;

23   NOW, THEREFORE, IT IS HEREBY ORDERED:

24   1.      The Court does hereby preliminarily approve the Settlement Agreements and the

25   settlements set forth therein, subject to further consideration of a hearing (the "Fairness Hearing").

26   2.      The Fairness Hearing shall be held before this Court on April 11, 2019, at 10:00 a.m.,

27   at the United States District Court, located in Courtroom 11- 19th Floor, at 450 Golden Gate Avenue,

28

[PROP.] ORDER GRANTING DPPs' MOT. FOR PRELIM.
APPROVAL OF SETTLEMENTS WITH HDK, KAMAYA,.
WALSIN, PANASONIC & ROHM  - No.: 15-cv-03820-JD          -1-
010554-11 1076660 V1

San Francisco, CA 94102 to determine whether to approve certification of the class for settlement purposes; whether the proposed settlements of the Lawsuit on the terms and conditions provided for in the Settlement Agreements are fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered herein; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the incentive awards that should be provided to the class representative. The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class as follows:

> All persons in the United States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from July 9, 2003 through August 1, 2014 (the "Class Period").

4.      The Court designates Schuten Electronics, Inc. as the class representative for the Settlement Class.

5.      The Court designates the following as Class Counsel for the Settlement Class: Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC.

6.      The Court preliminarily finds that, for purposes of effectuating this settlement only, the Settlement Class meets the Federal Rule of Civil Procedure 23 requirements for a settlement class.

7.      The Court approves as to form and content the proposed notice forms, including the long form notice and summary notice, attached as Exhibits B and D to the November 7, 2018 Updated Declaration of Jennifer M. Keough Regarding Proposed Notice Program. The Court further approves of the banner notices, attached as Exhibit E to the Keough Declaration. The Court further finds that the proposed plan of notice, and the proposed contents of these notices, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.      The Court appoints the firm of JND Legal Administration LLC as the Settlement Administrator. DPPs and their designees, including the Settlement Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreements. The Court appoints the Settlement Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a.      No later than December 17, 2018, the Settlement Administrator shall cause the full versions of the Settlement Agreements and the Preliminary Approval Order to be published on a public website;

b.      Beginning no later than December 17, 2018, the Settlement Administrator shall cause the banner notice to be published, substantially in the form attached as Exhibit E to the Updated Declaration of Jennifer M. Keough. The Settlement Administrator may modify the form and/or content of the banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications still reflect the substance of the form attached as Exhibit E to the Updated Declaration of Jennifer M. Keough;

c.      Beginning no later than December 17, 2018, the Settlement Administrator shall provide direct notice by first class U.S. mail, substantially in the form attached as Exhibit B to the Updated Declaration of Jennifer M. Keough, to all Settlement Class members whose mailing addresses can be identified with reasonable effort;

d.      Beginning no later than December 17, 2018, the Settlement Administrator shall cause summary notice to be distributed over PR Newswire's US1 Newsline and to journalists with an industry focus on *Electronics Supply and Manufacturing* and *Process, Manufacturing, and Industrial Controls*, substantially in the form attached as Exhibit D to the Declaration of Jennifer M. Keough;

9.      All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlements, whether favorable or unfavorable to the Settlement Class.

[PROP.] ORDER GRANTING DPPs' MOT. FOR PRELIM.
APPROVAL OF SETTLEMENTS WITH HDK, KAMAYA,.
WALSIN, PANASONIC & ROHM  - No.: 15-cv-03820-JD          -3-
010554-11 1076660 V1

1    10.    Class Counsel shall file their motion for attorneys' fees, costs, and service awards for

2    the class representative, and all supporting documentation and papers, by January 11, 2019, or thirty-

3    five days before the deadline for exclusions and objections.

4    11.    Any person who desires to request exclusion from the Settlement Class shall do so by

5    February 15, 2019. All persons who submit valid and timely requests for exclusion shall have no

6    rights under the Settlement Agreements, shall not share in the distribution of the settlement funds,

7    and shall not be bound by the final judgments relating to the HDK, Kamaya, Walsin, Panasonic

8    Corporation, Panasonic Corporation of North America, or ROHM defendants entered in the

9    litigation.

10    12.    Any member of the Settlement Class may enter an appearance in the litigation, at his

11    or her own expense, individually or through counsel of his or her own choice. If the member does not

12    enter an appearance, he or she will be represented by Class Counsel.

13    13.    Any member of the Settlement Class may appear and show cause, if he or she has any

14    reason, why the proposed settlements should or should not be approved as fair, reasonable, and

15    adequate; why a judgment should or should not be entered thereon; why the plan of distribution

16    should or should not be approved; why attorneys' fees and expenses should or should not be awarded

17    to Class Counsel; or why the incentive awards should or should not be awarded to the class

18    representative. All written objections and supporting papers must (a) clearly identify the case name

19    and number (*In re Resistors Antitrust Litigation – Direct Purchaser Actions*, No. 3:15-cv-03820-JD),

20    (b) be submitted to the Court either by mailing to the Class Action Clerk, United States District Court

21    for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by

22    filing them in person at any location of the United States District Court for the Northern District of

23    California, and (c) be filed or postmarked on or before February 15, 2019.

24    14.    All papers in support of the settlements and responses by Class Counsel regarding

25    objections and exclusions shall be filed and served by March 4, 2019.

26    15.    All reasonable expenses incurred in identifying and notifying members of the

27    Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the

28

[PROP.] ORDER GRANTING DPPs' MOT. FOR PRELIM.
APPROVAL OF SETTLEMENTS WITH HDK, KAMAYA,.
WALSIN, PANASONIC & ROHM  - No.: 15-cv-03820-JD                -4-
010554-11 1076660 V1

1  Settlement Agreements.

2      16.    Neither the Settlement Agreements, nor any of its terms or provisions, nor any of the

3  negotiations or proceedings connected with it, shall be construed as an admission or concession by

4  DPPs or Defendants HDK, Kamaya, Walsin, Panasonic, or ROHM of the truth or falsity of any of

5  the allegations in the Lawsuit, or of any liability, fault or wrongdoing of any kind.

6      17.    All members of the Settlement Class are temporarily barred and enjoined from

7  instituting or continuing the prosecution of any action asserting the claims released in the proposed

8  settlements, until the Court enters final judgment with respect to the fairness, reasonableness, and

9  adequacy of the settlements.

10     SO ORDERED.

11  DATED: _____

12

13                              HONORABLE JAMES DONATO
                                UNITED STATES DISTRICT COURT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROP.] ORDER GRANTING DPPs' MOT. FOR PRELIM.
APPROVAL OF SETTLEMENTS WITH HDK, KAMAYA,.
WALSIN, PANASONIC & ROHM - No.: 15-cv-03820-JD        -5-
010554-11 1076660 V1