# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
| This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | SETTLEMENT AGREEMENT |

010554-11 1044195V1

This Settlement Agreement ("Agreement") is made and entered into this 6th day of July, 2018, by and between HDK America, Inc. and Hokuriku Electric Industry Co., Ltd. (collectively, "Settling Defendants"), and the direct-purchaser plaintiff class representative, both individually and on behalf of a settlement class of direct purchasers of linear resistors ("Plaintiffs").

WHEREAS, Plaintiffs are prosecuting the above *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Settling Defendants;

WHEREAS, Plaintiffs allege that Settling Defendants participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of linear resistors at artificially high levels in violation of Section 1 of the Sherman Act;

WHEREAS, Settling Defendants deny Plaintiffs' allegations and any liability, and have asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law in the Action and have concluded that resolving claims against Settling Defendants according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, Settling Defendants, despite their belief that they are not liable for the claims asserted and have good defenses thereto, and without admitting any liability or wrongdoing, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Settling Defendants, based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or Releasees, subject to the approval of the Court, on the following terms and conditions:

PURCHASER PLS. & HDK DEFENDANTS -        -1-
Case No.: 15-cv-03820-JD

A. <u>Definitions</u>.

1. For purposes of this Agreement, "the Settlement Class" or "Class" shall be the Class defined as: All persons in the United States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from July 9, 2003 through August 1, 2014 (the "Class Period"). The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

2. For the purposes of this Agreement, "Linear Resistors" shall have the same meaning as defined in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action Complaint, including without limitation chip and other fixed resistors, and variable resistors.

3. "Releasees" shall refer jointly and severally, individually and collectively, to HDK America, Inc. and Hokuriku Electric Industry Co., Ltd., and to all of their respective past and present, direct and indirect, parents, subsidiaries, joint ventures, and affiliates; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, stockholders, insurers, attorneys, heirs, executors, administrators, and assigns of each and every of the foregoing.

4. "Class Member" means each member of the Class with the exception of any member of the Class who makes a timely election to be excluded from the Class.

5. "Releasors" shall refer to the direct purchaser plaintiff Class representative and the Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

6. "The Settlement Fund" shall be US $2,000,000 specified in Paragraph 17 plus accrued interest on said deposits set forth in Paragraph 18.

7. "Defendants" means Kamaya, Inc.; Kamaya Electric Co., Ltd.; Walsin Technology Corporation; Walsin Technology Corporation USA; Hokuriku Electric Industry Co., Ltd.; HDK America, Inc.; KOA Corporation; KOA Speer Electronics, Inc.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Panasonic Corporation; and Panasonic Corporation of North America.

8. "Lead Counsel" or "Class Counsel" shall refer to the law firms of:

> HAGENS BERMAN SOBOL SHAPIRO LLP
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710
>
> -and-
>
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Ave. NW, Suite 500, West Tower
> Washington, DC 20005

B. <u>Approval of this Agreement and Dismissal of Claims Against Settling Defendants</u>.

9. Plaintiffs and Settling Defendants shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Releasees.

10. Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all potential Class Members (the "Motion"). If notice to the Class is given jointly with any other settling defendant, the costs of notice and claims administration payable from the Settlement Amount as provided for in paragraph 20(a) shall be prorated between or among Settling Defendants and such defendant(s) based on the amount of their respective contributions. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Settling Defendants before submission of the Motion. Individual notice of the settlement shall be as provided in the Motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to Paragraph 20(a). To the extent that any changes are required to the form of the Proposed Order and Final Judgment, the parties will negotiate and agree upon the

form of Order and Final Judgment prior to the filing of the motion for final approval. The Motion shall recite and ask the Court to find that the mailing or emailing of the notice of settlement to all members of the Class who can be identified upon reasonable effort constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

11. Plaintiffs shall seek, and Settling Defendants will not object unreasonably to the entry of, an order and final judgment, the text of which Plaintiffs and Settling Defendants shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a) as to the Action, approving finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b) as to Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(c) reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

(d) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Releasees shall be final.

12. This Agreement shall become final when (i) the Court has entered a final order certifying the Class described in Paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Releasees described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has

become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the date that Plaintiffs and Settling Defendants have executed this Agreement, Plaintiffs and Settling Defendants shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 19, 20(a), 28, or 29 of this Agreement.

13. Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Settling Defendants or Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C. <u>Release. Discharge. and Covenant Not to Sue.</u>

14. In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 12 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 17 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual

or contingent, liquidated or unliquidated, claims, causes of action, injuries, damages, and the consequences thereof in any way based on, arising out of, or relating to any conduct, act, or omission that is alleged in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action Complaint ("Complaint") (the "Released Claims"). The Released Claims do not include (i) claims for product defect or personal injury, (ii) claims for breach of contract in the ordinary course of business that do not relate to conduct alleged in the Complaint or to competition in the sale of Linear Resistors, or (iii) claims against parties other than Releasees for sales by those parties, or their alleged co-conspirators, of Releasees' Linear Resistors. For purposes of clarity, the Released Claims include any claims under foreign or federal antitrust or competition laws or state antitrust or competition laws that relate to or arise out of the sale of any of the Linear Resistors that are the subject of the Complaint.

