# EXHIBIT B

1
2
3
4
5
6
7                 UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
9                  SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
| This Documents Relates to: | SETTLEMENT AGREEMENT |
| DIRECT PURCHASER ACTIONS | |

# TABLE OF CONTENTS

**Page**

A.    Definitions. .................................................................................................3

B.    Approval of this Settlement Agreement and Dismissal of Claims
Against Settling Defendants. ......................................................................5

C.    Release. Discharge. and Covenant Not to Sue. .........................................8

D.    Settlement Amount ...................................................................................10

E.    The Settlement Fund.................................................................................14

F.    Cooperation. .............................................................................................16

G.    Rescission if this Settlement Agreement is Not Approved or Final
Judgment is Not Entered ..........................................................................17

H.    Miscellaneous ..........................................................................................18

1     This Settlement Agreement ("Settlement Agreement") is made and entered into this 11th

2     day of July, 2018 (the "Execution Date"), by and among Defendants Kamaya Electric Co., Ltd. and

3     Kamaya Inc. ("Kamaya Defendants"), Defendants Walsin Technology Corporation and Walsin

4     Technology Corporation, U.S.A. ("Walsin Defendants") (the Kamaya Defendants and Walsin

5     Defendants are referred to collectively as the "Settling Defendants") and Plaintiff Schuten

6     Electronics Inc., who has filed suit as the representative of a class of similarly situated direct

7     purchasers of linear resistors ("Plaintiffs"), as more specifically defined below, in the class action *In*

8     *re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD (N.D. Cal.), currently pending before the

9     Honorable James Donato in the United States District Court for the Northern District of California

10    ("the Action").  Plaintiffs enter into this Settlement Agreement both individually and on behalf of the

11    direct purchaser class they seek to represent (the "Settlement Class" defined below).  This Settlement

12    Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and

13    settle the Released Claims, upon and subject to the terms and conditions hereof.

14        **WHEREAS**, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the

15    Settlement Class against, among others, Settling Defendants;

16        **WHEREAS**, Plaintiffs allege that Settling Defendants participated in an unlawful

17    conspiracy to raise, fix, maintain, or stabilize the price of linear resistors at artificially high levels in

18    violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

19        **WHEREAS**, Settling Defendants have denied and continue to deny each and all of

20    Plaintiffs' claims and allegations of wrongdoing; have not conceded or admitted any liability, or that

21    they violated or breached any law, regulation, or duty owed to the Plaintiffs; have denied and

22    continue to deny all charges of wrongdoing or liability against them arising out of any of the

23    conduct, statements, acts or omissions alleged in the Action; and further deny the allegations that

24    Plaintiffs or any member of the Settlement Class ("Settlement Class Members") were harmed by the

25    alleged unlawful conspiracy or by any conduct by Settling Defendants alleged in the Action or

26    otherwise;

27        **WHEREAS**, Plaintiffs and Settling Defendants have engaged in extensive discovery

28    regarding the facts pertaining to Plaintiffs' claims and Settling Defendants' defenses;

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -1-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

1    **WHEREAS**, Plaintiffs and Settling Defendants agree that neither this Settlement

2    Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an

3    admission or evidence of any violation of any statute or law or of any liability or wrongdoing by

4    Settling Defendants or of the truth of any of the claims or allegations alleged in the Action;

5    **WHEREAS**, Plaintiffs have thoroughly analyzed the facts and the law regarding the Action

6    and have concluded that a settlement with Settling Defendants at this time according to the terms set

7    forth below is fair, adequate, and reasonable, and in the best interest of Plaintiffs and the Settlement

8    Class;

9    **WHEREAS**, Settling Defendants have concluded, despite their belief that they are not

10   liable for the claims asserted against them in the Action and that they have good defenses thereto,

11   and without admitting any liability or wrongdoing, have nevertheless agreed to enter into this

12   Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome

13   and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Settlement

14   Agreement, and thereby to put to rest with finality this controversy and all claims that have been or

15   could have been asserted against Settling Defendants by the Plaintiffs and the Settlement Class,

16   based on the allegations of the Action and to avoid the risks inherent in complex litigation, as more

17   particularly set out below;

18   **WHEREAS**, arm's-length settlement negotiations have taken place between counsel for

