# EXHIBIT C

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
9                     SAN FRANCISCO DIVISION

10   IN RE RESISTORS ANTITRUST                Case No. 3:15-cv-03820-JD
11   LITIGATION

12   This Documents Relates to:               SETTLEMENT AGREEMENT

13   DIRECT PURCHASER ACTIONS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   This Settlement Agreement ("Settlement Agreement") is made and entered into 3rd (third)

2   day of September, 2018 (the "Execution Date"), between Panasonic Corporation ("Panasonic Corp.")

3   and Plaintiff Schuten Electronics Inc., who has filed suit as the representative of a class of similarly

4   situated direct purchasers of linear resistors ("Plaintiffs"), as more specifically defined below, in the

5   class action *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD (N.D. Cal.), currently pending

6   before the Honorable James Donato in the United States District Court for the Northern District of

7   California ("the Action").  Plaintiffs enter into this Settlement Agreement both individually and on

8   behalf of the direct purchaser settlement class they seek to represent (the "Settlement Class" defined

9   below).  This Settlement Agreement is intended by the Settling Parties (as defined below) to fully,

10  finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and

11  subject to the terms and conditions hereof.

12  **WHEREAS**, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the

13  Settlement Class against, among others, Panasonic Corp. and Panasonic Corporation of North

14  America (together, "Panasonic Defendants");

15  **WHEREAS**, Plaintiffs allege that Panasonic Defendants participated in an unlawful

16  conspiracy to raise, fix, maintain, or stabilize the price of linear resistors at artificially high levels in

17  violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

18  **WHEREAS**, Panasonic Defendants have denied and continue to deny each and all of

19  Plaintiffs' claims and allegations of wrongdoing; have not conceded or admitted any liability, or that

20  they violated or breached any law, regulation, or duty owed to the Plaintiffs; have denied and

21  continue to deny all charges of wrongdoing or liability against them arising out of any of the

22  conduct, statements, acts or omissions alleged in the Action; and further deny the allegations that

23  Plaintiffs or any member of the Settlement Class ("Settlement Class Members") were harmed by the

24  alleged unlawful conspiracy or by any conduct by Panasonic Defendants alleged in the Action or

25  otherwise;

26  **WHEREAS**, Plaintiffs and Panasonic Defendants have engaged in extensive discovery

27  regarding the facts pertaining to Plaintiffs' claims and Panasonic Defendants' defenses;

28

1    **WHEREAS**, Plaintiffs and Panasonic Defendants agree that neither this Settlement

2    Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an

3    admission or evidence of any violation of any statute or law or of any liability or wrongdoing by

4    Panasonic Defendants or of the truth of any of the claims or allegations alleged in the Action;

5    **WHEREAS**, Plaintiffs have thoroughly analyzed the facts and the law regarding the Action

6    and have concluded that a settlement with Panasonic Defendants at this time according to the terms

7    set forth below is fair, adequate, and reasonable, and in the best interest of Plaintiffs and the

8    Settlement Class;

9    **WHEREAS**, Panasonic Defendants have concluded, despite their belief that they are not

10   liable for the claims asserted against them in the Action and that they have good defenses thereto,

11   and without admitting any liability or wrongdoing, have nevertheless agreed to enter into this

12   Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome

13   and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Settlement

14   Agreement, and thereby to put to rest with finality this controversy and all claims that have been or

15   could have been asserted against Panasonic Defendants by Plaintiffs and the Settlement Class, based

16   on the allegations of the Action and to avoid the risks inherent in complex litigation, as more

17   particularly set out below;

18   **WHEREAS**, arm's-length settlement negotiations have taken place between counsel for

19   Plaintiffs and Panasonic Defendants, and this Settlement Agreement, which embodies all of the terms

20   and conditions of the settlement between Panasonic Defendants and Plaintiffs, both individually and

21   on behalf of the Settlement Class, has been reached as a result of the parties' negotiations (subject to

22   the approval of the Court) as provided herein and is intended to supersede any prior agreements

23   between the Settling Parties;

24   **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the

25   Settling Parties, by and through their undersigned attorneys of record, in consideration of the

26   covenants, agreements, and releases set forth herein and for other good and valuable consideration,

27   that the Action be finally and fully settled, compromised, and dismissed on the merits with prejudice

28   as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs,

SETTLEMENT AGREEMENT WITH PANASONIC          -2-
Case No. 3:15-cv-03820-JD

the Settlement Class, or Releasees, upon and subject to the approval of the Court, following notice to the Settlement Class, on the following terms and conditions:

**A.      Definitions.**

The following terms, as used in this Settlement Agreement, shall have the following meanings:

1.      "Action" means the instant direct purchaser individual and representative action captioned *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD, pending in the United States District Court for the Northern District of California.

