# EXHIBIT D

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN FRANCISCO DIVISION

10

| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
|---|---|
| This Documents Relates to: | SETTLEMENT AGREEMENT |
| DIRECT PURCHASER ACTIONS | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

A.   Definitions. ....................................................................................................................3

B.   Approval of this Settlement Agreement and Dismissal of Claims Against Settling
     Defendants. ....................................................................................................................5

C.   Release, Discharge, and Covenant Not to Sue. ...........................................................8

D.   Settlement Amount ......................................................................................................10

E.   The Settlement Fund....................................................................................................14

F.   Cooperation. ................................................................................................................16

G.   Rescission if this Settlement Agreement is Not Approved or Final Judgment is Not
     Entered.........................................................................................................................18

H.   Miscellaneous .............................................................................................................19

1    This Settlement Agreement ("Settlement Agreement") is made and entered into this 29th

2    day of October, 2018 (the "Execution Date"), between Defendants ROHM Co., Ltd. and ROHM

3    Semiconductor U.S.A., LLC ("Settling Defendants") and Plaintiff Schuten Electronics Inc., who has

4    filed suit as the representative of a class of similarly situated direct purchasers of linear resistors

5    ("Plaintiffs"), as more specifically defined below, in the class action *In re Resistors Antitrust*

6    *Litigation*, No. 3:15-cv-03820-JD (N.D. Cal.), currently pending before the Honorable James Donato

7    in the United States District Court for the Northern District of California ("the Action").  Plaintiffs

8    enter into this Settlement Agreement both individually and on behalf of the direct purchaser class

9    they seek to represent (the "Settlement Class" defined below).  This Settlement Agreement is

10   intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the

11   Released Claims (defined below), upon and subject to the terms and conditions hereof.

12         **WHEREAS**, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the

13   Settlement Class against, among others, Settling Defendants;

14         **WHEREAS**, Plaintiffs allege that Settling Defendants participated in an unlawful

15   conspiracy to raise, fix, maintain, or stabilize the price of linear resistors at artificially high levels in

16   violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*;

17         **WHEREAS**, Settling Defendants have denied and continue to deny each and all of

18   Plaintiffs' claims and allegations of wrongdoing; have not conceded or admitted any liability, or that

19   they violated or breached any law, regulation, or duty owed to the Plaintiffs; have denied and

20   continue to deny all charges of wrongdoing or liability against them arising out of any of the

21   conduct, statements, acts or omissions alleged in the Action; and further deny the allegations that

22   Plaintiffs or any member of the Settlement Class ("Settlement Class Members") were harmed by the

23   alleged unlawful conspiracy or by any conduct by Settling Defendants alleged in the Action or

24   otherwise;

25         **WHEREAS**, Plaintiffs and Settling Defendants have engaged in extensive discovery

26   regarding the facts pertaining to Plaintiffs' claims and Settling Defendants' defenses;

27         **WHEREAS**, Plaintiffs and Settling Defendants agree that neither this Settlement

28   Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an

DIRECT PURCHASER SETTLEMENT AGREEMENT
WITH ROHM                                    -1-
Case No. 3:15-cv-03820-JD

1    admission or evidence of any violation of any statute or law or of any liability or wrongdoing by

2    Settling Defendants or of the truth of any of the claims or allegations alleged in the Action;

3    **WHEREAS**, Plaintiffs have thoroughly analyzed the facts and the law regarding the Action

4    and have concluded that a settlement with Settling Defendants at this time according to the terms set

5    forth below is fair, adequate, and reasonable, and in the best interest of Plaintiffs and the Settlement

6    Class;

7    **WHEREAS**, Settling Defendants have concluded, despite their belief that they are not

8    liable for the claims asserted against them in the Action and that they have good defenses thereto,

9    and without admitting any liability or wrongdoing, have nevertheless agreed to enter into this

10    Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome

11    and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Settlement

12    Agreement, and thereby to put to rest with finality this controversy and all claims that have been or

13    could have been asserted against Settling Defendants by the Plaintiffs and the Settlement Class,

14    based on the allegations of the Action and to avoid the risks inherent in complex litigation, as more

15    particularly set out below;

16    **WHEREAS**, arm's-length settlement negotiations have taken place between counsel for

17    Plaintiffs and Settling Defendants, and this Settlement Agreement, which embodies all of the terms

18    and conditions of the settlement between Settling Defendants and Plaintiffs, both individually and on

19    behalf of the Settlement Class, has been reached as a result of the parties' negotiations (subject to the

20    approval of the Court) as provided herein and is intended to supersede any prior agreements between

21    the Settling Parties;

22    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the

23    Settling Parties, by and through their undersigned attorneys of record, in consideration of the

24    covenants, agreements, and releases set forth herein and for other good and valuable consideration,

25    that the Action be finally and fully settled, compromised, and dismissed on the merits with prejudice

26    as to Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs,

27    the Class, or Releasees, upon and subject to the approval of the Court, following notice to the

28    Settlement Class, on the following terms and conditions:

## A.   Definitions.

The following terms, as used in this Settlement Agreement, shall have the following meanings:

1.   "Action" means the instant direct purchaser individual and representative action captioned *In re Resistors Antitrust Litigation*, No. 3:15-cv-03820-JD, pending in the United States District Court for the Northern District of California.

