UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 15-cv-03820-JD<br><br>**ORDER DENYING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARD**<br><br>Re: Dkt. Nos. 546, 543 |

In this antitrust class action, the direct purchaser plaintiffs have reached class action settlements with all remaining defendants. The Court previously granted preliminary approval of those settlements. Dkt. Nos. 541, 542. DPPs now seek final approval, as well as attorney's fees, expenses and a service award. Dkt. Nos. 546, 543. The motions are deficient in several ways, and are denied.

Final Approval: The DPPs' motion was filed on July 29, 2019, but the claims period did not close until August 14, 2019. There have been no updates apprising the Court of any additional claim forms received between July 29, 2019, and August 14, 2019, or the status of the claim forms received from the "205 entities not on the class list [that] were filed on the settlement website." Dkt. No. 546 at 6. *See* N.D. Cal. Procedural Guidance for Class Action Settlements ("Procedural Guidance"), Final Approval ¶ 1 ("The motion for final approval briefing should include . . . the number of class members who submitted valid claims"). The Court would also like to understand the estimated range for the pro rata distributions to class members, and the details of proposed payment, *e.g.*, how long class members will have to cash their checks and what will happen to any uncashed amounts.

Attorney's Fees, Expenses and Service Award: DPPs request an attorney's fees award of $10.05 million based on summary charts listing attorneys' and staff members' names, their hourly

rates and total number of hours billed. Dkt. No. 543-1, Exs. B & C; Dkt. No. 543-2, Exs. 1 & 2. In effect, the charts just give a name and an associated total billing amount -- often well into the several hundreds of thousands of dollars -- with no breakdown whatsoever explaining how the time was used to benefit the class. This approach is plainly insufficient under well-established standards. No paying client would ever stand for it, and it is a disservice to the class and the Court. The charts also do not provide the level of detail that is required by our district's Procedural Guidance. *See* Procedural Guidance, Final Approval ¶ 2 ("Declarations of class counsel as to the number of hours spent on various categories of activities related to the action by each biller, together with hourly billing rate information may be sufficient, provided that the declarations are adequately detailed.").

The $25,000 bonus requested for named plaintiff Schuten Electronics is equally bereft of support. Schuten Electronics' president James Schuten simply "estimates" the hours of work he did with no time records or periods of any sort and only the vaguest of descriptions of what his work was. Dkt. No. 543-3. *See* Procedural Guidance, Final Approval ¶ 3 ("All requests for incentive awards must be supported by evidence of the proposed awardees' involvement in the case and other justifications for the awards."). The Court also notes that the proposed award equates to an eye-watering hourly rate of $455 for Schuten, which vastly exceeds anything the Court has ever been asked to consider for a named plaintiff.

There is no doubt that successful counsel are entitled to appropriate compensation for the work they do and the risks they take. The Court has no hesitation to award lodestars and multipliers when the circumstances warrant it, and has done so in many class action cases. But here, plaintiffs' counsel at Cohen Milstein and Hagens Berman are in effect asking that they be paid whatever they think is fair, no questions asked. That will not do. The Court will not award millions of dollars based on counsel's and the named plaintiff's say-so, especially when that money will be taken directly out of the hands of class members.

Proposed Order: The proposed order submitted by DPPs contains self-congratulatory language that is unwarranted and unhelpful to the Court. Representative samples include sentences such as, "class counsel has achieved exceptional results for the class," "this case . . .

2

require[ed] a high level of skill by class counsel," and "the reputation and ability of Hagens Berman and Cohen Milstein supports the requested fee." Dkt. No. 546-1. Statements like these are better suited for firm marketing materials than they are for orders proposed for the Court's issuance.

DPPs may file new motions by October 7, 2019. If that deadline is not met, the case will be advanced to the Court's trial calendar.

**IT IS SO ORDERED.**

Dated: September 6, 2019

JAMES DONATO
United States District Judge