# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE RESISTORS ANTITRUST LITIGATION** | Case No. 3:15-cv-03820-JD |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL INDIRECT PURCHASER PLAINTIFF ACTIONS** | [PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES; REIMBURSEMENT OF EXPENSES; AND CLASS REPRESENTATIVE SERVICE AWARDS |

1   This order resolves Indirect Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees,
2   Reimbursement of Expenses, and Class Representative Service Awards ("Motion"). Dkt. No. 548.
3   The Motion requests an award of attorneys' fees in the amount of $8,350,000 (25% of the
4   $33,400,000 Settlement Fund), as well as reimbursement of out-of-pocket litigation costs and
5   expenses in the amount of $1,437,576.88.

6   1.   The Court finds Class Counsel's requested attorney fee award of $8,350,000 -- 25%
7   of the Settlement Fund -- is fair and reasonable under the percentage-of-the-recovery method based
8   upon the following factors: (1) the results obtained by Lead Counsel in this case; (2) the risks and
9   complex issues involved in this case; (3) that the attorneys' fees requested were entirely contingent
10  upon success; (4) the range of awards made in similar cases; and (5) that the Class Members have
11  been notified of the requested attorneys' fees and had an opportunity to inform the Court of any
12  concerns they have with the request. As such, the Court finds that the requested fee award comports
13  with the applicable law and is justified by the circumstances of this case.

14  2.   The Court has confirmed the reasonableness of IPPs' fee request by conducting a
15  lodestar cross-check. The Court finds that the 33,818.65 hours worked by counsel were reasonable
16  and necessary. The Court further finds that Lead Counsel's reasonable lodestar for the entirety of the
17  case was $11,480,920 based on historic hourly rates, and that such rates were reasonable. Counsel
18  for IPPs' requested fee award represents less than 73% of their reasonable lodestar, a negative
19  multiplier. This further supports the reasonableness of Class Counsel for IPPs' attorney fee request.

20  3.   The Court finds that counsel for IPPs incurred a total of $1,437,576.88 in unreimbursed
21  litigation costs and expenses in prosecuting this litigation. The Court finds that these costs and
22  expenses were reasonably incurred in the ordinary course of prosecuting this case and were
23  necessary given the complex nature and worldwide scope of the case. The Court hereby awards
24  reimbursement of litigation expenses in the cumulative amount of $1,437,576.88.

25  4.   The Court also finds that service awards in the amount of $500 each for the eight Class
26  Representatives are fair and reasonable in light of the efforts they undertook on behalf of the Class,
27  which included efforts assisting IPP counsel in pre-filing negotiations, continued contact with and
28  updates from IPP counsel over nearly four years of litigation, and responding to substantive written

[Proposed] Order Granting Indirect Purchase Plaintiffs' Motion for Award of
Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service
Awards; Case No. 3:15-cv-03820-JD                                                   1

discovery requests, as detailed in the Declaration of Adam J. Zapala. The Court hereby grants service awards of $500 each to the eight Class Representatives: Linkitz Systems, Inc., Microsystems Development Technologies, Inc., Nebraska Dynamics, Inc., MakersLED LLC, Top Floor Home Improvements, Angstrom, Inc., In Home Tech Solutions, Inc., and Anthony Sakal.

5. In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the attorneys' fees requested are fair and reasonable; and the costs and expenses incurred by Class Counsel for IPPs were necessary, reasonable, and appropriate.

Accordingly, it is hereby **ORDERED** that:

1. Counsel for IPPs are awarded attorneys' fees of $8,350,000 (25% of the $33,400,000 Settlement Fund), together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until dispersed to counsel for IPPs. However, as discussed at the hearing, only 75% of the $8,350,000 award (*i.e.*, $6,262,500) is awarded to counsel at this time. The remaining 25% (*i.e.*, $2,087,500) will be withheld pending further order of the Court, to be issued after counsel have filed the Post-Distribution Accounting required by the N.D. Cal. Procedural Guidance for Class Action Settlement.

2. Counsel for IPPs are awarded reimbursement of their litigation costs and expenses in the amount of $1,437,576.88.

3. The eight Class Representatives are awarded service awards in the amount of $500 each. IPPs' counsel are directed to disburse those awards to the Class Representatives.

4. This order shall be entered of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated: March 24, 2020

HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE