UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION<br><br>This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | Case No. 3:15-cv-03820-JD<br><br>[PROPOSED] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS HDK AMERICA, INC. AND HOKURIKU ELECTRIC INDUSTRY CO. LTD. |

010554-11 1250721v1

1   This matter has come before the Court to determine whether a final judgment of dismissal should be entered as to Defendants HDK America, Inc. and Hokuriku Electric Industry Co. Ltd. (together, "HDK Defendants") in light of the settlement with the Direct Purchaser Plaintiffs ("DPPs"). The Court, having reviewed the settlement agreement between DPPs and HDK Defendants and DPPs' Revised Motion for Final Approval of Class Action Settlements ("Final Approval Motion") (ECF No. 561), having held argument on said motions at two fairness hearings, and finding no just reason for delay, hereby directs entry of Final Judgment under Federal Rule of Civil Procedure 54(b), which shall constitute a final adjudication of this case on the merits as to members of the Settlement Class and the HDK Defendants pursuant to the terms of the Settlement Agreement Between Plaintiffs and the HDK Defendants ("Settlement Agreement") (*see* ECF No. 561-2; Ex. E).

Good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and the HDK Defendants.

2.  For purposes of this Judgment, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement as though they were fully set forth in this Final Judgment. Specifically, "Class," as defined in the Settlement Agreement, means:

> All persons in the United States who purchased linear resistors (including through controlled subsidiaries, agents, affiliates or joint ventures) directly from any Defendants, their subsidiaries, agents, affiliates or joint ventures from July 9, 2003 through August 1, 2014 (the "Class Period").

3.  Those persons and entities identified in the list attached hereto as **Exhibit A** are validly excluded from the Class. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

4. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by each of the Settlement Class in that:

    a. There are at least hundreds of putative members of the Settlement Class, making joinder of all members impracticable;

    b. There are questions of fact and law that are common to all members of the Settlement Class;

    c. The claim of the Class Representative is typical of those of the absent members of the Settlement Class; and

    d. Plaintiff Schuten Electronics, Inc. ("Class Representative") has and will fairly and adequately protect the interests of the absent members of the relevant Settlement Class and has retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Class.

5. The Court has found that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Pursuant to Rule 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC are appointed as Settlement Class Counsel, and that Plaintiff Schuten Electronics, Inc. is appointed to serve as Class Representative on behalf of the Settlement Class.

7. Upon the Effective Date, all Releasing Parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against any of the Released Parties as defined in the Settlement Agreement.

8. The Court has finally approved the settlement between the Class and HDK Defendants in the total amount of $2,000,000, and has found that said settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. This Court hereby dismisses on the merits and with prejudice DPPs' claims and the Action against the HDK Defendants, with each party to bear its own costs and attorneys' fees, except as provided in the Settlement Agreement.

10. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; and (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

11. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

12. The Court finds that, pursuant to Federal Rules of Civil Procedure 54(a) and (b), Final Judgment should be entered, and further finds that there is no just reason for delay in the entry of Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Final Judgment forthwith.

**IT IS SO ORDERED.**

DATED: April 23, 2020

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

[PROP.] FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFS HDK CORP. & HOKURIKU ELEC., INDUS. CO. LTD.- No.: 15-cv-03820-JD
010554-11 1250721v1

-3-