Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Shana E. Scarlett (217895)
Benjamin J. Siegel (256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

Kit A. Pierson (*pro hac vice*)
Daniel A. Small (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
kpierson@cohenmilstein.com
dsmall@cohenmilstein.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RESISTORS ANTITRUST LITIGATION | Case No. 3:15-cv-03820-JD |
| This Documents Relates to:<br><br>DIRECT PURCHASER ACTIONS | DIRECT PURCHASER PLAINTIFFS' NOTICE OF POST-DISTRIBUTION ACCOUNTING AND REQUEST FOR RELEASE OF REMAINING ATTORNEYS' FEES AND AUTHORIZATION TO REDISTRIBUTE REMAINING SETTLEMENT FUNDS<br><br>Judge: Hon. James Donato |

## I.     INTRODUCTION

Direct Purchaser Plaintiffs ("DPPs") submit the attached Post-Distribution Accounting and respectfully request that the Court release the remaining 25% ($2,512,500) of the awarded attorneys' fees, which were withheld by the Court pending the filing of this Accounting. *See* Order Granting Direct Purchaser Plaintiffs' Revised Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative ("Attorneys Fee Order") at 2, ¶ 1(ECF No. 587).

The Post-Distribution Accounting is described in the accompanying Supplemental Declaration of Settlement Administrator Jennifer M. Keough Regarding Distribution of Settlement Benefits and Final Accounting ("Keough Final Accounting Decl."). The Post-Distribution Accounting and Keough Final Accounting Declaration reflect that **97.78%** of the Net Settlement Fund was deposited by Settlement Class Members following the initial distribution.

DPPs further request that this Court authorize the Settlement Administrator to perform a benefit redistribution of the remaining  funds on a pro rata basis among Settlement Class Members who cashed their initial checks, and if funds still remain following the benefit redistribution, that the remaining amount be distributed as a *cy pres* award to be split between the American Antitrust Institute and the Public Justice Foundation, two organizations that have been approved as *cy pres* recipients in prior antitrust actions.

## II.     BACKGROUND AND SUMMARY OF POST-DISTRIBUTION ACCOUNTING

On March 24, 2020, this Court issued its Order Granting Direct Purchaser Plaintiffs' Notice of Motion and Revised Motion for Final Approval of Class Action Settlements and Plan of Allocation. *See* ECF No. 586 ("Final Approval Order").  In the Final Approval Order, this Court approved of DPPs' proposed Plan of Allocation, "proposing to pay putative Class Members on a pro rata basis based on the dollar value of approved purchases of linear resistors per Class Member during the settlement class period . . . ." *Id.*, ¶ 11.  DPPs' Plan of Allocation was described in the Declaration of Settlement Administrator Jennifer M. Keough in Support of Final Approval. *See* ECF No. 561-3, ¶¶ 36-38.

1    Concurrent with the issuance of the Final Approval Order, on March 24, 2020 this Court

2  issued the Attorneys' Fees Order, where the Court awarded DPP Class Counsel attorneys' fees of

3  $10.05 million (20% of the $50,250,000 Settlement Fund), but ordered that, of the total fees

4  awarded, "25% (*i.e.*, $2,512,500) will be withheld pending further order of the Court, to be issued

5  after counsel have filed the Post-Distribution Accounting required by the N.D. Cal. Procedural

6  Guidance for Class Action Settlements." Attorneys' Fees Order at 2, ¶ 1.

7    As detailed in the attached Keough Final Accounting Declaration, the Settlement

8  Administrator, JND Legal Administration ("JND"), has now completed the initial distribution of

9  settlement funds, with a final void date of November 9, 2020 for the last-issued checks. *See* Keough

10  Final Accounting Decl., ¶¶ 12-17.  The Northern District of California's *Procedural Guidance for*

11  *Class Action Settlements* directs that information about the distribution process be provided in Post-

12  Distribution Accounting in an easy-to-read chart.[1] The chart with this information is Exhibit A to the

13  Keough Final Accounting Declaration, and it is also copied below for the Court's convenience. In

14  addition, JND will post this chart to the Settlement Website – http://www.resistorssettlements.com/ –

15  as required by the Procedural Guidance for Class Action Settlements.[2]

16    In sum, DPPs and JND have successfully distributed the vast majority of settlement funds to

17  class members. Four hundred eighty-five (485) payments have been cashed, totaling

18  $37,112,949.00—**a cash rate of 97.78% of the Net Settlement Fund**.  Based on the success of the

19  distribution process detailed in the Keough Declaration and chart—including the 97.78% cash rate—

20  DPPs respectfully request that the Court authorize the release of the remaining $2,512,500 in

21  attorneys' fees awarded by this Court.