15. In addition to the provisions of Paragraph 14 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims which are the subject matter of the provisions of Paragraph 14 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter described in Paragraph 14 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

16.     The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Releasees based, in whole or in part, upon any of the Released Claims or the conduct at issue in the Released Claims.

D.      Settlement Amount.

17.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Settling Defendants shall pay the Settlement Amount of US $2,000,000 (the "Settlement Amount"). Fifty percent (50%) of the Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 18 of this Agreement sixty (60) days after execution of this Agreement, provided that Lead Counsel notifies Settling Defendants of the establishment and identity of the escrow account within twenty-one (21) days after execution of this Agreement. The remaining fifty percent (50%) of the Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 18 of this Agreement thirty (30) days after the deadline set by the Court for any class member to seek exclusion from the Settlement Class.

18.     Escrow Account.

(a)     Within sixty (60) days after execution of this Agreement, Settling Defendants shall pay 50% of the Settlement Amount in United States Dollars into an escrow account to be administered in accordance with the provisions of this Paragraph 18 (the "Escrow Account").

(b)     The remaining 50% of the Settlement Amount shall be paid into the Escrow Account in United States Dollars to be administered in accordance with the provisions of this Paragraph 18 thirty (30) days after the deadline set by the Court for any class member to seek exclusion from the Settlement Class.

(c)     The Escrow Account will be established at Huntington National Bank, with such Bank serving as escrow agent ("Escrow Agent"), subject to escrow instructions mutually acceptable to Plaintiffs' Lead Counsel and Settling Defendants, such escrow to be administered under the Court's continuing supervision and control.

(d)     The Escrow Agent shall cause the funds deposited in the Escrow Account to

be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

(e)   All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(f)   Plaintiffs and Settling Defendants agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 18, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(g)   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent. The Escrow Agent or its designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)(I)). Such returns (as well as the election described in Paragraph 18(f)) shall be consistent with Paragraph 18(f) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 18(h) hereof.

(h) All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Settling Defendants or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 18(f) through 18(h) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 18 ("Tax Expenses")), shall be paid out of the Settlement Fund.

(i) Neither Settling Defendants nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). Neither Settling Defendants nor any other Releasee is responsible nor shall they have any liability for any Taxes or Tax Expenses. Plaintiffs and Settling Defendants agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 18(f) through 18(i).

(j) If (1) this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Paragraph 1, (2) the Action is not certified as a class action for settlement purposes, or (3) the Settling Defendants elect to exercise their option to terminate this Agreement under paragraph 19, then all amounts paid by Settling Defendants into the Settlement Fund (other than costs expended in accordance with Paragraph 20(a)) shall within thirty (30) calendar days be returned to Settling Defendants from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

SETTLEMENT AGREEMENT – DIRECT
PURCHASER PLS. & HDK DEFENDANTS -         -9-
Case No.: 15-cv-03820-JD

19. <u>Exclusions</u>.

Within ten (10) business days after the end of the period to request exclusion from the Class, Lead Counsel will cause copies of all requests for exclusion from the Class to be provided to counsel for Settling Defendants. With respect to any potential Class member who requests exclusion from the Class, Settling Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class member is a direct purchaser of Linear Resistors and/or has standing to bring any claim. Settling Defendants shall have the option to terminate this Agreement if the direct purchases of Linear Resistors made by members of the Class who timely and validly request exclusion from the Class total the lesser of either (1) $100,000,000, or (2) 10% of Class purchases from all Defendants in the Action. In the event that Settling Defendants exercises their option to terminate this Agreement, this Agreement shall be null and void as to the Settling Defendants, and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation.

20. <u>Payment of Expenses</u>.

(a) Settling Defendants agree to permit use of a maximum of US $200,000 of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement Fund. The US $200,000 in notice and administration expenses are not recoverable if this settlement does not become final, but only to the extent such funds are actually expended for notice and administration costs. Other than as set forth in this Paragraph 20(a), Settling Defendants shall not be liable for the costs of providing notice to the Class and the costs of administration of the Settlement Fund.

(b) If Lead Counsel enters into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Lead Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

E. <u>The Settlement Fund</u>.

21. Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Releasees of all Released Claims, and shall have no other recovery against Settling Defendants or any other Releasee.

22. After this Agreement becomes final within the meaning of Paragraph 12, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the exception of the provisions set forth in Paragraph 20(a) of this Agreement.

23. Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. Settling Defendants and the Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, consultants, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

24. <u>Class Counsel's Attorneys' Fees and Reimbursement of Expenses</u>.