19   Plaintiffs and Settling Defendants, and this Settlement Agreement, which embodies all of the terms

20   and conditions of the settlement between Settling Defendants and Plaintiffs, both individually and on

21   behalf of the Settlement Class, has been reached as a result of the parties' negotiations (subject to the

22   approval of the Court) as provided herein and is intended to supersede any prior agreements between

23   the Settling Parties;

24   **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the

25   Settling Parties, by and through their undersigned attorneys of record, in consideration of the

26   covenants, agreements, and releases set forth herein and for other good and valuable consideration,

27   that the Action be finally and fully settled, compromised, and dismissed on the merits with prejudice

28   as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs,

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -2-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

1    the Class, or Releasees, upon and subject to the approval of the Court, following notice to the

2    Settlement Class, on the following terms and conditions:

3    **A.      Definitions.**

4            The following terms, as used in this Settlement Agreement, shall have the following

5    meanings:

6            1.      "Action" means the instant direct purchaser individual and representative action

7    captioned *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD, pending in the United States

8    District Court for the Northern District of California.

9            2.      "Affiliates" means entities controlling, controlled by or under common control with a

10   Releasee or Releasor.

11           3.      "Class Counsel" shall refer to the law firms of:

                     HAGENS BERMAN SOBOL SHAPIRO LLP

12                   715 Hearst Avenue, Suite 202
                     Berkeley, CA  94710

13

14                   -and-

15                   COHEN MILSTEIN SELLERS & TOLL PLLC
                     1100 New York Ave. NW, Suite 500, West Tower

16                   Washington, DC 20005

17           4.      "Class Member" means any person or entity that falls within the definition of the

18   "Settlement Class" and that does not timely and validly elect to be excluded from the Settlement

19   Class in accordance with the procedure to be established by the Court.

20           5.      "Class Period" means the period from and including July 9, 2003 through August 1,

21   2014.

22           6.      "Class Representative" refers to Schuten Electronics, Inc.

23           7.      "Court" or "District Court" means the United States District Court for the Northern

24   District of California.

25           8.      "Defendants" means Kamaya, Inc.; Kamaya Electric Co., Ltd.; Walsin Technology

26   Corporation; Walsin Technology Corporation, U.S.A.; Hokuriku Electric Industry Co., Ltd.; HDK

27   America, Inc.; KOA Corporation; KOA Speer Electronics, Inc.; ROHM Co., Ltd.; ROHM

28   Semiconductor U.S.A., LLC; Panasonic Corporation; and Panasonic Corporation of North America.

9.     "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

10.     "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

11.     "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

12.     "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to Plaintiffs and Settling Defendants.

13.     "Execution Date" means July 11, 2018.

14.     "Final Judgment" means a final order approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Action and all claims therein against Settling Defendants with prejudice as to all Settlement Class Members.

15.     "Linear Resistors" shall have the same meaning as defined in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action Complaint.

16.     "Released Claims" means those claims released pursuant to Paragraphs 30 to 32 of this Settlement Agreement.

17.     "Releasees" shall refer to Kamaya Electric Co., Ltd., Kamaya Inc., Walsin Technology Corporation, and Walsin Technology Corporation, U.S.A., and to all of their respective past and present, direct and indirect parents, members, subsidiaries, and Affiliates, and their respective past and present officers, directors, employees, managers, members, partners, agents, attorneys and legal representatives, assigns, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

18.     "Releasors" shall refer to the direct purchaser plaintiff Class Representative and the Class Members, and to their respective past and present parents, members, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', members', subsidiaries', and Affiliates' past and present officers, directors, employees, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors,

1  administrators, and assigns of each of the foregoing.

2      19.   "Settlement Agreement" means this Settlement Agreement, dated July 11, 2018.

3      20.   "Settlement Amount" means the sum of Five Million Two Hundred Fifty Thousand

4  ($5,250,000.00) as set forth in Paragraphs 33 to 35 below, payable in lawful money of the United

5  States.

6      21.   "Settlement Class" or "Class" shall be the Class defined as:  All persons in the United

7  States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or

8  joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint

9  ventures from July 9, 2003 through August 1, 2014 (the "Class Period"). The parties to this

10  Settlement Agreement hereby stipulate for purposes of this settlement only, that the requirements of

11  Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

12      22.   "Settlement Fund" means the Settlement Amount, specified in Paragraph 33

13  ($5,250,000.00 USD) plus accrued interest on said Settlement Amount set forth in Paragraph 35.