2.      "Affiliates" means entities controlling, controlled by or under common control with a Releasee or Releasor.

3.      "Class Counsel" shall refer to the law firms of:

> HAGENS BERMAN SOBOL SHAPIRO LLP
> 715 Hearst Avenue, Suite 202
> Berkeley, CA  94710
>
> -and-
>
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Ave. NW, Suite 500, West Tower
> Washington, DC 20005

4.      "Class Member" means any person or entity that falls within the definition of the "Settlement Class" and that does not timely and validly elect to be excluded from the Settlement Class in accordance with the procedure to be established by the Court.

5.      "Class Representative" refers to Schuten Electronics, Inc.

6.      "Court" or "District Court" means the United States District Court for the Northern District of California.

7.      "Defendants" means Kamaya, Inc.; Kamaya Electric Co., Ltd.; Walsin Technology Corporation; Walsin Technology Corporation, U.S.A.; Hokuriku Electric Industry Co., Ltd.; HDK America, Inc.; KOA Corporation; KOA Speer Electronics, Inc.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Panasonic Corporation; and Panasonic Corporation of North America.

SETTLEMENT AGREEMENT WITH PANASONIC          -3-
Case No. 3:15-cv-03820-JD

8.      "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

9.      "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

10.     "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

11.     "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to Plaintiffs and Panasonic Defendants.

12.     "Execution Date" means September 3, 2018.

13.     "Final Judgment" means a final order dismissing the Action and all claims therein against Panasonic Defendants with prejudice as to all Settlement Class Members pursuant to final approval of the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure.

14.     "Linear Resistors" shall have the same meaning as defined in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action Complaint ("Complaint").

15.     "Released Claims" means those claims released pursuant to Paragraphs 28 to 30 of this Settlement Agreement.

16.     "Releasees" shall refer to Panasonic Corp. and Panasonic Corporation of North America, and to all of their respective past and present, direct and indirect parents, members, subsidiaries, and Affiliates, and their respective past and present officers, directors, employees, managers, members, partners, agents, attorneys and legal representatives, assigns, servants, and representatives (and the parents', members', subsidiaries', and Affiliates' past and present officers, directors, employees, partners, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

17.     "Releasors" shall refer to the direct purchaser plaintiff Class Representative and the Class Members, and to their respective past and present parents, members, subsidiaries, Affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and the parents', members', subsidiaries', and Affiliates' past and present officers, directors, employees, agents,

attorneys, servants, and representatives), and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

18.     "Settlement Agreement" means this Settlement Agreement, dated September 3, 2018.

19.     "Settlement Amount" means the sum of Twelve Million U.S. dollars ($12,000,000.00) as set forth in Paragraphs 31 to 33 below, payable in lawful money of the United States.

20.     "Settlement Class" or "Class" shall be the Class defined as:  All persons in the United States who purchased Linear Resistors (including through controlled subsidiaries, agents, Affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, Affiliates or joint ventures from July 9, 2003 through August 1, 2014. The parties to this Settlement Agreement hereby stipulate for purposes of this settlement only, that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

21.     "Settlement Fund" means the Settlement Amount, specified in Paragraph 31 ($12,000,000.00 USD) plus accrued interest on said Settlement Amount set forth in Paragraph 33.

22.     "Settling Parties" means, collectively, Plaintiffs (on behalf of themselves and the Settlement Class) and the Panasonic Defendants.

**B.     Approval of this Settlement Agreement and Dismissal of Claims Against Panasonic Defendants.**

23.     ***Best Efforts to Effectuate this Settlement.***  Plaintiffs and Panasonic Defendants shall use their best efforts to effectuate this Settlement Agreement under Federal Rules of Civil Procedure 23 (c) and (e) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Releasees only.