2.   "Affiliates" means entities controlling, controlled by or under common control with a Releasee or Releasor.

3.   "Class Counsel" shall refer to the law firms of:
                    HAGENS BERMAN SOBOL SHAPIRO LLP
                    715 Hearst Avenue, Suite 202
                    Berkeley, CA  94710

                    -and-

                    COHEN MILSTEIN SELLERS & TOLL PLLC
                    1100 New York Ave. NW, Suite 500, West Tower
                    Washington, DC 20005

4.   "Class Member" means any person or entity that falls within the definition of the "Settlement Class" and that does not timely and validly elect to be excluded from the Settlement Class in accordance with the procedure to be established by the Court.

5.   "Class Period" means the period from and including July 9, 2003 through August 1, 2014.

6.   "Class Representative" refers to Schuten Electronics, Inc.

7.   "Court" or "District Court" means the United States District Court for the Northern District of California.

8.   "Defendants" means Kamaya, Inc.; Kamaya Electric Co., Ltd.; Walsin Technology Corporation; Walsin Technology Corporation, U.S.A.; Hokuriku Electric Industry Co., Ltd.; HDK America, Inc.; KOA Corporation; KOA Speer Electronics, Inc.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Panasonic Corporation; and Panasonic Corporation of North America.

9.   "Document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A

1    draft or non-identical copy is a separate document within the meaning of this term.

2        10.  "Escrow Account" means that escrow account to be established with a bank or trust

3    company pursuant to the terms and conditions of the Escrow Agreement.

4        11.  "Escrow Agent" means the bank or trust company that agrees to establish and

5    maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

6        12.  "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to

7    Plaintiffs and Settling Defendants.

8        13.  "Execution Date" means October 29, 2018.

9        14.  "Final Judgment" means a final order approving the Settlement Agreement under Rule

10   23(e) of the Federal Rules of Civil Procedure and dismissing the Action and all claims therein

11   against Settling Defendants with prejudice as to all Settlement Class Members.

12       15.  "Linear Resistors" shall have the same meaning as defined in Direct Purchaser

13   Plaintiffs' Second Consolidated Amended Class Action Complaint ("Complaint").

14       16.  "Preliminary Approval Motion" means a motion requesting entry of an order in form

15   and substance mutually satisfactory to Plaintiffs and Settling Defendants preliminarily approving the

16   Settlement Agreement, authorizing dissemination of notice to the Settlement Class, and scheduling a

17   hearing for final approval of the Settlement Agreement.

18       17.  "Released Claims" means those claims released pursuant to Paragraphs 31 to 33 of

19   this Settlement Agreement.

20       18.  "Releasees" shall refer to ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC,

21   and to all of their respective past and present, direct and indirect parents, members, subsidiaries, and

22   Affiliates, and their respective past and present officers, directors, employees, managers, members,

23   partners, agents, attorneys and legal representatives, assigns, servants, and representatives, and the

24   predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

25       19.  "Releasors" shall refer to the direct purchaser plaintiff Class Representative and the

26   Class Members, and to their respective past and present parents, members, subsidiaries, Affiliates,

27   officers, directors, employees, managers, agents, attorneys, servants, and representatives (and the

28   parents', members', subsidiaries', and Affiliates' past and present officers, directors, employees,

1    managers, agents, attorneys, servants, and representatives), and the predecessors, successors, heirs,

2    executors, administrators, and assigns of each of the foregoing.

3         20.   "Settlement Agreement" means this Settlement Agreement, dated October 29, 2018.

4         21.   "Settlement Amount" means the sum of Six Million Five Hundred Thousand

5    ($6,500,000.00) as set forth in Paragraphs 34 to 36 below, payable in lawful money of the United

6    States.

7         22.   "Settlement Class" or "Class" shall be the Class defined as:  All persons in the United

8    States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or

9    joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint

10   ventures from July 9, 2003 through August 1, 2014 (the "Class Period").  The parties to this

11   Settlement Agreement hereby stipulate for purposes of this settlement only, that the requirements of

12   Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

13        23.   "Settlement Fund" means the Settlement Amount, specified in Paragraph 34

14   ($6,500,000.00 USD) plus accrued interest on said Settlement Amount set forth in Paragraph 36.