22    Moreover, JND has recommended, subject to Court approval, performing a benefit

23  redistribution on a pro rata basis among Settlement Class Members who cashed their initial checks.

24  ECF No. 561-3, ¶ 38.  The remaining funds from uncashed checks following the initial distribution

25

26    [1] *See* U.S. District Court, Northern District of California, Procedural Guidance for Class Action Settlements, at Post-Distribution Accounting, ¶ 1.a,

27  https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements (last visited Nov. 20, 2020).

28    [2] *See id*, ¶ 2.

now totals $842,892.42. Keough Final Accounting Decl., ¶ 17.  Therefore, DPPs seek authorization to perform a supplemental distribution in accordance with JND's recommendations.

JND has further proposed (*see* ECF No. 561-3, ¶ 38), and DPPs now request, that if there are any remaining funds after this supplemental distribution, the Court approve distribution of any remaining amount as a *cy pres* award to be split between the American Antitrust Institute and the Public Justice Foundation. Given the 97.78% claims rate from the first distribution, and DPPs' request to perform a supplemental distribution to those Class Members who previously accepted funds during the original distribution, the value of undistributed funds (if any) following DPPs' proposed supplemental distribution, is almost certain to be small compared to the administrative cost of performing a third distribution.

The American Antitrust Institute is an "an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society. [It serves] the public through research, education, and advocacy on the benefits of competition and the use of antitrust enforcement as a vital component of national and international competition policy."[3] The Public Justice Foundation is a national not-for-profit that educates the public and supports cutting-edge litigation "to combat social and economic injustice, protect the Earth's sustainability, and challenge predatory corporate conduct and government abuses."[4]  In the Ninth Circuit, to approve a *cy pres* distribution, there must be a "driving nexus between the plaintiff class and the *cy pres* beneficiaries. . . . That is to say, a *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class."[5] DPPs respectfully submit these organizations are appropriate *cy pres* beneficiaries of any residual funds remaining after a supplemental distribution to Class Members because they seek to further the objectives of the Sherman Anti-Trust Act on which the lawsuit is based, including

---

[3] *See* American Antitrust Institute, https://www.antitrustinstitute.org/about-us/ (last visited Nov. 20, 2020).

[4] *See* The Public Justice Foundation, https://www.publicjustice.net/missionpublic-justice-foundation, and https://www.publicjustice.net/who-we-are/ (last visited Nov. 20, 2020).

[5] *See Richards v. Chime Fin., Inc.*, No. 19-CV-06864-HSG, 2020 WL 6318713, at *9 (N.D. Cal. Oct. 28, 2020) (internal citations and quotation marks omitted).

1  protection of consumers, businesses, and the public from corporate malfeasance, including violations

2  of the antitrust laws, which is in the interests of Class Members, who DPPs allege were victims of

3  defendants' price-fixing.  Other courts agree. Both organization have been *cy pres* beneficiaries in

4  antitrust actions.[6]

## Post-Distribution Accounting Chart[7]

| | |
|---|---|
| Total Settlement Fund (including interest accrued) | $50,476,456.35 |
| Total Number of Class Members (after analysis and consolidation) | 816 |
| Total Number of Class Members to Whom Notice Was Sent and Not Returned as Undeliverable | 722 |
| Total Number of Claim Forms (submitted by Class Members and Non-Class Members) | 634 |
| • Number of Disputed Claims Submitted by Class Members | 8 |
| • Percentage of Disputed Claims Submitted by Class Members | 0.98% |
| Number of Opt-Out Requests Received | 1 |
| • Number of Class Members Included in Opt Out Request | 10 |
| Percentage of Class Members Opting Out of Settlements | 1.23% |
| Number of Objections Received | 0 |
| Percentage of Class Members Objecting to Settlements | 0.00% |
| Average Settlement Payment | $56,566.08 |
| Median Settlement Payment | $1,183.26 |
| Largest Amount Paid to a Class Member | $4,963,335.30 |
| Smallest Amount Paid to a Class Member | $0.03 |
| Methods of Notice | Mail and E-mail |
| Total Number of Mailed Notices to Class Members | 787 |
| • Number of Class Members with a Mailed Notice Not Returned as Undeliverable | 628 |
| • Total Undeliverable Mailed Notices | 159 |
| • Total Records Not Mailed a Notice Due to Bad Address | 29 |

---

[6] *See, e.g.*, *In Re Publ'n Paper Antitrust Litig.*, No. 3:04MD1631SRU, 2009 WL 2351724, at *2 (D. Conn. July 30, 2009) (awarding, as *cy pres* distribution, the residual amount following distribution of settlement funds to class members to, *inter alia*, American Antitrust Institute and Public Justice, as these are "charitable institutions designed to guard against antitrust injury and protect consumers"); *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-cv-5238(JG), 2011 WL 5029841, at *9 (E.D.N.Y. Oct. 24, 2011) (awarding remaining settlement funds as *cy pres* award to organizations including American Antitrust Institute).