(a) Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses incurred in connection with prosecuting the Action; plus (3) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b) The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Lead Counsel within 30 days after the granting of the Fee and Expense Award. It may be disbursed during the pendency of any appeals which may be taken from the judgment to be entered by the Court finally approving this Settlement.

(c) In the event that the Agreement does not become final within the meaning of Paragraph 12, or the order making the Fee and Expense Award is reversed or modified, then Lead Counsel shall within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account

SETTLEMENT AGREEMENT – DIRECT
PURCHASER PLS. & HDK DEFENDANTS -
Case No.: 15-cv-03820-JD
-11-

into which the balance of the Settlement Fund is deposited pursuant to Paragraph 18(c) above. Class Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(d) The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorney' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(e) Neither Settling Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(f) Neither Settling Defendants nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F. Cooperation.

25. Settling Defendants shall, at their expense, make reasonable efforts to provide employee declarations or affidavits relating to authentication or admissibility of documents and data (or employee testimony if an affidavit or declaration is insufficient), if reasonably requested by the Plaintiffs in connection with the Action. Plaintiffs shall provide Settling Defendants, through their undersigned counsel, at least 15 business days' advance notice prior to the requested time for any such cooperation. Nothing in this paragraph shall prevent either Party from objecting to discovery on any grounds permitted by law, including without limitation burden on a third party, relevance, expense, and violation of the limitations set forth in scheduling and discovery Orders in the Action.

26. Except as provided in Paragraph 25 of this Agreement, neither Settling Defendants nor any Releasee shall be required to respond to any pending or new discovery requests from Plaintiffs (whether for production of documents, other written discovery, or depositions) or otherwise participate in or cooperate with Plaintiffs in connection with the Action. Plaintiffs agree not to issue deposition subpoenas or notices to any current or former employees of Settling Defendants or any Releasee, although Plaintiffs may participate in questioning such current or former Settling Defendants or Releasee employees noticed by other parties in this Action. Similarly, Settling Defendants will not subpoena or notice the depositions of any Plaintiffs in this Action, although they may participate in questioning of such witnesses in depositions noticed by other parties. Neither Settling Defendants nor Plaintiffs shall file motions against the other (including any Releasee) in connection with this Action, other than to enforce this Settlement Agreement.

27. Settling Defendants and Plaintiffs agree not to disclose publicly or to any other defendant the terms of this Agreement until this Agreement is submitted to the Court for approval, except for disclosures in compliance with applicable securities or other laws.

G. <u>Rescission if this Agreement is Not Approved or Final Judgment is Not Entered</u>.

28. If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 1, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 11 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Settling Defendants and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 39. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

29. In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Settling

Defendants less only disbursements made in accordance with Paragraph 20(a) of this Agreement. Settling Defendants and the Plaintiffs expressly reserve all of their rights and defenses if this Agreement does not become final.

30. This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

31. The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 9-12 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

H. Miscellaneous.

32. This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Settling Defendants' sales to the Class shall not be removed from the Action.

33. To the extent the settling parties disagree about the interpretation or enforcement of any of the material terms of this Agreement, they agree to submit such disputes for resolution by Mediator Gerald G. Saltarelli or another mutually agreed-upon neutral.

34. The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling Defendants. Plaintiffs and Settling Defendants agree that any disagreement between them related to the form or content of the final judgment, as discussed in Paragraphs 10-11, or the form or content of the notice to Class Members, as discussed in Paragraphs 10 and 20, which cannot be resolved by negotiation and agreement, will be submitted to the United States District Court for the Northern District of California, for decision. This Agreement shall be

governed by and interpreted according to the substantive laws of the state of California without regard to its choice of law or conflict of laws principles.

35. This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Settling Defendants pertaining to the settlement of the Action against Settling Defendants, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Settling Defendants in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Settling Defendants, and approved by the Court.

36. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Settling Defendants. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, or Lead Counsel shall be binding upon all Class Members and Releasors. Each and every Releasee (other than the Settling Defendants that are parties hereto) is a third-party beneficiary of this Agreement and is authorized to enforce the Agreement's terms applicable to that Releasee.

37. This Agreement may be executed in counterparts by Plaintiffs and Settling Defendants, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38. Neither Plaintiffs nor Settling Defendants shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

40. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

DATED: July 5, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
JEFF D. FRIEDMAN

Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

DATED: July 5, 2018

COHEN MILSTEIN SELLERS & TOLL PLLC

By _____
EMMY L. LEVENS

Kit A, Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Laura Alexander (255485)
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

| | |
|---|---|
| 1    DATED: July 6, 2018 | BARNES & THORNBURG LLP |
| 2 | By *[signature: Kendall Millard]* |
| 3 | KENDALL MILLARD |

Bradley R. Love (251691)
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
kmillard@btlaw.com
blove@btlaw.com

*Attorneys for Hokuriku Electric Industry Co., Ltd., and HDK America, Inc.*