14      23.   "Settling Parties" means, collectively, Plaintiffs (on behalf of themselves and the

15  Settlement Class) and the Settling Defendants.

16      24.   "Settling Defendants" shall refer to Kamaya Electric Co., Ltd., Kamaya Inc., Walsin

17  Technology Corporation, and Walsin Technology Corporation, U.S.A., and to all of their respective

18  past and present, direct and indirect parents, members, subsidiaries, and Affiliates, and their

19  respective past and present officers, directors, employees, managers, members, partners, agents,

20  attorneys and legal representatives, assigns, servants, and representatives, and the predecessors,

21  successors, heirs, executors, administrators, and assigns of each of the foregoing.

22  **B.    Approval of this Settlement Agreement and Dismissal of Claims Against Settling
Defendants.**

23

24      25.   ***Best Efforts to Effectuate this Settlement.***  Plaintiffs and Settling Defendants shall

25  use their best efforts to effectuate this Settlement Agreement under Federal Rules of Civil Procedure

26  23 (c) and (e) to secure the prompt, complete, and final dismissal with prejudice of the Action as to

27  Releasees only.

28      26.   Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -5-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

the settlement and final judgment contemplated by this Settlement Agreement to all potential Class Members (the "Motion"). If notice to the Class is given jointly with any other defendant who is also settling with the Class, the costs of notice and claims administration payable from the Settlement Amount as provided for in Paragraph 37(a) shall be prorated between or among Settling Defendants and such other defendant(s) who also are settling based on the amount of their respective contributions. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Settling Defendants before submission of the Motion. Individual notice of the settlement shall be as provided in the Motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to Paragraph 37(a). To the extent that any changes to the form of the Proposed Order and Final Judgment, as outlined in Paragraph 27, are required by the Court, the Settling Parties will negotiate consistent with the terms of this Settlement Agreement and agree upon the form of Proposed Order and Final Judgment prior to the filing of the motion for final approval. The Motion shall recite and ask the Court to find that the mailing or emailing of the notice of settlement to all Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

27.     Plaintiffs shall seek, and Settling Defendants will not object unreasonably to the entry of, an Order and Final Judgment, the text of which Plaintiffs and Settling Defendants shall agree upon. The terms of that Order and Final Judgment will include, at a minimum, the substance of the following provisions:

(a)     as to the Action, approving fully and finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

(b)     finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all due respects with the due,

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN        -6-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

1    adequate, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the

2    requirements of due process;

3              (c)    as to Releasees, directing that the Action be dismissed with prejudice and,

4    except as provided for in this Settlement Agreement, without costs;

5              (d)    discharging and releasing the Releasees from the Released Claims;

6              (e)    permanently barring and enjoining the institution and prosecution, by

7    Plaintiffs and Class Members, of any other action against the Releasees as to the Released Claims

8    which are further defined in Paragraph 30; reserving continuing and exclusive jurisdiction over the

9    Settlement and this Settlement Agreement, including all future proceedings concerning the

10   administration, interpretation, consummation, and enforcement of this settlement, to the United

11   States District Court for the Northern District of California; and

12             (f)    determining under Federal Rule of Civil Procedure 54(b) that there is no just

13   reason for delay and directing that the judgment of dismissal as to Releasees shall be final and

14   entered forthwith.

15             28.    This Settlement Agreement shall become final when (i) the Court has entered a final

16   order certifying the Class described in Paragraph 21 and approving this Settlement Agreement under

17   Federal Rule of Civil Procedure 23(e) and a Final Judgment dismissing the Action with prejudice as

18   to Releasees against all Class Members and without costs other than those provided for in this

19   Settlement Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's

20   approval of this Settlement Agreement and entry of a Final Judgment  as to Releasees described in

21   (i) hereof has expired or, if appealed, approval of this Settlement Agreement and the Final Judgment

22   as to Releasees have been affirmed in their entirety by the Court of last resort to which such appeal

23   has been taken and such affirmance has become no longer subject to further appeal or review.  It is

24   agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into

25   account in determining the above-stated times.  On the date that Plaintiffs and Settling Defendants

26   have executed this Settlement Agreement, Plaintiffs and Settling Defendants shall be bound by its

27   terms and this Settlement Agreement shall not be rescinded except in accordance with Paragraphs

28   36, 37(a), 46 or 47 of this Settlement Agreement.