24.     Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Settlement Agreement to all potential Class Members (the "Motion").  If notice to the Class is given jointly with any other defendant who is also settling with the Class, the costs of notice and claims administration payable from the Settlement Amount as provided for in Paragraph 35(a) shall be prorated between or among Panasonic Defendants and such other defendant(s) who also are settling based on the amount of their respective

contributions.  The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Panasonic Defendants before submission of the Motion.  Individual notice of the settlement shall be as provided in the Motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to Paragraph 35(a).  To the extent that any changes to the form of the Proposed Order and Final Judgment, as outlined in Paragraph 25, are required by the Court, the Settling Parties will negotiate consistent with the terms of this Settlement Agreement and agree upon the form of Proposed Order and Final Judgment prior to the filing of the motion for final approval.  The Motion shall recite and ask the Court to find that the mailing or emailing of the notice of settlement to all Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.  In accordance with Paragraph 37, Panasonic Defendants and their counsel shall have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to investment, distribution, or administration of the Settlement Fund, nor shall the Panasonic Defendants or their counsel have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to any plan of distribution or allocation of the Settlement Fund.

25.     Plaintiffs shall seek, and Panasonic Defendants will not object unreasonably to the entry of, an Order and Final Judgment, the text of which Plaintiffs and Panasonic Defendants shall agree upon.  Subject to Paragraphs 24 and 37, Panasonic Defendants and their counsel shall have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to investment, distribution, or administration of the Settlement Fund, nor shall the Panasonic Defendants or their counsel have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to any plan of distribution or allocation of the Settlement Fund. The terms of that Order and Final Judgment will include, at a minimum, the substance of the following provisions:

(a)  as to the Action, approving fully and finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

(b)  finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all due respects with the due, adequate, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

(c)  as to Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

(d)  discharging and releasing the Releasees from the Released Claims;

(e)  permanently barring and enjoining the institution and prosecution, by Plaintiffs and Class Members, of any other action against the Releasees as to the Released Claims that are defined in Paragraph 28; reserving continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to the United States District Court for the Northern District of California; and

(f)  determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Releasees shall be final and entered forthwith.

26.  This Settlement Agreement shall become final when (i) the Court has entered a final order certifying the Class described in Paragraph 25 and approving this Settlement Agreement under Federal Rule of Civil Procedure 23(e) and a Final Judgment dismissing the Action with prejudice as to Releasees against all Class Members and without costs other than those provided for in this Settlement Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of a Final Judgment has expired or, if appealed, approval of this Settlement Agreement and the Final Judgment as to Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has

become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.  On the date that Plaintiffs and Panasonic Defendants have executed this Settlement Agreement, Plaintiffs and Panasonic Defendants shall be bound by its terms and this Settlement Agreement shall not be rescinded except in accordance with Paragraphs 33(h), 34, 43 or 44 of this Settlement Agreement.

27.     This Settlement Agreement (whether or not it should become final), the Final Judgment, and any and all negotiations, Documents and discussions associated with them, shall be governed by Federal Rule of Evidence 408, and they shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Settling Defendant or Releasee, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable, admissible, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Settlement Agreement by any of the Settling Parties shall be referred to, be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

**C.     Release, Discharge, and Covenant Not to Sue.**

28.     ***Released Claims***.  In addition to the effect of any Final Judgment entered in accordance with this Settlement Agreement, upon this Settlement Agreement becoming final as set out in Paragraph 25 of this Settlement Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 31 of this Settlement Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively,

derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter

can, shall, or may have on account of, or in any way arising out of, any and all known and unknown,

foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated,

claims, causes of action, injuries, damages, and the consequences thereof in any way based on,

arising out of, or relating to any conduct, act, or omission concerning the Linear Resistors that are

the subject of the Plaintiffs' Second Consolidated Amended Class Action Complaint up to the date

of the Execution Date, including but not limited to any conduct alleged, and causes of action

asserted or that could have been alleged or asserted, in any complaints filed in the Action, other than

claims for product defect or personal injury or breach of contract arising in the ordinary course of

business or indirect purchaser claims for Linear Resistors that were not purchased directly from

Defendants or their alleged co-conspirators (the "Released Claims").  For purposes of clarity, the

Released Claims include any claims under foreign or federal antitrust or competition laws or state

antitrust or competition unfair practices or trade practice laws, civil conspiracy, or common law or

statutory fraud claims, whether such claims are known or unknown, suspected or unsuspected,

asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated,

regardless of legal theory and regardless of the type or amount of relief or damages claimed, or

claims that have been, could have been, or in the future might have in law or in equity, on account

of, arising out of, resulting from, or in any way relating to the allegations concerning the sale of any

of the Linear Resistors that are the subject of the Complaint.