15        24.   "Settling Parties" means, collectively, Plaintiffs (on behalf of themselves and the

16   Settlement Class) and the Settling Defendants.

17        25.   "Settling Defendants" shall refer to ROHM Co., Ltd. and ROHM Semiconductor

18   U.S.A., LLC.

19   **B.    Approval of this Settlement Agreement and Dismissal of Claims Against Settling
          Defendants.**

20

21        26.   ***Best Efforts to Effectuate this Settlement.***  Plaintiffs and Settling Defendants shall

22   use their best efforts to effectuate this Settlement Agreement under Federal Rules of Civil Procedure

23   23 (c) and (e) to secure the prompt, complete, and final dismissal with prejudice of the Action as to

24   Settling Defendants only.

25        27.   Within sixty (60) days after the Execution Date, Plaintiffs shall submit to the Court a

26   Preliminary Approval Motion.  If notice to the Class is given jointly with any other defendant who is

27   also settling with the Class, the costs of notice and claims administration payable from the

28   Settlement Amount as provided for in Paragraph 38(a) shall be prorated between or among Settling

Defendants and such other defendant(s) who also are settling based on the amount of their respective contributions. The Preliminary Approval Motion shall include a proposed form of, method for, and date of dissemination of notice. The text of the foregoing shall be agreed upon by Plaintiffs and Settling Defendants before submission of the Preliminary Approval Motion. Individual notice of the settlement shall be as provided in the Preliminary Approval Motion and as approved by the Court, with all expenses paid from the Settlement Fund, subject to Paragraph 38(a). To the extent that any changes to the form of the Proposed Order and Final Judgment, as outlined in Paragraph 28, are required by the Court, the Settling Parties will negotiate consistent with the terms of this Settlement Agreement and agree upon the form of Proposed Order and Final Judgment prior to the filing of the motion for final approval. The Preliminary Approval Motion shall recite and ask the Court to find that the mailing or emailing of the notice of settlement to all Class Members who can be identified upon reasonable effort constitutes valid, due, and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

28.    Plaintiffs shall make a good faith effort to seek as soon as reasonably possible, and Settling Defendants will not object unreasonably to the entry of, an Order and Final Judgment, the text of which Plaintiffs and Settling Defendants shall agree upon. The text of the Final Judgment shall be substantially similar to the attached Exhibit A. The terms of that Order and Final Judgment will include, at a minimum, the substance of the following provisions:

(a)    certifying the Settlement Class, pursuant to Federal Rule of Civil Procedure 23, solely for purposes of Settlement;

(b)    as to the Action, approving fully and finally this settlement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

(c)    finding that the notice given to Settlement Class Members constitutes the best notice practicable under the circumstances and complies in all due respects with the due, adequate, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the

1    requirements of due process;

2            (d)    as to Settling Defendants, directing that the Action be dismissed with

3    prejudice and, except as provided for in this Settlement Agreement, without costs;

4            (e)    discharging and releasing the Releasees from the Released Claims;

5            (f)    permanently barring and enjoining the institution and prosecution, by

6    Plaintiffs and Class Members, of any other action against the Releasees as to the Released Claims,

7    which are defined in Paragraph 31; reserving continuing and exclusive jurisdiction over the

8    Settlement and this Settlement Agreement, including all future proceedings concerning the

9    administration, interpretation, consummation, and enforcement of this settlement, to the United

10   States District Court for the Northern District of California; and

11           (g)    determining under Federal Rule of Civil Procedure 54(b) that there is no just

12   reason for delay and directing that the judgment of dismissal as to Releasees shall be final and

13   entered forthwith.

14       29.   This Settlement Agreement shall become final when (i) the Court has entered a final

15   order certifying the Class described in Paragraph 22 and approving this Settlement Agreement under

16   Federal Rule of Civil Procedure 23(e) and a Final Judgment dismissing the Action with prejudice as

17   to Settling Defendants against all Class Members and without costs other than those provided for in

18   this Settlement Agreement, and (ii) the time for appeal or to seek permission to appeal from the

19   Court's approval of this Settlement Agreement and entry of a Final Judgment as to Settling

20   Defendants described in (i) hereof has expired or, if appealed, approval of this Settlement

21   Agreement and the Final Judgment as to Releasees have been affirmed in their entirety by the Court

22   of last resort to which such appeal has been taken and such affirmance has become no longer subject

23   to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil

24   Procedure shall not be taken into account in determining the above-stated times.  On the date that

25   Plaintiffs and Settling Defendants have executed this Settlement Agreement, Plaintiffs and Settling

26   Defendants shall be bound by its terms and this Settlement Agreement shall not be rescinded except

27   in accordance with Paragraphs 37, 38(a), 47 or 48 of this Settlement Agreement.

28       30.   This Settlement Agreement (whether or not it should become final), the Final

DIRECT PURCHASER SETTLEMENT AGREEMENT
WITH ROHM                                -7-
Case No. 3:15-cv-03820-JD

1  Judgment, and any and all negotiations, documents and discussions associated with them, shall be

2  governed by Federal Rule of Evidence 408, and they shall not be deemed or construed to be an

3  admission or evidence of any violation of any statute or law or of any liability or wrongdoing

4  whatsoever by any Settling Defendant or Releasee, or of the truth of any of the claims or allegations

5  contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not

6  be discoverable, admissible, or used directly or indirectly, in any way, whether in the Action or in

7  any other action or proceeding.  Neither this Settlement Agreement, nor any of its terms and

8  provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken

9  to carry out this Settlement Agreement by any of the settling parties shall be referred to, be offered

10  as evidence or received in evidence in any pending or future civil, criminal, or administrative action

11  or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against

12  the assertion of Released Claims, or as otherwise required by law.