[7] As explained in the text, this chart is also Exhibit A to the Keough Final Accounting Declaration, concurrently submitted herewith.

| | |
|---|---|
| Total Number of Emailed Notices to Class Members | 389 |
| • Number of Class Members with Delivered Email Notices | 173 |
| • Number of Class Members with Undeliverable Email Notices | 216 |
| Methods of Payment to Class Members | Check or Wire |
| • Total Number of Class Members Sent Payment | 671 |
| • Total Number of Class Members Issued Initial Payment by Check | 664 |
| o Number of Initial Checks Delivered via FedEx with Signature Requirement | 181 |
| o Number of Initial Checks Delivered via USPS | 483 |
| • Total Number of Class Members Issued Initial Payment by Wire | 7 |
| Number of Checks Not Cashed | 186 |
| Value of Checks Not Cashed | $842,892.40 |
| Number of Payments Cashed (by Check or Wire) | 485 |
| Value of Payments Cashed (by Check or Wire) | $37,112,949.00 |
| Number of Outstanding Checks Returned as Undeliverable | 45 |
| Cy Pres Payment | TBD |
| Total Administration Costs | $654,353 |
| Class Representative Service Award | $2,500 |
| Approved Attorneys' Fees | $10,050,000 |
| • Attorneys' Fees Paid | $7,537,500 |
| Approved Attorneys' Expenses | $1,813,761.93 |
| • Attorneys' Expenses Paid | $1,813,761.93 |
| Attorneys' Fees as a Percentage of Settlement Fund Before Interest | 20.0% |
| Attorneys' Fee Multiplier | 1.21 |
| Net Settlement Fund | $37,955,841.42 |
| Percentage of Net Settlement Fund Cashed | 97.78% |

## III.    CONCLUSION

For the foregoing reasons, DPPs respectfully request that the Court authorize the release of the remaining $2,512,500 in attorneys' fees awarded by this Court, which were withheld pending further order of the Court, to be issued after the filing of this Post-Distribution Accounting. DPPs further request that this Court order the Settlement Administrator to perform a supplemental distribution on a pro rata basis among Settlement Class Members who cashed their initial checks, and

1    if funds still remain after that supplemental distribution, that the remaining amount be distributed as

2    a *cy pres* award to the American Antitrust Institute and the Public Justice Foundation.

3    DATED: November 20, 2020          HAGENS BERMAN SOBOL SHAPIRO LLP

4
                                       By _____/s/ Steve W. Berman_____
5                                             STEVE W. BERMAN

6                                      1301 Second Avenue, Suite 2000
                                       Seattle, WA 98101
7                                      Telephone: (206) 623-7292
                                       Facsimile:  (206) 623-0594
8                                      steve@hbsslaw.com

9                                      Shana E. Scarlett (217895)
                                       Benjamin J. Siegel (256260)
10                                     HAGENS BERMAN SOBOL SHAPIRO LLP
                                       715 Hearst Avenue, Suite 202
11                                     Berkeley, CA 94710
                                       Telephone: (510) 725-3000
12                                     Facsimile:  (510) 725-3001
                                       shanas@hbsslaw.com
13                                     bens@hbsslaw.com

14                                     Kit A. Pierson (*pro hac vice*)
                                       Daniel A. Small (*pro hac vice*)
15                                     Emmy L. Levens (*pro hac vice*)
                                       Robert A. Braun (*pro hac vice*)
16                                     COHEN MILSTEIN SELLERS & TOLL PLLC
                                       1100 New York Ave. NW, Suite 500, West Tower
17                                     Washington, DC 20005
                                       Telephone: (202) 408-4600
18                                     kpierson@cohenmilstein.com
                                       dsmall@cohenmilstein.com
19                                     elevens@cohenmilstein.com
                                       rbraun@cohenmilstein.com
20
21                                     *Co-Lead Class Counsel for Direct Purchaser Plaintiffs*
22
23
24
25
26
27
28