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -7-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

29.   This Settlement Agreement (whether or not it should become final), the Final Judgment, and any and all negotiations, documents and discussions associated with them, shall be governed by Federal Rule of Evidence 408, and they shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Settling Defendant or Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable, admissible, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Settlement Agreement by any of the settling parties shall be referred to, be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

**C.     Release. Discharge. and Covenant Not to Sue.**

30.   *Released Claims*.   In addition to the effect of any Final Judgment entered in accordance with this Settlement Agreement, upon this Settlement Agreement becoming final as set out in Paragraph 28 of this Settlement Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 33 of this Settlement Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, injuries, and attorneys' fees (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated, claims, causes of action, injuries, damages, and the

1    consequences thereof in any way based on, arising out of, or relating to any conduct, act, or

2    omission that is alleged in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action

3    Complaint ("Complaint") (the "Released Claims") against the Releasees.  The Released Claims do

4    not include (i) claims for product defect or personal injury, (ii) claims for breach of contract in the

5    ordinary course of business that do not relate to conduct alleged in the Complaint or to competition

6    in the sale of linear resistors, or (iii) claims against parties other than Releasees for sales by those

7    parties, or their alleged co-conspirators, of Releasees' Linear Resistors.  For purposes of clarity, the

8    Released Claims include any claims under foreign or federal antitrust or competition laws or state

9    antitrust or competition laws, unfair practices or trade practice laws, civil conspiracy, or common

10   law or statutory fraud claims, whether such claims are known or unknown, suspected or

11   unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

12   unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages

13   claimed, or claims that have been, could have been, or in the future might have been asserted in

14   law or in equity, on account of, arising out of, resulting from, or in any way related to any conduct

15   regardless of where it occurred that relate to or arise out of the allegations concerning the sale of

16   any of the Linear Resistors that are the subject of the Complaint.

17        31.   In addition to the provisions of Paragraph 30 of this Settlement Agreement, Releasors

18   hereby expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits

19   conferred by the provisions of California Civil Code Section 1542 ("Section 1542"), which provides:

20        CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A
             GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
21        THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
             HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,
22        WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY
             AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

23

24   or by any law of any state or territory of the United States, or principle of common law, which is

25   similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may

26   hereafter discover facts other than or different from those which he, she, or it knows or believes to be

27   true with respect to the Released Claims which are the subject matter of the provisions of Paragraph

28   30 of this Settlement Agreement, but each Releasor hereby expressly waives and fully, finally, and

1   forever settles and releases, upon this Settlement Agreement becoming final, any known or

2   unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject

3   matter described in Paragraph 30 of this Settlement Agreement, whether or not concealed or hidden,

4   without regard to the subsequent discovery or existence of such different or additional facts.

5       32.   The Releasors hereby covenant and agree that they shall not, hereafter, directly or

6   indirectly, assert any claim or commence, institute, maintain or prosecute any suit, action, complaint,

7   or proceeding seeking to recover against the Releasees (including pursuant to the Action) based on

8   any of the Released Claims or the conduct at issue in the Released Claims, whether on his, her, or its

9   own behalf or as part of any putative, purported or certified class of purchasers.  Releasors and Class

10  Counsel acknowledge that they and the Releasees each consider it to be a material term of this

11  Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

12  **D.   Settlement Amount**

13      33.   *Settlement Payment*.  Subject to the provisions hereof, and in full, complete and final

14  settlement of the Action as provided herein, Settling Defendants shall pay the Settlement Amount of

15  US $5,250,000.00 (the "Settlement Amount").  Fifty percent (50%) of the Settlement Amount shall

16  be paid into an escrow account in United States Dollars to be administered in accordance with the

17  provisions of Paragraph 35 of this Settlement Agreement ninety (90) days after execution of this

18  Settlement Agreement, provided that Class Counsel notifies Settling Defendants of the establishment

19  and identity of the escrow account within twenty-one (21) days after execution of this Settlement

20  Agreement.  The remaining fifty percent (50%) of the Settlement Amount shall be paid into an

21  escrow account in United States Dollars to be administered in accordance with the provisions of

22  Paragraph 35 of this Settlement Agreement thirty (30) days after the deadline set by the Court for

23  any class member to seek exclusion from the Settlement Class.