29.     In addition to the provisions of Paragraph 28 of this Settlement Agreement, Releasors

hereby expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits

conferred by the provisions of California Civil Code Section 1542 ("Section 1542"), which provides:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A
> GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY
> AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may

hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims which are the subject matter of the provisions of Paragraph 28 of this Settlement Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter described in Paragraph 28 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

30.     The Releasors hereby covenant and agree that they shall not, hereafter, directly or indirectly, assert any claim or commence, institute, maintain or prosecute any suit, action, complaint, or proceeding seeking to recover against the Releasees (including pursuant to the Action) based on any of the Released Claims or the conduct at issue in the Released Claims, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers.  Releasors and Class Counsel acknowledge that they and the Releasees each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

**D.      Settlement Amount**

31.     *Settlement Payment*.  Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Panasonic Corp. shall pay the Settlement Amount of US $12,000,000.00 (the "Settlement Amount").  The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 33 of this Settlement Agreement sixty (60) days after execution of this Settlement Agreement, provided that Class Counsel notifies Panasonic Corp. of the establishment and identity of the escrow account within twenty-one (21) days after execution of this Settlement Agreement.

32.     Under no circumstances will the Panasonic Defendants be required to pay more or less than the Settlement Amount pursuant to this Settlement Agreement and set forth herein.

33.     *Escrow Account*.

(a)     The Escrow Account will be established at Huntington National Bank, with such bank serving as Escrow Agent, subject to escrow instructions mutually acceptable to Plaintiffs'

Class Counsel and Panasonic Corp., such escrow to be administered under the Court's continuing supervision and control.

(b)      The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

(c)      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

(d)      Plaintiffs and Panasonic Corp. agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. § l.468B-l.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 33, including the relation-back election (as defined in Treas. Reg. § l.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent.  The Escrow Agent or its designee shall timely and properly file or cause to be filed on a timely basis, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(I)).  Such returns (as well as the election described in Paragraph 33(d)) shall be consistent with Paragraph 33(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or

penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 33(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Panasonic Corp. or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 33(d) through 33(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 33 ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Panasonic Defendants nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).  Neither Panasonic Defendants nor any other Releasee is responsible nor shall they have any liability for any Taxes or Tax Expenses.  Plaintiffs and Panasonic Corp. agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 33(d) through 33(g).

(h)     If (1) this Settlement Agreement does not receive final Court approval, including final approval of "the Class" as defined in Paragraph 20, (2) the Action is not certified as a class action for settlement purposes, (3) the Judgment is overturned on appeal or by writ, or (4) the Panasonic Defendants elect to exercise their option to terminate this Settlement Agreement under Paragraph 34, then all amounts paid by Panasonic Corp. into the Settlement Fund (other than costs

expended in accordance with Paragraph 35(a)) shall within thirty (30) calendar days be returned to Panasonic Corp. from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

(i)     Any interest accrued on the Settlement Payment does not become part of the Settlement Fund unless and until this Settlement Agreement becomes final within the meaning of Paragraph 28.

34.     *Exclusions*.

Within ten (10) business days after the end of the period to request exclusion from the Class, Class Counsel will cause copies of all requests for exclusion from the Class to be provided to counsel for Panasonic Defendants.  With respect to any potential Class Member who requests exclusion from the Class, Panasonic Defendants reserve all of their legal rights and defenses, including, but not limited to, any defenses relating to whether the excluded Class Member is a direct purchaser of Linear Resistors and/or has standing to bring any claim.  The Panasonic Defendants or Class Counsel may at their discretion dispute an exclusion request, and, if possible, resolve the disputed exclusion request by agreement and inform the Court of their position, if necessary, within thirty (30) days of the deadline set by the Court for any Class Member to seek exclusion from the Settlement Class. If the Settling Parties choose to notify the Court of a disputed exclusion request, the Court will resolve any unresolved disputes before ordering final approval of this Settlement Agreement.  The Panasonic Defendants shall have the option to terminate this Settlement Agreement if the direct purchases of Linear Resistors made by members of the Class, including all affiliated entities, who timely and validly request exclusion from the Class total at least 20% of Class purchases from the Releasees in the Action. In the event that Panasonic Defendants exercise their option to terminate this Settlement Agreement, this Settlement Agreement shall be null and void as to the Panasonic Defendants, and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation.