13  **C.      Release, Discharge, and Covenant Not to Sue.**

14      31.    *Released Claims*.  In addition to the effect of the Final Judgment entered in

15  accordance with this Settlement Agreement, upon this Settlement Agreement becoming final as set

16  out in Paragraph 29 of this Settlement Agreement, and in consideration of payment of the Settlement

17  Amount, as specified in Paragraph 34 of this Settlement Agreement, into the Settlement Fund, and

18  for other valuable consideration, the Releasees shall be completely released, acquitted, and forever

19  discharged from any and all manner of claims, demands, right, actions, suits, and causes of action,

20  whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any

21  nature whatsoever, including costs, expenses, penalties, injuries, and attorneys' fees (whether or not

22  any Class Member has objected to the settlement or makes a claim upon or participates in the

23  Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that

24  Releasors, or each of them, whether directly, representatively, derivatively, or in any other capacity,

25  ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of,

26  any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or

27  contingent, liquidated or unliquidated, claims, causes of action, injuries, damages, and the

28  consequences thereof in any way based on, arising out of, or relating to any conduct, act, or

omission that is alleged in Direct Purchaser Plaintiffs' Second Consolidated Amended Class Action Complaint ("Complaint") against the Releasees (the "Released Claims"). The Released Claims do not include (i) claims for product defect or personal injury, (ii) claims for breach of contract in the ordinary course of business that do not relate to conduct alleged in the Complaint or to competition in the sale of Linear Resistors, or (iii) claims against parties other than Releasees for sales by those parties, or their alleged co-conspirators, of Releasees' Linear Resistors. For purposes of clarity, the Released Claims include any claims under foreign or federal antitrust or competition laws or state antitrust or competition laws, unfair practices or trade practice laws, civil conspiracy, or common law or statutory fraud claims, whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory and regardless of the type or amount of relief or damages claimed, or claims that have been, could have been, or in the future might have been asserted, in law or in equity, on account of, arising out of, resulting from, or in any way related to any conduct, regardless of where it occurred, that relate to or arise out of the allegations concerning the sale of any of the Linear Resistors that are the subject of the Complaint.

32.    In addition to the provisions of Paragraph 31 of this Settlement Agreement, Releasors hereby expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code Section 1542 ("Section 1542"), which provides:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the Released Claims which are the subject matter of the provisions of Paragraph 31 of this Settlement Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Settlement Agreement becoming final, any known or

unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter described in Paragraph 31 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

33.   The Releasors hereby covenant and agree that they shall not, hereafter, directly or indirectly, assert any claim or commence, institute, maintain or prosecute any suit, action, complaint, or proceeding seeking to recover against the Releasees (including pursuant to the Action) based on any of the Released Claims or the conduct at issue in the Released Claims, whether on his, her, or its own behalf or as part of any putative, purported or certified class of purchasers.  Releasors and Class Counsel acknowledge that they and the Releasees each consider that it is a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

**D.     Settlement Amount**

34.   *Settlement Payment*.  Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Settling Defendants shall pay the Settlement Amount of US $6,500,000.00 (the "Settlement Amount").  Fifty percent (50%) of the Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 36 of this Settlement Agreement ninety (90) days after execution of this Settlement Agreement, provided that Class Counsel notifies Settling Defendants of the establishment and identity of the escrow account within twenty-one (21) days after execution of this Settlement Agreement.  The remaining fifty percent (50%) of the Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 36 of this Settlement Agreement sixty (60) days after the deadline set by the Court for any class member to seek exclusion from the Settlement Class.

35.   Under no circumstances will the Settling Defendants be required to pay more or less than the Settlement Amount pursuant to this Settlement Agreement and the Settlement set forth herein.

36.   *Escrow Account*.

(a)   Within ninety (90) days after execution of this Settlement Agreement, Settling Defendants shall pay 50% of the Settlement Amount in United States Dollars into an

1    Escrow Account to be administered in accordance with the provisions of this Paragraph 36.

2              (b)      The remaining 50% of the Settlement Amount shall be paid into the Escrow

3    Account in United States Dollars to be administered in accordance with the provisions of this

4    Paragraph 36 sixty (60) days after the deadline set by the Court for any class member to seek

5    exclusion from the Settlement Class.

6              (c)      The Escrow Account will be established at Huntington National Bank, with

7    such bank serving as Escrow Agent, subject to escrow instructions mutually acceptable to Plaintiffs'

8    Class Counsel and Settling Defendants, such escrow to be administered under the Court's

9    continuing supervision and control.

10             (d)      The Escrow Agent shall cause the funds deposited in the Escrow Account to

11   be invested in short-term instruments backed by the full faith and credit of the United States

12   Government or fully insured in writing by the United States Government, or money market funds

13   rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested

14   substantially in such instruments, and shall reinvest any income from these instruments and the

15   proceeds of these instruments as they mature in similar instruments at their then-current market

16   rates.