24      34.   Under no circumstances will the Settling Defendants be required to pay more or less

25  than the Settlement Amount pursuant to this Settlement Agreement and the Settlement set forth

26  herein.

27      35.   *Escrow Account*.

28          (a)   Within ninety (90) days after execution of this Settlement Agreement,

1    Settling Defendants shall pay 50% of the Settlement Amount in United States Dollars into an

2    Escrow Account to be administered in accordance with the provisions of this Paragraph 35.

3        (b)    The remaining 50% of the Settlement Amount shall be paid into the Escrow

4    Account in United States Dollars to be administered in accordance with the provisions of this

5    Paragraph 35 thirty (30) days after the deadline set by the Court for any class member to seek

6    exclusion from the Settlement Class.

7        (c)    The Escrow Account will be established at Huntington National Bank, with

8    such bank serving as Escrow Agent, subject to escrow instructions mutually acceptable to Plaintiffs'

9    Class Counsel and Settling Defendants, such escrow to be administered under the Court's

10   continuing supervision and control.

11       (d)    The Escrow Agent shall cause the funds deposited in the Escrow Account to

12   be invested in short-term instruments backed by the full faith and credit of the United States

13   Government or fully insured in writing by the United States Government, or money market funds

14   rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested

15   substantially in such instruments, and shall reinvest any income from these instruments and the

16   proceeds of these instruments as they mature in similar instruments at their then-current market

17   rates.

18       (e)    All funds held in the Escrow Account shall be deemed and considered to be

19   in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

20   time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s)

21   of the Court.

22       (f)    Plaintiffs and Settling Defendants agree to treat the Settlement Fund as being

23   at all times a qualified settlement fund within the meaning of Treas. Reg. § l.468B-l.  In addition, the

24   Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions

25   of this Paragraph 35, including the relation-back election (as defined in Treas. Reg. § l.468B-1) back

26   to the earliest permitted date.  Such elections shall be made in compliance with the procedures and

27   requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to

28   timely and properly prepare and deliver the necessary documentation for signature by all necessary

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN        -11-

1  parties, and thereafter to cause the appropriate filing to occur.

2         (g)     For the purpose of § 468B of the Internal Revenue Code of 1986, as

3  amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent.

4  The Escrow Agent or its designee shall timely and properly file or cause to be filed on a timely

5  basis, all informational and other tax returns necessary or advisable with respect to the Settlement

6  Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(I)).  Such

7  returns (as well as the election described in Paragraph 35(f)) shall be consistent with Paragraph 35(f)

8  and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes,

9  interest or penalties), on the income earned by the Settlement Fund shall be paid out of the

10  Settlement Fund as provided in Paragraph 35(h) hereof.

11         (h)     All (i) taxes (including any estimated taxes, interest or penalties) arising with

12  respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may

13  be imposed upon Settling Defendants or any other Releasee with respect to any income earned by

14  the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified

15  settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs

16  incurred in connection with the operation and implementation of Paragraphs 35(f) through 35(h)

17  (including, without limitation, expenses of tax attorneys and/or accountants and mailing and

18  distribution costs and expenses relating to filing (or failing to file) the returns described in this

19  Paragraph 35 ("Tax Expenses")), shall be paid out of the Settlement Fund.

20         (i)     Neither Settling Defendants nor any other Releasee nor their respective

21  counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes

22  and Tax Expenses shall be treated as, and considered to be, a cost of administration of the

23  Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without

24  prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything

25  herein to the contrary) to withhold from distribution to any claimants authorized by the Court any

26  funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes

27  and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §

28  1.468B-2(1)(2)).  Neither Settling Defendants nor any other Releasee is responsible nor shall they

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN    -12-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

1    have any liability for any Taxes or Tax Expenses. Plaintiffs and Settling Defendants agree to

2    cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent

3    reasonably necessary to carry out the provisions of Paragraphs 35(f) through 35(i).