35.     *Payment of Expenses*.

(a)     Panasonic Defendants agree to permit the use of a maximum of US $300,000 of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement

Fund.  The US $300,000 in notice and administration expenses are not recoverable if this settlement does not become final, but only to the extent such funds are actually expended for notice and administration costs. Other than as set forth in this Paragraph 35(a), Panasonic Defendants shall not be liable for the costs of providing notice to the Class and the costs of administration of the Settlement Fund.

(b)     If Class Counsel enters into any other settlements on behalf of the Class before notice of this Settlement Agreement is given to the Class, Class Counsel shall use its reasonable best efforts to provide a single notice to prospective Class Members of all of the settlements.

**E.     The Settlement Fund**

36.     Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, against the Releasees of all Released Claims, and shall have no other recovery against Panasonic Defendants or any other Releasee.

37.     After this Settlement Agreement becomes final within the meaning of Paragraph 26, the Settlement Fund shall be distributed in accordance with a plan to be created and submitted at the appropriate time by Plaintiffs, subject to approval by the Court.  In no event shall any Releasee or their counsel have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, or administration, with the exception of the provisions set forth in Paragraph 35(a) of this Settlement Agreement.  Panasonic Defendants and their counsel shall likewise have no responsibility for, interest in, financial obligation for, or liability whatsoever with respect to investment, distribution, or administration of the Settlement Fund, nor shall the Panasonic Defendants or their counsel have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect to any plan of distribution or allocation of the Settlement Fund, and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards.  It is understood and agreed by the Settling Parties that any distribution plan, including any adjustments to any authorized claimant's claim, is not a part of this Settlement Agreement and is to be considered by the Court

separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Agreement, and any order or proceedings relating to such distribution plan shall not operate to terminate or cancel this Settlement Agreement or affect the finality of the Judgment, the final approval order, or any other orders entered pursuant to this Settlement Agreement.

38.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses.  Panasonic Defendants and the Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class's respective attorneys, experts, consultants, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

39.     ***Class Counsel's Attorneys' Fees and Reimbursement of Expenses, and Service Award for Class Representative***.

(a)     Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses incurred in connection with prosecuting the Action; plus (3) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Class Counsel within 30 days after the granting of the Fee and Expense Award. It may be disbursed during the pendency of any appeals which may be taken from the judgment to be entered by the Court finally approving this Settlement.

(c)     In the event that the Settlement Agreement does not become final within the meaning of Paragraph 26, or the order making the Fee and Expense Award is reversed or modified, then Class Counsel shall within ten (10) business days from receiving notice from Panasonic Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited

pursuant to Paragraph 33(a) above.  Class Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(d)     The procedure for, and the allowance or disallowance by the Court of, the application by Class Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement Fund are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

(e)     Neither Panasonic Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(f)     Neither Panasonic Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

(g)     Panasonic Defendants agree not to oppose a request for a service award to the Class Representative identified in the Complaint, up to a maximum of US $5,000, to be drawn exclusively from the Settlement Fund.

**F.     Cooperation.**

40.     Panasonic Defendants agree to use reasonable efforts to provide a declaration from Yoshinori Hourai (the "Hourai Declaration"), based on his personal knowledge, in support of Plaintiffs' litigation against other Defendants named in the Complaint.  Plaintiffs agree to negotiate the language of the Hourai Declaration with Panasonic Defendants in good faith.  The Panasonic Defendants will use reasonable efforts to have Yoshinori Hourai execute the draft Hourai Declaration, subject to any corrections that he believes are necessary to ensure that the draft is truthful and accurate.  The Hourai Declaration shall be negotiated and completed (meaning signed

1    by Mr. Hourai and provided to Plaintiffs) by no later than October 1, 2018 provided that Plaintiffs

2    provide Panasonic Defendants with a proposed draft of the Hourai Declaration no later than