17             (e)      All funds held in the Escrow Account shall be deemed and considered to be

18   in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

19   time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s)

20   of the Court.

21             (f)      Plaintiffs and Settling Defendants agree to treat the Settlement Fund as being

22   at all times a qualified settlement fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the

23   Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions

24   of this Paragraph 36, including the relation-back election (as defined in Treas. Reg. § 1.468B-1) back

25   to the earliest permitted date. Such elections shall be made in compliance with the procedures and

26   requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to

27   timely and properly prepare and deliver the necessary documentation for signature by all necessary

28   parties, and thereafter to cause the appropriate filing to occur.

1    (g)    For the purpose of § 468B of the Internal Revenue Code of 1986, as

2    amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent.

3    The Escrow Agent or its designee shall timely and properly file or cause to be filed on a timely

4    basis, all informational and other tax returns necessary or advisable with respect to the Settlement

5    Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)).  Such

6    returns (as well as the election described in Paragraph 36(f)) shall be consistent with Paragraph 36(f)

7    and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes,

8    interest or penalties), on the income earned by the Settlement Fund shall be paid out of the

9    Settlement Fund as provided in Paragraph 36(h) hereof.

10    (h)    All (i) taxes (including any estimated taxes, interest or penalties) arising with

11    respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may

12    be imposed upon Settling Defendants or any other Releasee with respect to any income earned by

13    the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified

14    settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs

15    incurred in connection with the operation and implementation of Paragraphs 36(f) through 36(h)

16    (including, without limitation, expenses of tax attorneys and/or accountants and mailing and

17    distribution costs and expenses relating to filing (or failing to file) the returns described in this

18    Paragraph 36 ("Tax Expenses")), shall be paid out of the Settlement Fund.

19    (i)    Neither Settling Defendants nor any other Releasee nor their respective

20    counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes

21    and Tax Expenses shall be treated as, and considered to be, a cost of administration of the

22    Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without

23    prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything

24    herein to the contrary) to withhold from distribution to any claimants authorized by the Court any

25    funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes

26    and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §

27    1.468B-2(1)(2)).  Neither Settling Defendants nor any other Releasee is responsible nor shall they

28    have any liability for any Taxes or Tax Expenses.  Plaintiffs and Settling Defendants agree to

1    cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent

2    reasonably necessary to carry out the provisions of Paragraphs 36(f) through 36(i).

3            (j)      If (1) this Settlement Agreement does not receive final Court approval,

4    including final approval of "the Class" as defined in Paragraph 22, (2) the Action is not certified as a

5    class action for settlement purposes, or (3) the Settling Defendants elect to exercise their option to

6    terminate this Settlement Agreement under Paragraph 37, then all amounts paid by Settling

7    Defendants into the Settlement Fund (other than costs expended in accordance with Paragraph

8    38(a)) shall within thirty (30) calendar days be returned to Settling Defendants from the Escrow

9    Account by the Escrow Agent along with any interest accrued thereon.

10   37.   *Exclusions*.

11           Within ten (10) business days after the end of the period to request exclusion from the

12   Class, Class Counsel will cause copies of all requests for exclusion from the Class to be provided to

13   counsel for Settling Defendants.  With respect to any potential Class member who requests exclusion

14   from the Class, Settling Defendants reserve all of their legal rights and defenses, including, but not

15   limited to, any defenses relating to whether the excluded Class member is a direct purchaser of Linear

16   Resistors and/or has standing to bring any claim.

17           Settling Defendants shall have the option to terminate this Settlement Agreement if the

18   direct purchases of Linear Resistors during the Class Period by members of the Class who timely and

19   validly request exclusion from the Class total 20% of purchases of Linear Resistors by the Class from

20   the Settling Defendants during the Class Period.  In the event that Settling Defendants exercise their

21   option to terminate this Settlement Agreement, this Settlement Agreement shall be null and void as to

22   the Settling Defendants, and shall have no force or effect and shall be without prejudice to the rights

23   and contentions of Releasees and Releasors in this or any other litigation.

24   38.   *Payment of Expenses*.

25           (a)      Settling Defendants agree to permit the use of a maximum of US $150,000

26   of the Settlement Fund towards notice to the Class and the costs of administration of the Settlement

27   Fund.  The US $150,000 in notice and administration expenses are not recoverable if this settlement

28   does not become final, but only to the extent such funds are actually expended for notice and

DIRECT PURCHASER SETTLEMENT AGREEMENT
WITH ROHM                                                    -13-
Case No. 3:15-cv-03820-JD

1    administration costs.  Other than as set forth in this Paragraph 38(a), Settling Defendants shall not be

2    liable for the costs of providing notice to the Class and the costs of administration of the Settlement

3    Fund.

4                    (b)      If Class Counsel enters into any other settlements on behalf of the Class

5    before notice of this Settlement Agreement is given to the Class, Class Counsel shall use its

6    reasonable best efforts to provide a single notice to prospective Class members of all of the

7    settlements.  If a single notice is given of multiple settlement agreements, Class Counsel will, to the

8    extent not prohibited by other settlement agreements, apportion the expense of notice pro rata

9    according to settlement amounts among defendants whose settlements are the subject of the notice.