4                 (j)      If (1) this Settlement Agreement does not receive final Court approval,

5    including final approval of "the Class" as defined in Paragraph 21, (2) the Action is not certified as a

6    class action for settlement purposes, or (3) the Settling Defendants elect to exercise their option to

7    terminate this Settlement Agreement under Paragraph 36, then all amounts paid by Settling

8    Defendants into the Settlement Fund (other than costs expended in accordance with Paragraph

9    37(a)) shall within thirty (30) calendar days be returned to Settling Defendants from the Escrow

10    Account by the Escrow Agent along with any interest accrued thereon.

11        36.    *Exclusions*.

12         Within ten (10) business days after the end of the period to request exclusion from the

13    Class, Class Counsel will cause copies of all requests for exclusion from the Class to be provided to

14    counsel for Settling Defendants. With respect to any potential Class member who requests exclusion

15    from the Class, Settling Defendants reserve all of their legal rights and defenses, including, but not

16    limited to, any defenses relating to whether the excluded Class member is a direct purchaser of Linear

17    Resistors and/or has standing to bring any claim. Settling Defendants shall have the option to

18    terminate this Settlement Agreement if the direct purchases of Linear Resistors made by members of

19    the Class who timely and validly request exclusion from the Class total 20% of Class purchases from

20    all Defendants in the Action. In the event that Settling Defendants exercise their option to terminate

21    this Settlement Agreement, this Settlement Agreement shall be null and void as to the Settling

22    Defendants, and shall have no force or effect and shall be without prejudice to the rights and

23    contentions of Releasees and Releasors in this or any other litigation.

24        37.    *Payment of Expenses*.

25                (a)      Settling Defendants agree to permit the use of a maximum of US $300,000

26    of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement

27    Fund. The US $300,000 in notice and administration expenses are not recoverable if this settlement

28    does not become final, but only to the extent such funds are actually expended for notice and

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN     -13-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

administration costs. Other than as set forth in this Paragraph 37(a), Settling Defendants shall not be liable for the costs of providing notice to the Class and the costs of administration of the Settlement Fund.

        (b)     If Class Counsel enters into any other settlements on behalf of the Class before notice of this Settlement Agreement is given to the Class, Class Counsel shall use its reasonable best efforts to provide a single notice to prospective Class members of all of the settlements.

**E.    The Settlement Fund**

    38.   Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, against the Releasees of all Released Claims, and shall have no other recovery against Settling Defendants or any other Releasee.

    39.   After this Settlement Agreement becomes final within the meaning of Paragraph 28, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court.  In no event shall any Releasee or their counsel have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, with the exception of the provisions set forth in Paragraph 37(a) of this Settlement Agreement.  Settling Defendants and their counsel shall likewise have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the allocation or distribution of the Settlement Fund and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards.

    40.   Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses.  Settling Defendants and the Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class's respective attorneys, experts, consultants, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

41.   *Class Counsel's Attorneys' Fees and Reimbursement of Expenses, and Service Award for Class Representative.*

(a)   Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses incurred in connection with prosecuting the Action; plus (3) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b)   The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Class Counsel within 30 days after the granting of the Fee and Expense Award. It may be disbursed during the pendency of any appeals which may be taken from the judgment to be entered by the Court finally approving this Settlement.

(c)   In the event that the Settlement Agreement does not become final within the meaning of Paragraph 28, or the order making the Fee and Expense Award is reversed or modified, then Class Counsel shall within ten (10) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 35(c) above.  Class Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(d)   The procedure for, and the allowance or disallowance by the Court of, the application by Class Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

(e)   Neither Settling Defendants nor any other Releasee under this Settlement

Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(f)     Neither Settling Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

(g)     Settling Defendants agree not to oppose a request for a service award to the Class Representative identified in the Complaint, up to a maximum of US $5,000, to be drawn exclusively from the Settlement Fund.