3    September 3, 2018.  In the event that the Settling Parties are unable to agree on the language in the

4    Hourai Declaration, Counsel for the Panasonic Defendants agree to make themselves available in the

5    United States for up to one (1) meeting of up to five (5) hours to provide an attorney proffer of the

6    relevant facts known to them relating to Mr. Hourai's knowledge of Plaintiffs' allegations in the

7    Complaint, including the identification of Documents supporting those facts to the extent they exist

8    and the supplementation of the Panasonic Defendants' interrogatory responses to the extent

9    necessary to reflect the information provided by Mr. Hourai to Counsel for the Panasonic

10   Defendants that is responsive to the interrogatory requests.  Counsel for the Panasonic Defendants

11   will make themselves available for reasonable follow-up conversations in connection with the

12   attorney proffer, and will use reasonable efforts to respond to questions posed by Class Counsel.  It

13   is understood that the Panasonic Defendants have no obligation to seek new or additional

14   information or Documents from any of its employees, representatives, or agents with respect to any

15   follow-up questions, except for reasonable follow-up from Mr. Hourai.

16               (a)     Plaintiffs and their Counsel agree they will not use the information provided

17   in the Hourai Declaration or from any attorney proffer under this Paragraph for any purpose other

18   than the pursuit of the Action, and will not publicize the information beyond what is reasonably

19   necessary for the prosecution of the Action or as otherwise required by law. The Hourai Declaration

20   or any information provided by attorney proffer will be deemed "Highly Confidential" and subject to

21   the protective order entered in the Action as if they had been produced or provided in response to

22   discovery requests and so designated.

23               (b)     In the event that this Agreement fails to receive final approval by the Court as

24   contemplated in Paragraphs 23-26 hereof, or in the event that it is terminated by either party under

25   any provision herein, the Settling Parties agree that neither Plaintiffs nor Plaintiffs' counsel shall be

26   permitted to introduce into evidence, at any hearing, or in support of any motion, opposition or other

27   pleading in the Action or in any other federal or state or foreign action alleging a violation of any

28   law relating to the subject matter of this Action, the Hourai Declaration or any portion thereof, or

SETTLEMENT AGREEMENT WITH PANASONIC          -17-
Case No. 3:15-cv-03820-JD

any information obtained from the attorney proffer, or any other information, testimony, or Documents provided by the Panasonic Defendants, or their counsel pursuant to the cooperation provisions of Paragraphs 41 or 42.

41.     Panasonic Defendants agree to make reasonable efforts to provide employee declaration or affidavit relating to authentication or admissibility of Documents and data produced by the Panasonic Defendants prior to the Execution Date, if reasonably requested by the Plaintiffs in connection with the Action. If the declaration or affidavit previously identified are insufficient to authenticate and lay the foundation into evidence of any Documents or data produced by the Panasonic Defendants, to the extent reasonably practicable, the Panasonic Defendants shall provide one witness who will authenticate to the best of his or her ability and lay the foundation for admission into evidence any Documents or data produced by the Panasonic Defendants. Plaintiffs will reimburse the Panasonic Defendants for reasonable business class airfare, a per diem of $100 for food and incidentals, and up to three (3) nights of reasonable hotel expenses (not to exceed $400 per night) for any witness who is made available to testify in the United States. Nothing in this paragraph shall prevent the any of the Settling Parties from objecting to discovery on any grounds permitted by law, including without limitation, burden on a third party, relevance, expense, and violation of the limitations set forth in scheduling and discovery Orders in the Action.

42.     Plaintiffs agree to withdraw all pending discovery requests and deposition notices of Panasonic Defendants and their current or former employees.  In addition, Plaintiffs agree that they will not serve or seek further discovery from Panasonic Defendants, or their current or former employees, with the exception of the Hourai Declaration, the discovery described in Paragraph 40, or, if necessary, a future attorney proffer, as outlined in Paragraph 40. While Plaintiffs agree not to issue deposition subpoenas or notices to any current or former employees of Panasonic Defendants or any Releasee, Plaintiffs may participate in questioning such current or former Panasonic Defendant or Releasee employees noticed by other parties in this Action, provided however that Plaintiffs' participation in any such deposition shall not extend the time limit allowed for the deposition pursuant to the Order re: Discovery Limits, ECF No. 307, or any other applicable order. Similarly, Panasonic Defendants will not subpoena or notice the depositions of any Plaintiffs in this

Action, although they may participate in questioning of such witnesses in depositions noticed by other parties.  Neither Panasonic Defendants nor Plaintiffs shall file motions against the other (including any Releasee) in connection with the Action, other than to enforce this Settlement Agreement. Plaintiffs shall not take any position on any motion to quash a deposition subpoena or notice filed by the Panasonic Defendants.