10   **E.      The Settlement Fund**

11           39.    Releasors shall look solely to the Settlement Fund for settlement and satisfaction, as

12   provided herein, against the Releasees of all Released Claims, and shall have no other recovery

13   against Settling Defendants or any other Releasee.

14           40.    After this Settlement Agreement becomes final within the meaning of Paragraph 29,

15   the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate

16   time by Plaintiffs, subject to approval by the Court.  In no event shall any Releasee or their counsel

17   have any responsibility for, interest in, financial obligation for, or liability whatsoever with respect

18   to the investment, distribution, or administration of the Settlement Fund, including, but not limited

19   to, the costs and expenses of such investment, distribution, or administration, with the exception of

20   the provisions set forth in Paragraph 38(a) of this Settlement Agreement.  Settling Defendants and

21   their counsel shall likewise have no responsibility for, interest in, financial obligation for, or liability

22   whatsoever with respect to the allocation or distribution of the Settlement Fund and shall not be

23   responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of

24   any fees, costs, or awards.

25

26

27

28

41.     Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses.  Settling Defendants and the Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class's respective attorneys, experts, consultants, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

42.     ***Class Counsel's Attorneys' Fees and Reimbursement of Expenses, and Service Award for Class Representative***.

(a)     Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund of (1) an award of attorneys' fees; plus (2) reimbursement of expenses incurred in connection with prosecuting the Action; plus (3) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Settlement Fund, as appropriate, and as may be awarded by the Court (the "Fee and Expense Award").

(b)     The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to an account designated by Class Counsel within 30 days after the granting of the Fee and Expense Award.  It may be disbursed during the pendency of any appeals which may be taken from the judgment to be entered by the Court finally approving this Settlement.

(c)     In the event that the Settlement Agreement does not become final within the meaning of Paragraph 29, or the order making the Fee and Expense Award is reversed or modified, then Class Counsel shall within ten (10) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the Fee and Expense Award or any portion thereof previously paid to them plus interest thereon at the same rate as earned by the account into which the balance of the Settlement Fund is deposited pursuant to Paragraph 36(c) above.  Class Counsel shall allocate the attorneys' fees among Class Counsel in a manner which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

(d)     The procedure for, and the allowance or disallowance by the Court, of the application by Class Counsel for attorneys' fees, costs, and expenses to be paid out of the Settlement

Fund are not part of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the judgment approving the settlement.

(e)     Neither Settling Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(f)     Neither Settling Defendants nor any other Releasee under this Settlement Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

(g)     Settling Defendants agree not to oppose a request for a service award to the Class Representative identified in the Complaint, up to a maximum of US $5,000, to be drawn exclusively from the Settlement Fund.

**F.     Cooperation.**

43.     Settling Defendants agree to provide a declaration from Hidekazu Katsuno (the "Katsuno Declaration"), based on his personal knowledge, regarding facts related to the allegations in the Complaint. The Settling Parties agree that the Katsuno Declaration will be completed (meaning signed by Mr. Katsuno and provided to Plaintiffs) by no later than November 28, 2018. Plaintiffs will provide Settling Defendants with a proposed draft of the Katsuno Declaration no later than November 7, 2018. In the event that the parties are unable to agree on the language in the Katsuno Declaration, Plaintiffs will have the right to take a deposition of Mr. Katsuno.

44.     Settling Defendants agree, at their expense, to make reasonable efforts to provide employee declarations or affidavits relating to authentication or admissibility of documents and data (or employee testimony if an affidavit or declaration is insufficient), if reasonably requested by the Plaintiffs in connection with the Action.  Nothing in this paragraph shall prevent the parties from objecting to discovery on any grounds permitted by law, including without limitation, burden on a third party, relevance, expense, and violation of the limitations set forth in scheduling and discovery Orders in the Action.

45.     Plaintiffs agree to withdraw all pending discovery motions, requests and deposition notices of Settling Defendants and their employees.  In addition, Plaintiffs agree that they will not serve or seek further discovery from Settling Defendants, and their employees, with the exception of the Katsuno Declaration, the discovery described in Paragraph 44, or, if necessary, a deposition of Hidekazu Katsuno, as outlined in Paragraph 43.  While Plaintiffs agree not to issue deposition subpoenas or notices to any current or former employees of Settling Defendants or any Releasee, Plaintiffs may participate in questioning such current or former Settling Defendants or Releasee employees noticed by other parties in this Action or a Related Action, which is defined to include, but is not limited to, the related case of *Flextronics International USA, Inc. v. Hokuriku Electric Industry Co. et al.*, No. 3:18-cv-04495-JD (N.D. Cal.).  Similarly, Settling Defendants will not subpoena or notice the depositions of any Plaintiffs in this Action, although they may participate in questioning of such witnesses in depositions noticed by other parties.  Neither Settling Defendants nor Plaintiffs shall file motions against the other (including any Releasee) in connection with this Action, other than to enforce this Settlement Agreement.  Settling Defendants shall not be obligated to respond or supplement prior responses to formal discovery that has been previously propounded by Plaintiffs in the Action.