**F.     Cooperation.**

42.     Kamaya Defendants agree to provide a declaration from Hideyuki Miura of Kamaya Electric Co., Ltd. (the "Miura Declaration"), based on his personal knowledge, in support of Plaintiffs' litigation against other Defendants named in the Complaint. Plaintiffs agree to negotiate the language of the Miura Declaration with Kamaya Defendants in good faith. The Miura Declaration shall be negotiated and completed (meaning signed by Mr. Miura and provided to Plaintiffs) by no later than August 31, 2018. Plaintiffs will provide Settling Defendants with a proposed draft of the Miura Declaration no later than July 31, 2018. In the event that the parties are unable to agree on the language in the Miura Declaration, Plaintiffs will have the right to take a deposition of Hideyuki Miura.

43.     Settling Defendants agree, at their expense, to make reasonable efforts to provide employee declarations or affidavits relating to authentication or admissibility of documents and data (or employee testimony if an affidavit or declaration is insufficient), if reasonably requested by the Plaintiffs in connection with the Action. Nothing in this paragraph shall prevent the parties from objecting to discovery on any grounds permitted by law, including without limitation, burden on a third party, relevance, expense, and violation of the limitations set forth in scheduling and discovery Orders in the Action.

44.     Plaintiffs agree to withdraw all pending discovery requests and deposition notices of Settling Defendants and their employees. In addition, Plaintiffs agree that they will not serve or seek

further discovery from Settling Defendants, and their employees, with the exception of the Miura Declaration, the discovery described in Paragraph 43, or, if necessary, a future deposition of Hideyuki Miura, as outlined in Paragraph 42. While Plaintiffs agree not to issue deposition subpoenas or notices to any current or former employees of Settling Defendants or any Releasee, Plaintiffs may participate in questioning such current or former Settling Defendants or Releasee employees noticed by other parties in this Action. Similarly, Settling Defendants will not subpoena or notice the depositions of any Plaintiffs in this Action, although they may participate in questioning of such witnesses in depositions noticed by other parties. Neither Settling Defendants nor Plaintiffs shall file motions against the other (including any Releasee) in connection with this Action, other than to enforce this Settlement Agreement.

45.    Settling Defendants and Plaintiffs agree not to disclose publicly or to any other defendant the terms of this Settlement Agreement until this Settlement Agreement is submitted to the Court for approval.

**G.    Rescission if this Settlement Agreement is Not Approved or Final Judgment is Not Entered**

46.    If the Court refuses to approve this Settlement Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 21, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment provided for in Paragraph 27 of this Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought, and on such review, such Final Judgment is not affirmed in its entirety, then Settling Defendants and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 56. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Final Judgment.

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -17-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

47.   In the event that this Settlement Agreement does not become final, then this Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Settling Defendants less only disbursements made in accordance with Paragraph 37(a) of this Settlement Agreement and all other obligations pursuant to this Settlement Agreement shall cease immediately.  Settling Defendants and the Plaintiffs expressly reserve all of their rights and defenses if this Settlement Agreement does not become final.

48.   This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Settlement Agreement.

49.   The parties to this Settlement Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 25-28 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

50.   *Use of Agreement as Evidence*. The Settling Parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Federal Rule of Evidence 408 and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement. The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement.

**H.   Miscellaneous**

51.   This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Releasees.  All rights against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Settling

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -18-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

1   Defendants' sales to the Class shall not be removed from the Action.

2        52.    Plaintiffs expressly warrant that, in entering into the Settlement, they have relied

3   solely upon their own knowledge and investigation, and not upon any promise, representation,

4   warranty, or other statement by Settling Defendants not expressly contained in this Agreement.

5        53.    ***Consent to Jurisdiction.*** The United States District Court for the Northern District of

6   California shall retain jurisdiction over the implementation, enforcement, and performance of this

7   Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or

8   dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement

9   Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling

10  Defendants. Plaintiffs and Settling Defendants agree that any disagreement between them related to

11  the form or content of the Final Judgment, as discussed in Paragraphs 26-27, or the form or content

12  of the notice to Class Members, as discussed in Paragraphs 26 and 37, which cannot be resolved by

13  negotiation and agreement, will be submitted to the United States District Court for the Northern

14  District of California, for decision.  To the extent the Settling Parties disagree about the

15  interpretation or enforcement of any of the material terms of this Settlement Agreement, they agree

16  to submit such disputes for resolution by the United States District Court for the Northern District of

17  California.

18       54.    ***Choice of Law.*** All terms of this Agreement shall be governed and interpreted

19  according to the substantive laws of the State of California without regard to its choice of law or

20  conflict of laws principles.