**G.      Rescission if this Settlement Agreement is Not Approved or Final Judgment is Not Entered**

43.      If the Court refuses to approve this Settlement Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 20, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment provided for in Paragraph 26 of this Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought, and on such review, such Final Judgment is not affirmed in its entirety, then Panasonic Defendants and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 54.  A modification or reversal on appeal of any amount of Class Counsel's fees and expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Final Judgment.

44.      In the event that this Settlement Agreement does not become final, then this Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Panasonic Corp. less only disbursements made in accordance with Paragraph 35(a) of this Settlement Agreement and all other obligations pursuant to this Settlement Agreement shall cease immediately.  Panasonic Defendants and Plaintiffs expressly reserve all of their rights and defenses if this Settlement Agreement does not become final.

45.      This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Settlement Agreement.

46.    The parties to this Settlement Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 24-27 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

**H.    Miscellaneous**

47.    Panasonic Defendants and Plaintiffs agree not to disclose publicly or to any other Defendant the terms of this Settlement Agreement until this Settlement Agreement is submitted to the Court for approval.

48.    This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any Defendant or alleged co-conspirator other than the Releasees.  All rights against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Panasonic Defendants' sales to the Class shall not be removed from the Action.

49.    Plaintiffs expressly warrant that, in entering into the Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Panasonic Defendants not expressly contained in this Agreement.

50.    ***Consent to Jurisdiction.*** The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Panasonic Defendants. Plaintiffs and Panasonic Defendants agree that any disagreement between them related to the form or content of the Final Judgment, as discussed in Paragraphs 25-26, or the form or content of the notice to Class Members, as discussed in Paragraphs 24and 37, which cannot be resolved by negotiation and agreement, will be submitted to the United States District Court for the Northern District of California, for decision.  To the extent the Settling Parties disagree about the interpretation or enforcement of any of the material terms of this Settlement Agreement, they agree

to submit such disputes for resolution by the United States District Court for the Northern District of California.

51.   **Choice of Law.**  All terms of this Agreement shall be governed and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

52.   **Integrated Agreement**. This Settlement Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Panasonic Defendants pertaining to the settlement of the Action against Panasonic Defendants and supersedes all prior and contemporaneous undertakings of Plaintiffs and Panasonic Defendants in connection herewith. This Settlement Agreement may not be modified or amended except in writing executed by Plaintiffs and Panasonic Defendants and approved by the Court.

53.   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs, Class Members and Panasonic Defendants. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, or Class Counsel shall be binding upon all Class Members and Releasors.  Each and every Releasee (other than the Panasonic Defendants that are parties hereto) is a third-party beneficiary of this Settlement Agreement and is authorized to enforce the Settlement Agreement's terms applicable to that Releasee.

54.   **Notices**. Where this Settlement Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication, or Document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

55.   **Authorization to Enter Settlement Agreement**. Each of the undersigned attorneys represents that he or she is fully authorized to conduct settlement negotiations and to enter into the terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective clients, subject to Court approval.

56.   **Headings**. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

57. ***Execution in Counterparts***. This Settlement Agreement may be executed in counterparts by Plaintiffs and Panasonic Defendants, and a facsimile signature or PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

58. ***No Party Deemed To Be the Drafter.***  Neither Plaintiffs nor Panasonic Defendants shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Settlement Agreement.

59. ***Notification of State Officials***. Settling Defendant shall notify federal and state officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

60. In the event any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Panasonic Defendants' counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement.

DATED: September 3, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
       JEFF D. FRIEDMAN
Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com
bens@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

DATED: September 3, 2018

COHEN MILSTEIN SELLERS & TOLL PLLC

By _____
     EMMY L. LEVENS
Kit A, Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Laura Alexander (255485)
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

DATED: September 3, 2018          PANASONIC CORPORATION


By: _____
Mitsutoshi Shigeta
Director, Device Solutions Business Division,
Automotive & Industrial Systems Company,
Panasonic Corporation