46.     Settling Defendants and Plaintiffs agree not to disclose publicly or to any other defendant the terms of this Settlement Agreement until this Settlement Agreement is submitted to the Court for approval.

**G.     Rescission if this Settlement Agreement is Not Approved or Final Judgment is Not Entered**

47.    If the Court refuses to approve this Settlement Agreement or any part hereof (and does not give leave to file a revised Preliminary Approval Motion, and appellate review is not sought or is denied), including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Paragraph 22, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Judgment provided for in Paragraph 28 of this Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought, and on such review, such Final Judgment is not affirmed in its entirety, then Settling Defendants and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 58.  A modification or reversal on appeal of any amount of Class Counsel's fees and expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such Final Judgment.

48.    In the event that this Settlement Agreement does not become final, then this Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Settling Defendants less only disbursements made in accordance with Paragraph 38(a) of this Settlement Agreement and all other obligations pursuant to this Settlement Agreement shall cease immediately.  Settling Defendants and the Plaintiffs expressly reserve all of their rights and defenses if this Settlement Agreement does not become final.

49.    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Settlement Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Settlement Agreement.

50.    The parties to this Settlement Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 26-29 hereof, appropriate notice (1) of the settlement; and (2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

### H.    Miscellaneous

51.    *Use of Agreement as Evidence.*  The Settling Parties agree that this Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Federal Rule of Evidence 408 and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the terms of the Settlement Agreement.  The parties expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement.

52.    This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Releasees.  All rights against such other Defendants or alleged co-conspirators are specifically reserved by Plaintiffs and the Class. Settling Defendants' sales to the Class shall not be removed from the Action.

53.    Plaintiffs expressly warrant that, in entering into the Settlement, they have relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by Settling Defendants not expressly contained in this Agreement.

54.    *Consent to Jurisdiction.*  The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling Defendants.  Plaintiffs and Settling Defendants agree that any disagreement between them related to the form or content of the Final Judgment, as discussed in Paragraphs 27-28, or the form or content of the notice to Class Members, as discussed in Paragraphs 27 and 38, which cannot be resolved by negotiation and agreement, will be submitted to the United States District Court for the Northern District of California, for decision.  To the extent the Settling Parties disagree about the

1  interpretation or enforcement of any of the material terms of this Settlement Agreement, they agree

2  to submit such disputes for resolution by the United States District Court for the Northern District of

3  California.

4      55.  *Choice of Law.*  All terms of this Agreement shall be governed and interpreted

5  according to the substantive laws of the State of California without regard to its choice of law or

6  conflict of laws principles.

7      56.  *Integrated Agreement*.  This Settlement Agreement constitutes the entire, complete

8  and integrated agreement among Plaintiffs and Settling Defendants pertaining to the settlement of

9  the Action against Settling Defendants, and supersedes all prior and contemporaneous undertakings

10  of Plaintiffs and Settling Defendants in connection herewith.  This Settlement Agreement may not

11  be modified or amended except in writing executed by Plaintiffs and Settling Defendants, and

12  approved by the Court.

13      57.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the

14  successors and assigns of Plaintiffs and Settling Defendants.  Without limiting the generality of the

15  foregoing, each and every covenant and agreement made herein by Plaintiffs, or Class Counsel shall

16  be binding upon all Class Members and Releasors.  Each and every Releasee (other than the Settling

17  Defendants that are parties hereto) is a third-party beneficiary of this Settlement Agreement and is

18  authorized to enforce the Settlement Agreement's terms applicable to that Releasee.

19      58.  *Notices*.  Where this Settlement Agreement requires either party to provide notice or

20  any other communication or document to the other, such notice shall be in writing, and such notice,

21  communication, or document shall be provided by facsimile or letter by overnight delivery to the

22  undersigned counsel of record for the party to whom notice is being provided.

23      59.  *Authorization to Enter Settlement Agreement*.  Each of the undersigned attorneys

24  represents that he or she is fully authorized to conduct settlement negotiations and to enter into the

25  terms and conditions of, and to execute, this Settlement Agreement on behalf of his or her respective

26  clients, subject to Court approval.

27      60.  *Headings*.  The headings used in this Settlement Agreement are intended for the

28  convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

1    61.   *Execution in Counterparts.*  This Settlement Agreement may be executed in

2    counterparts by Plaintiffs and Settling Defendants, and a facsimile signature or PDF signature shall

3    be deemed an original signature for purposes of executing this Settlement Agreement and so

4    executed shall constitute one agreement.

5    62.   *No Party Deemed To Be the Drafter.*  Neither Plaintiffs nor Settling Defendants shall

6    be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose

7    of any statute, case law, or rule of interpretation or construction that would or might cause any

8    provision to be construed against the drafter of this Settlement Agreement.