21       55.    ***Integrated Agreement***. This Settlement Agreement constitutes the entire, complete

22  and integrated agreement among Plaintiffs and Settling Defendants pertaining to the settlement of

23  the Action against Settling Defendants, and supersedes all prior and contemporaneous undertakings

24  of Plaintiffs and Settling Defendants in connection herewith. This Settlement Agreement may not be

25  modified or amended except in writing executed by Plaintiffs and Settling Defendants, and approved

26  by the Court.

27       56.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the

28  successors and assigns of Plaintiffs and Settling Defendants. Without limiting the generality of the

foregoing, each and every covenant and agreement made herein by Plaintiffs, or Class Counsel shall be binding upon all Class Members and Releasors. Each and every Releasee (other than the Settling Defendants that are parties hereto) is a third-party beneficiary of this Settlement Agreement and is authorized to enforce the Settlement Agreement's terms applicable to that Releasee.

57.   *Notices*. Where this Settlement Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

58.   ***Authorization to Enter Settlement Agreement***. Each of the undersigned attorneys represents that he or she is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

59.   *Headings*. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

60.   *Execution in Counterparts*. This Settlement Agreement may be executed in counterparts by Plaintiffs and Settling Defendants, and a facsimile signature or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

61.   ***No Party Deemed To Be the Drafter***.  Neither Plaintiffs nor Settling Defendants shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

62.   *Notification of State Officials*. Settling Defendant shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

63.   In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Settling Defendants' counsel and Class

1   Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never

2   been included in the Settlement Agreement.

3   DATED: July 12, 2018                          HAGENS BERMAN SOBOL SHAPIRO LLP

4                                                 By _____

5                                                     JEFF D. FRIEDMAN
                                                   Shana E. Scarlett (217895)
6                                                  Benjamin J. Siegel (256260)
                                                   715 Hearst Avenue, Suite 202
7                                                  Berkeley, CA 94710
                                                   Telephone: (510) 725-3000
8                                                  Facsimile: (510) 725-3001
                                                   jefff@hbsslaw.com
9                                                  shanas@hbsslaw.com
                                                   bens@hbsslaw.com
10

11                                                 Steve W. Berman (*pro hac vice*)
                                                   HAGENS BERMAN SOBOL SHAPIRO LLP
12                                                 1918 Eighth Avenue, Suite 3300
                                                   Seattle, WA 98101
13                                                 Telephone: (206) 623-7292
                                                   Facsimile:  (206) 623-0594
14                                                 steve@hbsslaw.com

15

16   DATED: July 12, 2018                          COHEN MILSTEIN SELLERS & TOLL PLLC

17                                                 By _____

18                                                     EMMY L. LEVENS
                                                   Kit A, Pierson (*pro hac vice*)
19                                                 Daniel A. Small (*pro hac vice*)
                                                   Robert A. Braun (*pro hac vice*)
20                                                 Laura Alexander (255485)
                                                   1100 New York Ave. NW, Suite 500, West Tower
21                                                 Washington, DC 20005
                                                   Telephone: (202) 408-4600
22                                                 kpierson@cohenmilstein.com
                                                   dsmall@cohenmilstein.com
23                                                 elevens@cohenmilstein.com
                                                   lalexander@cohenmilstein.com
24                                                 rbraun@cohenmilstein.com

25

26                                                 *Co-Lead Counsel for Direct Purchaser Plaintiffs*

27

28

SETTLEMENT AGREEMENT WITH KAMAYA/WALSIN      -21-
Case No. 3:15-cv-03820-JD
010554-11 1048158 V1

DATED: July 12, 2018

LATHAM & WATKINS LLP

By _____
BELINDA S LEE
Ashley M. Bauer (231626)
Katherine M. Larkin-Wong (281038)
Cameron J. Clark (313039)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6537
Telephone: (415) 391-0600
Facsimile: (415)395-8095
belinda.lee@lw.com
ashley.bauer@lw.com
katherine.larkin-wong@lw.com
cameron.clark@lw.com

*Attorneys for Kamaya Electric Co., Ltd.; Kamaya Inc.; Walsin Technology Corporation and Walsin Technology Corporation, U.S.A.*