9    63.   *Notification of State Officials.*  Settling Defendants shall notify federal and state

10   officials of this settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

11   64.   In the event any one or more of the provisions of this Settlement Agreement shall for

12   any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or

13   unenforceability shall not affect any other provision if Settling Defendants' counsel and Class

14   Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never

15   been included in the Settlement Agreement.

16

17   DATED: October 29 2018                    HAGENS BERMAN SOBOL SHAPIRO LLP

18                                             By _____
                                                     JEFF D. FRIEDMAN
19                                             Shana E. Scarlett (217895)
                                               Benjamin J. Siegel (256260)
20                                             715 Hearst Avenue, Suite 202
                                               Berkeley, CA 94710
21                                             Telephone: (510) 725-3000
                                               Facsimile: (510) 725-3001
22                                             jefff@hbsslaw.com
                                               shanas@hbsslaw.com
23                                             bens@hbsslaw.com

24

25                                             Steve W. Berman (*pro hac vice*)
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
26                                             1918 Eighth Avenue, Suite 3300
                                               Seattle, WA 98101
27                                             Telephone: (206) 623-7292
                                               Facsimile: (206) 623-0594
28                                             steve@hbsslaw.com

DIRECT PURCHASER SETTLEMENT AGREEMENT
WITH ROHM                                      -21-
Case No. 3:15-cv-03820-JD

DATED: October 29, 2018

COHEN MILSTEIN SELLERS & TOLL PLLC

By _____
EMMY L. LEVENS
Kit A, Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
Robert A. Braun (*pro hac vice*)
Laura Alexander (255485)
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com
elevens@cohenmilstein.com
lalexander@cohenmilstein.com
rbraun@cohenmilstein.com

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

DATED: October 29, 2018

O'MELVENY & MYERS LLP

By _____
MICHAEL F. TUBACH
Megan Havstad (287938)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
mtubach@omm.com
mhavstad@omm.com

Kenneth Ryan O'Rourke (120144)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
korourke@omm.com

*Counsel for ROHM Co., Ltd. and ROHM*
*Semiconductor U.S.A., LLC*

DIRECT PURCHASER SETTLEMENT AGREEMENT
WITH ROHM
Case No. 3:15-cv-03820-JD

-22-

# EXHIBIT A

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11

12 IN RE RESISTORS ANTITRUST LITIGATION

Case No. 3:15-cv-03820-JD

13

14 This Documents Relates to:

**[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS ROHM CO., LTD. AND ROHM SEMICONDUCTOR U.S.A., LLC**

15 DIRECT PURCHASER ACTIONS

16

17 Date:
Time:

18 Judge:          The Honorable Judge Donato
Courtroom:   11, 19th Floor

19

20         This matter has come before the Court to determine whether there is any cause why this

21 Court should not approve the settlement between Plaintiff Schuten Electronics Inc., individually

22 and on behalf the Direct Purchaser Class it seeks to represent ("Plaintiffs" or "Direct Purchaser

23 Plaintiffs"), on the one hand, and ROHM Co., Ltd. and ROHM Semiconductor U.S.A., LLC

24 ("ROHM Defendants"), on the other, set forth in the Settlement Agreement dated October 29,

25 2018 (the "Settlement Agreement"). The Court, after carefully considering all papers filed and

26 proceedings held herein and otherwise being fully informed in the premises, has determined

27 (1) that the settlement should be approved, and (2) that there is no just reason for delay of the

28 entry of this Final Judgment approving the Settlement Agreement. Accordingly, the Court directs

entry of Judgment, which shall constitute a final adjudication of this case on the merits as to the ROHM Defendants in accordance with the terms of the Settlement Agreement.  Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all members of the Settlement Class.

2.      The Court incorporates in this Final Judgment the definitions of terms set forth in the Settlement Agreement [ECF No. _____] as though they were fully set forth in this Final Judgment.  Specifically, "Settlement Class," as defined in the Settlement Agreement, means all persons in the United States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any of the Defendants, their subsidiaries, agents, affiliates or joint ventures from July 9, 2003 through August 1, 2014 (the "Class Period").

3.      The Court finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as counsel for the Settlement Class.  These firms have and will fairly and competently represent the interests of the Settlement Class.

5.      This action is dismissed with prejudice as against the ROHM Defendants, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

6.      All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement [ECF No. _____].

7.     The Releasors hereby and forever release and discharge the Releasees with respect to Released Claims as defined in the Settlement Agreement [ECF No. _____].

8.     The persons/entities identified in [ECF No. _____], filed on _____, have validly requested exclusion from the Settlement Class and, therefore, are excluded.  Such persons/entities are not included in or bound by this Final Judgment.  Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through the Settlement Agreement.

9.     Without affecting the finality of the Court's judgment in any way, the Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement Agreement and any distribution to Settlement Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Class Counsel for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasors, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement.

10.     This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

11.     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to Plaintiffs and the Settlement Class and the ROHM Defendants.  Accordingly, the Court directs the Clerk to enter Judgment forthwith.

IT IS SO ORDERED.

Dated: _____, 2019